UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ex. rel.<br>DAWN BARRETT<br><br>Plaintiff,<br><br>v.<br><br>CIGNA CORPORATION and LIFE INSURANCE COMPANY OF NORTH AMERICA<br><br>Defendants. | Civil Action No. 03-12382-MLW |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO UNSEAL

On the grounds stated below, Defendants move to unseal the entire court record in the above-captioned matter. Relator does not object to the Motion to Unseal; the United States has indicated that it may oppose this Motion.

### PROCEDURAL HISTORY

Relator filed this matter on November 25, 2003. On July 28, 2004, the United States declined to intervene.

This Court, on September 8, 2004, ordered that the Complaint, the United States' Notice of Declination of Intervention, and the Court's order be unsealed and served on the Defendants. The Court stated that its order to unseal the Complaint was, "without prejudice to the possible future unsealing of additional documents." The Court also stated in its allowance of the United States' Notice of Declination of Intervention, that the Notice was allowed, "without prejudice to the possibility of unsealing additional documents in the future."

1

Relator served a First Amended Complaint on Defendants on December 27, 2004.

**ARGUMENT**

Defendants move to unseal the entire file relating to this case, as they believe that the file may contain information which they need to review in order to answer or otherwise respond to Relator's First Amended Complaint. Defendants need to review the material in the court file to determine whether the information in that file will give rise to defenses to Relator's claims or whether the Relator will rely on information in the file in her pursuit of this matter.

Due process suggests that Defendants be granted full access to the court file. In the absence of a showing of substantial harm to the government, parties must have access to the court filings in a litigation to fully understand the claims against them and to defend themselves adequately. This will not be possible without access to the record of the court.

Defendants have no knowledge of information in the sealed documents that would be harmful if disclosed. In the absence of any such harm, the documents should be unsealed. *See, e.g., United States ex rel. Health Outcomes Tech. v. Hallmark Health Sys.*, 349 F. Supp. 2d 170, 173-74 (D. Mass. 2004); *United States ex rel. Coughlin v. Int'l Bus. Mach. Corp.*, 992 F. Supp. 137, 141 (N.D.N.Y. 1998); *United States ex rel. O'Keefe v. McDonnell Douglas Corp.*, 902 F. Supp. 189, 192 (E.D. Mo. 1995).

Defendants also have no indication that unsealing would reveal anything more than "routine investigative procedures ... [and] no information about specific [investigatory] techniques...." *Health Outcomes Tech.*, 349 F. Supp. 2d at 173-74 (quoting *United States ex rel. Mikes v. Straus*, 846 F. Supp. 21, 23 (S.D.N.Y. 1994)); *see also United States ex rel. Erickson v. Univ. of Washington*, 339 F. Supp. 2d 1124, 1126 (W.D. Wa. 2004) (unsealing entire court file); *Coughlin*, 992 F. Supp. at 141 (unsealing entire court file); *United States v. CACI, Int'l, Inc.*, 885

F. Supp. 80, 83 (S.D.N.Y. 1995) (unsealing entire court file). Consequently, Defendants know of no reason why the seal must be maintained on the court file.

## CONCLUSION

For the reasons stated above, Defendants request that the Court unseal the entire court file in this matter.

Respectfully submitted,

*(signature)*
R. J. Cinquegrana, P.C. (BBO # 084100)
Marc J. Jones (BBO # 645910)
CHOATE, HALL & STEWART
Exchange Place, 53 State Street
Boston, Massachusetts 02109
(617) 248-5000

Dated: March 17, 2005

*Attorneys for Defendants CIGNA Corporation and Life Insurance Company of North America.*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for the Relator, by first class mail, and upon the United States Attorney, by hand, on March 17, 2005.

*(signature)*
Marc J. Jones

3

3879200v1