UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**MEMORANDUM OF LAW
& ORDER**
Civil File No. 04-1584 (MJD/JGL)

DENISE MARIE HENDERSON,

    Defendant.

---

Perry F. Sekus, Assistant United States Attorney, Counsel for Plaintiff.

Steven H. Silton, Charles A. Horowitz, and Shawn L. Pearson, Mansfield, Tanick, & Cohen, P.A., Counsel for Defendant.

---

## I.   INTRODUCTION

This matter is before the Court on Defendant Denise Marie Henderson's Motion to Dismiss or in the Alternative to Stay Action Pending Adjudication of a Related Criminal Matter. [Docket No. 2]

## II.   BACKGROUND

On August 25, 2003, the Government filed a Complaint against Defendant Denise Marie Henderson, alleging that she obtained Social Security Disability Insurance ("SSDI") benefits by making misrepresentations to the Government regarding her disability. The Government asserted claims predicated on the False

1

Claims Act, 31 U.S.C. § 3729; common law fraud; unjust enrichment; and mistake of fact.

On March 16, 2004, the Court granted Henderson's motion to dismiss the Government's Complaint on the grounds that the Government had failed to plead fraud with particularity, as required by Federal Rule of Civil Procedure 9(b). The Court dismissed the Government's Complaint without prejudice and directed the Government to file a new Complaint within thirty days of the date of the Order. The Court did not reach the merits of Henderson's motion to dismiss.

On April 14, 2004, the Government filed a new civil Complaint against Henderson, involving substantially the same allegations as the initial Complaint. The Government has also pursued a parallel criminal prosecution against Henderson. On August 9, 2004, a jury issued a verdict finding Henderson guilty of wire fraud, concealment from the Social Security Administration ("SSA"), and making false statements to the SSA. Henderson has filed a motion for a new trial, which is currently pending.

In this civil case, Henderson has now filed a Motion to Dismiss or in the Alternative to Stay Action Pending Adjudication of a Related Criminal Matter.

### III. DISCUSSION

#### A. Motion to Dismiss

Henderson alleges that the Complaint must be dismissed on three grounds:

2

failure to plead fraud with particularity under Federal Rule of Civil Procedure 9(b); failure to provide a short and plain statement showing that the pleader is entitled to relief under Federal Rule of Civil Procedure 8(a); and failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court denies Henderson's motion to dismiss.

### 1. Motion to Dismiss for Failure to Plead Fraud with Particularity

Henderson claims that the Government has failed to plead its claims with particularity. Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Count One of the Complaint asserts a violation of the False Claims Act, 31 U.S.C. § 3729(a)(2), ("FCA"). Rule 9(b) applies to claims under the FCA. United States ex rel. Kinney v. Stoltz, 327 F.3d 671, 674-75 (8th Cir. 2003). Because Count Two of the Complaint alleges common law fraud and Count Four alleges payment under mistake of fact, both counts are subject to the heightened pleading requirements. See Fed. R. Civ. P. 9(b). (Count Four is also premised on an underlying allegation of fraud.) Count Three of the Complaint alleges unjust enrichment. The Court will apply the heightened pleading standard of Rule 9(b) to the unjust enrichment claim, because

3

allegations of fraud underlie the unjust enrichment claim. See, e.g., Daly v. Castro Llanes, 30 F. Supp. 2d 407, 414 (S.D.N.Y. 1998).

In its March 16 Order, dismissing the previous Complaint in the related matter of United States v. Henderson, Civil File No. 03-5060, the Court stated that, in order to comply with Rule 9(b), "the Government must state which statements were false, when Henderson made those statements, to whom those statements were made, and how those statements were conveyed." The Government's current Complaint complies with the Court's March 16 Order. The Complaint lists the specific misrepresentations that Henderson allegedly made to the SSA, the dates that the statements were made, the recipients of the statements (the SSA), and the manner in which the statements were conveyed. The Complaint also explains how the alleged misrepresentations were false: Henderson allegedly either engaged in substantial gainful activity despite telling the SSA that she could not and did not work or she "failed to disclose that she was working and engaging in significant physical and mental activities that were contrary to the physical and mental limitations" described to the SSA. Complaint ¶¶ 63, 66, 69, 72, 75, 78, 81, 84, 87. Finally, the Complaint alleges that Henderson's knowingly false statements caused the Government to pay benefits to Henderson to which she was not entitled. Id. ¶ 91.

The Government has complied with the Court's March 16 Order and has

4

described the circumstances constituting fraud with particularity so that Henderson can "respond specifically and quickly to . . . potentially damaging allegations." United States ex rel. Costner v. United States, 317 F.3d 883, 888 (8th Cir. 2003). See also Abels v. Farmers Commodities Corp., 259 F.3d 910, 920 (8th Cir. 2001) (holding that the particularity requirement in Rule 9(b) is interpreted "in harmony with the principles of notice pleading") (citation omitted). Henderson's motion to dismiss for failure to comply with Rule 9(b) is denied.

