```
1  $1425
   CURTIS B. COULTER, ESQ.
2  Nevada State Bar No. 3034
3  403 Hill STREET
   RENO, NEVADA, 89501
4  (775) 324-3380
   and
5  WILLIAM E. PETERSON, ESQ.
   Nevada State Bar No. 1528
6  6100 Neil Road, Suite 500
   Reno, NV 89511
7  (775) 688-3006
   Attorneys for Plaintiff
8
```

FILED
2004 MAY 19 AM 10:12
RONALD A. LONGTIN, JR.
BY_____
   DEPUTY

MAY 20

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

MARCY LEWIS,

    Plaintiff,

vs.

CIGNA GROUP INSURANCE COMPANY, a foreign corporation, LIFE INSURANCE CO OF NORTH AMERICA, a foreign corporation, and DOES I-X, inclusive,

    Defendants.
_____/

CASE NO. CV04 01266

DEPT. NO. 6

## COMPLAINT

Plaintiff Marcy Lewis by and through her attorneys, Curtis B. Coulter, Esq., of Curtis B. Coulter, A Professional Corporation and William E. Peterson, Esq. alleges and complains as follows:

### I. JURISDICTION

1. At all times relevant to these allegation Plaintiff is and has been a Nevada resident.

- 1 -

2.   Defendant CIGNA Group Insurance Company (hereinafter "CIGNA") is a corporation which is licensed to transact insurance in the State of Nevada, and at all time relevant hereto was licensed to do business in the State of Nevada.

3.   Life Insurance Co. of North America (hereinafter "Life Insurance Co.") is a corporation which is licensed to transact insurance in the State of Nevada, and at all time relevant hereto was licensed to do business in the State of Nevada. At all pertinent times, Life Insurance Co. is acting on behalf of and at the direction of Defendant, CIGNA.

4.   CIGNA received a financial benefit from the sale of the subject long term disability insurance policy.

5.   CIGNA supervised, managed and had the right to control the activity of Live Insurance Co. of North America.

6.   Life Insurance Co. of North American issued the subject long term disability insurance policy.

7.   Life Insurance Co. of North America underwrote the subject long term disability insurance policy.

8.   Defendants DOES I through X are persons, firms, corporations and/or business organizations whose true identities are presently unknown, but whom Plaintiff alleges are jointly and severally liable for the acts and events alleged herein and are, therefore, sued using fictitious names, pursuant to NRCP Rule 10(a); when their true names are discovered, Plaintiff requests leave to amend accordingly. Plaintiff further alleges that said Doe defendants may be residents of the State of Nevada and/or made representations and promises to Plaintiff during the administration of the contract of insurance which is the subject of this action, and/or in the alternative participated in the tortuous processing Plaintiff's claims under the contract of insurance which is the subject matter of this action, and/or participated in the tortuous process of denying Plaintiff's coverage benefits under the contract of insurance which is the subject matter of this action and/or tortuously interfered with the processing of Plaintiff's claim and/or misrepresented the coverage available under the terms of the subject insurance policy.

Law Offices of
Curtis B. Coulter
403 Hill Street
Reno, NV 89501
(775) 324-3380
FAX (775) 324-3381

Plaintiff further alleges that each of the Doe defendants and the named Defendants are and at all times relevant hereto, are agents of each other and have ratified the acts of each other Defendant and acted within the course and scope of such agency.

9.  At all times mentioned herein, Defendants, and each of them, were the agents and employees of each remaining Defendant, and were at all times acting within the course and scope of said agency and employment, and each Defendant has ratified and approved the acts of the other. It is further alleged that Defendants are responsible for damages sustained by the Plaintiff for any damage caused him by Defendants' employees under the theory of *respondeat superior*.

10. Defendants, and each of them, are acting in concert with the other Defendants and are jointly and severally liable to Plaintiff.

## II. FACTS

11. On or about January 31, 1989, Plaintiff became an employee of the State of Nevada

12. On or about February 1, 1994, Plaintiff became eligible to acquire long term disability insurance as an employee with the State of Nevada.

