# EXHIBIT A

Case 1:01-cv-10628-JLT Document 5 Filed 07/24/2001 Page 1 of 2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED IN CLERK'S OFFICE
JUN 20 10 41 AM '01
U.S. DISTRICT COURT DISTRICT OF MASS.

**Civil Action No: 01 CV 10628 JLT**

| | |
|---|---|
| MICHAEL A. WAREING and CAROL WAREING | ) |
| Plaintiffs | ) |
| vs. | ) |
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY and CIGNA GROUP INSURANCE a division of the CIGNA CORPORATION | ) |
| Defendants | ) |

DOCKETED

## DEFENDANT CIGNA CORPORATION'S RULE 12(B)(6) MOTION TO DISMISS

CIGNA Corporation for itself and its alleged division CIGNA Group Insurance, move this Court to dismiss all allegations against it stated in Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedures. As grounds for this motion, CIGNA Corporation states that it is not a proper party to this case. Furthermore, CIGNA Group Insurance is not a legal entity and is also an improper party to this case. For these reasons, and those stated in Defendant CIGNA Corporation's Memorandum of Law In Support of It's Rule 12(b)(6) Motion to Dismiss attached hereto, CIGNA Corporation moves this Court to dismiss all counts against it, and against CIGNA Group Insurance, stated in Plaintiffs' Complaint.

5

Case 1:01-cv-10628-WLT Document 5 Filed 06/20/2001 Page 2 of 2

Respectfully submitted,
CIGNA Corporation,
By its Attorneys:

CREVIER & RYAN, LLP.

Theodore F. Glockner, Esq.
BBO No. 629469
David B. Crevier, Esq.
BBO. No. 557242
1500 State Street, Suite 2200
Springfield, MA 01115-5532

CERTIFICATE OF SERVICE

I, Theodore F. Glockner do hereby certify that I served a true copy of the foregoing via first class mail postage pre-paid on all counsel of record. Said service having taken place this 19th day of June, 2001.

Theodore F. Glockner

FILED IN CLERK'S OFFICE
JUN 20 10 41 AM '01
U.S. DISTRICT COURT DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No: 01 CV 10626 JLT

| | |
|---|---|
| MICHAEL A. WAREING and CAROL WAREING | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| vs. | ) |
| | ) |
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY and CIGNA GROUP INSURANCE a division of the CIGNA CORPORATION | ) |
| | ) |
| Defendants | ) |

DOCKETED

DEFENDANT CIGNA CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS RULE 12(B)(6) MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, CIGNA Corporation ("CIGNA Corporation") for itself and its alleged division "Cigna Group Insurance" hereby move the Court to dismiss all counts against it stated in Plaintiffs' Complaint. As grounds for this motion, CIGNA Corporation states that it is not a proper party to this case. As acknowledged in the Complaint, there is no legal entity named "Cigna Group Insurance." Accordingly, Cigna Group Insurance is not a proper party to this case. Plaintiff attempts to cure this defect by alleging that "Cigna Group Insurance" is a division of CIGNA Corporation.

CIGNA Corporation, however, is not a proper party to this suit as the very documents on which its alleged liability are predicated do not provide the basis for claims against "CIGNA Corporation" -- rather they unambiguously reference and provide the basis for suit against the sole proper party to this action, Connecticut General Life Insurance Company ("Connecticut General"). No documents in this case state the words "CIGNA Corporation." Although some



Case 1:01-cv-10828-JWT Document 6 Filed 07/24/2001 Page 2 of 8

documents do contain the words "CIGNA Group Insurance," all such documents also state that Connecticut General is the insurer. "CIGNA Group Insurance" is merely a shorthand reference that Connecticut General is a CIGNA affiliated company – a fact that is clearly stated in the claim form provided to Plaintiff. Thus, the reference to "CIGNA Group Insurance" - a non-legal entity - does not provide the basis for bringing an action against CIGNA Corporation.

A Rule 12(b)(6) Motion for failure to state a claim upon which relief may be granted is an appropriate means to dismiss improperly named parties. See, e.g., Curran v. City of Boston, 777 F. Supp. 116, 119-120 (D. Mass. 1991). For the reasons set out herein, this Court should dismiss all counts as to "Cigna Group Insurance a division of CIGNA Corporation," namely those stated in Counts III, IV and V of the Complaint.

