UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br>EX REL. DAWN BARRETT,<br><br>        Plaintiff,<br><br>v.<br><br>CIGNA CORPORATION and<br>LIFE INSURANCE COMPANY OF<br>NORTH AMERICA,<br><br>        Defendants. | Civil Action No. 03-12382-MLW |

**RELATOR'S OPPOSITION TO DEFENDANTS'
MOTION FOR ENLARGEMENT OF TIME
TO ANSWER OR OTHERWISE RESPOND**

     Plaintiff and *qui tam* Relator Dawn Barrett hereby opposes defendants' Motion for Enlargement of Time to Answer or Otherwise Respond, which seeks to extend the time for defendants to answer Relator's Second Amended Complaint until twenty (20) days after receiving a transcript of the Court's October 5, 2006 ruling denying defendants' Motion to Dismiss the Second Amended Complaint.  In opposition to the defendants' motion, Relator states as follows:

     1.      On April 14, 2006, Relator filed her Second Amended Complaint.  On May 19, 2006, defendants moved to dismiss the Second Amended Complaint.  On October 5, 2006, the Court denied the defendants' motion to dismiss, and dictated its findings and rulings on the motion to dismiss on the record at the conclusion of the hearing.  The Court did not indicate any inclination to certify any question presented by the motion to dismiss for interlocutory appeal, nor did the defendants request the Court to certify any question for interlocutory appeal.  To the

contrary, at the conclusion of the hearing, the Court ordered the parties to confer about case management and discovery scheduling issues by November 8, 2006 and set a standard scheduling conference for November 17, 2006.

2.	Under Fed. R. Civ. P. 12(a)(4)(A), the defendants' answer to the Second Amended Complaint is due by October 20, 2006; that is, "within 10 days after notice of the court's action" on October 5.  See also Fed. R. Civ. P. 6(a) (intermediate weekends and holidays excluded on time periods less than 11 days).

3.	Defendants now seek an extension of time to answer the Second Amended Complaint, claiming that they need to see a copy of the transcript of the Court's decision, which was read to them in open court on October 5, to decide whether to seek certification of any question for interlocutory review.  Notably, the defendants have not asked the Court to certify any question for interlocutory review, have not indicated what questions they contend might warrant certification, and have not argued that the Court of Appeals has expressed any interest in hearing  interlocutory appeals of any issue that may be presented by the Court's denial of the motion to dismiss.

4.	Defendants do not need the transcript to decide whether to seek certification of any issue for interlocutory review.  Defendants had a number of lawyers present, three of whom where at counsel table, who were doubtlessly taking notes and attending to the Court's decision.  To Relator's knowledge, there is no basis or reason to certify for interlocutory appeal any question presented by the denial of the motion to dismiss, nor would the Court of Appeals likely agree to hear any such issue on an interlocutory basis.  The First Circuit does not favor piecemeal litigation, In re Heddendorf, 263 F.2d 887, 889 (1st Cir. 1959), and has held that

"Section 1292(b) is meant to be used sparingly, and appeals under it are, accordingly, hen's teeth rare." <u>Camacho v. Puerto Rico Ports Authority</u>, 369 F.3d 570, 573 (1st Cir. 2004).

     5.    Granting the requested extension will prejudice the Relator. The Court has ordered the parties to confer about scheduling and case management issues by November 8. Those issues will be affected -- possibly in a substantial way -- by the defendants' answer to the Second Amended Complaint.

For these reasons, defendants' Motion for Enlargement of Time to Answer or Otherwise Respond should be denied.

Date:   October 17, 2006                Respectfully submitted,

                                                 / S /  Peter B. Krupp

| | |
|---|---|
| W. Mark Lanier | Peter B. Krupp, B.B.O. #548112 |
| Kevin P. Parker | LURIE & KRUPP, LLP |
| Judson A. Waltman | One McKinley Square |
| THE LANIER LAW FIRM, P.C. | Boston, MA 02109 |
| P.O. Box 691408 | Tel.: (617) 367-1970 |
| Houston, TX 77269-1408 | Fax: (617) 367-1971 |
| Tel.: (713) 659-5200 | |
| Fax: (713) 659-2204 | Mary Louise Cohen |
| | Peter Chatfield |
| | Colette G. Matzzie |
| | Phillips & Cohen LLP |
| | 2000 Massachusetts Avenue, NW |
| | Washington, DC 20036 |
| | Tel:(202) 833-4567 |
| | Fax:(202) 833-1815 |
| | |
| | Counsel for Relator Dawn Barrett |

<u>CERTIFICATE OF SERVICE</u>

  I, Peter B. Krupp, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on October 17, 2006.

                / S /  Peter B. Krupp

                Peter B. Krupp