UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*EX REL.* DAWN BARRETT,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA CORPORATION and<br>LIFE INSURANCE COMPANY<br>OF NORTH AMERICA<br><br>Defendants. | Civil Action No. 03-12382-MLW |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS CIGNA CORPORATION AND LIFE INSURANCE COMPANY OF NORTH AMERICA

Pursuant to Rules 8(b) and 8(c) of the Federal Rules of Civil Procedure, defendants, CIGNA Corporation ("CIGNA") and Life Insurance Company of North America ("LINA") (collectively, "Defendants"), hereby respond to the allegations contained in the Second Amended Complaint and Demand for Jury Trial (the "Complaint"), paragraph by paragraph, as follows:

## I.    INTRODUCTION.[1]

1.    To the extent that the allegations contained in Paragraph 1 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. LINA denies the remaining allegations as stated in Paragraph 1 of the Complaint.

---

[1] The headings used in this Answer are those used in the Complaint and are incorporated for the sole purpose of tracking the paragraphs in the Complaint. The headings do not contain allegations of fact and, consequently, do not require a response. LINA nonetheless denies the statements contained in the headings of the Complaint.

CIGNA states that it is a corporation organized under the laws of the State of Delaware, with its principal place of business located in Philadelphia, Pennsylvania. CIGNA is qualified to do business as a general business corporation, not as an insurance company, only in Delaware, Pennsylvania, New York, Connecticut and the District of Columbia. CIGNA is not authorized, certified, or licensed to do business in any other state. CIGNA is a holding company; its business is to own the stock of other companies. CIGNA is not an insurance company and does not offer insurance products or insurance services to the public. CIGNA does not enter into any agency contracts pursuant to which third parties or agents offer insurance products or insurance services on behalf of CIGNA. CIGNA is not a party to any of the policies or actions at issue or as alleged in the Complaint. Accordingly, CIGNA denies the allegations as stated in this Paragraph of the Complaint.

2.      To the extent that the allegations contained in Paragraph 2 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. Answering further, the Defendants state that the False Claims Act, 31 U.S.C. § 3729 *et seq.* (the "FCA") speaks for itself and deny any allegations contained in Paragraph 2 of the Complaint to the contrary. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

3.      To the extent that the allegations contained in Paragraph 3 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. Answering further, the Defendants state that the FCA speaks for itself and deny any allegations contained in Paragraph 3 of the Complaint to the contrary. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

4.      To the extent that the allegations contained in Paragraph 4 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. LINA denies the remaining allegations as stated in Paragraph 4 of the Complaint.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

5.      To the extent that the allegations contained in Paragraph 5 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. LINA denies the remaining allegations as stated in Paragraph 5 of the Complaint.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

6.      To the extent that the allegations contained in Paragraph 6 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. LINA denies the remaining allegations as stated in Paragraph 6 of the Complaint.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

7.      To the extent that the allegations contained in Paragraph 7 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. LINA denies the remaining allegations as stated in Paragraph 7 of the Complaint.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

8.      To the extent that the allegations contained in Paragraph 8 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. LINA denies the remaining allegations as stated in Paragraph 8 of the Complaint.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

9.      To the extent that the allegations contained in Paragraph 9 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. LINA denies the remaining allegations as stated in Paragraph 9 of the Complaint. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

10.      To the extent that the allegations contained in Paragraph 10 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. LINA denies the remaining allegations as stated in Paragraph 10 of the Complaint. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

11.      To the extent that the allegations contained in Paragraph 11 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. LINA denies the remaining allegations as stated in Paragraph 11 of the Complaint. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

12.      To the extent that the allegations contained in Paragraph 12 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. LINA denies the remaining allegations as stated in Paragraph 12 of the Complaint. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

13.      To the extent that the allegations contained in Paragraph 13 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. LINA denies the remaining allegations as stated in Paragraph 13 of the Complaint. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

14.    To the extent that the allegations contained in Paragraph 14 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. Answering further, the Defendants state that the documents referenced in Paragraph 14 speak for themselves and deny any allegations contained in Paragraph 14 of the Complaint to the contrary. LINA denies the remaining allegations as stated in Paragraph 14 of the Complaint. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

## II.    PARTIES.

15.    LINA admits, upon information and belief that Plaintiff and Relator, Dawn Barrett ("Barrett"), is a resident of Pittsburgh, Pennsylvania and that Barrett has been employed by LINA since September, 2000. LINA further admits that LINA is an indirect affiliated subsidiary of CIGNA. LINA denies the remaining allegations as stated in Paragraph 15 of the Complaint. CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

16.    To the extent Barrett implies that the allegations of the Complaint are true, the Defendants deny the allegations contained in Paragraph 16 of the Complaint. Answering further, LINA denies that they cause false claims to be submitted to SSA. LINA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as stated in Paragraph 16 of the Complaint and therefore denies the same. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

17.    LINA admits, upon information and belief, that Barrett's business card bears the CIGNA trademark and that Barrett, along with other employees, may answer the phone using the trade name "CIGNA," which is a registered trade name owned by CIGNA Intellectual

Properties, Inc., and licensed for use to LINA, as well as to other companies affiliated with

CIGNA. Answering further, to the extent that the allegations contained in Paragraph 17 of the

Complaint constitute legal conclusions or averments of law, no response by the Defendants is

required. LINA is without knowledge or information sufficient to form a belief as to the truth of

the remaining allegations as stated in Paragraph 17 of the Complaint and therefore denies the

same. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if

fully set forth herein.

18.    LINA admits that it sells group disability insurance policies, among other

products, to persons and entities in the United States. LINA denies the remaining allegations as

stated in Paragraph 18 of the Complaint. CIGNA incorporates by reference its response to

Paragraph 1 of the Complaint as if fully set forth herein.

19.    LINA admits the allegations contained in the second sentence of Paragraph 19 of

the Complaint. LINA denies the remaining allegations as stated in Paragraph 19 of the

Complaint. CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if

fully set forth herein.

20.    LINA admits that it, as well as those entities identified in Paragraph 20 of the

Complaint, engage in the insurance business. LINA denies the remaining allegations as stated in

Paragraph 20 of the Complaint. CIGNA incorporates by reference its response to Paragraph 1 of

the Complaint as if fully set forth herein.

21.    LINA admits the allegations contained in Paragraph 21 of the Complaint.

CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set

forth herein.

