UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel*. DAWN BARRETT | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 03-12382-MLW |
| v. | ) ) | |
| CIGNA CORPORATION and LIFE INSURANCE COMPANY OF NORTH AMERICA | ) ) ) ) ) ) | |
| Defendants | ) ) | |

**JOINT MEMORANDUM IN SUPPORT OF**
**PROPOSED PRE-TRIAL SCHEDULE**

The parties have conferred regarding the timing and sequence of pre-trial matters and jointly propose the schedule set forth below. As directed by the Court, the proposed schedule contemplates that discovery by both sides would proceed in tandem. The parties will exchange initial disclosures on March 16, 2007, and the schedule permits them to proceed with other discovery at the same time.

Under the proposed schedule, discovery of claims files would be phased. Relator has requested that the initial discovery of claim files will focus on two sample periods, January 2000 and January 2004. The parties are conferring about whether claim files in the sample period can be identified in which an SSDI application was filed and denied by the Social Security Administration and/or whether other definitions are appropriate to prioritize production of files requested by the Relator. Based on this and/or other discovery, the parties will also confer about

the proper discovery approach (or the possibility of stipulations or mediation) regarding the larger universe of claim files.

From the Relator's perspective, it is important that claims files be representative of the larger universe and produced in accordance with the Federal Rules of Civil Procedure, and regard this as essential to the agreed upon schedule. Defendants have indicated they will endeavor in good faith to produce claim files in a timely manner subject to the terms of the proposed confidentiality order being submitted today and any subsequent orders issued by this Court regarding the applicability of any state or federal laws governing information that may be contained in claim files.

All other discovery, including electronic discovery into any relevant time period, shall begin on March 16th as set forth below. The timing of this discovery will proceed in accordance with the Federal Rules of Civil Procedure and the Local Rules for the District of Massachusetts. The parties will also work in good faith to negotiate the identification and production of electronic information relating to the claims and defenses in the litigation.

The parties propose the schedule set forth below for pre-trial proceedings. The parties request that all pre-trial discovery matters be referred to Magistrate Judge Dein for resolution:

| | |
|---|---|
| 3/16/07 | The parties shall make the automatic disclosures required by Local Rule 26.2(A). |
| 3/16/07 | First set of RFP's and interrogatories relating to Defendants' policies and procedures, electronic data, claims sample, and other issues. Pursuant to Fed. R. Civ. P. 33 and 34, written responses due thirty days after requests. |
| 3/16/07 | Defendants shall file a motion regarding the applicability of Federal and State law privileges governing certain information that may be in claimant files and requesting a Court Order authorizing production of those files (subject to the Confidentiality Stipulation and Order entered in this case). Parties will confer |

|          |                                                                                                                                                                                                                                                           |
|----------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|          | to determine if agreement on this issue can be reached and, if not, the matter will be scheduled for hearing before Magistrate Judge Dein on or before April 6, 2007.                                                                                     |
| 10/17/07 | Report to the Court regarding the status and prospects for settlement. If the case is not settled, the parties shall report whether they wish to participate in mediation to be conducted by a magistrate judge or a mutually agreed outside mediator.    |
| 11/16/07 | A settlement conference, which must be attended by trial counsel with full settlement authority or with their clients shall be held on November 16, 2007 in the United States District Court for the District of Massachusetts.                           |
| 3/2/08   | Fact discovery completed.                                                                                                                                                                                                                                 |
| 4/2/08   | Plaintiff shall designate experts and disclose the information described in Fed. R. Civ. P. 26(a)(2) concerning each expert.                                                                                                                              |
| 5/2/08   | Defendant shall designate experts and disclose the information described in Fed. R. Civ. P. 26(a)(2) concerning each expert.                                                                                                                              |
| 6/1/08   | Plaintiff shall disclose rebuttal expert reports, if any, and designate any additional experts and disclose the information described in Fed. R. Civ. P. 26(a)(2).                                                                                        |
| 6/8/08   | Counsel for the parties shall confer and, by June 8, 2008, file a report as to the prospects for settlement and whether either party feels there is a proper basis for filing a motion for summary judgment.                                              |
| 6/15/08  | A scheduling conference will be held on June 15, 2008 at 10 a.m. and must be attended by trial counsel with full settlement authority for their client(s).                                                                                                |
| 6/22/08  | Dispositive motions due.                                                                                                                                                                                                                                  |
| 7/20/08  | Response to dispositive motions.                                                                                                                                                                                                                          |

| | |
|---|---|
| 8/3/08 | Replies in support of dispositive motions. |
| 8/10/08 | Nondispositive motions due. |
| 9/5/08 or earliest convenient date for Court | A final pretrial conference will be held at 10 a.m. and must be attended by trial counsel with full settlement authority or with their client. Counsel shall be prepared to commence trial as of the date of the final pretrial conference. |
| Earliest convenient date for Court | Commencement of trial. |

The parties have also conferred regarding the number of depositions, interrogatories and document requests by each side. Because of the complexity of the litigation and the time period involved, the number of depositions, interrogatories and sets of document requests provided in the Federal Rules of Civil Procedure and the Local Rules may be insufficient and may need to be increased. Plaintiffs believe a significant increase will be necessitated by the complexity of the litigation. The parties will be in a better position to estimate the appropriate number after initial discovery has commenced and have agreed to confer about this subject at a later time and, if agreement cannot be reached, present their respective positions to the Magistrate Judge for resolution.

Respectfully submitted,

| | |
|---|---|
| DAWN BARRETT, | CIGNA CORPORATION AND LIFE INSURANCE COMPANY OF NORTH AMERICA, |
| By her attorneys, | By their attorneys, |
| */s/ Peter B. Krupp*<br>Peter B. Krupp, (BBO# 548112)<br>LURIE & KRUPP, LLP<br>One McKinley Square<br>Boston, MA 021209<br>(617) 367-1971 | */s/ Karen Collari Troake*<br>R. J. Cinquegrana, (BBO # 084100)<br>Karen Collari Troake (BBO # 566922)<br>CHOATE, HALL & STEWART<br>Two International Place<br>Boston, Massachusetts 02110<br>(617) 248-5000 |

Mary Louise Cohen
Colette G. Matzzie
PHILLIPS & COHEN, LLP
200 Massachusetts Avenue, N.W.
Suite 100
Washington, D.C.  20036
(202) 833-4567

Kit A. Pierson
Stuart Rennert
HELLER EHRMAN, LLP
1717 Rhode Island Avenue, N.W.
Washington, D.C.  20036
(202) 912-2000

 Dated:  March 2, 2007

4181265v1