UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*EX REL.* DAWN BARRETT,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA CORPORATION and<br>LIFE INSURANCE COMPANY<br>OF NORTH AMERICA<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 03-12382-MLW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ASSENTED-TO MOTION FOR AN ORDER
GOVERNING DISCLOSURE OF CLAIMANT FILES
<u>CONTAINING CONFIDENTIAL HEALTH INFORMATION</u>**

The Defendants Cigna Corporation ("CIGNA") and Life Insurance Company of North America ("LINA") (collectively, the "Defendants") hereby move this Court for an order governing the manner in which claim files and other records that Defendants believe contain confidential health information with respect to Defendants' insureds (hereinafter, "Confidential Information") shall be produced by the Defendants in response to Plaintiff's discovery requests.[1] Plaintiff does not waive the right to object to any such claim of confidentiality, but has reached an agreement with Defendants, as set

---

[1] Defendants reserve their right to object to any discovery requests on the grounds that they impose obligations upon the Defendants above and beyond those imposed by the applicable rules or to the extent that such requests seek privileged information, including, but not limited to, information subject to the attorney-client privilege and the work product doctrine. By making this Motion, the Defendants do not represent that any information or documents that the Plaintiff may request, exist or are relevant to this litigation.

forth below, to allow discovery to proceed in an efficient and appropriate manner. Based on that agreement, Plaintiff assents to the relief requested in this Motion.

For the following reasons, the Defendants respectfully request that this Motion be granted:

1. Counsel for the Plaintiff has indicated that they will seek discovery of claim files and other records from the Defendants. Defendants believe that some of these claim files and other records are likely to contain Confidential Information.

2. Defendants believe that in certain instances, state law precludes the disclosure of all or part of this Confidential Information, unless prior notice is given to the claimant and the claimant is provided an opportunity to be heard. See, e.g., R.I. Gen. Laws § 5-37.3.[2] Defendants believe that other state statutes restrict the disclosure of HIV-related Confidential Information, absent demonstration of a compelling need or good cause. See, e.g., Conn. Gen. Stat. § 19a-583 (disclosure permitted only where compelling need is demonstrated); N.Y. Pub. Health Law § 2785 (same); N.J. Stat. § 26:5C-9 (disclosure permitted only upon a showing of good cause); Mich. Comp. Laws § 333.5131 (same); Wash. Rev. Code § 70.24.105 (same). For reasons set forth below, the parties are in agreement that it is unnecessary to decide the nature or scope of these state law restrictions in order to proceed with discovery in this action brought under federal law.

3. In addition, Defendants' believe that the Public Health Service Act, 42 U.S.C. § 290dd-2 limits the disclosure of certain Confidential Information, absent prior notice and an opportunity to be heard. See also 42 U.S.C. § 290dd-2 (restricting the disclosure

---

[2] The Defendants believe that the applicability of the protections provided under the Rhode Island statute are determined by the location of the healthcare provider and the state in which the healthcare provider is licensed. See id. Accordingly, the residence of the claimant is not determinative.

2

of substance abuse treatment records maintained by programs receiving direct or indirect federal funding); 42 C.F.R. §§ 2.1 – 2.67 (same).

4.   On or about March 2, 2007, the parties filed a [Proposed] Confidentiality Stipulation and Order (the "Protective Order"), which would govern the production and use of claims files and other records.[3] A true and accurate copy of the Protective Order is annexed hereto as Exhibit B. Defendants believe that the mere entry of such an order, however, would not, *per se*, supersede the authorities cited above.

5.   Although the First Circuit and this Court have not ruled on the issue, courts in other circuits and districts have acknowledged that a specific federal court order authorizing discovery of documents containing Confidential Information may supersede any and all state laws restricting such disclosure, where, as here, the claims at issue are based on federal, rather than state law. See, e.g., Northwestern Memorial Hosp. v. Ashcroft, 362 F.3d 923, 925 (7th Cir. 2004) (reversing district court's application of a state confidentiality statute in a federal question action); In re Grand Jury Proceedings, 450 F. Supp.2d 115, 118-19 (D. Me. 2006) (refusing to quash a grand jury subpoena on the basis of state medical privacy law).

6.   Discovery of Confidential Information that may be restricted from dissemination by federal law, 42 U.S.C. § 290dd-2 and 42 C.F.R. §§ 2.1 – 2.67, potentially raises different legal issues. See Hulse v. Suburban Mobile Home Supply Co., No. 06-1168-WEB, 2006 WL 2927519, at *3 (D. Kan. Oct. 12, 2006); Beard v. City of Chicago, No. 03 C 3527, 2005 WL 66074 at *3-6 (N.D. Ill. Jan. 10, 2005). The parties have conferred about these issues and have agreed that discovery can appropriately proceed in the

---

[3] The Protective Order provides in pertinent part that "Confidential Claimant Information" is deemed "highly confidential". See Exhibit B, ¶ 4(b). The designation "highly confidential" restricts the distribution of such material to a limited class of individuals. See id., ¶ 12.

