# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*EX REL.* DAWN BARRETT,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA CORPORATION and<br>LIFE INSURANCE COMPANY<br>OF NORTH AMERICA<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 03-12382-MLW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**[PROPOSED] ORDER GOVERNING DISCLOSURE OF
CLAIMANT FILES CONTAINING CONFIDENTIAL HEALTH INFORMATION**

Upon consideration of the Assented-To Motion for an Order Governing the Disclosure of Claimant Files Containing Confidential Health Information filed on March 23, 2007 (the "Motion"), by Defendants Cigna Corporation and Life Insurance Company of North America (the "Defendants"), this Court orders as follows:

A.  In response to appropriate discovery requests and subject to paragraph B below, the Defendants may produce claim files and any other records containing Confidential Information (as defined in the Motion), which are maintained by the Defendants in the ordinary course of their business, notwithstanding the provision of any state law to the contrary, subject to the provisions of the [Proposed] Confidentiality Stipulation and Order (the "Protective Order"), filed on or about March 2, 2007.

B.   The Defendants may segregate from production any record (either electronic or paper) that meets the requirements set forth in 42 U.S.C. § 290dd-2 and 42 C.F.R. §§ 2.1 -2.67 for which the Defendants received the notification referred to and set forth in 42 C.F.R. §§ 2.12(d)(2)(iii) and 2.32   If the Defendants have other documents containing Confidential Information derived from those records ("derivative documents") and which are also subject to the statute, they may redact that Confidential Information.

C.   If the Defendants determine that it is necessary to segregate or redact any such records or documents, they shall provide a log, subject to the terms of the Protective Order, that identifies the claim file or other record from which the segregated record is being withheld.  In the event the Plaintiff seeks discovery of the segregated records or derivative documents she may apply to the Court for an appropriate order under applicable federal law.[1]  The segregated records and unredacted copies of any derivative documents shall be maintained separately by the Defendants until sixty (60) days after a judgment, dismissal, or other resolution of this action becomes final or nonappealable, or until further order of the Court.

SO ORDERED this _____ day of March, 2007.

_____
U.S.D.J. Mark Wolf

---

[1] Should it become necessary to file such a motion, Plaintiff believes the Defendants would bear the burden of demonstrating that any withheld record is confidential and meets each of the requirements set forth in 42 U.S.C. § 290dd-2 and the applicable regulations. Beard v. City of Chicago, No. 03 C 3527, 2005 WL 66074 at *3-6 (N.D. Ill. Jan. 10, 2005). Accordingly, while for present purposes it is unnecessary to resolve this issue, this Order is without prejudice to Plaintiff's right to argue that Defendants would bear the burden to prove that any such record or document is subject to the statute and properly withheld.