# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* DAWN BARRETT<br><br>Plaintiff,<br><br>v.<br><br>CIGNA CORPORATION and LIFE<br>INSURANCE COMPANY OF NORTH<br>AMERICA<br><br>Defendants | Civil Action No. 03-12382-MLW |

**[PROPOSED] CONFIDENTIALITY STIPULATION AND ORDER**

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, by and between the parties (the "Parties") to the above-captioned action (the "Action"), subject to the approval of the Court, the following Confidentiality Stipulation and Order shall govern the handling of all discovery including all documents and any deposition testimony, deposition exhibits, interrogatory responses, admissions, and any other information produced, given or exchanged by and among the Parties and any non-parties to this Action whether or not provided in response to a formal discovery demand (such information is hereinafter referred to as "Discovery Material").

1.  Discovery Material, or information derived therefrom, shall be used solely for prosecution or defense of this Action (including any appeals) and shall not be used for any other purpose, including without limitation any commercial or business purpose, absent the prior written consent of the "Producing Party" (as hereinafter defined) or leave of Court.

4161875v7

2. For purposes of this Order, a "Producing Party" shall mean any party to this litigation who produces or discloses information or materials in the Action. The term "Producing Party" shall also include any non-party witness who produces or discloses confidential or proprietary information in the Action, including but not limited to the Social Security Administration. The term "Receiving Party" shall mean any person to whom information or materials are produced or disclosed in the Action.

3. "Confidential Claimant Information" shall mean any information that identifies individual claimants (including, but not limited to, names, addresses, and Social Security Numbers) and/or is confidential information relating to their respective claims, including, but not limited to, claimants' confidential medical, employment or financial information.

4. For purposes of this Stipulation and Order, "Confidential Information" and "Highly Confidential Information" shall have the following meanings:

(a) "Confidential Information" includes all non-public materials containing information related to: financial or business plans, data or projections; proposed plans and strategies; studies or analyses by internal or external experts; financial or tax data; competitive analyses; information or documents subject to confidentiality or non-disclosure agreements with third parties; or other non-public, commercially sensitive or proprietary information.

(b) "Highly Confidential Information" means Confidential Information as defined in Paragraph 4(a) above, the disclosure of which to personnel of another party (or third parties who are not parties to the Action) could reasonably be anticipated to cause substantial and irreparable injury to the business or personal affairs of the producing or designating Party. Highly Confidential Information also shall include Confidential Claimant Information, actuarial assumptions and

data, personal financial information, trade secrets and any plans yet to be carried out by the Producing Party to merge with, acquire, be acquired by, sell assets to or purchase assets from another company, but shall not include historical statements of financial condition or reserves.

(c) Confidential Information and Highly Confidential Information shall not include unaltered copies of any documents in the public domain.

5. The inadvertent failure to designate material as "Confidential" or "Highly Confidential," as provided for in Paragraph 8, shall not be deemed a waiver of any claim of confidentiality as to such matter, and the same thereafter may be corrected by supplemental written notice sent in accordance with Paragraph 8 below. It shall not be deemed a violation of this Stipulation and Order to have disclosed information not designated as Confidential or Highly Confidential Information that is subsequently so designated if disclosure was made prior to such designation. Any failure of the parties to designate a document or information as "Confidential" or "Highly Confidential" shall not be deemed a waiver of any claim of confidentiality that the parties would otherwise be entitled to invoke against a person or entity not a party to this Action.

6. A Producing Party may produce for inspection documents or things which have not yet been reviewed for marking or designation under Paragraph 8. Inspection of such documents and things produced shall be conducted only as set out in Paragraphs 12(b). Such documents shall be treated as "Highly Confidential" until such copies are produced and thereafter designated under Paragraph 8 either as "Confidential" or "Highly Confidential."

7. Confidential or Highly Confidential Information may be disclosed only to those persons identified in Paragraphs 11 and 12. All persons receiving Confidential or Highly Confidential Information shall be bound by the terms hereof, including, but not limited to, the provisions of Paragraph 1 hereof restricting the use of any Discovery Material, or information

derived therefrom, solely for the prosecution or defense of this Action and not for any other purpose, and Paragraph 25 regarding the destruction and return of documents. If any person violates or threatens to violate any of the terms hereof, the aggrieved Party may seek any appropriate relief in this Court.

