UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA         )
ex rel. DAWN BARRETT             )
     Plaintiff                   )
                                 )
     v.                          )    C.A. No. 03-12382-MLW
                                 )
CIGNA CORPORATION, and           )
LIFE INSURANCE COMPANY           )
OF NORTH AMERICA                 )
     Defendants                  )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                            June 29, 2007

Defendants Cigna Corporation and Life Insurance Company of North America seek an order authorizing them to disclose, without regard to state privacy laws, any records requested through discovery. For the reasons discussed in this Memorandum, the motion is being denied.

The defendants have not identified documents that are requested by the plaintiff and subject to a privilege under state law or otherwise. Instead, they have stated their belief that state law might preclude the production of certain records that the plaintiff might seek. This concern is insufficient to warrant the broad authorization that the defendants seek. More pointedly, the defendant fails to identify a case or controversy authorizing judicial action. Further, in cases where a party seeks immunity from state law, it is appropriate to give notice to the Attorney General of the relevant state.

If the plaintiff does in fact request product of information that the defendants believe to be privileged, they may, at that time, withhold that information pursuant to Federal Rule of Procedure 26(5)(A) or later seek other appropriate action pursuant to Federal Rule of Procedure 26(5)(B).[1] Should the plaintiffs object to such actions, the court will determine the applicability of the privilege at that time.

Accordingly, it is hereby ORDERED that the Defendants' Assented-To-Motion For An Order Governing Disclosure of Claimant

---

[1] Federal Rule of Civil Procedure 26(5) states, in pertinent part:

(A) Information Withheld. When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial-preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

(B) Information Produced. If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

Files Containing Confidential Health-Information is DENIED without prejudice.

/s/ Mark L. Wolf<br>UNITED STATES DISTRICT JUDGE