UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br>*EX REL.* DAWN BARRETT,<br><br>　　　　　　Plaintiff,<br>v.<br><br>CIGNA CORPORATION and<br>LIFE INSURANCE COMPANY<br>OF NORTH AMERICA<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 03-12382-MLW<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER
GOVERNING CLAIMANT CONTACT**

Pursuant to Fed. R. Civ. P. 26(c), L.R. 26.2(C) and Paragraph 23 of the Confidentiality Stipulation and Order (Docket Entry No. 91), defendants CIGNA Corporation ("CIGNA Corp.") and Life Insurance Company of North America ("LINA")[1] (collectively, the "Defendants"), by and through their counsel, hereby move for a protective order governing contact with LINA's insureds for the duration of this litigation. For the following reasons, which are more fully set forth in the Defendants' Memorandum of Law in Support Defendants' Motion for Protective Order Governing Claimant Contact (the "Memorandum") filed herewith, the Defendants respectfully request that this Motion be granted and the Court enter the Proposed Order annexed to the Memorandum as Exhibit 1.

---

[1] References herein to "LINA", "LINA's insureds" or "LINA's claimants", includes CIGNA Life Insurance Company of New York ("CLICNY") and Connecticut General Life Insurance Company ("CGLIC"), and their respective insureds and claimants.

1.      Relator Dawn Barrett's (the "Relator") Second Amended Complaint (the "Complaint" or "Compl.") (Docket Entry No. 49) alleges that the Defendants violated the False Claims Act, 31 U.S.C. §§ 3729(a)(1) and (2) (the "FCA"), by causing claimants to file false or fraudulent claims for Social Security Disability Insurance ("SSDI") benefits with to the Social Security Administration ("SSA").[2] *See* Compl., ¶¶ 4-14, 228-33. Specifically, the fundamental allegation in the Complaint is that "[a]s a matter of uniform corporate policy, CIGNA [sic][3] requires all of the [long term disability ("LTD")] claimants on its disability policies and those written by its subsidiaries, to apply for SSDI as a condition of receiving the full LTD benefits which the claimants are entitled to receive." Compl., ¶¶ 5, 8, 14. Accordingly, LINA's insureds, *not* CIGNA Corp. or LINA, are the persons alleged to have made the actual filing of a false claim with the SSA. *See* Compl., ¶ 123

2.      Relator served document requests on the Defendants and included a request for the production of numerous LTD claim files for the months of January 2000 and 2004. *See* Relator's First Sets [sic] of Document Requests to Defendant Life Insurance Company of North America, Request No. 57 (the "Request"), annexed to the Affidavit of Karen Collari Troake (the "Troake Aff."), filed herewith, Exhibit B. On or about October 17, 2007, LINA produced several hundred claim files in response to the Request, totaling over 80,000 pages of documents. Additionally, the parties have been negotiating the production of electronically stored information relating to LTD claim files dating back to January 1, 1996. These files and the

---

[2] This most recent Complaint also includes a count alleging that CIGNA and LINA conspired in violation of 31 U.S.C. § 3729(a)(3). *See* Compl., ¶¶ 234-36.

[3] Throughout the Complaint, Barrett refers to CIGNA Corp. and its subsidiaries collectively as "CIGNA." However, CIGNA Corp. is qualified to do business as a general business corporation, not as an insurance company. CIGNA Corp. is not an insurance company and does not offer insurance products or insurance services to the public; nor has it entered into any agency contracts pursuant to which third parties or agents offer insurance products or insurance services on behalf of CIGNA Corp.

electronic information requested contain highly confidential and personal information about each of the claimants (and their families), including medical and mental health records, employment histories and information relating to the insured's personal and family life.[4]

3. Relator and her counsel have stated an intent to contact LINA's claimants.

4. In light of the sensitive nature of the content of the claim files and the allegations of false or fraudulent conduct, the Defendants request that this Court require every reasonable step to guard the privacy and personal information of the claimants. Failure to take such steps likely will have a direct and adverse effect on Defendants' business interests, i.e., complaints from insureds regarding the disclosure of their information. By making this Motion the Defendants are acting consistently with the expectations of the insureds and their own business interests.

5. The procedures requested are within the Court's broad discretion to manage and control discovery, and are reasonably necessary to protect the privacy interests of the third party insureds and minimize the disruption to the Defendants' business.[5]

6. The only possible information that Relator might attempt to extract from directly contacting LINA's insureds is with respect to her claim regarding duress and coercion, or LINA's insured's return to work or medical condition. None of this information, however, is

---

[4] Examples of the type of highly confidential and personal information that may be contained in any given claim file may be gleaned from the unredacted version of Defendants' Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Second Amended Complaint, which was filed under seal on May 19, 2006, as well as the Assented-To Motion for an Order Governing Disclosure of Claimant Files Containing Confidential Health Information ("Confidential Health Information Motion") (Docket Entry No. 88).

