# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br>*EX REL.* DAWN BARRETT,<br><br>    Plaintiff,<br><br>    v.<br><br>CIGNA CORPORATION and<br>LIFE INSURANCE COMPANY<br>OF NORTH AMERICA<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 03-12382-MLW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### RELATOR'S FIRST SETS OF DOCUMENT REQUESTS TO DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Relator hereby requests that defendant Life Insurance Company of North America produce documents responding to the following requests within 30 days at the offices of Heller Ehrman, L.L.P, at 1717 Rhode Island Avenue, N.W., Suite 200, Washington, D.C. 20036.

### INSTRUCTIONS

1. **Possession, Custody or Control.** In responding to this request for production of documents, you are requested to provide all information in your possession, custody or control, including information in the possession of your corporate subsidiaries (including the companies listed below in the definition of "you"), parent, predecessor, successor, affiliated or sister corporations or entities, partners, segments or divisions, attorneys, agents (including Advantage 2000 Consultants Inc., Allsup, Inc., Social Security Law Group and other Social Security Vendors) and other persons directly or indirectly employed, engaged or retained by you, or connected with your attorneys or agents, or anyone else acting on your behalf or otherwise subject to your control.

2.   **Duty to Supplement.** This request for production of documents should be deemed to be continuing and to apply to all documents that you, or your attorneys or agents or other persons subject to your control, subsequently creates, develops, discovers or receives.

3.   **Partial Objection.** If you object to any portion or aspect of a request, produce the responsive information requested by the remainder. If you object to production of a document on the basis of a privilege, work product claim or other objection, produce all portions of the document that are not privileged, work product, or otherwise subject to your objection.

4.   **Producing Documents in Entirety.** Each document shall be submitted in its entirety, including any attachments. No non-privileged material shall be redacted.

5.   **Producing Documents Sufficient to Show.** When requested to produce documents "sufficient to show," you must produce all documents that are necessary and sufficient to provide all of the information requested. If no single document contains all the information sough, submit additional documents so that the group of documents, when viewed together, is both necessary and sufficient to reveal the information sought.

6.   **Privilege Log.** If a claim of privilege o work product is asserted as to any requesting information, produce a log or index listing each document and identifying for each document: (a) the type of document; (b) the author; (c) each recipient; (d) the date the document was prepared; (e) the subject matter of the document; (f) each privilege asserted; (g) each basis of each privilege asserted; and (h) each person to whom the document has been disclosed.

7.   **Privacy Log.** To the extent that any documents are withheld on the ground that this is required by any state or federal statute relating to confidentiality, privacy or that you otherwise contend precludes production of the document, produce a log listing each document, identifying the basis for withholding the document, identifying the claimant to whom the document pertains, and providing sufficient information to understand, test and evaluate the legal basis for withholding the document from production.

8.   **Production of Originals.** Produce the originals of all documents called for by these requests organized and in the sequence in which they are maintained in the ordinary course of business. If you produce copies, the documents should be copied as they are maintained in each file (including the file label and any other information identifying the file and the persons who created the file and for whom they are maintained). Such copies should be produced as they are maintained in original form. Documents should be stapled, clipped and otherwise organized as they are in original form, and produced in the sequence they are maintained.

9. **Separate Entities.** If documents are produced from more than one business entity, those documents should be segregated by business entity (unless such documents are routinely filed and maintained together).

10. **Time Period.** Unless otherwise stated, the time period covered by each request includes any document prepared, received or created on or after January 1, 1996.

## DEFINITIONS

1. The term "**you**" or "**your**" means Life Insurance Company of North America and any parents, subsidiaries, processor, successor, affiliated or sister corporations or entities, partners, segments or divisions thereof **(and specifically includes but is not limited to, any such compaies that issue or administer individual or group insurance policies or plans, including, but not limited, to Cigna Corporation, Insurance Company of North America, INA Life Insurance Company of New York and Connecticut General Life Insurance Company)**, any present or former directors, officers, employees, agents (including Social Security vendors), accountants attorneys, and/or any other person or entity acting or purporting to act on behalf of either the company or for its benefit with respect to the subject matter of this litigation.

2. The term "**Second Amended Complaint**" means the Second Amended Complaint filed in this action.

3. The term "**Documents**" shall be interpreted in the broadest sense permitted in the Federal Rules of Civil Procedure. It specifically includes originals, drafts, modifications and all non-identical copies of any documents in your possession, custody or control. It also specifically includes not only hard copy documents, but any other manner in which information is maintained such as documents maintained in electronic form, electronic mail, voice mail, documents maintained on microfiche, magnetic tape or any other system or technology for storing, backing up, transmitting or maintaining information.

4. The term "**relate**" or "**relating**" to means in whole or in part evidencing, concerning, referring to, describing discussing constituting, memorializing, explaining, evaluating, reviewing, reporting on, discussing, supporting, or otherwise concerning the subject matter of the request.

5. The term "**communication**" means any type of oral, written, electronic, or visual contact(s) or transmittal between two or more persons in which information, facts, statements, conversations or opinions were or are exchanged, imparted or received

6. The term "**and**" includes "**or**" and vice versa. Any reference to the singular includes the plural and vice versa. Any reference to the **singular** includes the

3

**plural** and vice versa. The term "**includes**" means including, but not limited to. The **past tense** includes the **present tense** and vice versa.

