**EXHIBIT C**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*EX REL.* DAWN BARRETT,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA CORPORATION and<br>LIFE INSURANCE COMPANY<br>OF NORTH AMERICA<br><br>Defendants. | Civil Action No. 03-12382-MLW |

## RELATOR'S RESPONSE TO
## DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Relator Dawn Barrett ("Relator") answers and asserts the following objections to Defendants' First Set of Interrogatories as follows:

### DEFINITIONS

1. The term "defendants" as used in Relator's objections and answers to Defendants' First Set of Interrogatories refers to and includes CIGNA, LINA, CLICNY, and CGLIC.

### GENERAL OBJECTIONS

1. The following objections apply to each of defendants' specific Interrogatories and are herby incorporated in each of the responses to those Interrogatories set forth below.

2. Relator objects to defendants' Interrogatories and the Definitions and Instructions to the extent they purport to impose discovery obligations beyond those of the Federal Rules of

Civil Procedure, the Local Rules of the District of Massachusetts or any other applicable rules, statutes or common law requirements.

3.  Relator objects to these Interrogatories to the extent they seek information protected by attorney-client privilege, attorney work product immunity, joint prosecution privilege, joint defense privilege, common interest privilege or any applicable privilege, rule or duty that precludes or limits production or disclosure of information. Inadvertent disclosure of any privileged or otherwise confidential information shall not operate as a waiver of any applicable privilege, work product protection, exemption or immunity.

4.  Relator objects to these Interrogatories to the extent that they seek information subject to confidentiality agreements, protective orders and/or any other obligation pursuant to which Relator is required to protect and/or maintain the confidentiality of any third-party's documents or information.

5.  Relator objects to these Interrogatories to the extent that they seek information which is not relevant to any claim or defense of any party in this action and does not come within the scope of Rules 26 or 33 of the Federal Rules of Civil Procedure.

6.  Relator objects to these Interrogatories on the grounds and to the extent that they require Relator to provide information which is generally available in the public domain.

7.  Relator objects to each Interrogatory to the extent that it attempts to require Relator to provide information that is not within Relator's possession, custody or control. Relator further objects to each Interrogatory to the extent it seeks to impose on Relator any obligation to investigate or discover information from third parties who are equally accessible to defendants.

8. Relator objects to these Interrogatories to the extent they attempt to require Relator to provide information that is solely in the possession of Relator's attorneys due to their representation of Patrick Loughren in *United States ex. rel. Loughren v. UnumProvident Corp.* Relator does not consider any such information to be within her possession, custody, or control.

9. Some of the interrogatories that Defendants have propounded explicitly seek the basis for legal contentions that Relator may or may not make in this case. Defendants are propounding such contention interrogatories at an early stage of discovery in this case, at a time when no depositions have been taken, no claims files have been produced, and Defendants have produced very few documents. Relator reserves the right to make or not make any legal arguments or contentions in this case, and to conform any and all legal arguments to the factual record developed in this case

10. These responses are based on Relator's knowledge, search and investigation to date. Relator notes that this case is at the beginning stages of discovery and that the defendants have not produced significant amounts of documents, any claims files, or testimonial discovery. These responses will be supplemented pursuant to Federal Rule of Civil Procedure 26(e) if further information becomes available.

## RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES

### INTERROGATORY NO. 1:

Identify the person or persons who prepared or in any way assisted in preparing any of the answers to these interrogatories, and, as to each person, identify which answer(s) or portion of the answer(s) the person(s) prepared or assisted in preparing.

### RESPONSE TO INTERROGATORY NO. 1:

Relator objects to Interrogatory No. 1 as seeking disclosure of privileged attorney-client communications or attorney work product. Relator further objects to Interrogatory No. 1 as overly broad, irrelevant and not reasonably calculated to lead to the discovery of admissible

3

understanding, based on her own experience, as well as a result of communications with co-workers and agents for defendants, that defendants and their agents have concealed from SSA other information directly pertinent to the claimant's eligibility for SSDI. For example, it is Relator's understanding that defendants and their agents do not disclose to SSA defendants' own evaluation of how long they expect the claimant's disability to last or any decision made by defendant about when to terminate own occupation coverage (or whether own occupation coverage has been terminated). Moreover, it is Relator's understanding, based on her own experiences and communications with co-workers and agents of defendants that defendants or their agents do not disclose to SSA the manner and coercive techniques by which they are causing their insureds to make application for SSDI, and do not disclose the lack of evaluation or analysis performed by defendants and their agents concerning whether the applicant is eligible for SSDI prior to causing the claimant to submit an application.

**INTERROGATORY NO. 28:**

Describe every example of a "false or fraudulent claim[]" which the Defendants caused to be filed with the SSA, including, but not limited to, Claimants A through D (as alleged in Paragraphs 168-210 of the Complaint).

