# Exhibit A



CHOATE HALL & STEWART LLP

Karen Collari Troake
(617) 248-5192
ktroake@choate.com

November 14, 2007

BY E-MAIL AND FIRST CLASS MAIL

Thomas S. Kimbrell, Esq.
Heller Ehrman LLP
1717 Rhode Island Avenue, NW
Washington, DC 20036

Re:  *United States of America, ex rel. Barrett
     v. CIGNA Corporation et al.
     Civil Action No. 03-12382-MLW (D. Mass.)*

Dear Tom:

I am writing in response to your letter of yesterday and our e-mail exchange of November 6, 2007.

First, your letter (as has been the case in prior correspondence) misleading states that you have asked us to proceed with producing the electronic information that remains the subject of negotiation and for which Relator has changed her proposal on numerous occasions. As stated previously and due to the breadth of information requested, our client will not process the request for electronic information until the parties are agreed on the fields to be included and the scope. As you know, Relator recently provided to us a list of almost 90 additional fields that she seeks to include. We have been working with our client to understand the requested fields and whether the information that may be contained in those fields is responsive. Until this is resolved, our client will not process the requested data.

Second, your letter misconstrues our prior e-mail exchange in numerous ways and, in light of the parties dealings on these issues to date, is a clear demonstration of the Relator's continued lack of good faith. First, your statement that my November 6th e-mail "left [Relator] no choice but to ask you to run an electronic report for . . . all LTD applicants . . .", ignores the fact that *Relator* originally requested and confirmed that the electronic data should include *all* LTD claims opened during the relevant period. *See* Letter from Carl S. Nadler to Karen Collari Troake dated July 25, 2007 ("The

Thomas S. Kimbrell, Esq.
November 14, 2007
Page 2

production of electronic information should include *all long-term disability [ ] claimants . . ..*" (emphasis added)); E-mail from Carl S. Nadler to Karen Collari Troake dated August 21, 2007 ("Yes, we mean LTD claims opened on or after 1/1/96."). Thereafter, Relator narrowed the scope of her request and asked for only those LTD claims "that were approved", without any caveats, conditions or requested representations. *See* Letter from Carl S. Nadler to Karen Collari Troake dated October 9, 2007 ("Relator clarifies that she is asking [LINA] to produce the electronic data only on behalf of individuals that [LINA] actually approved for LTD benefits, not all individuals that applied for LTD benefits.") Only after we asked you to confirm that we should proceed on the basis of Relator's revised request, did Relator (again) change the parameters and seek the representation as stated in your November 6, 2007 e-mail.

Third, your e-mail requested that our client either: (1) include all LTD claims that were opened in the relevant period (as originally requested and confirmed by Relator); or (2) some subset of LTD claims that excluded those claims for which our client "can verify that the LTD applicant never applied for SSDI in connection with the disability that was the basis for the claim for LTD." As noted in my e-mail of November 6th, our client will produce electronic information (subject to further negotiation between the parties as noted above) for all LTD claims opened in the relevant period as originally and unconditionally requested by the Relator and as requested in your November 6th e-mail. My statements regarding your alternative proposal (made for the first time in your e-mail) merely state the obvious, *i.e.* that your requested representation is not reasonable or realistic. Specifically, in many circumstances our client may never know whether an LTD claimant applied for SSDI, nor whether, if they applied, whether it relates to the same, related or entirely different medical condition or disability. To the extent that you have read something else into my e-mail, you are mistaken.

Finally, your letter poses a different question than that posed in your e-mail of November 6th. If the question is whether our client has the capability to exclude from the electronic data, LTD claimants for whom there is no electronic data indicating that they applied for SSDI, this is entirely different from what was requested previously. Please confirm whether this is what Relator is now seeking and we can then discuss it with our client.

Thomas S. Kimbrell, Esq.
November 14, 2007
Page 3

Sincerely,

Karen Collari Troake

cc: R.J. Cinquegrana, Esq.
Richard C. Abati, Esq.

4271500v1