UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*EX REL.* DAWN BARRETT,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA CORPORATION and<br>LIFE INSURANCE COMPANY<br>OF NORTH AMERICA<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 03-12382-MLW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT REPORT ON STATUS OF SETTLEMENT

The parties filed a Joint Report on Status of Settlement on October 17, 2007 (Docket Entry No. 92). On November 13, 2007, the Court instructed the parties to confer further about the issues raised in the October 17, 2007 joint report and to provide the Court with a further report concerning mediation by December 20, 2007. Pursuant to the Court's instruction, the parties now report that the case has not settled, and that there are no ongoing settlement discussions. Each party's position on mediation is set forth below.

Relator's Position:

Relator continues to believe that all parties would benefit from participating in a mediation to be conducted by a mutually agreeable outside mediator. Relator's counsel proposed that to facilitate the mediation, Defendants should produce a relatively small, statistically relevant, sample (identified by Relator) of the insurance claims files for the

claimants at issue in this case. This sample of claims files would provide the parties with a factual basis to discuss Defendants' practices alleged in this suit, and the parties could use this information to move forward with mediation in an effort to settle this matter.

Relator first proposed this mediation process in advance of the October 17 Report. Relator provided Defendants with additional information regarding her proposal on November 28, 20007, and on December 14, 2007 answered a series of specific questions raised by Defendants regarding the proposal. Relator is unaware of any further information Defendants need to consider Relator's mediation proposal, but stands ready to provide any additional information on request.

Relator has made clear that Defendants would also be able to supplement the discussion with information from its own sample if necessary, and/or that Relator would work with Defendants to find a mutually agreeable statistician to select a sample for both parties. Relator has made clear to Defendants that she would consider any modifications Defendants might propose to her proposal, but to date Defendants have proposed no modifications.

Relator has also asked Defendants for alternative proposals for how to move forward with settlement, but Defendants have to date made none. Based on Defendants' statement below, there is apparently not an immediate prospect for a mediation. Because Relator believes that mediation has a good prospect of saving the Court and parties substantial time and resources, Relator remains ready to work with Defendants whenever they become ready to move forward with a fair and mutually agreeable process.

Defendants also make arguments below about the merits, which are incorrect on both factual and legal grounds, and which are neither helpful nor appropriate in this

submission about mediation. Relator is in the process of identifying false claims, and is awaiting additional necessary discovery from Defendants in order to complete that process. Relator is confident that Defendants face substantial liability in this matter. In any event, even though the parties have disagreements on the merits, there is no impediment to exploring settlement through mediation as the parties have, or through the sampling procedure proposed by Relator would gain, the information they need to assess the relative strengths and weaknesses of the case.

Defendants' Statement

As stated previously, Defendants are willing to discuss early resolution of this case. However, Defendants still do not believe mediation would be productive at this time. Although Defendants have produced over 150,000 pages of documents (including hundreds of LTD claim files requested by Relator), Relator has yet to identify any false claims as specifically requested in interrogatories propounded by Defendants. Moreover, Defendants believe that the Social Security Administration has been fully aware of the practices at issue for many years and has never indicated any objection to this practice. Accordingly, Defendants remain skeptical that they will face any liability for the actions alleged by Relator and that a mediation at this time would be productive.

Moreover, with respect to her current mediation proposal, Relator only recently provided some additional detail requested by Defendants regarding the precise parameters of the so-called claim file sample. Many of the details of Relator's proposal remain unclear, including the parameters of Relator's proposed sampling and statistical analysis. The parties' negotiations regarding a more detailed and concrete proposal are, therefore, in their early stages. As discovery moves forward and the scope of Relator's

proposal is further defined, Defendants are open to revisiting the issue of mediation.

                                                Respectfully submitted,

| | |
|---|---|
| DAWN BARRETT, | CIGNA CORPORATION AND LIFE INSURANCE COMPANY OF NORTH AMERICA, |
| By her attorneys, | By their attorneys, |
| /s/ Peter B. Krupp | /s/ Christine J. Wichers |
| Peter B. Krupp, (BBO# 548112) | Mitchell H. Kaplan (BBO# 258940) |
| LURIE & KRUPP, LLP | R. J. Cinquegrana (BBO # 084100) |
| One McKinley Square | Christine J. Wichers (BBO #631857) |
| Boston, MA 02109 | Richard C. Abati (BBO # 651037) |
| (617) 367-1971 | CHOATE, HALL & STEWART |
| | Two International Place |
| Mary Louise Cohen | Boston, Massachusetts 02110 |
| Colette G. Matzzie | (617) 248-5000 |
| PHILLIPS & COHEN, LLP | |
| 200 Massachusetts Avenue, N.W. | |
| Suite 100 | |
| Washington, D.C. 20036 | |
| (202) 833-4567 | |
| | |
| Carl S. Nadler | |
| Stuart Rennert | |
| HELLER EHRMAN, LLP | |
| 1717 Rhode Island Avenue, N.W. | |
| Washington, D.C. 20036 | |
| (202) 912-2000 | |

Dated: December 20, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 20, 2007.

/s/ Christine J. Wichers
Christine J. Wichers

4284033v1