UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>*ex rel.* DAWN BARRETT, )<br>　　　　　　　　　　　　　　　)<br>　　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　)<br>v. 　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>CIGNA CORPORATION and LIFE )<br>INSURANCE COMPANY OF NORTH )<br>AMERICA 　　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>　　　　　Defendants. 　　　　)<br>_____) | Civil Action No. 03-12382-MLW |

### RELATOR'S MEMORANDUM IN SUPPORT OF HER MOTION FOR AN ORDER COMPELLING DISCLOSURE OF CLAIMANT FILES AND INFORMATION

Relator requested electronic records from defendants relating to all Long Term Disability applicants from January 1996 through 2008, including, for each applicant, the claimant's name and contact information, disability diagnosis code, and all information related to Social Security Disability Insurance ("SSDI") applications and denials. This information is essential to Relator's ability to select a statistically valid sample of claims files for review and analysis by her experts. Although defendants eventually produced some electronic records[1]— more than seven months after they were originally requested

---

[1] The parties are currently engaged in discussions regarding the sufficiency of defendants' electronic data production. One of the many issues that the parties are discussing is the fact that defendants' production consists solely of twenty-five unrelated tab-delimited text tables. The original database from which the information was produced, however, included information on how the twenty-five tables were related.

*(Footnote continued)*

— they redacted all of the information that would identify the claimants whose information is reflected in the files, thus sharply limiting Relator's ability to seek related information on these claimants (from, for example, the Social Security Administration). For each claimant, defendants redacted the claimant's name, social security number, home mailing address, telephone number and date of birth, as well as other identifying information. Defendants should be ordered to produce this information to Relator.[2] Defendants assert that six state privacy laws (which, of course, do not apply to the vast majority of the claimants who reside in the other forty-four states) and the federal Public Health Service Act, 42 U.S.C. § 290dd-2, require that they withhold identifying information for *all* claimants in the electronic production. Defendants' position is overbroad. The Public Health Service Act, 42 U.S.C. § 290dd-2, relates only to records regarding substance abuse that are maintained by federally funded programs. Five of the state laws defendants rely upon govern only the disclosure of HIV-related information. *See* Conn. Gen. Stat. § 19a-583; Mich. Comp. Laws § 333.5131; N.J. Stat. § 26:5C-9; N.Y. Pub. Health Law § 2785; Wash. Rev. Code § 70.24.105. The remaining law defendants rely on is a Rhode Island statute regarding patient-physician confidentiality.

---

Without additional information defining the relationship between the tables, the data may be unusable.

[2] Once the issues concerning the sufficiency of defendants' electronic claims file production are resolved, Relator intends to request a sample of at least several hundred physical claims files for further review. At a minimum, defendants should be ordered to produce all claimant contact information for the smaller sampled population.

The Court should order defendants to produce personally identifying information governed by the Public Health Service Act, 42 U.S.C. § 290dd-2. Relator has alleged a decade-long fraudulent scheme of forcing ineligible claimants to file for SSDI that has resulted in significant cost to the Social Security Administration. As such, the public interest weighs in favor of full production of relevant information in this case. And because all claimant information is treated as "Highly Confidential" under the protective order, disclosure poses no threat of injury to the patient, to the physician-patient relationship, or to the treatment services.

Additionally, state privacy laws do not provide a basis for withholding information in a federal question case like this one.[3] Relator's claims were brought under the federal False Claims Act. As such, questions of privilege — including questions relating to medical records and patient privacy — are governed by federal common law, not state law. The Court should order defendants to cease from withholding information based on state-created privacy laws and produce the withheld information to Relator.[4]

---

[3] Moreover, these laws relate, at most, to only a small fraction of defendants' Long Term Disability applicants. Defendants did not just refuse to produce information related to claimants it believed to be affected by these laws. Instead, defendants withheld identifying information for all claimants.

[4] In addition to the electronic data, defendants have also withheld one claims file in its entirety because it contains confidential health information. (*See* Decl. of Thomas S. Kimbrell in Supp. of Relator's Mot. for an Order Compelling Disclosure of Claimant Files and Information ("Kimbrell Decl.") ¶ 6.)

