UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA *EX REL.* DAWN BARRETT, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 03-12382-MLW ) |
| CIGNA CORPORATION and LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) ) ) ) ) |
| Defendants. | ) ) |

**SOCIAL SECURITY ADMINISTRATION'S MEMORANDUM
IN SUPPORT OF ITS MOTION TO QUASH DEFENDANTS'
RULE 30(b)(6) DEPOSITION NOTICE AND RULE 45 SUBPOENA**

The Social Security Administration ("SSA") hereby moves to quash the subpoena issued by the defendants pursuant to Fed. R. Civ. P. 45 directing certain individuals to appear and give testimony at a deposition. No individuals have been authorized to provide testimony by the SSA, pursuant to the authority vested in it by the SSA's "*Touhy*" regulation set forth at 20 C.F.R. Part 403. Similar regulations governing federal employee testimony have consistently been upheld as legitimate. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951); *Smith v. Cromer*, 159 F.3d 875 (4th Cir.1998); *Swett v. Schenk*, 792 F.2d 1447 (9th Cir.1986). Accordingly, the defendants' subpoena should be quashed for noncompliance with SSA's *Touhy*[1]

---

[1] In *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), a prisoner in a federal habeas corpus proceeding issued a subpoena to an FBI agent for the production of certain documents. The agent was held in contempt because he refused to comply with the subpoena based on a Department of Justice regulation that prohibited disclosure of confidential information. The Supreme Court affirmed the reversal of contempt, finding that the FBI agent's refusal to produce documents in contravention of the regulation was lawful. The Court held that agency regulations that centralize decision-making are a valid

regulations. The defendants cannot simply disregard SSA's duly promulgated *Touhy* regulations.

Despite the defendants' noncompliance, SSA treated their subpoena as a *Touhy* request and denied it. Accordingly, this Court reviews SSA's final decision under the Administrative Procedures Act and its deferential standard of review. Because SSA's denial of the defendants' request for testimony is not arbitrary, capricious, an abuse of discretion, or otherwise contrary to law, SSA's decision should be upheld.

## **PROCEDURAL BACKGROUND**

On November 25, 2003, Plaintiff Dawn Barrett filed a complaint on behalf of the United States against Defendants CIGNA Corporation and Life Insurance Company of North America pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730. Plaintiff alleges, among other things, that the defendants knowingly caused false or fraudulent claims for Social Security Disability Insurance ("SSDI") benefits to be submitted to SSA by requiring all of its long term disability claimants to apply for SSDI benefits as a condition of receiving the full benefits to which they are entitled. On July 28, 2004, the United States declined to intervene in this action. Thereafter, Plaintiff filed a Second Amended Complaint, and the parties engaged in written discovery.

On February 26, 2008, the defendants served SSA with a Rule 30(b)(6) deposition notice and a Rule 45 subpoena. *See* Subpoena, attached as Exhibit A. The defendants' subpoena requested that SSA designate one or more employees to testify on March 10, 2008 about ten subject matters of inquiry that contain at least fifteen sub-parts. *Id.* By letter dated March 4,

---

exercise of Executive authority, as delegated by Congress.

2008, the United States advised the defendants that an SSA representative would be unable to appear at the deposition and that it intended to file a motion to quash the subpoena. *See* March 4 letter, attached as Exhibit B. On April 2, 2008, SSA sent a letter to the defendants' counsel advising them that SSA treated the Rule 30(b)(6) subpoena as an application for SSA employee testimony made under SSA *Touhy* procedures and further advising that SSA denied the request for testimony. *See* April 2 *Touhy* denial letter, attached as Exhibit C.

## ARGUMENT

**I.    SOCIAL SECURITY ADMINISTRATION EMPLOYEES HAVE NOT BEEN AUTHORIZED TO TESTIFY**

Under the so-called "housekeeping statute," Congress has granted the Executive Branch authority to "prescribe regulations for the government of [executive] department[s], the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property." 5 U.S.C. § 301. Pursuant to that statutory authorization, SSA has promulgated regulations which provide, *inter alia*, that

> An SSA employee can testify concerning any function of SSA or any information or record created or acquired by SSA as a result of the discharge of its official duties in any legal proceeding covered by this part only with the prior authorization of the Commissioner. . . . SSA maintains a policy of strict impartiality with respect to private litigants and seeks to minimize the disruption of official duties.