### 2. Motion to Dismiss for Failure to Comply with Rule 8(a)

Henderson also argues that the Complaint should be dismissed because it fails to comply with the requirement of Federal Rule of Civil Procedure 8(a) that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The clear purpose of the rule is to give notice to the other party and not to formulate issues or fully summarize the facts involved." Clausen & Sons, Inc. v. Theo. Hamm Brewing Co., 395 F.2d 388, 390 (8th Cir. 1968). The decision of whether to dismiss a complaint for failure to comply with Rule 8(a) is within the discretion of the district court. Mangan v. Weinberger, 848 F.2d 909, 911 (8th Cir. 1988).

In this case, the Court determines that the Government's Complaint gives Henderson sufficient notice of the claims against her. Henderson asserted that the Government's first Complaint failed to provide enough detail regarding the

alleged misrepresentations. The Court agreed and ordered the Government to file a more detailed complaint. The Government has complied with the Court's Order and will not now be punished for providing too much detail. As the Supreme Court has noted, "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Conley v. Gibson, 355 U.S. 41, 48 (1957). Henderson's motion to dismiss for failure to comply with Rule 8(a) is denied.

### 3.  Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted

Henderson argues that the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6). When deciding a motion to dismiss, the Court must "take the well-pleaded allegations of the complaint as true, and construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader." Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). A motion to dismiss will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Id.

#### a.  False Claims Act Claim and Fraud Claim

Henderson argues that the Government fails to state a claim for a violation of the FCA or for common law fraud. Henderson's main objections to the Complaint are based on her underlying argument that the Government lacks

sufficient evidence to prove that she violated the FCA or that she committed fraud. Henderson argues that the Government has not presented medical evidence from which a jury could conclude that Henderson was purposefully lying or that she was not disabled. Henderson also claims that the Government attempts to eliminate SSA coverage of chronic conditions by alleging fraud based on surveillance of Henderson on "good days." Henderson concludes that there is no objective evidence that she defrauded the SSA.

Henderson's arguments go to the issue of sufficiency of proof of fraud. This issue is properly addressed at the summary judgment stage or at trial. At this point in the litigation, the Court must accept the allegations in the Complaint as true. It would be inappropriate for the Court to dismiss a case based on its evaluation of the strength of the Government's case or to speculate regarding what evidence might be found during discovery.

Additionally, Henderson admits that a jury has convicted her of wire fraud, concealment from the SSA, and making false statements to the SSA, based on the same or substantially similar facts as are involved in this civil litigation. The FCA provides that

> a final judgment rendered in favor of the United States in any criminal proceeding charging fraud or false statements . . . shall estop the defendant from denying the essential elements of the offense in any action which involves the same transaction as in the criminal proceeding and which is brought under [the FCA].

31 U.S.C. § 3731(d). A criminal conviction for defrauding the SSA appears to contradict Henderson's assertion that the Government "cannot cite to any objective evidence or proof that Henderson committed fraud." Reply Brief at 7.

Henderson also argues that the Government has failed to plead that Henderson's misrepresentations were material. The Government has alleged that Henderson made numerous false statements regarding the extent of her disability to the SSA over a number of years and that these false statements caused the Government to pay benefits to Henderson to which she was not entitled. At this stage of the litigation, the Government has sufficiently pled materiality.

The Government has pled that Henderson made false claims to the SSA that caused the SSA to pay her disability benefits to which she was not entitled. It alleges that she represented that she was unable to work at the same time she was engaged in substantial gainful activity. It also alleges that Henderson represented that she could not engage in certain activities when she was able to do so. It alleges that Henderson knew of the falsity of her statements or had reckless disregard for the truth, that the misrepresentations were material, that Henderson intended the SSA to rely on her misrepresentations, and that the SSA justifiably relied on those misrepresentations in paying benefits to Henderson. The Complaint recounts the substance of Henderson's statements, when the statements were made, to whom they were made, and how they were conveyed.

Taking the allegations in the Complaint as true, it is possible for the Government to prove a set of facts consistent with those allegations that would entitle it to relief on its claims. See Children's Broad. Corp. v. Walt Disney Co., 245 F.3d 1008, 1020 (8th Cir. 2001) (listing elements of common law fraud) (citing Berryman v. Riegert, 175 N.W.2d 438, 442 (Minn. 1970)); Costner v. URS Consultants, Inc., 153 F.3d 667, 676-77 (8th Cir. 1998) (discussing elements of FCA claim).