13. On or about February 1, 1994 Plaintiff was insured with a long term disability insurance policy identified by Defendants' Policy No. LK001000600080B, Certholder Number S548572140.

14. Said policy was issued by one or more of the Defendants.

15. The insurance policy provides Plaintiff with long term disability benefits in the event Plaintiff is limited from performing the material and substantial duties of her regular occupation due to sickness or injury; and Plaintiff has a 20% or more loss of indexed monthly earnings due to the same sickness or injury.

16. Said long term disability benefits provided beyond 24 months when a disabled person is unable to perform any occupation that the disabled person could be reasonably expected to perform, considering the persons education, training, and experience.

- 3 -

Law Offices of
Curtis B. Coulter
403 Hill Street
Reno, NV 89501
(775) 324-3380
FAX (775) 324-3381

17. Prior to February 1996, Plaintiff became permanently disabled and unable to perform the material and substantial duties of her regular occupation due to sickness or injury.

18. In February 1996, Plaintiff made a claim for long term disability benefits under the above-referenced contract of insurance.

19. One or more of the Defendants accepted Plaintiff's claim for long term disability benefits concluding that Ms. Lewis was unable to perform the material and substantial duties of her regular occupation due to sickness or injury.

20. Defendants began making disability payments to Plaintiff on or about August 12, 1996.

21. Except as set forth below, Defendants made monthly disability payments in the approximate amount of $965.63 to Plaintiff from on or about August 12, 1996 through approximately January 1, 2003.

22. Plaintiff continues to remain permanently disabled pursuant to the provisions of the policy in that she is unable to perform any occupation that she could be reasonably expected to perform, considering her education, training and experience.

23. On or about September 16, 1998, Defendants advised Plaintiff that they were terminating her long term disability payments and her claim would be closed.

24. On or about October 7, 1998, Plaintiff sent a letter to Defendants disputing their action and requesting a review of her long term disability claim.

25. In Plaintiff's October 7, 1998 appeal to Defendants she provided medical records for review by Defendants.

26. Plaintiff's treating physicians have advised Defendants that Plaintiff is disabled.

27. Defendants neither considered nor gave equal consideration to the opinions of Plaintiff's treating physicians'.

28. On or about October 16, 1998, Defendants advised Plaintiff, "as soon as a final determination is made on your claim, we will notify you of our decision."

29. In the October 16th, 1998 communication, Plaintiff was not informed in writing of

- 4 -

Law Offices of
Curtis B. Coulter
403 Hill Street
Reno, NV 89501
(775) 324-3380
FAX (775) 324-3381

1  why additional time was needed before accepting or denying Plaintiff's claim.

2  30.  On or about November 6, 1998, Defendants advised Plaintiff, "as soon as a final determination is made on your claim, we will notify you of our decision."

31.  On or about November 6, 1998, Plaintiff was not informed in writing why additional time was needed before accepting or denying Plaintiff's claim.

32.  On or about January 27, 1999, Defendants reopened Plaintiff's claim and paid her the 5 monthly disability payments that were over due.

33.  On or about January 27, 1999, in making such over due payment Defendants did not include any accrued interest.

34.  Before making the past payments on January 27, 1999 one or more of the Defendants concluded that Plaintiff was disabled as defined by the subject insurance policy.

35.  On or before October 22, 1996, at the request of Defendants, Plaintiff made a claim to the Social Security Administration to determine if she was entitled to Social Security disability benefit payments.

36.  The Social Security Administration advised Plaintiff that "To get benefits if you become disabled...you need 20 credits of work. You had to earn these credits in the last 10 years. <u>Your record shows you do not have enough credits in the right time period</u>."

37.  Prior to Plaintiff's disability, Plaintiff was employed by the State of Nevada and as a state employee no Social Security contributions were made by and/or for Plaintiff.