RELEVANT FACTUAL ALLEGATIONS

Plaintiffs Michael and Carol Wareing have filed this suit based on Michael Wareing's claim for disability insurance benefits under a group long term disability policy ("The Policy") sponsored by his employer and issued by Defendant Connecticut General Life Insurance Company ("CGLIC"). There is no dispute that The Policy issued by CGLIC is the only policy through which the Plaintiffs seek benefits. Specifically, Plaintiffs state the following counts in their Complaint: 1) Count I alleges breach of contract by Plaintiff Michael Wareing with respect to The Policy against CGLIC; 2) Count II alleges breach of a third party beneficiary contract by Plaintiff Carol Wareing against CGLIC; 3) Count III alleges violations of Massachusetts's Consumer Protection Statute, M.G.L.A Chapter 93A by the Plaintiffs against CGLIC and CIGNA Corporation; 4) Count IV alleges claims for negligent infliction of emotional distress by the Plaintiffs against all Defendants; and 5) Count V alleges claims for intentional infliction of

emotional distress against all Defendants. See, Plaintiff's Complaint appended hereto as Exhibit 1.

Furthermore, the following operative facts support this motion:

1) At no time did Plaintiff, Michael Wareing, receive any correspondence or communication from CIGNA Corporation or any agent or employee acting on its behalf; and,

2) All correspondence sent to Plaintiff, Michael Wareing, in administering his claim identified CGLIC.

## STANDARD OF REVIEW

In ruling on the instant motion to dismiss, this Court must accept the allegations stated in the Complaint as true, with all reasonable inferences made in favor of the non-moving party. See, e.g., Keily v. Ratheon, 105 F.3d 734, 735 (1st Cir. 1997). If, under any theory, the allegations are sufficient to state a cause of action in accordance with the law, then the motion should be denied. See, e.g., Knight v. Mills, 836 F.2d 659, 664 (1st Cir.1987); accord, Cuddy v. Boston, 765 F. Supp. 775, 776 (D. Mass. 1991).

## ARGUMENT

### I. PLAINTIFFS' THIRD COUNT ALLEGING VIOLATIONS OF CHAPTER 93A, MUST BE DISMISSED AS TO CIGNA CORPORATION AND CIGNA GROUP INSURANCE

Count III of Plaintiffs Complaint alleges that CIGNA Corporation and CGLIC engaged in "unfair and deceptive acts" within the meaning of Massachusetts General Laws Chapter 93A in processing Michael Wareing's claim for long term disability insurance. See, Exhibit 1 at ¶ 64-70. All of the acts performed with respect to processing Plaintiff's claim were undertaken by

CGLIC—and not CIGNA Corporation. Therefore, to the extent that any party can be alleged to be liable for these acts, that party would be CGLIC.[1]

In support of Count III, Plaintiffs refer to, but do not append as Exhibits, a series of letters and correspondence between CGLIC to Michael Wareing. None of these letters and correspondence--which constitute the primary documentary evidence supporting Count III--connect CIGNA Corporation to this action. A closer examination of this evidence reveals that: 1) none of the documents sent to Michael Wareing state the words "CIGNA Corporation"; and 2) all of the documents sent to Michael Wareing identified CGLIC.[2]

The first correspondence between Michael Wareing and CGLIC referenced in the Complaint is his application for benefits form ("Claim Form") dated February 25, 1998. See, Exhibit 1 at ¶ 26. With respect to that document, the Complaint states: "[O]n February 25, 1998, Wareing made an application for disability benefits to Connecticut General and CIGNA."[3] Id. At the top of the Claim Form the following notation appears:

> Insured and/or **Administered by: Connecticut General Life Insurance Company**
> First EQUICOR Life Insurance Company
> EQUICOR, Inc.
> Insurance Company of North America
> Life Insurance Company of North America
> INA Life Insurance Company of New York
> **CIGNA Companies**

---

1 CGLIC does not concede any liability with respect to Plaintiffs' claims.

2 As a threshold matter, this Court may consider all of the documents referred to by Plaintiff in his Complaint without converting this 12(b)(6) Motion to Dismiss into a Rule 56 Motion for Summary Judgment. Beddal v. State Street Bank and Trust Company, 137 F.3d 12, 17 (1st Cir. 1998)("When...a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document [the authenticity of which is not challenged] that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)").

3 Throughout Plaintiffs' Complaint "CIGNA" is used as a defined term for the legal entity CIGNA Corporation. See, Exhibit 1, at ¶ 4.