22.     To the extent that the allegations contained in Paragraph 22 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. LINA denies the remaining allegations as stated in Paragraph 22 of the Complaint.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

23.     LINA admits that it administers self-insured group disability plans for a variety of companies, including those identified in Paragraph 23 of the Complaint.  LINA denies the remaining allegations as stated in Paragraph 23 of the Complaint. CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

24.     To the extent that the allegations contained in Paragraph 24 of the Complaint are intended to imply that the remainder of the allegations in the Complaint are true, the Defendants deny the allegations contained in Paragraph 24 of the Complaint.  Answering further, the Defendants state that the policies referenced in Paragraph 24 of the Complaint speak for themselves and deny any allegations contained in Paragraph 24 of the Complaint to the contrary. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

25.     To the extent that the allegations contained in Paragraph 25 of the Complaint are intended to imply that the remainder of the allegations in the Complaint are true, the Defendants deny the allegations contained in Paragraph 25 of the Complaint.  Answering further, the Defendants state that the plans referenced in Paragraph 25 of the Complaint speak for themselves and deny any allegations contained in Paragraph 25 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

**III.     JURISDICTION AND VENUE.**

26.     To the extent that the allegations contained in Paragraph 26 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. LINA denies the remaining allegations as stated in Paragraph 26 of the Complaint. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

27.     To the extent that the allegations contained in Paragraph 27 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. LINA denies the remaining allegations as stated in Paragraph 27 of the Complaint. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

28.     To the extent that the allegations contained in Paragraph 28 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. LINA denies the remaining allegations as stated in Paragraph 28 of the Complaint. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

**IV.     BACKGROUND.**

      **A.     DISABILITY INSURANCE PROGRAMS.**

29.     LINA denies the allegations as stated in Paragraph 29 of the Complaint. CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

**1.     The Social Security Disability Insurance Program**

30.     To the extent that the allegations contained in Paragraph 30 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. Answering further, the Defendants state that the Social Security Act, as amended and including related enactments (the "Act") speaks for itself and deny any allegations contained in Paragraph

30 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

31.    To the extent that the allegations contained in Paragraph 31 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. Answering further, the Defendants state that the Act speaks for itself and deny any allegations contained in Paragraph 31 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

32.    To the extent that the allegations contained in Paragraph 32 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. Answering further, the Defendants state that the Act speaks for itself and deny any allegations contained in Paragraph 32 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

33.    To the extent that the allegations contained in Paragraph 33 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. Answering further, the Defendants state that the Act speaks for itself and deny any allegations contained in Paragraph 33 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

34.    To the extent that the allegations contained in Paragraph 34 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. Answering further, the Defendants state that the Act speaks for itself and deny any allegations contained in Paragraph 34 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

35.     To the extent that the allegations contained in Paragraph 35 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. Answering further, the Defendants state that the Act speaks for itself and deny any allegations contained in Paragraph 35 of the Complaint to the contrary. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

36.     To the extent that the allegations contained in Paragraph 36 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. Answering further, the Defendants state that the Act speaks for itself and deny any allegations contained in Paragraph 36 of the Complaint to the contrary. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

37.     To the extent that the allegations contained in Paragraph 37 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. Answering further, the Defendants state that the Act speaks for itself and deny any allegations contained in Paragraph 37 of the Complaint to the contrary. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

38.     To the extent that the allegations contained in Paragraph 38 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. Answering further, the Defendants state that the Act speaks for itself and deny any allegations contained in Paragraph 38 of the Complaint to the contrary. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

39.     To the extent that the allegations contained in Paragraph 39 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required.

Answering further, the Defendants state that the Act and the SSA Application Form (the "Application") speak for themselves and deny any allegations contained in Paragraph 39 of the Complaint to the contrary. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

40.    To the extent that the allegations contained in Paragraph 40 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. Answering further, the Defendants state that the Act speaks for itself and deny any allegations contained in Paragraph 40 of the Complaint to the contrary. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

41.    To the extent that the allegations contained in Paragraph 41 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. Answering further, the Defendants state that the Act and the Appointment of Representative Form, speak for themselves and deny any allegations contained in Paragraph 41 of the Complaint to the contrary. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

42.    To the extent that the allegations contained in Paragraph 42 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. Answering further, the Defendants state that the Act and the Application speak for themselves and deny any allegations contained in Paragraph 42 of the Complaint to the contrary. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

43.     To the extent that the allegations contained in Paragraph 43 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. Answering further, the Defendants state that the Act and the Application speak for themselves and deny any allegations contained in Paragraph 43 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

44.     To the extent that the allegations contained in Paragraph 44 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. Answering further, the Defendants state that the Act and the Application speak for themselves and deny any allegations contained in Paragraph 44 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

45.     To the extent that the allegations contained in Paragraph 45 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. Answering further, the Defendants state that the Act and the Application speak for themselves and deny any allegations contained in Paragraph 45 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

### 2.      Private (Non-Governmental) Disability Insurance

46.     To the extent that the allegations contained in Paragraph 46 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. Answering further, the Defendants state that the Act and the disability policies referred to in

Paragraph 46, speak for themselves and deny any allegations contained in Paragraph 46 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

47.    The Defendants are without knowledge or information sufficient to form a belief with respect to the identity or authenticity of the documents quoted in Paragraph 47 of the Complaint. Answering further, the Defendants state that the documents quoted in Paragraph 47, to the extent that they exist and are authentic, speak for themselves and deny any allegations contained in Paragraph 47 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

48.    The Defendants are without knowledge or information sufficient to form a belief with respect to the identity or authenticity of the documents quoted in Paragraph 48 of the Complaint. Answering further, the Defendants state that the documents quoted in Paragraph 48, to the extent that they exist and are authentic, speak for themselves and deny any allegations contained in Paragraph 48 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

### a.    Group Short Term (STD) and Long Term Disability (LTD) Income

49.    LINA admits that some employers purchase STD and LTD insurance coverage for their employees from LINA, among other companies, and also states that some employers do not purchase such coverage.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

50.    LINA admits that some employers self insure for STD and LTD under policies administered for them by LINA, among other companies, and also states that some employers do

not self insure. CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

51. To the extent that the allegations contained in Paragraph 51 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

52. To the extent that the allegations contained in Paragraph 52 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. The Defendants also state that the specific STD policies speak for themselves and deny any allegations contained in Paragraph 52 of the Complaint to the contrary. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

53. To the extent that the allegations contained in Paragraph 53 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. The Defendants also state that the specific STD policies speak for themselves and deny any allegations contained in Paragraph 53 of the Complaint to the contrary. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

54. To the extent that the allegations contained in Paragraph 54 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. The Defendants also state that the specific STD policies speak for themselves and deny any allegations contained in Paragraph 54 of the Complaint to the contrary. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