3

manner described below. This will allow the parties to determine if either the nature or volume of such records make them necessary or material to this action and, if so, the Plaintiff may then seek an order authorizing disclosure of any segregated or redacted materials (and Defendants reserve the right to oppose any such request). Given the early stage of the discovery process – and the parties' agreement on a procedure for moving forward that will either eliminate any need to resolve these issues or, that failing, permit resolution of these issues later in the context of a specific request, an objection, and particular documents that can be reviewed by the Court is necessary – the relief requested by the parties will allow discovery to proceed now in an efficient manner and in a manner that adequately protects the privacy interests of all claimants.

7. Accordingly, in order to facilitate discovery within the protections afforded by the Protective Order, as well as recognizing that this Court likely will allow at least some discovery of claim files and other records, the parties respectfully request that the Court enter an order governing disclosure of Confidential Information as follows:

    A. In response to appropriate discovery requests and subject to paragraph B below, the Defendants may produce claim files and any other records containing Confidential Information, which are maintained by the Defendants in the ordinary course of their business, notwithstanding the provision of any state law to the contrary, subject to the provisions of the Protective Order.

    B. The Defendants may segregate from production any record (either electronic or paper) that meets the requirements set forth in 42 U.S.C. § 290dd-2 and 42 C.F.R. §§ 2.1-2.67 for which the Defendants received the notification referred to and set forth in 42 C.F.R. §§ 2.12(d)(2)(iii) and 2.32  If the Defendants have other documents

4

containing Confidential Information derived from those records ("derivative documents") and which are also subject to the statute, they may redact that Confidential Information.

        C.     If the Defendants determine that it is necessary to segregate or redact any such records or documents, they shall provide a log, subject to the terms of the Protective Order, that identifies the claim file or other record from which the segregated record is being withheld. In the event the Plaintiff seeks discovery of the segregated records or derivative documents she may apply to the Court for an appropriate order under applicable federal law.[4] The segregated records and unredacted copies of any derivative documents shall be maintained separately by the Defendants until sixty (60) days after a judgment, dismissal or other resolution of this action becomes final or nonappealable, or until further order of the Court.

        WHEREFORE, the parties respectfully request that this Motion be granted, that the Court enter an order in the form attached hereto as <u>Exhibit A</u>, and grant such other relief as the Court deems just and appropriate.

---

[4] Should it become necessary to file such a motion, Plaintiff believes the Defendants would bear the burden of demonstrating that any withheld record is confidential and meets each of the requirements set forth in 42 U.S.C. § 290dd-2 and the applicable regulations. <u>Beard v. City of Chicago</u>, No. 03 C 3527, 2005 WL 66074 at *3-6 (N.D. Ill. Jan. 10, 2005). Accordingly, while for present purposes it is unnecessary to resolve this issue, the Proposed Order provides that it is without prejudice to Plaintiff's right to argue that Defendants would bear the burden to prove that any such record or document is subject to the statute and properly withheld.

5

|  |  |
|---|---|
|  | Respectfully submitted, |
| DAWN BARRETT, | CIGNA CORPORATION and<br>LIFE INSURANCE COMPANY OF NORTH AMERICA |
| By her attorneys, | By their attorneys, |
| /s/ Peter B. Krupp<br>Peter B. Krupp, (BBO# 548112)<br>LURIE & KRUPP, LLP<br>One McKinley Square<br>Boston, MA 021209<br>(617) 367-1971<br><br>Mary Louise Cohen<br>Colette G. Matzzie<br>PHILLIPS & COHEN, LLP<br>200 Massachusetts Avenue, N.W.<br>Suite 100<br>Washington, D.C. 20036<br>(202) 833-4567<br><br>Kit A. Pierson<br>Stuart Rennert<br>HELLER EHRMAN, LLP<br>1717 Rhode Island Avenue, N.W.<br>Washington, D.C. 20036<br>(202) 912-2000<br><br>Dated: March 23, 2007 | /s/ Karen Collari Troake<br>R. J. Cinquegrana, (BBO #084100)<br>Karen Collari Troake (BBO #566922)<br>Richard C. Abati (BBO #651037)<br>Andrew D. Ziegler (BBO #660419)<br>CHOATE, HALL & STEWART<br>Two International Place<br>Boston, Massachusetts 02110<br>(617) 248-5000 |

## LOCAL RULE 7.1 CERTIFICATION

The undersigned hereby certifies that counsel for the Defendants has conferred with counsel for the Plaintiff in a good faith effort to resolve or narrow the issues that are the subject of this Motion. Plaintiff's counsel has assented to this Motion.

/s/ Karen Collari Troake
Karen Collari Troake

## CERTIFICATION OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 23, 2007.

/s/ Karen Collari Troake
Karen Collari Troake

4188851v1