8.      Any Producing Party may designate documents that it produces as Confidential or Highly Confidential Information by (a) stamping each page containing Confidential or Highly Confidential Information with the legend "Confidential" or "Highly Confidential" before that page is produced, or (b) by separate written notification of such designation, which must be sent within thirty (30) days after production.

9.      Any Producing Party may designate deposition testimony as Confidential or Highly Confidential Information either (i) at the deposition, by making a statement for inclusion in the deposition transcript; or (ii) on or before thirty (30) days after receipt of the transcript, by making a notation on the transcript of the deposition and informing all other counsel in writing of such designation.  If a designation is made on the record, that portion of the deposition will be taken with no one present except those persons who are authorized to have access to such Confidential or Highly Confidential information in accordance with Paragraphs 11 or 12 hereof. Until the expiration of such thirty-day period, all deposition testimony and transcripts, and any information contained therein, or exhibits thereto, shall be deemed to be Confidential Information and treated as if so designated, except for those portions of the testimony specifically designated at the deposition as Highly Confidential. When Confidential or Highly Confidential Information is designated in a deposition transcript, the person making the designation shall instruct the reporter to make the following notations: (i) on the first page of the transcript: "This transcript contains Confidential or Highly Confidential Information"; and (ii) on each page containing Confidential or Highly Confidential Information: "Confidential" or

"Highly Confidential." The Parties shall instruct all court reporters employed by them in the Action that no copy of any transcript of any deposition taken by any party which is designated in part or in whole as "Confidential" or "Highly Confidential" shall be prepared for, or furnished by the reporter to, any other person other than to counsel for the parties and the deponent or his or her counsel.

10. Any Producing Party may designate responses to document requests, interrogatories, and requests for admission as Confidential or Highly Confidential Information by (a) so indicating in the response or (b) by separate written notification of such designation within thirty (30) days of the service of the response.

11. Any Receiving Party may disclose or make available Confidential Information only to the following persons:

    (a)    this Court (and any appellate court), including court personnel;

    (b)    the Defendants and the Relator in this Action and their employees, officers, directors, insurers, counsel to their insurers, counsel of record to the parties to this Action, and the paralegal, clerical, secretarial, and other persons employed or engaged by such counsel of record who are assisting in the conduct of this Action;

    (c)    court reporters;

    (d)    outside services, such as copy services;

    (e)    deponents any other witness or potential witness when: (i) the disclosure is made in the presence of opposing counsel or (ii) the witness is provided with a copy of this stipulation and order and executes the certification attached hereto as Exhibit A, to be bound by the terms of the Stipulation and Order, including, but not limited to, the provisions of Paragraph 1 hereof restricting the use of any

Discovery Material, or information derived therefrom, solely for the prosecution or defense of this Action, and Paragraph 25 regarding the destruction and return of documents. Counsel for the Party disclosing the Confidential Information pursuant to this subparagraph shall be responsible for maintaining the executed certifications. In the event that a witness does not execute the certification attached hereto as Exhibit A, under no circumstances may they receive and retain copies of any documents containing Confidential Information.

(f)   Outside Experts or Outside Consultants retained by counsel to any Party to this Action, in accordance with Paragraphs 13 and 14, below; and

(g)   any mediator or arbitrator engaged by the parties to this Action, provided that such mediator or arbitrator is provided with a copy of this Stipulation and Order and executes the certification attached hereto as Exhibit A, to be bound by the terms of the Stipulation and Order, including, but not limited to, the provisions of Paragraph 1 hereof restricting the use of any Discovery Material, or information derived therefrom, solely for the prosecution or defense of this Action, and Paragraph 25 regarding the destruction and return of documents.