[5] Moreover, at the October Hearing, the Court expressed concern regarding how discovery would progress and in particular expressed its concern that discovery "would involve the privacy interests of the claimants who even the plaintiff alleges are innocent intermediaries." Transcript of October 5, 2006 Hearing ("Oct. Trans."), p. 15:17-24, Troake Aff., Exhibit A. Moreover, the allegations of the Complaint raise concerns regarding the potential criminal liability of claimants. See, e.g., Compl., ¶ 123 ("This leaves most insureds with no option other than to file false or fraudulent claims with the Government.").

relevant to the instant litigation as a matter of law, or likely to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1).

7. Even if the subjective feelings of the insureds, or their medical information not contained in the claim file, could be deemed relevant, the marginal relevance of that information is far outweighed by the invasion of privacy that would result from Relator contacting LINA's insureds. *Compare* Ellison v. Am. Nat'l Red Cross, 151 F.R.D. 8, 11 (D.N.H. 1993) (party's interest in obtaining names of individual blood donor's far outweighed public interest in nations' blood supply and donor's privacy); Jo Ellen Smith Psychiatric Hosp. v. Harrell, 546 So.2d 886, 889, 890 (La. Ct. App. 1989) (rights of other third-party patients outweighed party's (and former patient's) right to investigate possible claim against hospital and, therefore, party was prohibited from contacting those patients).

8. In light of the foregoing, the Defendants request that the Court prohibit Relator, or her counsel, from contacting any of the claimants whose LTD claim file (or the information contained therein) will be (and has been) disclosed (either in whole or in part) in the course of discovery.

9. Alternatively, if the Court deems it appropriate for Relator to directly contact LINA's insureds, then the Defendants request that the following procedure for such contact be ordered so that LINA's insureds have a full opportunity to understand and consider the relevant facts and issues, and consult with an attorney (or others) if necessary, prior to making any decision to communicate with Relator or her counsel. Specifically, the Defendants request that the Court prohibit Relator, or her counsel, from contacting any of LINA's insureds, whose claim files (or claim information) has been or will be disclosed in the course of discovery, unless: (1) the Relator limits the claimants to those who fit the criteria outlined in her response to

Interrogatory No. 28 in which Relator identified her criteria for identifying potential false claims (*see* Responses, Interrogatory No. 28, Troake Aff., Exhibit F); (2) the Relator notifies the Defendants and the Court of the names of the insureds that she intends to contact; (3) the Relator complies with all applicable privacy restrictions, including, but not limited to, those set out in federal or state statutes; (4) the Relator or her counsel, provide the insured with a letter and consent form, in the form annexed to the Memorandum as Exhibit 2; (5) neither the Relator nor her counsel have any contact with an insured until the insured affirmatively consents to such contact by returning the consent form; and (6) the Relator or her counsel provides the Defendants with copies of the executed consent forms within five (5) days of receiving such form from an insured.

For the foregoing reasons, as well as those set out in the Memorandum filed herewith, the Defendants respectfully request that this Motion be granted, the Court enter the Proposed Protective Order annexed to the Memorandum as Exhibit 1, and grant such other relief as the Court deems just and appropriate.

> Respectfully submitted,
>
> CIGNA CORPORATION and
> LIFE INSURANCE COMPANY OF NORTH
> AMERICA
>
> By their attorneys,
>
> */s/ Karen Collari Troake*
> R. J. Cinquegrana (BBO #084100)
> Karen Collari Troake (BBO #566922)
> Richard C. Abati (BBO #651037)
> CHOATE, HALL & STEWART LLP
> Two International Place
> Boston, Massachusetts 02110
> (617) 248-5000

Dated: October 26, 2007

4264716v1

## LOCAL RULE 7.1 AND 37.1 CERTIFICATION

The undersigned counsel hereby certifies that on July 9, 2007 and October 25-26, 2007, she conferred with Carl S. Nadler, counsel for Relator Dawn Barrett, in good faith and in an effort to narrow or resolve the issues raised herein, and no agreement could be reached.

/s/ Karen Collari Troake
Karen Collari Troake

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 26, 2007.

/s/ Karen Collari Troake
Karen Collari Troake

4264716v1