7. "**LTD**" means long term disability. "**STD**" means short term disability.

8. "**Insured**" means any insured person (or person defined as an insured) under any individual or group insurance policy or plan issued by you or by any entity or third party on whose behalf you provide any claims administration services (including but not limited to any self-insured entities and/or other insurance companies).

9. "**Social Security Vendor**" means any entity to which you refer insureds or potential claims for potential or actual assistance with, analysis of or filing of SSDI applications and includes, but is not limited to Advantage 2000 Consultants Inc., Allsup, Inc., and Social Security Law Group.

10. "**SSDI application**" includes an initial application for SSDI benefits, any appeal(s) from a denial therefore, and any subsequent new or other application(s) for SSDI benefits.

11. "**SSDI**" means "Social Security disability income" (and includes Social Security disability income benefits).

12. "**SSA**" means "the Social Security Administration."

13. "**SSAP**" includes the Social Security Assistance Program, the Social Security Vendor Program, all Social Security Assistance Teams ("**SSAT**") and any of your other programs, groups or departments that have performed similar or comparable functions. The terms "you" and "your," as defined above, also include SSAP and SSAT.

## REQUESTS FOR PRODUCTION

1. Documents sufficient to show (a) the divisions, departments and other organizations that have had responsibilities relating to LTD, STD, SSDI applications, SSDI referrals and SSDI offsets; (b) the nature of that division's, department's or other organization's responsibilities; and (c) the identity and job title of each management official or other high-level personnel in that division, department or other organization.

2. Documents sufficient to show the job titles and responsibilities of each potential witness identified in your Initial Disclosures.

3. All annual or quarterly reports, or business plans, that discuss LTD insurance, your reserves, or SSDI applications, referrals, estimates, awards or offsets.

action, factor or circumstance that may have an impact on whether applications are approved.

52. Documents sufficient to identify any litigation in which you were alleged to have engaged in bad faith denial of LTD coverage and a verdict was reached, or a judgment was entered, against you.

53. All documents relating to any governmental investigation, inquiry or complaint relating to the manner in which you set or change policy or claims reserves, or into SSDI applications by your insureds.

54. All documents analyzing, discussing or otherwise relating to the reassessment process, multistate settlement, or settlement with the State of California, by UnumProvident or its subsidiary corporations.

55. All reports, analyses or communications to companies or entities with more than 5,000 insureds covered by a LTD plan that you provide or administer, relating to SSDI applications, estimates or offsets or LTD claims experience or results.

56. Produce a specimen copy of all versions of your insurance policies, riders, contracts or amendments for LTD insurance (including all versions with language relating to SSDI applications, estimates or offsets).

57. Produce all documents relating to each claim for LTD benefits submitted to your company in January 2000 and January 2004.

58. All documents relating to:

(a) your responses or defenses to any claim or allegation in the Second Amended Complaint, including the defenses alleged in your answer to the Second Amended Complaint.

(b) your contention that your practices or policies relating to SSDI applications, offsets, estimates or other practices challenged in the Second Amended Complaint are common industry practices.

(c) whether there has been public disclosure of any of the practices or policies alleged in the Second Amended Complaint.

(d)  whether the LTD case managers, LTD senior case managers, LTD team leaders, and LTD claims associates or specialists at Life Insurance Company of North America, Insurance Company of North America, INA Life Insurance Company of New York and Connecticut General Life Insurance Company, are employees of, compensated by, or receive W-2 Wage and Tax Statements from, or on behalf, of Cigna Corporation.

(e)  any revenue, payment, reimbursement or other financial benefit to Cigna Corporation receives from Life Insurance Company of North America, Insurance Company of North America, INA Life Insurance Company of New York or Connecticut General Life Insurance Company, Social Security vendors, insureds, or any LTD plan administered by you related to LTD insurance premiums, Social Security offsets, or other revenues or income derived from the LTD insurance business.

64.  Documents sufficient to identify accurately and completely the names and positions of your CEO's, CFO's, presidents, vice-presidents, officers and directors.

Dated:     March 23, 2007                           /s/ Peter B. Krupp

Mary Louise Cohen                                   Peter B. Krupp, B.B.O. #548112
Colette G. Matzzie                                  LURIE & KRUPP, LLP
PHILLIPS AND COHEN                                  One McKinley Square
2000 Massachusetts Ave., NW                         Boston, MA 02109
Washington, D.C. 20036                              Tel: (617) 367-1970
Tel: (202) 833-4567                                 Fax: (617) 367-1971
Fax: (202) 833-1815
                                                    Counsel for Dawn Barrett
Kit A. Pierson
Stuart M. Rennert
HELLER EHRMAN LLP
1717 Rhode Island Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 912-2000
Fax: (202) 912-2020

CERTIFICATION OF SERVICE

I hereby certify that this document was sent by electronic mail, and by Federal Express mail, postage prepaid on the following addressees on March 23, 2007:

R.J. Cinquegrana
Karen Collari Troake
CHOATE, HALL & STEWART
Two International Place
Boston, Massachusetts 02110

/s/ Kit A. Pierson
Kit A. Pierson