**RESPONSE TO INTERROGATORY NO. 28:**

Relator objects to Interrogatory No. 28 as overly broad and unduly burdensome. Relator further objects to Interrogatory No. 28 to the extent it seeks privileged attorney-client communications or communications, attorney work product and/or trial preparation materials. Subject to these objections and Relator's general objections, Relator answers as follows: It is Relator's understanding, based on her own experiences as well as a result of communications with co-workers and agents for defendants, that defendants have misled, coerced and/or otherwise caused many Long Term Disability ("LTD") claimants to file for Social Security Disability Insurance benefits ("SSDI") regardless of whether they were eligible for such benefits

37

and that this practice has, in fact, caused the filing of false claims with the Social Security Administration. It is Relator's understanding, based on her own experiences as well as a result of communications with co-workers and agents for defendants, that many claimants have been required and coerced to submit SSDI applications, without any appropriate evaluation of whether the individual meets the SSDI eligibility requirements..

Any identification of false claims at this stage in the litigation – where full discovery has not been provided by defendants and expert reports and discovery are scheduled to be conducted much later in the case – is preliminary and is subject to further analysis as full discovery is completed and expert reports are prepared. Based on the incomplete record that currently exists, Relator believes a potential false or fraudulent claim was presented by each and every claimant who meets the following criteria:

1. The defendants caused the claimant to file an application for SSDI.
2. The claimant's application for SSDI was denied.
3. The claimant's LTD benefits were terminated based on
    a. Defendants' determination that the claimant was no longer limited from performing his or her own occupation under an "own occupation" definition of disability; or
    b. upon a change in the policy's definition of disability from "own occupation" to "any occupation," defendants' determination that the claimant was not limited from performing the duties of any occupation.

Additionally, a potential false or fraudulent claim was presented by each and every claimant who meets the following criteria:

1. The defendants caused the claimant to file an application for SSDI.

2. The claimant's application for SSDI was denied.

3. The claimant's impairment was substance abuse, including alcoholism or drug addiction.

A potential false or fraudulent claim was also separately presented by each and every claimant who meets the above criteria and who defendants caused to file a Notice of Reconsideration of an SSDI denial, or appeal from a Notice of Reconsideration where the Reconsideration or appeal was denied.

Relator believes that in all likelihood defendants' practices have caused the submission of very large numbers of false claims to the federal government. Examples of false or fraudulent claims that defendants have caused to be filed include, but are not limited to, Claimant A through Claimant D, as set forth in ¶¶ 168 – 210 of Relator's Second Amended Complaint and Demand for Jury Trial.

**INTERROGATORY NO. 29:**

In relation to Paragraph 212 of the Complaint, state the basis for your contention that the Defendants' use of "'social security specialists' . . . [increases substantially] the likelihood that the claim will stay in the SSDI claims review process and eventually be approved."

**RESPONSE TO INTERROGATORY NO. 29:**

Relator objects to Interrogatory No. 29 as a premature contention interrogatory. Subject to this objection and Relator's general objections, Relator answers as follows: Discovery on defendants' policies and practices is incomplete and ongoing at this time. It is Relator's understanding, based on her own experiences as well as a result of communications with co-workers and agents for defendants, that defendants have referred LTD claimants to outside vendors and social security specialists, such as Advantage 2000 Consultants, Inc. *See* BAR000187-BAR000198. It is also Relator's understanding, based on her own experiences as well as a result of communications with co-workers and agents for defendants, that defendants

fact witnesses it intends to call at trial. Additionally, at the appropriate time as set forth by the Federal Rules of Civil Procedure and directed by the Court, Relator will provide a list of fact witnesses it intends to call at any hearing other than trial that may occur

Dated: October 3, 2007

*Carl S. Nadler /SAR*
_____
Carl S. Nadler

Mary Louise Cohen
Colette G. Matzzie
PHILLIPS AND COHEN LLP
2000 Massachusetts Ave., NW
Washington, DC 20036
Tel: (202) 833-4567
Fax: (202) 833-1815

Kit A. Pierson
Carl S. Nadler
Stuart M. Rennert
HELLER EHRMAN LLP
1717 Rhode Island Avenue, NW
Washington, DC 20036
Tel: (202) 912-2000
Fax: (202) 912-2020

Peter B. Krupp, B.B.O. #548112
LURIE & KRUPP, LLP
One McKinley Square
Boston, MA 02109
Tel: (617) 367-1970
Fax: (617) 367-1971

*Counsel for Dawn Barrett*

## CERTIFICATION OF SERVICE

I hereby certify that this document was sent by electronic mail, and by Federal Express mail, postage prepaid on the following addressees on October 3, 2007:

Karen Collari Troake
CHOATE, HALL & STEWART
Two International Place
Boston, Massachusetts 02110

_____
Shari A. Rose

## **VERIFICATION**

I, Dawn M. Barrett, hereby certify, pursuant to 28 U.S.C. § 1746 and under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct to the best of my personal knowledge, information and belief.

DATE: 10/3/07

Dawn M. Barrett