**I.     BACKGROUND**

On March 23, 2007, defendants filed an Assented-To Motion for an Order Governing Disclosure of Claimant Files Containing Confidential Health Information. (Docket No. 88.)  In anticipation of Relator's discovery requests, defendants sought an order allowing them to produce records they believed may otherwise be precluded from disclosure by the Public Heath Service Act, 42 U.S.C. § 290dd-2 and six state laws.  (*See* Assented-To Mot. for an Order Governing Disclosure, Docket No. 88, ¶ 2 (citing Conn. Gen. Stat. § 19a-583; Mich. Comp. Laws § 333.5131; N.J. Stat. § 26:5C-9; N.Y. Pub. Health Law § 2785; R.I. Gen. Laws § 5-37.3; Wash. Rev. Code § 70.24.105).)  In a Memorandum and Order dated June 29, 2007, the Court ruled that the motion was premature.  The Order stated: "If the plaintiff does in fact request product[ion] of information that the defendants believe to be privileged, they may, at that time, withhold that information pursuant to Federal Rule of Procedure 26(5)(A) or later seek other appropriate action pursuant to Federal Rule of Procedure 26(5)(B).  Should the plaintiff[] object to such actions, the court will determine the applicability of the privilege at that time." (Mem. & Order, Docket No. 90, at 2.)[5]

On December 10, 2007, defendants informed Relator that they would redact claimant identifying information from its production of electronic data based on issues

---

[5] The Court's Memorandum and Order also instructed that "in cases where a party seeks immunity from state law, it is appropriate to give notice to the Attorney General of the relevant state." (Mem. & Order, Docket No. 90, at 1.)  Relator has accordingly served a copy of this motion on the Attorney General for the states of Connecticut, Michigan, New Jersey, New York, Rhode Island, and Washington.

raised in the Assented-To Motion for an Order Governing Disclosure of Claimant Files Containing Confidential Health Information.  (*See* Kimbrell Decl. ¶¶ 2-5.)  As defendants have now withheld information requested by Relator through discovery, the time is now ripe for the Court to resolve these issues.

## II.     ARGUMENT

### A.     Good Cause Exists for Disclosure of Records Covered by the Public Health Service Act, 42 U.S.C. § 290dd-2

Defendants claim that the claimant identifying information was withheld, in part, pursuant to the Public Health Service Act, 42 U.S.C. § 290dd-2.  The Act states that certain patient records relating to substance abuse shall be treated as confidential.  42 U.S.C. § 290dd-2.  However, "[s]ection 290dd-2 ***does not*** create a privilege that covers any and all records of substance abuse treatment."  *Beard v. City of Chi.*, No. 03 C 3527, 2005 U.S. Dist. LEXIS 374, at *11 (N.D. Ill. Jan. 7, 2005) (emphasis added).  "Rather, the statute applies only to those records maintained in connection with the performance of any 'program or activity' relating to substance abuse education, prevention, training, treatment, rehabilitation or research, and only if those programs are 'conducted, regulated or directly or indirectly assisted by any department or agency of the United States.'"  *Id.* at *11-*12; 42 U.S.C. § 290dd-2(a).  The burden is on the defendants to establish that the withheld information is protected by the Public Health Service Act.  *See Beard*, 2005 U.S. Dist. 374, at *11-*12.  Here, defendants have not established that any information withheld is actually covered by the Act.