20 C.F.R. § 400.100.

Similar regulations have been unanimously held by the federal courts to be "valid insofar as it directs [current or former federal employees] not to testify without prior approval of the

proper Department official."[2]  *Cromer*, 159 F.3d at 878.  As this Court has explained, "[t]he Supreme Court has specifically recognized the authority of agency heads to restrict testimony of their subordinates through this type of regulation."  *Reynolds Metals Company v. Crowther*, 572 F. Supp. 288, 290 (D. Mass. 1982); *accord Boron Oil Co. v. Downie*, 873 F.2d 67 (4th Cir. 1989), ("*Touhy* is a part of an unbroken line of authority which directly supports [the] contention that a federal employee may not be compelled to obey a subpoena contrary to his federal employer's instructions under valid agency regulations."); *Louisiana v. Sparks*, 978 F.2d 226, 234 (5th Cir. 1992) ("As the Supreme Court has long held, such regulations unquestionably give Justice Department employees the authority, when so ordered by supervisors, to refuse to comply with a subpoena ordering disclosure of confidential files when the United States is not a party to a legal action.").

Under SSA's Touhy regulations, the defendants must submit a written application for testimony of an SSA employee describing in detail the nature and relevance of the testimony sought.  *See* 20 C.F.R. § 403.120(a)(1).  The description of the testimony must also include why the defendants need the testimony, why the information cannot be obtained elsewhere, and why such testimony would be in SSA's interest.  *See* 20 C.F.R. § 403.120(a)(2).  A complete application for testimony must be submitted at least 30 days in advance of the date that testimony is requested.  *See* 20 C.F.R. § 403.120(b).  Importantly, **no** federal employee may

---

[2]  In *In re Subpoenas in SEC v. Selden*, 484 F. Supp. 2d 105, 109 (D.D.C. 2007), the court denied the government's motion to quash a subpoena, holding that the FDA's *Touhy* regulations could not alter the procedures set forth in the Federal Rules of Civil Procedure.  In addition to not being binding on this Court, *Selden* is factually distinguishable.  In that case, the government sought to quash a subpoena in an action that it initiated.  Here, the government is not a party to this action because it declined to intervene, pursuant to the *qui tam* provisions of the False Claims Act.  Further, the First Circuit has held – in a case decided after *Selden* – that a party seeking information from the government must do so under the Administrative Procedures Act.  *Puerto Rico v. United States*, 490 F.3d 50, 61 (1st Cir. 2007).

appear as a witness in response to a subpoena unless authorized by the Commissioner. *See* 20 C.F.R. § 403.100; *accord Touhy*, 340 U.S. at 467.

In this case, the defendants decided to disregard SSA's valid exercise of statutory authority and simply issued a subpoena. The defendants cannot ignore an agency's *Touhy* regulations simply because they wish to; "jettisoning established rules to suit the fancy of individual litigants is not a step to be taken lightly under any circumstances." *In re Spittler*, 831 F.2d 22, 26 (1st Cir. 1987), *cert denied, Sun Pipe Line Co. v. Environmental Prot. Agency*, 486 U.S. 1055 (1988) (finding that District Court did not abuse its discretion in reviewing EPA's decision not to permit a federal official to testify under the Administrative Procedures Act); *Davis v. Braswell Motor Freight Lines, Inc.*, 363 F.2d 600 (5th Cir. 1966).

In *Braswell*, the Fifth Circuit reversed a district court's refusal to quash a non-party subpoena duces tecum directed to the National Labor Relations Board ("NLRB") where the party serving the subpoena failed to make a request for the evidence pursuant to NLRB regulations. *See Braswell,* 363 F.2d at 603. Although the court of appeals only begrudgingly reversed the case, it recognized that the legitimate purpose of *Touhy* regulations, to centralize an agency determination concerning compliance with a demand, could not be served absent a simple request under the regulations to the appropriate agency official. *Id*. at 602-03. The subpoenaing party argued that such a request would have been "an exercise in futility," but the court rejected the argument saying that "[a]pproval of such an excuse, even if meritorious in a particular case, would defeat the purpose of the regulation." *Id*. at 603.