### b. Unjust Enrichment and Mistake of Fact

Henderson also asserts that the Government's claim for unjust enrichment and payment by mistake must be dismissed because such equitable relief is not available when the Government has an adequate remedy at law under the FCA.

The Government has a common law right to recover government funds lost through the erroneous acts of its agents by asserting a claim for payment under mistake of fact. "Where monies are erroneously paid by agents of the United States, whether the error be one of fact or of law, the Government may always recover the money improperly paid." Stone v. United States, 286 F.2d 56, 58-59 (8th Cir. 1961). The Government's right to recover restitution for unjust enrichment and its right to recover money paid under mistake of fact are federal rights governed by federal, not state, law. Id. at 59.

Under Federal Rule of Civil Procedure 8(e), the Government is permitted to

plead alternative theories, regardless of consistency, and the enactment of the FCA did not abrogate the Government's entitlement to pursue common law rights of action, such as unjust enrichment and payment by mistake. See, e.g., United States v. Mead, 426 F.2d 118, 124-25 (9th Cir. 1970) (holding that the FCA did not abrogate the Government's federal common law remedy of payment by mistake), superceded by statute on other grounds; United States v. Borin, 209 F.2d 145, 148 (5th Cir. 1954) (holding that common law remedy of fraud is not abrogated by FCA); United States v. Krietemeyer, 506 F. Supp. 289, 292 (S.D. Ill. 1980) (denying motion to dismiss alternative claims to FCA). At this stage of the litigation, the Court will not dismiss the Government's alternative theories of liability. See generally United States v. Applied Pharmacy Consultants, Inc., 182 F.3d 603, 609 (8th Cir. 1999) (affirming case in which both FCA claim and claim for unjust enrichment survived as alternative theories until trial); Brooks v. United States, 64 F.3d 251, 257 (7th Cir. 1995) (same).

### B.   Motion to Stay

Henderson has filed an unopposed motion to stay this matter pending final resolution of the related criminal case. When determining whether to grant a stay, courts generally weigh the following factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the

> court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Keating v. Office of Thrift Supervision, 45 F.3d 322, 325 (9th Cir. 1995) (citation omitted).

### 1. Plaintiff's Interest in Proceeding Expeditiously

In this case, the Government does not oppose Henderson's request for a stay. In fact, the Government may benefit from the stay because resolution of the criminal proceedings may simplify the issues in this civil matter. See 31 U.S.C. § 3731(d); United States v. Lamanna, 114 F. Supp. 2d 193, 195-96 (W.D.N.Y. 2000) (holding that defendant's felony conviction for making a fraudulent statement in order to obtain federal employees' compensation estopped him from denying civil liability under the FCA for making the false claim). Thus, this factor weighs in favor of granting the stay.

### 2. Burden on Defendant

Henderson claims that she faces a heavy burden in responding to this civil suit at the same time that she is contesting the criminal case against her. The financial burden and time spent simultaneously defending factually related criminal and civil cases are not normally sufficient cause to stay a civil case. In this case, in light of the of other circumstances, notably the Government's decision to not oppose Henderson's request, the Court finds that, although this factor does

11

not weigh heavily in favor of granting Henderson's request, a stay is warranted.

### 3. Burden on the Court

The Court has an interest in expeditiously and efficiently managing the cases on its docket. The resolution of the related criminal case may greatly simplify the issues in this matter. The Court concludes that a stay will promote judicial economy and efficiency in this case.

### 4. Public Interest and Interests of Non-Parties

The public has an interest in the proper administration of SSDI benefits. While the public has a strong interest in preventing fraud, it also has a stake in the assurance that those who are eligible for benefits receive them without fear of government harassment. In this case, the Social Security Administration has already reopened Henderson's disability claim, so a stay will not impede the administrative investigation into this matter, and the Government is pursuing this matter in its criminal prosecution. A stay will permit this civil matter to proceed at a later date in an efficient manner, vindicating the public interest. The Court concludes that the public interest favors a stay in this case.

Having considered the relevant factors in this case, the Court will grant Henderson's request for a stay of this case for six months, pending resolution of the parallel criminal case, <u>United States v. Henderson</u>, Criminal File No. 03-437 (D. Minn.). The Court will reconsider the stay of the civil case in six months.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

Defendant's Motion to Dismiss or in the Alternative to Stay Action Pending Adjudication of a Related Criminal Matter [Docket No. 2] is **GRANTED IN PART AND DENIED IN PART** as follows:

a) Defendant's Motion to Dismiss is **DENIED**.

b) Defendant's Motion to Stay is **GRANTED**, and this action is hereby stayed for six months from the date of this Order.

Dated: October 4, 2004                    s/ Michael J. Davis
                                          Judge Michael J. Davis
                                          United States District Court