38.  At all relevant times Defendants knew or should have know that Plaintiff, as an employee of the State of Nevada, was not eligible for Social Security benefits.

39.  On or about September 26, 2002, Defendants advised Plaintiff that they were assuming Plaintiff had been receiving Social Security disability benefit payments.

40.  In September 2002 Defendants began deducting "an estimated Social Security Disability benefit" from Plaintiff's long term disability payments.

41.  On or about December 18, 2002, Defendants again closed Plaintiff's claim and discontinued making long term disability payments.

- 5 -

Law Offices of
Curtis B. Coulter
403 Hill Street
Reno, NV 89501
(775) 324-3380
FAX (775) 324-3381

42. In December 2002, Plaintiff appealed Defendants decision to close her long term disability insurance claim.

43. On or about March 4, 2003, Defendants stated, "As allowed by ERISA, we are requesting a 45 day extension and will try to have the appeal resolved by 5/10/03. However, please be aware that the time from when we requested the information from you, until you furnished the information under ERISA is tolled and does not count against our resolution time under the applicable ERISA regulations."

44. Defendants knew or should have known that Plaintiff's claim was exempt from ERISA regulation.

45. On or about June 3, 2003 Defendants advised Plaintiff that they determined that her disability ceased on January 12, 2003 and the insurance under the policy also terminated on that date.

46. Defendants had no medical evidence to support the decision that Plaintiff ceased to be disabled on January 12, 2003.

47. On or about June 3, 2003 Defendants advised Plaintiff that the insurer could not consider disability payments after January 12, 2003 because the policy was terminated and they could not determine that Plaintiff was continuously and totally disabled from her original date of disability.

48. Said communication by Defendants occurred on or about June 3, 2003. Said communication was made to discourage Plaintiff from pursuing her long term disability claim. Such motive constitutes fraud, malice and oppression.

49. Said actions of Defendants as alleged herein are part of a course of conduct by the Defendants to delay, deny and discourage disability claims.

50. Upon information and belief Plaintiff alleges that Defendants have engaged in the same or similar conduct regarding other disability claimants.

51.

### FIRST CAUSE OF ACTION

(Breach of Contract)

- 6 -

Law Offices of
Curtis B. Coulter
403 Hill Street
Reno, NV 89501
(775) 324-3380
FAX (775) 324-3381

52. Plaintiff realleges the paragraphs contained in the previous paragraphs and the following Causes of Action as if said paragraphs were set forth in full herein.

53. A valid and enforceable insurance contract has existed between Plaintiff and Defendants at all relevant times.

54. Plaintiff has performed all conditions of the insurance policy required of her.

55. Defendants have breached the contract by failing to pay and/or delaying in paying the disability benefits due under the policy.

56. As a proximate and foreseeable result of Defendants' breach, Plaintiff has suffered damages, including consequential damages including economic loss, costs and attorney's fees in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### (Bad Faith)

57. Plaintiff realleges the paragraphs contained in the previous paragraphs and the following Causes of Action as if said paragraphs were set forth in full herein.

58. There is an implied covenant of good faith and fair dealing in the insurance contract that Defendants will not do anything to injure the rights of Plaintiff.

59. Defendants owe Plaintiff a duty of good faith and fair dealing.

60. By denying Plaintiff's claim; by failing to pay benefits due and owing under the policy; by failing to deal in good faith with Plaintiff; by forcing Plaintiff to initiate litigation; by failing to give equal consideration to Plaintiff's interests; by failing to conduct a prompt, thorough and objective investigation Plaintiff's claim; by failing to objectively evaluate Plaintiff's claim; by misleading Plaintiff concerning pertinent facts and policy provision; by failing to disclose significant facts and policy provisions to Plaintiff; by failing to keep Plaintiff apprized of her claim or any facts sought in any outstanding investigation; by delaying in the process of Plaintiff's claim; by failing to provide a reasonable explanation for the denial of Plaintiff's claim; by intentionally delaying in the payment of a valid claim; by repeatedly requesting the same information; by failing to pay interest as required by NAC 686A.600 et seq. and/or NRS 690B.012; by

Law Offices of
Curtis B. Coulter
403 Hill Street
Reno, NV 89501
(775) 324-3380
FAX (775) 324-3381

failing to comply with NRS 686A.310 and NAC 686A.600, et seq. and by other acts, Defendants have breached their duty of good faith.