Case 1:03-cv-12382-MLW Document 59-2 Filed 07/14/2006 Page 8 of 18

See, Claim Form, attached hereto as Exhibit 2, emphasis added. The Claim Form does not identify in any way CIGNA Corporation as an entity administering his claim. Furthermore, the Claim Form clearly states which legal entities might take part in administering his claim and that they are merely "CIGNA Companies."

The next correspondence upon which Count III is based is CGLIC's April 13, 1998, letter ("Initial Denial Letter") to Michael Wareing denying his claim and providing him an opportunity to appeal CGLIC's decision. See, Initial Denial Letter, attached hereto as Exhibit 3. The Initial Denial Letter makes no reference whatsoever to CIGNA Corporation. The first page of the letter clearly identifies at the top CGLIC as the legal entity who issued The Policy. Furthermore, the Initial Denial Letter advised Michael Wareing that he could seek a review of his denial by writing to "...the Life Insurance Company of North America representative signing this letter." See, Exhibit 3 at P. 2. Again, there are no references whatsoever to CIGNA Corporation in that letter. While the Initial Denial letter is sent on letterhead bearing the notation "CIGNA Group Insurance," that reference is merely a shorthand reference to the fact that CGLIC is a CIGNA Company, a fact clearly stated in the Claim Form. Therefore, by its own terms the Initial Denial Letter does not implicate any activity by CIGNA Corporation.

The last correspondence relied on by Plaintiffs in Count III is a letter dated July 2, 1998 ("July 2, 1998 Letter") from Nate Shehane to Michael Wareing advising him that he did not qualify for total disability benefits, and informing him that he could submit additional evidence. See, July 2, 1988 Letter, attached hereto as Exhibit 4. Similarly, that letter does not identify, or refer to in any way CIGNA Corporation. As with all correspondence sent to Michael Wareing, the July 2, 1998 Letter does identify "Connecticut General Life Insurance Company" as the legal entity issuing The Policy.

Case 3:01-12382-ALT Document 6 Filed 06/20/2001 Page 6 of 8

For these reasons, Defendants CIGNA Corporation and Cigna Group Insurance argue that they are not proper parties to the allegations raised in Count III of Plaintiffs' Complaint. Therefore, this Court should dismiss all allegations against them stated in that count. See, Danna v. CNA Insurance Company, 1996 WL 180058 at *2, n.2 (E.D.La. 1996)(Defendant CNA properly dismissed as an improper defendant to suit because "CNA" was a not a legal entity); see, also, Henschel v. Worcester Police Department, 445 F.2d 624 (1st Cir. 1971)(Municipal police department dismissed as improper party from suit alleging civil rights violations); cited with approval in, Curran v. City of Boston, 777 F. Supp. 116, 119-120 (D. Mass. 1991).

## II. PLAINTIFFS' FOURTH COUNT MUST BE DISMISSED AS TO CIGNA CORPORATION AND CIGNA GROUP INSURANCE

CIGNA Corporation seeks the dismissal of Counts IV against it and against Cigna Group Insurance on the same grounds: they are improper parties to this count. Count IV alleges that "Defendants"—without any differentiation among the various defendant--negligently inflicted emotional distress on the Plaintiffs in the processing of Michael Wareing's claim for benefits. Exhibit 1 at ¶¶ 71 –76. Count IV does not specifically identify any acts serving as the basis for this claim other than those incorporated by reference from all previous paragraphs. Clearly, the factual basis for this count is the same as for Count III as stated above. Both counts allege malfeasance in the processing of Michael Wareing's benefits claim. As such, the documents relied on by Plaintiffs in stating Count III also serve as the primary source of documentary evidence for Count IV. For the reasons already stated, neither the factual allegations, nor the documentary evidence attached as exhibits hereto, establish any connection between Plaintiffs' allegations and CIGNA Corporation. Therefore, CIGNA Corporation is an improper party as to Count IV and should be dismissed from this count. Similarly, for the same reasons stated above

Case 1:01-cv-10628-WLT Document 9 Filed 06/20/2001 Page 7 of 8

CIGNA Group Insurance—which admittedly is not a legal entity—should be dismissed from this count.