55.     To the extent that the allegations contained in Paragraph 55 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required.  The Defendants also state that the specific STD policies speak for themselves and deny any allegations contained in Paragraph 55 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

56.     To the extent that the allegations contained in Paragraph 56 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required.  The Defendants also state that the specific STD policies speak for themselves and deny any allegations contained in Paragraph 56 of the Complaint to the contrary.   CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

57.     To the extent that the allegations contained in Paragraph 57 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required.  The Defendants also state that the specific LTD policies speak for themselves and deny any allegations contained in Paragraph 57 of the Complaint to the contrary.   CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

58.     To the extent that the allegations contained in Paragraph 58 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required.  The Defendants also state that specific LTD policies speak for themselves and deny any allegations contained in Paragraph 58 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

59.    The Defendants state that specific LTD policies speak for themselves and deny any allegations contained in Paragraph 59 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

60.    The Defendants state that specific LTD policies speak for themselves and deny any allegations contained in Paragraph 60 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

61.    To the extent that the allegations contained in Paragraph 61 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. Answering further, the Defendants state that specific STD and LTD policies speak for themselves and deny any allegations contained in Paragraph 61 of the Complaint to the contrary. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

**b.    Offsets for Other Income Under LTD Policies.**

62.    The Defendants state that specific STD and LTD policies speak for themselves and deny any allegations contained in Paragraph 62 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

63.    The Defendants state that specific STD and LTD policies speak for themselves and deny any allegations contained in Paragraph 63 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

64.     The Defendants state that specific STD and LTD policies speak for themselves and deny any allegations contained in Paragraph 64 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

65.     The Defendants state that specific STD and LTD policies speak for themselves and deny any allegations contained in Paragraph 65 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

66.     The Defendants state that specific STD and LTD policies speak for themselves and deny any allegations contained in Paragraph 66 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

## V.     ALLEGATIONS.

### A.     CIGNA HAS A UNIFORM POLICY AND PRACTICE OF CAUSING LTD CLAIMANTS TO FILE CLAIMS FOR SSDI BENEFITS.

67.     To the extent that the allegations contained in Paragraph 67 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. Answering further, LINA admits that certain policies issued by it contain language providing for an offset of benefits, subject to particular policy terms; however, not all policies contain such a provision.  LINA denies the remaining allegations as stated in Paragraph 67 of the Complaint. CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

68.     To the extent that the allegations contained in Paragraph 68 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. Answering further, LINA admits that, in many cases, they refer insureds to a third party vendor to assist them in applying for Social Security benefits.  LINA denies the remaining allegations as stated in Paragraph 68 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

69.     To the extent that the allegations contained in Paragraph 69 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. LINA denies the remaining allegations as stated in Paragraph 69 of the Complaint. CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

70.     LINA denies the allegations as stated in Paragraph 70 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

71.     The Defendants are without knowledge or information sufficient to form a belief with respect to the identity or authenticity of the documents referred to in Paragraph 71 of the Complaint. Answering further, the Defendants state that the documents referenced in Paragraph 71 of the Complaint, to the extent that they exist and are authentic, speak for themselves and deny any allegations contained in Paragraph 71 of the Complaint to the contrary. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

72.     The Defendants are without knowledge or information sufficient to form a belief with respect to the identity or authenticity of the documents referred to in Paragraph 72 of the Complaint. Answering further, the Defendants state that the documents referenced in

Paragraph 72 of the Complaint, to the extent that they exist and are authentic, speak for themselves and deny any allegations contained in Paragraph 72 of the Complaint to the contrary. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

73.    LINA denies the allegations as stated in Paragraph 73 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

74.    To the extent that the allegations contained in Paragraph 74 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. Answering further, LINA states that if an insured who is receiving LTD benefits subsequently is awarded Social Security benefits, and the policy at issue so provides, LINA, if it issued the policy in question, may reduce the LTD benefit by the amount awarded, but only if it receives notice of the award.  LINA denies the remaining allegations as stated in Paragraph 74 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

75.    To the extent that the allegations contained in Paragraph 75 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. Answering further, LINA states that if an insured who is receiving LTD benefits subsequently is awarded Social Security benefits, and the policy at issue so provides, LINA, if it issued the policy in question, may reduce the LTD benefit by the amount awarded, but only if it receives notice of the award.  LINA denies the remaining allegations as stated in Paragraph 75 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

76.     To the extent that the allegations contained in Paragraph 76 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. Answering further, LINA states that with respect to any given insured, the offset, on its own, has a relatively minor impact on that subsidiary's financial condition.  Answering further, LINA also states that when it issues more policies, it collects more premiums.  LINA denies the remaining allegations as stated in Paragraph 76 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

77.     To the extent that the allegations contained in Paragraph 77 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. LINA denies the remaining allegations as stated in Paragraph 77 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

### 1.     CIGNA Knowingly Causes the Submission of False or Fraudulent Claims.

78.     To the extent that the allegations contained in Paragraph 78 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. Answering further, LINA admits that an LTD insured's claim file may contain a wide variety of information, including, but not limited to, medical records (which may or may not include a diagnosis and prognosis), a vocational history and a projected return to work date (if one exists). This information may or may not be in the insured's claim file at the time the insured applies for Social Security benefits.  LINA denies the remaining allegations as stated in Paragraph 78 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

79.    LINA denies the allegations as stated in Paragraph 79 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

80.    LINA denies the allegations as stated in Paragraph 80 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

81.    The Defendants state that the documents referenced in Paragraph 81 of the Complaint speak for themselves and deny any allegations contained in Paragraph 81 of the Complaint to the contrary.  Answering further, LINA denies that it can precisely predict a definitive return to work date in each case, but states that an assessment is made regarding how long a given insured may be out of work, which assessment may be subject to change as and when new information is provided.  LINA denies the remaining allegations as stated in Paragraph 81 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

82.    The Defendants are without knowledge or information sufficient to form a belief with respect to the identity or authenticity of the documents referred to in Paragraph 82 of the Complaint.  Answering further, the Defendants state that documents referenced in Paragraph 82 of the Complaint, to the extent that they exist and are authentic, speak for themselves and deny any allegations contained in Paragraph 82 of the Complaint to the contrary.  Answering further, LINA admits that, as part of the claim investigation, its employees review a wide variety of information.  LINA denies the remaining allegations in the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

83.    LINA denies the allegations as stated in Paragraph 83 of the Complaint. Answering further, LINA states that STD Case Managers, among others, have some

responsibility for coding as well as other duties.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