12.   Any Receiving Party may disclose or make available Highly Confidential Information only to the following persons:

(a)   this Court (and any appellate court), including court personnel;

(b)   counsel for the Parties to the Action (including retained and in-house counsel) and persons in their employ who are assisting in the conduct of the Action, including the paralegal, clerical, secretarial, and other persons employed or engaged by such counsel who are assisting in the conduct of the Action. Relator may review, only in the presence of her counsel or their offices, Highly

Confidential Information provided to counsel of record to Relator in this Action, however, Relator shall not retain in her possession such information or copies of such information;

(c)   court reporters;

(d)   outside services, such as copy services;

(e)   deponents any other witness or potential witness when: (i) the disclosure is made in the presence of opposing counsel or (ii) the witness is provided with a copy of this stipulation and order and executes the certification attached hereto as Exhibit A, to be bound by the terms of the Stipulation and Order, including, but not limited to, the provisions of Paragraph 1 hereof restricting the use of any Discovery Material, or information derived therefrom, solely for the prosecution or defense of this Action, and Paragraph 25 regarding the destruction and return of documents. All Confidential Claimant Information concerning any person other than the witness shall be redacted prior to disclosure to any deponent and any other witness or potential witness, including the redaction of any identifying information within the certification itself. In no event will a witness be allowed to retain in his possession such information or copies of such information. Counsel for the Party disclosing the Highly Confidential Information pursuant to this subparagraph shall be responsible for maintaining the executed certifications. In the event that a witness does not execute the certification attached hereto as Exhibit A, under no circumstances may they receive and retain copies of any documents containing Highly Confidential Information;

(f)   Outside Experts or Outside Consultants retained by counsel to any Party to this Action, in accordance with Paragraphs 13 and 14, below; and

(g) any mediator or arbitrator engaged by the parties to this Action, provided that such mediator or arbitrator is provided with a copy of this stipulation and order and executes the certification attached hereto as Exhibit A, to be bound by the terms of the Stipulation and Order, including, but not limited to, the provisions of Paragraph 1 hereof restricting the use of any Discovery Material, or information derived therefrom, solely for the prosecution or defense of this Action, and paragraph 25 regarding the destruction and return of documents.

13. For purposes of this Stipulation and Order, "Outside Expert" or "Outside Consultant" means any expert or independent consultant (and his or her assistants) who is not an employee of either Party or of a competitor of either Party and is retained solely for the purpose of: (i) advising and/or assisting counsel in the preparation or trial of this Action, (ii) to give a written opinion and/or expert testimony; or (iii) for both purposes, to whom it is necessary to disclose Discovery Material for the purposes of this Action.

14. Prior to the initial disclosure of any Confidential or Highly Confidential Information in accordance with Paragraphs 11 and 12 to a proposed Outside Expert or Outside Consultant, counsel for the Party proposing to make such disclosure shall deliver a copy of this Stipulation and Order to such person, and shall explain its terms to such person. Before any such expert, advisor or consultant is given access to Confidential or Highly Confidential Information, he or she shall be required to agree, in a written and signed certification in the form of Exhibit A hereto, to be bound by the terms of the Stipulation and Order, including, but not limited to, the provisions of Paragraph 1 hereof restricting the use of any Discovery Material, or information derived therefrom, solely for the prosecution or defense of this Action, and Paragraph 25 regarding the destruction and return of documents. Counsel for the Party disclosing the Confidential or Highly Confidential Information pursuant to this subparagraph shall be

responsible for maintaining the executed certifications, and to provide a copy of the executed certifications to the Producing Party on the earlier of the date that such expert or consultant is first disclosed under the Federal Rules of Civil Procedure, or at the conclusion of the Action.

15. All persons who have received Confidential or Highly Confidential Information shall safeguard such information so as to avoid its disclosure to persons who are not eligible to receive it.

16. Any Receiving Party may object at any time during the pendency of the Action to a designation by the Producing Party of Discovery Materials as "Confidential" or "Highly Confidential." The objection shall be made in writing to counsel for the Producing Party. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement within five (5) business days of the date of receipt of the objection, the objecting party shall within ten (10) business days of the date of receipt of the objection make a motion to resolve the dispute. In the event of such a dispute, all materials whose designation is so objected to shall continue to be treated as Confidential or Highly Confidential Information until the Court resolves the dispute.

17. If any Producing Party disseminates information that the Producing Party has designated as "Confidential" or "Highly Confidential" in a manner inconsistent with the claim that such information is "Confidential" or "Highly Confidential", any Party may assert to the Court that such material is no longer entitled to be treated as "Confidential" or "Highly Confidential".

18. Filing of "Confidential," or "Highly Confidential" Discovery Material

    (a) The filing with the Court of any Discovery Material designated "Confidential," or "Highly Confidential," or of briefs or other papers containing or referencing such materials shall be made in accordance with Local Rule 7.2 of

9

the District of Massachusetts. The Clerk of this Court is to maintain such information under seal unless the Court denies the motion to impound, in which case the Clerk will permit a party to retrieve the information prior to it being placed in the public file.