5

But even if certain claimant identifying information were covered by the Public Health Service Act, this Court should still order defendants to produce it. Records protected under the Act may be disclosed pursuant to an "order of a court of competent jurisdiction granted after application showing good cause therefor." 42 U.S.C. § 290dd-2(b)(C). "In assessing good cause the court shall weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services." *Id.*

Good cause exists here. Full and complete discovery is necessary to enable Relator to litigate its claims under the False Claims Act on behalf of the federal government. Relator has alleged that defendants have engaged in an unlawful scheme in which they caused ineligible insureds to file for SSDI. Relator further alleges that defendants' scheme imposed massive administrative costs on the already overburdened Social Security program. There is a strong public policy interest in allowing Relator access to the relevant records in order to litigate these claims. Records relating to defendants' treatment of claimants suffering from substance abuse are of particular relevance to this case. Claimants disabled due to substance abuse are not eligible for SSDI under the Social Security Act. *See* 42 U.S.C. § 423(d)(1)(C).

Finally, disclosure of this information to the Relator will not result in injury to the patient, to the physician-patient relationship or to the treatment services. All claimant information produced in this case is treated as "Highly Confidential" under the terms of the Protective Order and will not be made publicly available. As such, the balance weighs in favor of disclosure.

### B. State-Created Privacy Laws Do Not Preclude Production of the Claimant Identifying Information

"In federal question cases, federal common law controls the existence and application of evidentiary privileges." *In re Admin. Subpoena Blue Cross Blue Shield of Mass., Inc.*, 400 F. Supp. 2d 386, 389 (D. Mass. 2005); Fed R. Evid. 501; *see also Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367 n.10 (9th Cir. 1992) ("[T]he federal courts will recognize state privileges only in cases in which 'state law supplies the rule of decision.'"). "The Supremacy Clause of the United States Constitution (as well as Federal Rule of Evidence 501) prevent a State from directing a federal court with regard to the evidence it may order produced in the adjudication of a federal claim." *Kalinoski v. Evans*, 377 F. Supp. 2d 136, 140 (D.D.C. 2005) (finding that District of Columbia privilege rule did not prohibit production of information in federal case). As such, state-created privileges do not apply in federal question cases. *Id.* This is equally true where the claimed privilege is based on medical privacy laws, such as those asserted by the defendants here. *See Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 925-26 (7th Cir. 2004) (Illinois medical records privilege did not apply in federal question case); *Beard*, 2005 U.S. Dist. 374, at *18 (state medical privilege was not applicable because "in a federal-question case, 'the contours and exceptions of such privileges are clearly a matter of federal common law; state-created principles of privilege do not control'"); *see also In re Grand Jury Proceedings*, 450 F. Supp. 2d 115, 118-19 (D. Me. 2006) (Maine medical-privacy law did not apply in the context of a federal grand-jury investigation).

7

Federal courts should not recognize state privileges unless this "'can be accomplished at no substantial cost to federal substantive and procedural policy.'" *In re Admin. Subpoena*, 400 F. Supp. 2d at 390 (citation omitted) (refusing to recognize medical peer review privilege in federal criminal investigation concerning health care fraud). "The enforcement of federal law might be hamstrung if state-law privileges more stringent than any federal privilege regarding medical records were applicable to all federal cases." *Nw. Mem'l Hosp.*, 362 F.3d at 925. And "because evidentiary privileges operate to exclude relevant evidence and thereby block the judicial fact-finding function, they are not favored and, where recognized, must be narrowly construed." *Mem'l Hosp. v. Shadur*, 664 F.2d 1058, 1061 (7th Cir. 1981).

In *Shadur*, plaintiff alleging federal and state antitrust claims sought records protected by the Illinois Medical Studies Act. *Id.* at 1060. While recognizing that the policy behind the Medical Studies Act was "substantial," the court found that "the public interest in private enforcement of federal antitrust law in this context is simply too strong to permit the exclusion of relevant and possibly crucial evidence by application of the [state] privilege." *Id.* at 1063. Similarly, here there is a strong public interest in the private enforcement of the federal False Claims Act. And, as described above, disclosure of the withheld information will not result in injury to individual patients or the patient-physician relationship. As such, the Court should order defendants to produce any information withheld on the basis of state-created privileges, including any information withheld pursuant to Conn. Gen. Stat. § 19a-583, Mich. Comp. Laws § 333.5131, N.J.

8

Stat. § 26:5C-9, N.Y. Pub. Health Law § 2785, R.I. Gen. Laws § 5-37.3, and Wash. Rev. Code § 70.24.105).