The need to comply with *Touhy* regulations is not just academic. Failure of the defendants to seek authorization under SSA's duly promulgated *Touhy* regulations and simply

issuing a Rule 45 subpoena places any potential witness in an impossible situation.  Without a *Touhy* request, an agency employee has no authorization to testify.  So long as the *Touhy* regulations are properly promulgated and otherwise valid, the regulations have the full force and effect of law.  Accordingly, an employee cannot be forced to violate the regulations or be punished for complying with them.  Put simply, the employees are prohibited by federal law from testifying or producing documents in response to the subpoena.  *See* 20 C.F.R. § 403.100. Because the defendants did not comply with SSA's *Touhy* regulations – indeed, they made no attempt to comply – their subpoena should be quashed.

II.  **SSA'S DECISION TO DECLINE REQUEST FOR TESTIMONY IS REVIEWABLE UNDER THE ADMINISTRATIVE PROCEDURES ACT**

   A.  **SSA's Decision to Decline Defendants' Request for Testimony is Entitled to Deference.**

Despite the fact that the defendants failed to follow the procedures set forth in SSA's *Touhy* regulations, SSA has treated the subpoena as a *Touhy* request and has denied it.  *See* Letter dated April 2, 2008 at Exhibit C; *see also, Puerto Rico v. United States*, 490 F.3d 50, 61 (1st Cir. 2007) (finding that subpoena was properly treated as an administrative demand, and the FBI's decision not to release the requested information is reviewable under the Administrative Procedure Act's arbitrary and capricious standard).  A subpoena, which compels an officer of the United States to act, implicates the Government's sovereign immunity.  *See United States Envtl. Prot. Agency v. General Electric Co.*, 197 F.3d 592, 597 (2d Cir. 1999); *Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1989).  For the United States and its agencies to be subject to judicial proceedings, there must be an express waiver of sovereign immunity.  *See United States Envtl. Prot. Agency v. General Electric Co.*, 197 F.3d at 597.  The "only identifiable waiver of

sovereign immunity that would permit a court to require a response to a subpoena in an action in which the government is not a party is found in the A[dministrative] P[rocedures] A[ct]." *Id.* at 598. Therefore, the proper method for a requestor to challenge an agency's response to a *Touhy* request is a direct action against the agency under the Administrative Procedures Act, 5 U.S.C. §§ 702, *et seq*. *See, e.g.*, *Puerto Rico v. United States*, 490 F.3d at 60-61; *COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 274 (4th Cir. 1999).

When reviewing an agency's decision, courts must defer to the agency unless the requestor establishes, based solely on the agency record, that the agency's decision to withhold the requested testimony or documents is "arbitrary, capricious, an abuse of discretion of other wise not in accordance with the law." *Puerto Rico v. United States*, 490 F.3d at 61 (*citing* 5 U.S.C. § 706(2)(A)). In this context, an agency's "choice of whether or not to comply with a third-party subpoena is essentially a policy decision about the best use of the agency's resources."
*Id.* at 61; *see also COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 278 (4th Cir. 1999). The First Circuit has held that judicial review of an agency's decision to withhold testimony or information is "severely limited." *Puerto Rico v. United States*, 2006 U.S. Dist. LEXIS 70236, *41 (D.P.R. Sept. 26, 2006), *aff'd*, 490 F.3d 50 (1st Cir. 2007); *see also Davis Enter. v. EPA*, 877 F.2d 1181, 1186 (3d Cir. 1989). In such cases, "courts are only free to determine whether the agency followed its own guidelines or committed a clear error of judgment" and may not substitute its own judgment for that of the agency. *Puerto Rico v. United States*, 2006 U.S. Dist. LEXIS 70236, *41 (quoting *Davis Enter. v. EPA*, 877 F.2d at 1186).

**B.     SSA Properly Denied Defendants' Request for Testimony.**

SSA's decision to deny the defendants' request for testimony should be upheld because it is not arbitrary, capricious, an abuse of discretion, or otherwise contrary to law. *See* 5 U.S.C. § 706(2)(A). SSA properly denied the defendants' request for testimony from one or more employees about numerous subject matters because (1) the request is unduly burdensome, (2) the defendants seek information that is available by means other than the sworn testimony of SSA employees, (3) the request runs counter to the defendants' previous representations to SSA, and (4) the request does not serve SSA's interests.