61. Defendants have acted without a reasonable basis and with knowledge, express or implied, that their actions in denying and/or delays in processing Plaintiff's claim lacked any reasonable basis.

62. As a proximate result of Defendants' breach of their duty of good faith and fair dealing, Plaintiff has suffered damages, general and special damages including economic loss, consequential damages, emotional distress and personal injuries, in an amount in excess of $10,000.00.

63. In engaging in their bad faith conduct, Defendants have acted fraudulently, oppressively, and in malicious disregard for the rights of Plaintiff. Plaintiff, therefore, seeks punitive damages by way of punishment and deterrence in an amount to be determined at trial.

### III. THIRD CAUSE OF ACTION
### (Breach of the Nevada Unfair Claims Practices Act)

64. Plaintiff realleges the paragraphs contained in the previous paragraphs and the following Causes of Action as if said paragraphs were set forth in full herein.

65. Defendants are, and at all times mentioned herein were and are, entities regulated by Title 57 of the Nevada Revised Statutes.

66. Pursuant to NRS 686A.310(2), Plaintiff is entitled to enforce the provisions of NRS 686A.310(1).

67. Plaintiff incorporates the provisions of NRS 686A.310 and NAC 686A.600, et seq. Defendants have violated these provisions by misrepresenting pertinent facts and insurance policy provisions relating to coverage's at issue; by failing to effectuate a prompt, fair and equitable settlement of Plaintiff's claim; by failing to adopt and implement reasonable standards for the prompt investigation and processing of claims; by compelling Plaintiff to institute litigation to recover amounts due under an insurance policy; by failing to provide a reasonable explanation of the basis of denying and/or

Law Offices of
Curtis B. Coulter
403 Hill Street
Reno, NV 89501
(775) 324-3380
FAX (775) 324-3381

- 8 -

offering to settle or compromise Plaintiff's claim; by failing to respond to Plaintiff's inquiries concerning her claim; by repeatedly requesting the same information; by requiring information that Defendants knew or reasonably should have known did not exist; by deducting sums for benefits Defendants knew or should have known were not received by Plaintiff; and by carrying out unfair and deceptive trade practices in the business of insurance.

68. As a proximate and foreseeable result, Plaintiff has suffered damages, general and special including economic loss, attorney's fees, emotional distress and personal injuries, in an amount to be determined at trial.

69. By violating NRS 686A.310, Defendants have acted fraudulently, oppressively, and in malicious disregard for the rights of Plaintiff. Plaintiff, therefore, seeks punitive damages by way of punishment and deterrence in an amount to be determined at trial.

////

////

## IV. FOURTH CAUSE OF ACTION

### (Breach of Fiduciary Duty)

70. Plaintiff realleges the paragraphs contained in the previous paragraphs and the following Causes of Action as if said paragraphs were set forth in full herein.

71. A fiduciary relationship exists between the Defendants and Plaintiff.

72. Plaintiff relied upon the special knowledge and skill of the Defendants.

73. Defendants have special knowledge about disability insurance, claim investigation and claim payment.

74. Defendants have breached their fiduciary duty owed to Plaintiff by the acts and omissions set forth above.

75. As a direct and proximate result of Defendants' breach of fiduciary duty, Plaintiff has suffered damages, general and special including economic loss, emotional distress and personal injuries, in an amount to be determined at trial.

76. In breaching their fiduciary duty, Defendants have acted fraudulently,

- 9 -

Law Offices of
Curtis B. Coulter
403 Hill Street
Reno, NV 89501
(775) 324-3380
FAX (775) 324-3381

oppressively, and in malicious disregard for the rights of Plaintiff. Plaintiff, therefore, seeks punitive damages by way of punishment and deterrence in an amount to be determined at trial.