III. PLAINTIFFS' FIFTH COUNT MUST BE DISMISSED AS TO CIGNA CORPORATION. AND CIGNA GROUP INSURANCE

CIGNA Corporation similarly seeks the dismissal of Count V against it and against Cigna Group Insurance. Exhibit 1, at ¶¶ 77-82. Count V seeks damages for intentional infliction of emotional distress based on "Defendants" handling of Plaintiff's claim. In addition to incorporating by reference all previous paragraphs as factual support for the count, Count V also describes a series of communications between "Defendants" and Wareing's primary care physician. Exhibit 1 at ¶¶ 81-82. Nowhere in the incorporated paragraphs, or in the allegations stated in the body of Count V, do Plaintiffs provide any additional factual averments connecting CIGNA Corporation to the alleged acts. Simply put, there are no additional facts alleged in Count V than Counts III and IV that could establish a factual nexus between CIGNA Corporation and Plaintiff allegations. For this reason, and those previously stated above, CIGNA Corporation and Cigna Group Insurance are improper parties to this Count.

CONCLUSION

For all of these reasons, CIGNA Corporation respectfully requests that this Court dismiss all allegations against it and Cigna Group Insurance from the Complaint since they are not proper parties to this action.

Respectfully submitted,
CIGNA Corporation,
By its Attorneys:

CREVIER & RYAN, LLP.

Theodore F. Glockner, Esq.
BBO No. 629469
David B. Crevier, Esq.
BBO. No. 557242
1500 State Street, Suite 2200
Springfield, MA 01115-5532

CERTIFICATE OF SERVICE

I, Theodore F. Glockner do hereby certify that I served a true copy of the foregoing via first class mail postage pre-paid on all counsel of record. Said service having taken place this 19th day of June, 2001.

Theodore F. Glockner

F:\Files\CIGNA\Wareing\12(b)(6) Memorandum of Law.doc

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**Civil Action No: 01 CV 10628 JLT**

MICHAEL A. WAREING and CAROL WAREING)
Plaintiffs )

vs. )

CONNECTICUT GENERAL LIFE INSURANCE COMPANY and CIGNA GROUP INSURANCE a division of the CIGNA CORPORATION )
Defendant )

CIGNA CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant, CIGNA Corporation ("CIGNA Corp."), hereby answers Plaintiff's Complaint ("the Complaint") as follows:

1. Defendant is without sufficient knowledge to admit or deny this allegation.

2. Defendant is without sufficient knowledge to admit or deny this allegation.

3. Defendant admits this allegation.

4. Defendant admits that CIGNA Corp. is incorporated in Delaware and has its principal place of business in Philadelphia, Pennsylvania. Defendant denies the remaining allegations in this paragraph.

5. Defendant denies this allegation.

6. Defendant admits this allegation.

7. Defendant is without sufficient knowledge to admit or deny this allegation.

8. Defendant is without sufficient knowledge to admit or deny this allegation.

9. Defendant is without sufficient knowledge to admit or deny Plaintiff's starting date. Defendant admits that Plaintiff is insured under the long-term disability policy issued to Loral by Defendant Connecticut General Life Insurance Company ("CGLIC") but denies that Plaintiff's being insured under such policy ended in March of 1998.

10. Defendant denies this allegation as phrased as it fails to state the entirety of a document that speaks for itself.



11. Defendant is without sufficient knowledge to admit or deny this allegation.

12. Defendant is without sufficient knowledge to admit or deny this allegation.

13. Defendant is without sufficient knowledge to admit or deny this allegation.

14. Defendant is without sufficient knowledge to admit or deny this allegation.

15. Defendant is without sufficient knowledge to admit or deny this allegation.

16. Defendant is without sufficient knowledge to admit or deny this allegation.

17. Defendant is without sufficient knowledge to admit or deny this allegation.

18. Defendant is without sufficient knowledge to admit or deny this allegation.

19. Defendant is without sufficient knowledge to admit or deny this allegation.

20. Defendant is without sufficient knowledge to admit or deny this allegation.

21. Defendant is without sufficient knowledge to admit or deny this allegation.

22. Defendant is without sufficient knowledge to admit or deny this allegation.

23. Defendant is without sufficient knowledge to admit or deny this allegation.

24. Defendant is without sufficient knowledge to admit or deny this allegation.

25. Defendant is without sufficient knowledge to admit or deny this allegation.

26. Defendant admits that Plaintiff submitted a claim form dated February 25, 1998 making a claim for benefits under the policy issued by CGLIC. Defendant denies the remaining allegations in this paragraph as phrased.

27. CIGNA Corp. denies: 1) that it authored any correspondence dated April 13, 1998 as alleged in this paragraph; 2) that it acted as an agent for CGLIC as alleged by Plaintiff in this paragraph and 3) that it refused to reverse any decision with respect to Plaintiff's claim or his letter of May 21, 1998. Defendant admits: 1) that CGLIC denied Plaintiff's claim by a letter dated April 13, 1998; 2) that Plaintiff appealed such denial by letter dated May 21, 1998; and 3) that CGLIC denied the appeal by a letter dated July 2, 1998. Defendant denies the remaining allegations in this paragraph and further states that the quoted documents speak for themselves.