84.    LINA denies the allegations as stated in Paragraph 84 of the Complaint to the extent that they assert that LINA can precisely predict a definitive return to work date in each case.  Answering further, LINA states that an assessment is made regarding how long a given insured may be out of work, which assessment may be subject to change as and when new information is provided.  LINA denies the remaining allegations as stated in Paragraph 84 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

85.    LINA denies the allegations as stated in Paragraph 85 of the Complaint. Answering further, LINA states that STD Case Managers, among others, have some responsibility for communicating with the insureds as well as other duties.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

86.    LINA denies the allegations as stated in Paragraph 86 of the Complaint. Answering further, LINA states that STD Case Managers, among others, have some responsibility for requesting the medical records of the insureds as well as other duties.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

87.    LINA denies the allegations as stated in Paragraph 87 of the Complaint. Answering further, LINA states that STD Case Managers, among others, have some responsibility for maintaining the files related to the insureds as well as other duties.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

88.    The Defendants state that the files referenced in Paragraph 88 of the Complaint speak for themselves and deny any allegations contained in Paragraph 88 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

89.    The Defendants state that the files referenced in Paragraph 89 of the Complaint speak for themselves and deny any allegations contained in Paragraph 89 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

90.    The Defendants are without knowledge or information sufficient to form a belief with respect to the identity or authenticity of the documents quoted in Paragraph 90 of the Complaint. Answering further, the Defendants state that the documents quoted in Paragraph 90 of the Complaint, to the extent that they exist and are authentic, speak for themselves and deny any allegations contained in Paragraph 90 of the Complaint to the contrary.  Answering further, LINA states that STD Case Managers, among others, have some responsibility for ensuring files are well documented as well as other duties.  LINA denies the remaining allegations as stated in Paragraph 90 of the Complaint.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

91.    The Defendants state that the files referenced in Paragraph 91 of the Complaint speak for themselves and deny any allegations contained in Paragraph 91 of the Complaint to the contrary.  Answering further, LINA states that LTD Case Managers, among others, have some responsibility for recording information in a claimant's file, as well as other duties.  LINA denies

the remaining allegations as stated in Paragraph 91 of the Complaint.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

92.    The Defendants state that the files referenced in Paragraph 92 of the Complaint speak for themselves and deny any allegations contained in Paragraph 92 of the Complaint to the contrary.  Answering further, LINA states that LTD Case Managers, among others, have some responsibility for obtaining additional medical information, as well as other duties.  LINA denies the remaining allegations as stated in Paragraph 92 of the Complaint.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

93.    LINA denies the allegations as stated in Paragraph 93 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

**2.    CIGNA's Social Security Referral Program and Social Security Referral Guidelines**

94.    LINA denies the allegations as stated in Paragraph 94 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

95.    The Defendants are without knowledge or information sufficient to form a belief with respect to the identity or authenticity of the document referred to in Paragraph 95 of the Complaint. Answering further, the Defendants state that the document referred to in Paragraph 95, to the extent that it exists and is authentic, speaks for itself and deny any allegations contained in Paragraph 95 of the Complaint to the contrary.  LINA denies the remaining allegations as stated in Paragraph 95 of the Complaint.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

96.    LINA denies the allegations as stated in Paragraph 96 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

97.    LINA admits that Economic Consultants, later referred to as Social Security Specialists, assessed whether a particular insured should be referred to an outside vendor for assistance in possibly filing for Social Security benefits.  LINA denies the remaining allegations as stated in Paragraph 97 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

98.    The Defendants are without knowledge or information sufficient to form a belief with respect to the identity or authenticity of the "guidelines" referred to in Paragraph 98 of the Complaint.  To the extent the "guidelines" referenced in Paragraph 98 of the Complaint exist and are authentic, the Defendants state that such document or documents speak for themselves and deny any allegations contained in Paragraph 98 of the Complaint to the contrary.  LINA denies the remaining allegations as stated in Paragraph 98 of the Complaint.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

99.    The Defendants are without knowledge or information sufficient to form a belief with respect to the identity or authenticity of the "guidelines" referred to in Paragraph 99 of the Complaint.  To the extent the "guidelines" referenced in Paragraph 99 of the Complaint exist and are authentic, the Defendants state that such document or documents speak for themselves and deny any allegations contained in Paragraph 99 of the Complaint to the contrary.  LINA denies the remaining allegations as stated in Paragraph 99 of the Complaint.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

100.    The Defendants are without knowledge or information sufficient to form a belief with respect to the identity or authenticity of the "guidelines" referred to in Paragraph 100 of the Complaint. To the extent the "guidelines" referenced in Paragraph 100 of the Complaint exist and are authentic, the Defendants state that such document or documents speak for themselves and deny any allegations contained in Paragraph 100 of the Complaint to the contrary. LINA denies the remaining allegations as stated in Paragraph 100 of the Complaint. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein..

101.    The Defendants are without knowledge or information sufficient to form a belief with respect to the identity or authenticity of the "guidelines" referred to in Paragraph 101 of the Complaint. To the extent the "guidelines" referenced in Paragraph 101 of the Complaint exist and are authentic, the Defendants state that such document or documents speak for themselves and deny any allegations contained in Paragraph 101 of the Complaint to the contrary. LINA denies the remaining allegations as stated in Paragraph 101 of the Complaint. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

102.    To the extent that the allegations contained in Paragraph 102 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. The Defendants are without knowledge or information sufficient to form a belief with respect to the identity or authenticity of the "guidelines" referred to in Paragraph 102 of the Complaint. To the extent the "guidelines" referenced in Paragraph 102 of the Complaint exist and are authentic, the Defendants state that such document or documents speak for themselves and deny any allegations contained in Paragraph 102 of the Complaint to the contrary. LINA denies the

remaining allegations as stated in Paragraph 102 of the Complaint. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

103.    The Defendants are without knowledge or information sufficient to form a belief with respect to the identity or authenticity of the documents referred to in Paragraph 103 of the Complaint. To the extent the documents referenced in Paragraph 103 of the Complaint exist and are authentic, the Defendants state that such document or documents speak for themselves and deny any allegations contained in Paragraph 103 of the Complaint to the contrary. LINA denies the remaining allegations as stated in Paragraph 103 of the Complaint. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

104.    To the extent that the allegations contained in Paragraph 104 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. The Defendants also state that the documents referenced in Paragraph 104 of the Complaint speak for themselves and deny any allegations contained in Paragraph 104 of the Complaint to the contrary. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

105.    To the extent that the allegations contained in Paragraph 105 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. The Defendants also state that the documents referenced in Paragraph 105 of the Complaint speak for themselves and deny any allegations contained in Paragraph 105 of the Complaint to the contrary. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

3.    **CIGNA Uses Vendors to Submit False or Fraudulent Claims for SSDI Benefits**