(b)   Pursuant to Rule 7.2(a), the motion shall state as the earliest date on which the impounding order may by lifted a date at least thirty (30) days after the filing of the motion for impoundment. The Parties agree in advance that they assent to any motion by the other party to impound materials pursuant to Local Rule 7.2. The parties are relieved of the requirements of Local Rule 7.2(d) and, therefore, may file motions to impound materials at the same time that the actual material sought to be impounded is submitted to the Court.

(c)   Any Discovery Material designated "Confidential," or "Highly Confidential," or briefs or other papers containing or referencing such materials that are filed with the Court shall be filed in a sealed envelope or box. Marked on the outside of the sealed envelope or box shall be the title of the action, an identification of the document or thing within, and a statement in substantially the following form:

[HIGHLY] CONFIDENTIAL

FILED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER OF [DATE] GOVERNING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION OBTAINED DURING THE COURSE OF THIS LITIGATION. THIS [ENVELOPE or BOX] IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY COURT ORDER.

(d)   All such materials filed under seal shall be maintained by the clerk in a secure area to be designated by the Court. If the impoundment order for any such

materials provides a cut-off date, the materials shall be returned to outside counsel for the party who filed it at the cut-off date.

(e) If a party files Discovery Material under seal, a second nonconfidential version of that Discovery Material shall also be filed with the Court. Each page from which material subject to this Stipulation and Order has been redacted shall bear a legend so indicating.

19. In the event that any Receiving Party is served with a subpoena or other compulsory process demanding the production of such Confidential or Highly Confidential Information, the Receiver shall, within five (5) days after receiving the subpoena or other compulsory process, notify the Producing Party. The Producing Party shall within the time provided for responding to the subpoena either grant permission to produce or disclose the Confidential or Highly Confidential information or take whatever steps are required by the Court issuing the subpoena seeking to protect against the disclosure of the Confidential or Highly Confidential Information.

20. Nothing herein shall prevent any Party from presenting Confidential or Highly Confidential Information to the original recipient or author of such Confidential or Highly Confidential Information.

21. If Confidential or Highly Confidential Information is produced pursuant to subpoena or other compulsory process, it shall continue to be treated as Confidential or Highly Confidential Information by all persons subject to this Stipulation and Order, unless and until this Court otherwise directs.

22. Entering into, agreeing to and/or producing Confidential or Highly Confidential Information or otherwise complying with the terms of this Stipulation and Order shall not:

(a) operate as an admission by any Party that any particular Confidential or Highly Confidential Information contains or reflects trade secrets or any other type of Confidential or Highly Confidential information;

(b) constitute an agreement to produce any documents or supply any information or testimony in discovery not otherwise agreed upon or required to be produced;

(c) prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential or Highly Confidential Information;

(d) prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

(e) prejudice in any way the rights of a Party as to whether any Confidential or Highly Confidential Information should be subject to the terms of this Order; or

(f) prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any purportedly Confidential or Highly Confidential Information.

23. Any Party may apply to the Court for an order modifying this Stipulation and Order, and nothing in this Stipulation and Order shall be deemed to prevent such application. This Stipulation and Order may also be modified with the consent of all Parties hereto or may be

modified by the Court on its own motion, and nothing in this Stipulation and Order shall be deemed to prevent such modification.

24.     Any inadvertent disclosure in connection with this Action of Discovery Material that the Producing Party believes constitutes, contains or reflects information otherwise protected by any applicable privilege or immunity from discovery, such as the attorney-client privilege, the work product doctrine, and the joint defense privilege ("Privileged Material"), shall not constitute a waiver, with respect to such Privileged Material or generally, of any such privilege or immunity. In the event of such an inadvertent disclosure of Privileged Material, within sixty (60) days of the date of production, the Producing Party may provide notice to the other parties directing that all copies of such inadvertently disclosed Privileged Material be returned to the Producing Party and barring any other party from using that material or any copies thereof, or any information derived therefrom in this Action or otherwise. The parties receiving such notice shall immediately set aside all copies of the Privileged Material described in such notice and shall not use such Privileged Material, or any information derived therefrom, provided, however, that any Party receiving such notice, after setting aside the Privileged Material, may move, on reasonable notice, and on such grounds other than the inadvertent production of such material, for an order challenging the designation of such material as Privileged Material, and may attach to the motion copies of the material in question.