### C. There Is No Basis for Defendants to Withhold Information Not Covered by the Six State Privacy Laws or the Public Health Service Act

The vast majority of claimant records contained in defendants' electronic production are not affected by the Public Health Service Act or the six state privacy laws discussed above. As there are no privilege issues relating to these claimants and no basis for redacting claimant identifying information, the Court should order defendants to produce unredacted information for all claimants unaffected by the Public Health Service Act or the six state privacy laws at issue.

## III. CONCLUSION

Relator's motion should be granted. The Court should order defendants to produce all claimant identifying information withheld from the electronic data, as well as any other information withheld on the basis of state-created privileges or the Public Health Service Act. (*See* Kimbrell Decl. ¶ 7, Ex. A ([Proposed] Order Granting Relator's Motion for an Order Compelling Disclosure of Claimant Files and Information).)

Dated:  March 19, 2008						Respectfully submitted,


								/s/ Carl. S. Nadler
								Carl S. Nadler


Mary Louise Cohen						Peter B.  Krupp, B.B.O.  #548112
Colette G.  Matzzie						LURIE & KRUPP, LLP
PHILLIPS AND COHEN LLP					One McKinley Square
2000 Massachusetts Ave., NW					Boston, MA 02109
Washington, DC 20036						Tel: (617) 367-1970
Tel: (202) 833-4567						Fax: (617) 367-1971
Fax: (202) 833-1815

Carl S. Nadler
Stuart M. Rennert
HELLER EHRMAN LLP
1717 Rhode Island Avenue, NW
Washington, DC 20036
Tel: (202) 912-2000
Fax: (202) 912-2020

								*Counsel for Dawn Barrett*

# CERTIFICATE OF CONFERENCE

This is to certify that in accordance with Local Rules 7.1(A)(2), I conferred with counsel for the defendants by telephone on March 17, 2008, to discuss, *inter alia*, whether defendants would be prepared to assent to the filing of this motion. Defendants refused to assent to the relief requested.

/s/ Thomas S. Kimbrell
Thomas S. Kimbrell

# CERTIFICATE OF SERVICE

I, Barbara Carr, hereby certify that I caused a copy of this Relator's Memorandum in Support of her Motion for an Order Compelling Disclosure of Claimant Files and Information, which was electronically filed in this case, to be served on March 19, 2008, to the following, in the manner described below:

| | |
|---|---|
| Christine J. Wichers<br>Richard C. Abati<br>Choate, Hall & Stewart, LLP<br>Two International Place<br>Boston, MA 02110 | (X) By ECF |
| Richard Blumenthal<br>Attorney General for Connecticut<br>Office of the Attorney General<br>55 Elm Street<br>Hartford, Connecticut 06106 | (X) By certified mail |
| Mike Cox<br>Attorney General for Michigan<br>Michigan Department of Attorney General<br>G. Mennen Williams Building, 7th Floor<br>525 W. Ottawa St.<br>P.O. Box 30212<br>Lansing, MI 48909 | (X) By certified mail |

| | |
|---|---|
| Anne Milgram<br>Attorney General for New Jersey<br>Office of the Attorney General<br>Richard J. Hughes Justice Complex<br>25 Market St., CN 080<br>Trenton, NJ 08625 | (X) By certified mail |
| Andrew Cuomo<br>Attorney General for New York State<br>Office of the New York State Attorney General<br>Dept. of Law - The Capitol, 2nd fl.<br>Albany, NY 12224 | (X) By certified mail |
| Patrick Lynch<br>Attorney General for Rhode Island<br>Office of the Attorney General<br>150 S. Main St.<br>Providence, RI 02903 | (X) By certified mail |
| Rob McKenna<br>Attorney General for Washington State<br>State Office of the Attorney General<br>1125 Washington St. SE<br>PO Box 40100<br>Olympia, WA 98504-0100 | (X) By certified mail |

/s/ Barbara Carr
Barbara Carr