First, it should be noted that SSA's *Touhy* regulations require the application for testimony come thirty days in advance of the date of testimony. In this case, the defendants subpoenaed the testimony fourteen days (only 8 business days) prior to the testimony date.

Second, SSA determined that the defendants' subpoena would impose a tremendous burden on the SSA. *See* Ex. C. The sheer breadth of the subject matters of inquiry would require the testimony of several SSA employees from day to day until the deposition is completed. The defendants are asking SSA to surrender an unknown number of its employees to testify for an unknown period of time in an action in which the Government is not a party. As the SSA indicated in its *Touhy* denial letter, "[t]his would result in the diversion of these SSA employees from their official duties for an unspecified amount of time." Ex. C, p. 2. The subpoena effectively nullifies the very purpose of SSA's valid *Touhy* regulations, which seek to "maintain[] a policy of strict impartiality regarding private party litigation and to minimize the disruption of official duties." *See* 20 C.F.R. § 403.100. Indeed, the sheer breadth of the defendants' subpoena contravenes "[t]he policy behind prohibition of testimony[, which] is to

conserve governmental resources where the United States is not a party to a suit, and to minimize a governmental involvement in controversial matters unrelated to official business." *Reynolds Metals Co. v. Crowther*, 572 F. Supp. 288, 290 (D. Mass. 1982).

Third, much of the information that the defendants seek is available in less burdensome forms, and some already has been provided to the defendants. The defendants requested that SSA produce documents about issues such as long term disability, offset of private benefits, and duties of representatives. *See* Exhibit A. In March, 2007, the defendants served SSA with a subpoena that requested similar information. Although SSA objected to the subpoena in March 2007, it cooperated with the defendants to produce the documents they sought. SSA produced documents to the defendants relating to the following subject matters in the Rule 30(b)(6) subpoena at issue here: No. 2 (percentage of applications granted at each stage of the administrative process); No. 7 (SSA's awareness of whether the enumerated disability providers require or encourage claimants to apply for SSDI benefits); No. 8 (SSA's awareness of whether the enumerated disability benefits providers offset the amount of their awards by the amount of SSDI benefits); and No. 9 (the amount of SSDI benefits estimated to be received). Moreover, the defendants also possesses much of the information that they now seek in subject maters 4 (information SSA requires an SSDI applicant to disclose to SSA about his or her potential recovery of benefits from other providers) and 6 (identification of all public disclosures in which SSA has taken the position about what acts or omissions constitute the filing of a false claim for SSDI benefits) because the requested information is discussed in a paper that SSA has already provided.

Finally, SSA determined that there are minimal interests for SSA to provide the requested

9

testimony.  SSA neither initiated nor consented to this litigation.  Further, the United States has declined to intervene in this case.  Providing this testimony would violate SSA's policy of impartiality amongst private litigants.  *See* 20 C.F.R. § 403.100.  While the essence of the law suit is a false claim allegation, the requested testimony is not required to prevent fraud.  Indeed, SSA has its own regulations and procedures to deal with fraud, and it does not need to involve itself in this deposition to address false applications.  SSA's interest, therefore, is not substantial.  Moreover, although many of the requests apparently do not pose a significant risk of violation of law or compromise of a Government privilege, responding to subject mater No. 6(b) requires SSA to reveal the methods and techniques it uses for fraud investigations, which could inadvertently assist individuals in evading SSA's detection of false or fraudulent claims.

**CONCLUSION**

For the reasons stated above, SSA respectfully requests that the Court grant its Motion to Quash the defendants' subpoena because Defendants failed to follow the procedures set forth in SSA's Touhy regulations and, even if they had, SSA's denial of the defendants' request for testimony is proper and is not arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                    United States Attorney

By:   /s/ Jeffrey M. Cohen
        Jeffrey M. Cohen
        Assistant U.S. Attorney
        John Joseph Moakley U.S. Courthouse
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
Dated: April 3, 2008                (617) 748-3100