## V. SIXTH CAUSE OF ACTION
### (Negligence - All Defendants)

77. Plaintiff realleges the paragraphs contained in the previous paragraphs and the following Causes of Action as if said paragraphs were set forth in full herein.

78. Defendants, as set forth herein, owe a duty of reasonable care, skill and diligence to Plaintiff.

79. That duty included but was not limited to a duty of honesty, a duty of competence, a duty of independence to and a duty of objectivity.

80. Defendants have breached their duty of care to Plaintiff.

81. Defendants have acted in an extreme and outrageous manner and have been negligent in failing to meet their duties owed to Plaintiff.

82. As a proximate result, Plaintiff has suffered damages, general and special including economic loss, emotional distress and personal injuries, in an amount to be determined at trial.

83. Defendants have acted fraudulently, oppressively, and in malicious disregard for the rights of Plaintiff. Plaintiff, therefore, seeks punitive damages by way of punishment and deterrence in an amount to be determined at trial.

## VII. SEVENTH CAUSE OF ACTION
### (Negligent and Intentional Infliction of Emotional Distress)

84. Plaintiff realleges the paragraphs contained in the previous paragraphs and the following Causes of Action as if said paragraphs were set forth in full herein.

85. Defendants have conducted themselves in a negligent and in an outrageous and intentional manner for the purposes of their own financial benefit and/or to deprive Plaintiff of benefits due her under the insurance policy and to inflict upon her severe emotional distress.

Law Offices of
Curtis B. Coulter
403 Hill Street
Reno, NV 89501
(775) 324-3380
FAX (775) 324-3381

- 10 -

86. Plaintiff has suffered severe emotional distress.

87. Defendants' conduct has foreseeably caused Plaintiff stress.

88. Said stress has exasperated, accelerated and contributed to Plaintiff's disability.

89. As a proximate result of Defendants' outrageous conduct, Plaintiff has suffered damages in an amount to be proved at trial.

90. Defendants have acted fraudulently, oppressively, and in malicious disregard for the rights of Plaintiff. Therefore, Plaintiff seeks punitive damages by way of punishment and deterrence in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1) Special and general damages, according to proof but in excess of $10,000.00 as to each Defendant;

2) Punitive damages against Defendants in an amount to be determined by the trier of fact as allowed by applicable law;

3) Punitive damages against Defendants, and each of them jointly and severally, to disgorge the profits (funds) they obtained by implementing a scheme to deprive, delay and/or discourage claimants from receiving their disability benefits;

4) A finding that each and every defendant be held jointly and severally liable for the damages sustained by Plaintiff herein, each having a common interest and responsibility for the conduct alleged herein and the damages suffered by Plaintiff;

5) An award of attorneys' fees and costs of suit incurred;

6) For leave to amend this Complaint to properly name the Doe Defendants who created, implemented or profited from the scheme to deprive this Plaintiff and other similarly situated individuals from receiving their disability benefits as generally

Law Offices of
Curtis B. Coulter
403 Hill Street
Reno, NV 89501
(775) 324-3380
FAX (775) 324-3381

- 11 -

1  described in this Complaint and/or who employed the claims handling personnel that
2  that processed Plaintiffs claim for benefits;
3  7)   For prejudgment interest for all damages due Plaintiff from the date said damages
4  were due;
5  9)   Interest on Plaintiff's contractual benefits as allowed by Nevada law; and,
6  8)   For such other and further relief as the Court deems just and proper.

DATED this 18th day of May 2004.

*[signature]*

CURTIS B. COULTER, ESQ.
and
WILLIAM E. PETERSON, ESQ.
Attorneys for Plaintiff

Law Offices of
Curtis B. Coulter
403 Hill Street
Reno, NV 89501
(775) 324-3380
FAX (775) 324-3381

- 12 -