28. Defendant denies this allegation as phrased as it fails to state the entirety of a document that speaks for itself. Defendant admits that Plaintiff identified Drs. Akins and Miller as physicians he regularly saw.

29. Defendant admits that an Attending Physician's Statement of Disability dated February 28, 1998, that purports to be signed by Dr. Atkins, was submitted in support of Plaintiff's claim. Defendant denies the remaining allegations as phrased as they fail to state the entirety of a document that speaks for itself. Defendant is without sufficient knowledge to admit or deny that Plaintiff arranged for Dr. Atkins to complete a disability form as alleged in this paragraph.

30. Defendant denies the first sentence of this paragraph and states that upon information and belief that CGLIC, not Defendant CIGNA Corp. requested the office notes. Defendant denies the second sentence of this paragraph and further states that upon information and belief CGLIC asked Dr. Atkins to complete a form entitled "Estimated Functional Capacities Evaluation." Defendant denies the remaining allegations as phrased as they fail to state the entirety of a document that speaks for itself.

31. Defendant denies the allegations stated in this paragraph and further states upon information and belief that CGLIC sent Dr. Atkins a 1 page set of additional questions. Defendant denies the remaining allegations as phrased as they fail to state the entirety of a document that speaks for itself.

32. Defendant denies the allegations stated in this paragraph to the extent it alleges that CIGNA Corp. submitted a "query" to Dr. Atkins. Upon information and belief Defendant states that Dr. Atkins responded to CGLIC on April 8, 1998. Defendant denies the remaining allegations as phrased as they fail to state the entirety of a document that speaks for itself.

33. Defendant denies the allegations stated in the first sentence of this paragraph and further states, upon information and belief that CGLIC, not CIGNA Corp., denied Plaintiff's claim by letter dated April 13, 1998. Defendant denies the second and third sentences in this paragraph as phrased as they fail to state entirety of a document that speaks for itself. Defendant is without sufficient knowledge to admit or deny the allegations stated in the third and fourth sentences in this paragraph. Defendant denies the allegations stated in the fifth sentence in this paragraph.

34. Defendant denies these allegations as phrased as they fail to state the entirety of a document that speaks for itself.

35. Defendant denies this allegation but further states upon information and belief that CGLIC referred Plaintiff's claim to nurse Joan Mirrey as alleged in this paragraph.

36. Defendant denies the allegations stated in the first sentence of this paragraph to the extent it alleges Dr. Atkins supplied documents to CIGNA Corp. Defendant denies the allegation that Joan Mirrey took any action as alleged on its behalf. Defendant is without sufficient knowledge to admit or deny the remainder of the allegations stated in this paragraph.

37. Defendant is without sufficient knowledge to admit or deny this allegation.

38. Defendant is without sufficient knowledge to admit or deny this allegation.

Case 1:01-cv-10628-JLT Document 59-2 Filed 08/14/2001 Page 4 of 7

39. Defendant is without sufficient knowledge to admit or deny this allegation.

40. Defendant denies these allegations as phrased as they fail to state the entirety of a document that speaks for itself.

41. Defendant is without sufficient knowledge to admit or deny these allegations.

42. Defendant is without sufficient knowledge to admit or deny these allegations.

43. Defendant denies the allegations as to documents in this paragraph as phrased as they fail to state the entirety of documents that speak for themselves. Defendant is without sufficient knowledge to admit or deny the remainder of the allegations stated in this paragraph.

44. Defendant denies the allegations stated in this paragraph but further states, upon information and belief, that by a letter dated July 2, 1998 CGLIC denied Plaintiff's appeal of his claim. Defendant denies the remaining allegations of this paragraph as phrased as they fail to state the entirety of a document that speaks for itself.

45. Defendant denies this allegation but further states, upon information and belief that CGLIC discussed this matter with Dr. Atkins' office.

46. Defendant denies this allegation.

47. Defendant is without sufficient information to admit or deny this allegation.

48. Defendant is without sufficient information to admit or deny this allegation.

49. Defendant denies this allegation.

50. Defendant denies this allegation.

51. Defendant is without sufficient information to admit or deny this allegation.

52. Defendant is without sufficient information to admit or deny this allegation.

53. Defendant denies the allegations in the first two sentences. Defendant is without sufficient information to admit or deny the third and fourth sentences.