106.    To the extent that the allegations contained in Paragraph 106 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. Answering further, LINA admits that it has referred insureds to outside vendors for purposes of applying for Social Security benefits should the insured decide to apply for such benefits. LINA admits that these outside vendors assist individuals in applying for benefits, but denies that such vendors were or are agents of LINA. LINA denies the remaining allegations as stated in Paragraph 106 of the Complaint. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

107.    The Defendants state that the documents referenced in Paragraph 107 of the Complaint speak for themselves and deny any allegations contained in Paragraph 107 of the Complaint to the contrary. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

108.    LINA admits that certain insureds were referred to the organizations and individuals named in Paragraph 108 of the Complaint, who were available to assist the insured in applying for Social Security benefits if the insured chose to do so. LINA also states that it bore the cost of the representation. LINA denies the remaining allegations as stated in Paragraph 108 of the Complaint. CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

109.    LINA admits that it entered into agreements with Advantage 2000, in early 2002. LINA states that such agreements speak for themselves and denies any allegations contained in Paragraph 109 of the Complaint to the contrary. LINA denies the remaining allegations as stated

in Paragraph 109 of the Complaint.   CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

110.    LINA admits the allegations contained in Paragraph 110 of the Complaint. CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

111.    The Defendants state that the agreements referenced in Paragraph 111 of the Complaint speak for themselves and deny any allegations contained in Paragraph 111 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

112.    To the extent that the allegations contained in Paragraph 112 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. LINA denies the remaining allegations as stated in Paragraph 112 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

113.    LINA denies the allegations as stated in Paragraph 113 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

114.    LINA admits that some LTD Case Managers have received nominal recognition related to the number of new and old referrals to its SSDI vendors, among other things.  LINA denies the remaining allegations as stated in Paragraph 114 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

115.    To the extent that the allegations contained n Paragraph 115 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required.

LINA denies the remaining allegations as stated in Paragraph 115 of the Complaint. CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

116.    LINA admits the allegations contained in the first two sentences of Paragraph 116 of the Complaint. Answering further, LINA states that a high percentage of insureds referred to Advantage 2000 by LINA are accepted by Advantage 2000. LINA denies the remaining allegations as stated in the last sentence of Paragraph 116. CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

117.    LINA admits, upon information and belief, that Advantage 2000 sends a form letter to the insured after the insured is referred to Advantage 2000. Answering further, LINA states that the letter referred to in Paragraph 117 of the Complaint speaks for itself and LINA denies any allegations to the contrary contained in Paragraph 117 of the Complaint. LINA denies the remaining allegations as stated in Paragraph 117 of the Complaint. CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

118.    LINA denies the allegations as stated in Paragraph 118 of the Complaint. CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

119.    LINA admits that Advantage 2000 may obtain additional information with regard to a particular applicant's file and that Advantage 2000 does inform it of the status of the application. LINA denies the remaining allegations as stated in Paragraph 119 of the Complaint. CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

120.     LINA denies the allegations as stated in Paragraph 120 of the Complaint. Answering further, LINA states that LTD Case Managers, among others, have some responsibility for determining whether an insured has applied for SSDI benefits as well as other duties.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

121.     LINA denies the allegations as stated in Paragraph 121 of the Complaint. Answering further, LINA states that LTD Case Managers, among others, have some responsibility for entering certain codes as well as other duties.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

122.     To the extent that the allegations contained in Paragraph 122 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. LINA denies the remaining allegations as stated in Paragraph 122 of the Complaint. CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

**4.     CIGNA Places Duress and Coercion on LTD Claimants to Force the Filing of SSDI Claims**

123.     To the extent that the allegations contained in Paragraph 123 constitute legal conclusions or averments of law, no response by the Defendants is required.  LINA denies the remaining allegations as stated in Paragraph 123 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

124.     LINA denies the allegations as stated in Paragraph 124 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

125.    LINA denies the allegations as stated in Paragraph 125 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

126.    LINA denies the allegations as stated in Paragraph 126 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

127.    The Defendants state that the document referred to in Paragraph 127 of the Complaint speaks for itself and deny any allegations contained in Paragraph 127 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

128.    The Defendants state that the document referred to in Paragraph 128 of the Complaint speaks for itself and deny any allegations contained in Paragraph 128 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

129.    The Defendants state that the document referred to in Paragraph 129 of the Complaint speaks for itself and deny any allegations contained in Paragraph 129 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

130.    To the extent that the allegations contained in Paragraph 130 constitute legal conclusions or averments of law, no response by the Defendants is required.  LINA denies the remaining allegations as stated in Paragraph 130 of the Complaint.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

131.    The Defendants state that the document referred to in Paragraph 131 of the Complaint speaks for itself and deny any allegations contained in Paragraph 131 of the Complaint to the contrary.  LINA denies the remaining allegations as stated in Paragraph 131 of the Complaint.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

132.    The Defendants state that the document referred to in Paragraph 132 of the Complaint speaks for itself and deny any allegations contained in Paragraph 132 of the Complaint to the contrary.  LINA denies the remaining allegations as stated in Paragraph 132 of the Complaint.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

**5.    CIGNA Acts with Actual Knowledge, Deliberate Indifference and Reckless Disregard in Causing the Submission of Thousands of False or Fraudulent Claims for SSDI Benefits.**

133.    To the extent that the allegations contained in Paragraph 133 constitute legal conclusions or averments of law, no response is by the Defendants is required.  LINA denies the remaining allegations as stated in Paragraph 133 of the Complaint.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

134.    To the extent that the allegations contained in Paragraph 134 constitute legal conclusions or averments of law, no response is by the Defendants is required.  LINA denies the remaining allegations as stated in Paragraph 134 of the Complaint.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

135.    To the extent that the allegations contained in Paragraph 135 constitute legal conclusions or averments of law, no response is by the Defendants is required.  LINA denies the

remaining allegations as stated in Paragraph 135 of the Complaint.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

136.    To the extent that the allegations contained in Paragraph 136 constitute legal conclusions or averments of law, no response is by the Defendants is required.  LINA denies the remaining allegations as stated in Paragraph 136 of the Complaint.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

137.    To the extent that the allegations contained in Paragraph 137 constitute legal conclusions or averments of law, no response is by the Defendants is required.  LINA denies the remaining allegations as stated in Paragraph 137 of the Complaint.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

138.    To the extent that the allegations contained in Paragraph 138 constitute legal conclusions or averments of law, no response is by the Defendants is required.  LINA denies the remaining allegations as stated in Paragraph 138 of the Complaint.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