25.     Within sixty (60) days after a judgment in or dismissal or other resolution of this Action becomes final and nonappealable, the attorneys for each Party who received Confidential or Highly Confidential Information shall (a) return to the Producing Party all copies of Confidential or Highly Confidential Information produced by such person, including those copies that have been provided to third parties, witnesses, experts and consultants or (b) destroy all documents containing Confidential or Highly Confidential Information (including all copies

of Confidential or Highly Confidential Information and documents containing Confidential or Highly Confidential Information made by the recipient and other persons (including third parties, witnesses, experts and consultants) to whom the recipient disclosed Confidential or Highly Confidential Information), and (c) provide a certification of compliance with this paragraph. Counsel for the parties may, however, retain court papers, deposition, hearing and trial transcripts and attorney work product (including Confidential or Highly Confidential Information that is referred to or attached to any attorney work product), but any Confidential or Highly Confidential Information contained in such materials may not be disclosed to any other person.

26.     In the event additional parties join or are joined in this Action, they shall not have access to Discovery Material until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

27.     This Stipulation and Order shall apply with equal force to any Discovery Material produced by or to any non-party to this Action who agrees to be bound by this Stipulation and Order. Such non-parties may avail themselves of the protections of this order, and may designate materials produced by them as Confidential or Highly Confidential Information, and shall be bound by the terms of this Stipulation and Order in the same manner and to the same extent as the Parties hereto.

28.     This Stipulation and Order shall be effective immediately and shall survive the conclusion of this litigation. This Court shall retain jurisdiction to enforce the terms of this Stipulation and Order for so long as it remains in force. Notwithstanding the above, this Stipulation and Order does not govern the presentation of evidence at trial. Issues relating to confidentiality and public access to information presented at trial will be addressed separately if necessary.

| | |
|---|---|
| DAWN BARRETT, | CIGNA CORPORATION AND LIFE INSURANCE COMPANY OF NORTH AMERICA, |
| By her attorneys, | By their attorneys, |
| /s/ Peter B. Krupp<br>Peter B. Krupp, (BBO# 548112)<br>LURIE & KRUPP, LLP<br>One McKinley Square<br>Boston, MA 021209<br>(617) 367-1971 | /s/ Karen Collari Troake<br>R. J. Cinquegrana, (BBO # 084100)<br>Karen Collari Troake (BBO # 566922)<br>CHOATE, HALL & STEWART<br>Two International Place<br>Boston, Massachusetts 02110<br>(617) 248-5000 |

Mary Louise Cohen
Colette G. Matzzie
PHILLIPS & COHEN, LLP
200 Massachusetts Avenue, N.W.
Suite 100
Washington, D.C. 20036
(202) 833-4567

Kit A. Pierson
Stuart Rennert
HELLER EHRMAN, LLP
1717 Rhode Island Avenue, N.W.
Washington, D.C. 20036
(202) 912-2000

Dated: March 2, 2007


SO ORDERED:

_____    Dated:
U.S.D.J. Mark Wolf

EXHIBIT A
TO
CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER
IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* DAWN BARRETT<br><br>            Plaintiff,<br><br>v.<br><br>CIGNA CORPORATION and LIFE<br>INSURANCE COMPANY OF NORTH<br>AMERICA<br><br>            Defendants | Civil Action No. 03-12382-MLW |

**CONFIDENTIALITY AGREEMENT**

(Name of person, firm or organization) states as follows:

1.   I/We have reviewed a copy of the Confidentiality Stipulation and Order (the "Order") in the above-captioned action.

2.   I/We agree to be bound by and comply with the Order in all respects, including, but not limited to, the provisions of Paragraph 1 of the Order restricting the use of any Discovery Material, or information derived therefrom, solely for the prosecution or defense of this Action, and Paragraph 22 of the Order regarding the destruction and return of documents) in the same manner and to the same extent as the Parties to that Order.

3.   I hereby submit to the jurisdiction of the United States District Court for the District of Massachusetts for adjudication of any dispute about whether I/We have any dispute about whether I have complied with the Order.

                                                   _____
                                                   (Name of person, firm or organization)

4181295v1