54. Defendant is without sufficient knowledge to admit or deny the first sentence of this paragraph but further states, upon information and belief, that CGLIC has never denied Plaintiff's claim due to any failure to pay premiums. Defendant denies the allegations stated in the second sentence to the extent those allegations can be construed as alleging that it denied Plaintiff's claim and therefore admits that it never denied Plaintiff's claim based on a failure to pay premiums.

55. Defendant denies this allegation.

Case 1:07-cv-10628-JLT Document 1-2 Filed 07/14/2007 Page 5 of 7

56. Defendant denies this allegation.

57. The response to all prior paragraphs is restated.

58. This paragraph states a legal conclusion to which no response is required. To the extent it could be construed as alleging facts, they are denied.

59. Defendant denies this allegation.

60. The response to all prior paragraphs is restated.

61. This paragraph states a legal conclusion to which no response is required. To the extent it could be construed as alleging facts, they are denied.

62. This paragraph states a legal conclusion to which no response is required. To the extent it could be construed as alleging facts, they are denied.

63. Defendant denies this allegation.

64. The response to all prior paragraphs is restated.

65. This paragraph states a legal conclusion to which no response is required. To the extent it could be construed as alleging facts, they are denied.

66. This paragraph states a legal conclusion to which no response is required. To the extent it could be construed as alleging facts, they are denied.

67. Defendant denies this allegation.

68. This paragraph states a legal conclusion to which no response is required. To the extent it could be construed as alleging facts, they are denied.

69. Defendant admits that it received a demand letter pursuant to Chapter 93A more than 30 days prior to commencement of this action. Defendant denies the remaining allegations as phrased as they fail to state the entirety of a document that speaks for itself.

70. Defendant denies that no written settlement offer was ever made in response to the demand letter. Defendant denies that it sent Plaintiffs a check as alleged in this paragraph but states further upon information and belief that CGLIC sent Plaintiffs the checks set forth in this paragraph. Defendant denies the remaining allegations as phrased as they fail to state the entirety of a document that speaks for itself.

71. The response to all prior paragraphs is restated.

72. This paragraph states a legal conclusion to which no response is required. To the extent it could be construed as alleging facts, they are denied.

73. This paragraph states a legal conclusion to which no response is required. To the extent it could be construed as alleging facts, they are denied.

74. This paragraph states a legal conclusion to which no response is required. To the extent it could be construed as alleging facts, they are denied.

75. This paragraph states a legal conclusion to which no response is required. To the extent it could be construed as alleging facts, they are denied.

76. This paragraph states a legal conclusion to which no response is required. To the extent it could be construed as alleging facts, they are denied.

77. The response to all prior paragraphs is restated.

78. This paragraph states a legal conclusion to which no response is required. To the extent it could be construed as alleging facts, they are denied.

79. This paragraph states a legal conclusion to which no response is required. To the extent it could be construed as alleging facts, they are denied.

80. This paragraph states a legal conclusion to which no response is required. To the extent it could be construed as alleging facts, they are denied.

81. This paragraph states a legal conclusion to which no response is required. To the extent it could be construed as alleging facts, they are denied.

82. This paragraph states a legal conclusion to which no response is required. To the extent it could be construed as alleging facts, they are denied.

83. The response to all prior paragraphs is restated.

84. Defendant denies this allegation.

85. Defendant denies this allegation.

86. Defendant denies this allegation.

87. This paragraph states a legal conclusion to which no response is required. To the extent it could be construed as alleging facts, they are denied.

## AFFIRMATIVE DEFENSES

1. All counts in the Complaint are preempted by ERISA s. 515, 29 U.S.C. s. 114.

2. Plaintiff fails to state a proper claim for declaratory relief in Count 6 of the Complaint.

3. Plaintiffs claims are barred as CGLIC has paid Plaintiff disability benefits.

4. CIGNA Corp. is an improper party to this litigation.

CIGNA Corporation
By Its Attorneys,

David B. Crevier, BBO # 557242
1500 Main Street, Suite 2200
Springfield, MA 01115-5532
(413) 787-2400

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on all other parties who have appeared in this action by delivering copies to the addresses of the attorneys of record by first class U.S. Mail, this 13 day of August, 2001.

David B. Crevier

F:\Files\CIGNA\Wareing\CIGNA Corp's Answer.doc