**6.    CIGNA Conceals Claimants' Ineligibility for SSDI Benefits.**

139.    To the extent that the allegations contained in Paragraph 139 constitute legal conclusions or averments of law, no response is by the Defendants is required.  LINA denies the remaining allegations as stated in Paragraph 139 of the Complaint.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

140.    LINA denies the allegations as stated in Paragraph 140 to the extent that they imply it has any affirmative duty or obligations to keep SSA informed regarding an insured's

LTD benefits.  Answering further, LINA states that they have no direct communications with the SSA concerning their insureds. LINA denies the remaining allegations as stated in Paragraph 140 of the Complaint. CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

141.    LINA denies the allegations as stated in Paragraph 141 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

142.    LINA admits that they have no direct communications with the SSA concerning their insureds. LINA denies the remaining allegations as stated in Paragraph 142 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

143.    To the extent that the allegations contained in Paragraph 143 constitute legal conclusions or averments of law, no response is by the Defendants is required.  LINA denies the remaining allegations as stated in Paragraph 143 of the Complaint.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

144.    To the extent that the allegations contained in Paragraph 144 constitute legal conclusions or averments of law, no response is by the Defendants is required.  LINA denies the remaining allegations as stated in Paragraph 144 of the Complaint.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

145.    To the extent that the allegations contained in Paragraph 145 constitute legal conclusions or averments of law, no response is by the Defendants is required.  LINA denies the

remaining allegations as stated in Paragraph 145 of the Complaint. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

146. To the extent that the allegations contained in Paragraph 146 constitute legal conclusions or averments of law, no response is by the Defendants is required. LINA denies the remaining allegations as stated in Paragraph 146 of the Complaint. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

147. To the extent that the allegations contained in Paragraph 147 constitute legal conclusions or averments of law, no response is by the Defendants is required. LINA denies the remaining allegations as stated in Paragraph 147 of the Complaint. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

**B.    CIGNA's ACTUAL SUBMISSION OF FALSE OR FRAUDULENT CLAIMS FOR SSDI**

**1.    The SSDI Claim Process is Costly for the United States.**

148. The Defendants state that the Application and the Act speak for themselves and deny any allegations contained in Paragraph 148 of the Complaint to the contrary. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

149. The Defendants state that the Application and the Act speak for themselves and deny any allegations contained in Paragraph 149 of the Complaint to the contrary. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

150. The Defendants state that the Act speaks for itself and deny any allegations contained in Paragraph 150 of the Complaint to the contrary. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

151.    The Defendants state that the Act speaks for itself and deny any allegations contained in Paragraph 151 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

152.    The Defendants state that the Act speaks for itself and deny any allegations contained in Paragraph 152 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

153.    The Defendants state that the Act speaks for itself and deny any allegations contained in Paragraph 153 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

154.    The Defendants state that the Act speaks for itself and deny any allegations contained in Paragraph 154 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

155.    The Defendants state that the Act speaks for itself and deny any allegations contained in Paragraph 155 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

156.    The Defendants state that the Act speaks for itself and deny any allegations contained in Paragraph 156 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

157.    The Defendants state that the Act speaks for itself and deny any allegations contained in Paragraph 157 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein..

158.    The Defendants state that the Act speaks for itself and deny any allegations contained in Paragraph 158 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

159.    The Defendants state that the Act speaks for itself and deny any allegations contained in Paragraph 159 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

160.    The Defendants state that the Act speaks for itself and deny any allegations contained in Paragraph 160 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

161.    The Defendants state that the Act speaks for itself and deny any allegations contained in Paragraph 161 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

162.    The Defendants state that the Act speaks for itself and deny any allegations contained in Paragraph 162 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

163.    The Defendants state that the Act speaks for itself and deny any allegations contained in Paragraph 163 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

164.    The Defendants state that the Act speaks for itself and deny any allegations contained in Paragraph 164 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

165.    The Defendants state that the Act speaks for itself and deny any allegations contained in Paragraph 165 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

166.    The Defendants state that the Act speaks for itself and deny any allegations contained in Paragraph 166 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

167.    The Defendants state that the Act speaks for itself and deny any allegations contained in Paragraph 167 of the Complaint to the contrary.  CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

### 2.    Representative False or Fraudulent Claims for SSDI

168.    LINA denies the allegations as stated in Paragraph 168 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

### a.    Claimant A:  42-year-old Operations Assembler Knee Injury and Lower Back Pain

169.    LINA admits, upon information and belief that a 42-year-old insured with LINA policy # LK-980001 ("Insured A") claimed injury to his back and right knee in 2003.  LINA denies that the first number referenced in Paragraph 169 of the Complaint corresponds to a LINA LTD Policy.  LINA further states that the documents referred to in Paragraph 169 speak for themselves and LINA denies any allegations contained in Paragraph 167 of the Complaint to the contrary.  LINA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as stated in Paragraph 169 and therefore denies the same.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

170.    LINA admits that it received information from Insured A's treating physicians about Insured A's knee surgery and treatment for back pain.  LINA denies the remaining allegations as stated in Paragraph 170.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

171.    LINA states that the documents referred to in Paragraph 171 speak for themselves and LINA denies any allegations contained in Paragraph 171 of the Complaint to the contrary.  LINA admits, upon information and belief, the remaining allegations as stated in Paragraph 171.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

172.    LINA denies the allegations as stated in Paragraph 172 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

173.    LINA admits that on February 13, 2004, LINA referred Insured A to Advantage 2000 for the submission of an application for SSDI benefits.  LINA denies the remaining allegations of Paragraph 173.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

174.    LINA admits, upon information and belief, that Advantage 2000 submitted an SSDI application on behalf of Insured A.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

175.    LINA states that the document referred to in Paragraph 175 speaks for itself and LINA denies any allegations contained in Paragraph 175 of the Complaint to the contrary.

LINA denies the remaining allegations of Paragraph 175. CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

176. LINA is without knowledge or information sufficient to form a belief as to the nature of the communications between Advantage 2000 and the SSA. LINA denies the remaining allegations of Paragraph 176. CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

177. LINA denies the allegations as stated in Paragraph 177 of the Complaint. CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

      **a.**      **Claimant B: 48-year-old Respiratory Therapist, Post Myocardial Infarction and Diabetes**

178. LINA admits the allegations contained in Paragraph 178 of the Complaint. CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

179. LINA states that the document referred to in Paragraph 179 speaks for itself and LINA denies any allegations contained in Paragraph 179 of the Complaint to the contrary. Furthermore, LINA states that the insured referred to in Paragraph 179 of the Complaint had independently applied for SSDI benefits prior to the alleged conversation referred to in Paragraph 179 of the Complaint. CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

180. LINA states that the document referred to in Paragraph 180 speaks for itself and LINA denies any allegations contained in Paragraph 180 of the Complaint to the contrary.

CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

181.    LINA denies the allegations as stated in Paragraph 181 of the Complaint. Answering further, LINA states that the referral was dated February 16, 2004.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

182.    LINA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182 of the Complaint and therefore denies the same.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

183.    LINA states that the document referred to in Paragraph 183 of the Complaint speaks for itself and LINA denies any allegations contained in Paragraph 183 of the Complaint to the contrary. LINA further answers that to the extent the allegations contained in Paragraph 183 imply that David Ruffenach held primary responsibility for reviewing the insured's medical files, LINA denies such allegations.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

184.    LINA states that the document referred to in Paragraph 184 of the Complaint speaks for itself and LINA denies any allegations contained in Paragraph 184 of the Complaint to the contrary.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

185.    LINA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185 of the Complaint and therefore denies the

same.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

186.    LINA states that the document referred to in Paragraph 186 of the Complaint speaks for itself and LINA denies any allegations contained in Paragraph 186 of the Complaint to the contrary. CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

187.    LINA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 187 of the Complaint and therefore denies the same. CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

188.    To the extent that the allegations contained in Paragraph 188 of the Complaint constitute legal conclusions or averments of law, no response by LINA is required.  LINA denies the remaining allegations as stated in Paragraph 188 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

189.    LINA denies the allegations as stated in Paragraph 189 of the Complaint. Answering further, LINA states that the policy number is LK960096 and Claimant left work on September 18, 2003.  LINA also states that upon information and belief, Claimant C began chemotherapy on September 23, 2003.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

190.    LINA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190 of the Complaint and therefore denies the

same.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

191.    LINA states that the document referred to in Paragraph 191 of the Complaint of the Complaint speaks for itself and LINA denies any allegations contained in Paragraph 191 of the Complaint to the contrary.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

192.    LINA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 192 of the Complaint and therefore denies the same.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

193.    LINA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193 of the Complaint and therefore denies the same.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

194.    LINA is without knowledge or information sufficient to form a belief with respect to the identity or authenticity of the document referred to in Paragraph 194 of the Complaint. Answering further, LINA states that the document referenced in Paragraph 194, to the extent that it exists and is authentic, speaks for itself and LINA denies any allegations contained in Paragraph 194 of the Complaint to the contrary.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

195.    LINA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 195 and therefore denies the same.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

196.    To the extent that the allegations contained in Paragraph 196 of the Complaint constitute legal conclusions or averments of law, no response by LINA is required.  LINA denies the remaining allegations as stated in Paragraph 196 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

### a.    Claimant D:  24-Year-Old Construction Worker, Fractured Leg

197.    LINA denies that the insured referred to in Paragraph 197 of the Complaint received STD benefits in January 2003.  LINA admits that the insured referred to in Paragraph 197 of the Complaint received STD benefits from February, 2003 to July, 2003.  LINA admits the remaining allegations contained in Paragraph 197 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

198.    LINA states that the document referred to in Paragraph 198 of the Complaint speaks for itself and LINA denies any allegations contained in Paragraph 198 of the Complaint to the contrary.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

199.    LINA states that the document referred to in Paragraph 199 of the Complaint Speaks for itself and LINA denies any allegations contained in Paragraph 199 of the Complaint to the contrary.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

200.    LINA admits that it requested that Claimant D complete an Application.  LINA further states that the document referred to in Paragraph 200 of the Complaint speaks for itself and LINA denies any allegations contained in Paragraph 200 of the Complaint to the contrary. CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

201.    LINA states that the document referred to in Paragraph 201 of the Complaint speaks for itself and LINA denies any allegations contained in Paragraph 201 of the Complaint to the contrary. CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

202.    LINA denies that Tonya Gaona was or is an employee of CIGNA.  LINA admits the remaining allegations contained in the first sentence of Paragraph 202 of the Complaint. LINA further states that the document referenced in Paragraph 202 of the Complaint speaks for itself and denies any allegations contained in Paragraph 202 of the Complaint to the contrary. CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

203.    LINA states that the document referenced in Paragraph 203 of the Complaint speaks for itself and denies any allegations contained in Paragraph 203 of the Complaint to the contrary.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

204.    LINA admits the allegation contained in Paragraph 204 of the Complaint. CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

205.    LINA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 205 and therefore denies the same.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

206.    To the extent that the allegations contained in Paragraph 206 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. LINA admits, upon information and belief, that Claimant D returned to work as a carpenter on February 9, 2004.  LINA further states that it continued to review Claimant D's circumstances following his return to work.  LINA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as stated in Paragraph 206 and therefore denies the same.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

207.    LINA states that the document referred to in Paragraph 207 of the Complaint speaks for itself and LINA denies any allegations contained in Paragraph 207 of the Complaint to the contrary.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

208.    LINA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 208 and therefore denies the same.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

209.    LINA denies the allegations as stated in Paragraph 209 of the Complaint. Answering further, LINA states that Claimant D timely applied for SSDI benefits and was out of work for more than twelve months and hence had a viable claim for close period SSDI benefits.

CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

210.    LINA denies the allegations as stated in Paragraph 210 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

**3.      CIGNA's Fraudulent Conduct is Ongoing**

211.    To the extent the allegations contained in Paragraph 211 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. LINA denies the allegations as stated in Paragraph 211 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

212.    To the extent the allegations contained in Paragraph 212 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. LINA denies the remaining allegations as stated in Paragraph 212.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

213.    LINA denies the allegations as stated in Paragraph 213 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

214.    LINA denies the allegations as stated in Paragraph 214 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

215.    To the extent the allegations contained in Paragraph 212 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. LINA denies the remaining allegations as stated in Paragraph 212.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

216.    To the extent the allegations contained in Paragraph 216 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. LINA states that the Act speaks for itself and LINA denies any allegations contained in Paragraph 216 of the Complaint to the contrary.  LINA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as stated in Paragraph 216 and therefore denies the same.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

217.    To the extent the allegations contained in Paragraph 217 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required. LINA states that the Act speaks for itself and LINA denies any allegations contained in Paragraph 217 of the Complaint to the contrary.  LINA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as stated in Paragraph 217 and therefore denies the same.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

218.    LINA states that the Act speaks for itself and LINA denies any allegations contained in Paragraph 218 of the Complaint to the contrary.  LINA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as stated in Paragraph 218 and therefore denies the same.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

219.    The Defendants state that the document referenced in Paragraph 219 speaks for itself and deny any allegations contained in Paragraph 219 of the Complaint to the contrary. Answering further, the Defendants state that the Act speaks for itself and deny any allegations

contained in Paragraph 219 of the Complaint to the contrary. LINA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as stated in Paragraph 219. CIGNA also incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

220.    LINA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 220 and therefore denies the same. CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

221.    [sic][2]

222.    The Defendants state that the document referred to in Paragraph 222 speaks for itself and deny any allegations contained in Paragraph 222 of the Complaint to the contrary. Answering further, the Defendants state that the Act speaks for itself and deny any allegations contained in Paragraph 222 of the Complaint to the contrary. LINA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as stated in Paragraph 222 and therefore denies the same. CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

223.    LINA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 223 and therefore denies the same. CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

---

[2] The Complaint does not contain a Paragraph 221.

224.    LINA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 224 and therefore denies the same.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

225.    LINA denies the allegations as stated in Paragraph 225 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

226.    LINA denies the allegations as stated in Paragraph 226 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

227.    LINA denies the allegations as stated in Paragraph 227 of the Complaint.  CIGNA incorporates by reference its response to Paragraph 1 of the Complaint as if fully set forth herein.

## COUNT I

228.    The Defendants hereby repeat and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 227 of the Complaint, as if fully set forth herein.

229.    To the extent the allegations contained in Paragraph 229 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required.  The Defendants deny the remaining allegations contained in Paragraph 229.

230.    The Defendants deny the allegations contained in Paragraph 230.

## COUNT II

231.    The Defendants hereby repeat and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 227 of the Complaint, as if fully set forth herein.

232.     To the extent the allegations contained in Paragraph 232 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required.  The Defendants deny the remaining allegations contained in Paragraph 232.

233.     The Defendants deny the allegations contained in Paragraph 233.

## COUNT III

234.     The Defendants hereby repeat and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 227 of the Complaint, as if fully set forth herein.

235.     To the extent the allegations contained in Paragraph 235 of the Complaint constitute legal conclusions or averments of law, no response by the Defendants is required.  The Defendants deny the remaining allegations contained in Paragraph 235.

236.     The Defendants deny the allegations contained in Paragraph 236.

The Statements following Paragraph 236 of the Complaint do not contain allegations of fact and, consequently, do not require a response.  The Defendants nonetheless deny that Barrett is entitled to the relief requested or any other relief.

For affirmative defenses, the Defendants state as follows:

## FIRST AFFIRMATIVE DEFENSE

Barrett has failed to state a claim upon which relief may be granted against LINA or CIGNA.

## SECOND AFFIRMATIVE DEFENSE

An application for benefits filed with the Social Security Administration is not a "claim" within the meaning of the FCA.

## THIRD AFFIRMATIVE DEFENSE

The Defendants did not cause the submission of any false claims to the government within the meaning of the FCA.

## FOURTH AFFIRMATIVE DEFENSE

The Defendants did not cause any false claims to be approved or paid by the government within the meaning of the FCA.

## FIFTH AFFIRMATIVE DEFENSE

Barrett has failed to satisfy the requirements of the FCA, and the Defendants' conduct did not violate that Act.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that any false claims were submitted to the government within the scope of the FCA, such claims were the result of action by third parties outside of the control of the Defendants and, therefore, were not foreseeable and were the result of intervening causes beyond the Defendants' control and responsibility.

## SEVENTH AFFIRMATIVE DEFENSE

Barrett's claims against the Defendants are or may be barred by the applicable statute of limitations or the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

Barrett is or may be barred from obtaining relief against the Defendants by virtue of her unclean hands.

## NINTH AFFIRMATIVE DEFENSE

Barrett's claims are or may be barred by the doctrines of acquiescence, estoppel and waiver.

## TENTH AFFIRMATIVE DEFENSE

Some or all of the damages and relief claimed by Barrett, including but not limited to treble damages, civil penalties and attorneys' fees, are not recoverable as a matter of law.

## ELEVENTH AFFIRMATIVE DEFENSE

Barrett has failed to plead fraud with the requisite particularity.

## TWELFTH AFFIRMATIVE DEFENSE

While neither the Defendants nor the United States committed any wrongdoing, in the event that the theories of Barrett are sustained, then under such theories, all parties would have had to have known and behaved in such a manner that the claims for relief would be barred by the doctrine of *in pari delicto*.

## THIRTEENTH AFFIRMATIVE DEFENSE

While any alleged negligence on the part of the Defendants is irrelevant to the claims alleged, to the extent Barrett's claims for relief are premised on a negligence theory, in whole or in part, they are barred and/or reduced by the defenses of contributory negligence and comparative negligence.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over this action based on the doctrine of primary jurisdiction.

## FIFTEENTH AFFIRMATIVE DEFENSE

Barrett's claims for relief are barred by her failure to provide proper notification.

## SIXTEENTH AFFIRMATIVE DEFENSE

That portion of the Complaint which seeks damages and/or penalties above and beyond actual damages is unconstitutional because such damages and/or penalties would violate the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Barrett's claims for relief are barred because the United States has suffered no actual injury.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Barrett's claims are barred, in part, because she seeks damages for Social Security claims made in instances where the claimants/insureds were not covered by policies that contained offsets for Social Security benefits.

## NINETEENTH AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over this action, and Barrett's claims are barred, due to a public disclosure within the meaning of the Act.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent that the Complaint relies upon allegations of conspiracy between or among LINA and CIGNA, the claims are barred as a matter of law by the intracorporate conspiracy doctrine.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over CIGNA.

The Defendants presently have insufficient knowledge and information upon which to form a belief as to whether they may have additional defenses.  The Defendants therefore reserve the right to assert additional affirmative defenses in the event that discovery or investigation indicates that such defenses are appropriate.

WHEREFORE, the Defendants deny that Barrett is entitled to the relief demanded in the Complaint or any other relief.  Accordingly, the Defendants respectfully request that the Court dismiss the Complaint with prejudice, enter judgment for the Defendants, and award their costs, attorneys' fees, expenses and such other relief that the Court may deem just and appropriate.

Respectfully submitted,

*/s/  R.J. Cinquegrana*
R. J. Cinquegrana (BBO# 084100)
Karen Collari Troake (BBO#  566922)
CHOATE, HALL & STEWART, LLP
Two International Place
Boston, Massachusetts 02110
(617) 248-5000

*Attorneys for Defendants CIGNA Corporation and Life Insurance Company of North America.*

Dated:  November 1, 2006

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 1, 2006.

*/s/ R.J. Cinquegrana*
R.J. Cinquegrana

-57-