AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
### District of Massachusetts

| | |
|---|---|
| UNITED STATES ex rel. DAWN BARRETT, Plaintiff, | **SUBPOENA IN A CIVIL CASE** |
| V. | |
| CIGNA CORPORATION et al., Defendants. | Case Number:[1] 03 12382 MLW |

TO: Social Security Administration
   10 Causeway Street, Room 148
   Boston, MA  02222

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Choate Hall & Stewart LLP, Two International Place, Boston, MA  02110 | DATE AND TIME  3/10/2008 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Christine J. Wichers, Attorney for Defendants  *Christi Wich* | 2/26/2008 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
| Christine J. Wichers, Choate Hall & Stewart LLP, Two International Place, Boston, MA  02110; (617) 248-5000 | |

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | Feb. 26, 2008 | U.S. Attorney's Office, Boston, MA |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| AUSA Jeffrey Cohen | email (.pdf) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Christine Wichers | Attorney for the Defendants |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  2/26/08
DATE

_Christi Wich_
SIGNATURE OF SERVER

Choate, Hall & Stewart LLP
ADDRESS OF SERVER

2 International Pl., Boston, MA 02110

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*EX REL.* DAWN BARRETT,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA CORPORATION and<br>LIFE INSURANCE COMPANY<br>OF NORTH AMERICA,<br><br>Defendants. | Civil Action No. 03-12382-MLW |

## NOTICE OF RULE 30(b)(6) DEPOSITION

TO:  All Counsel of Record

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) and Rule 45 of the Federal Rules of Civil Procedure, the undersigned attorneys for Defendants CIGNA Corporation ("CIGNA") and Life Insurance Company of North America ("LINA") (collectively, the "Defendants") will take the deposition upon oral examination of the Social Security Administration (the "SSA"), recorded by stenographer, sound and/or video, beginning at 9:00 a.m. on March 10, 2008, at the offices of Choate Hall & Stewart, Two International Place, Boston, MA 02110 or at such other place that may be mutually agreed upon by counsel.

Pursuant to Fed. R. Civ. P. Rule 30(b)(6), the SSA shall designate one or more officers, directors, managing agents, or other persons with the most knowledge, and who consent to testify on its behalf, with respect to each of the subjects set forth in the attached Schedule A.

4301964v2

The deposition will take place before an officer authorized to administer oaths and will continue from day to day until completed. You are invited to attend and cross-examine.

                Respectfully submitted,

                CIGNA CORPORATION and
                LIFE INSURANCE COMPANY
                OF NORTH AMERICA

                By their attorneys,

                /s/ Christine Wichers
                Mitchell H. Kaplan (BBO# 258940)
                R. J. Cinquegrana (BBO # 084100)
                Christine J. Wichers (BBB # 631857)
                Richard A. Abati (BBO # 651037)
                CHOATE, HALL & STEWART LLP
                Two International Place
                Boston, Massachusetts 02110
                Tel: 617-248-5000

Date: February 26, 2008

## **SCHEDULE A**

## **DEFINITIONS AND INSTRUCTIONS**

For purposes of this request, the Defendants adopt the "Uniform Definitions in Discovery Requests" contained in the District of Massachusetts Local Rule 26.5. The following additional terms shall have the meanings set forth below:

1. The "SSA" means the Social Security Administration, and each of its divisions, departments, and predecessors, and each of their employees, attorneys, representatives, agents, and any other person or entity acting or purporting to act on their behalf.

2. "CIGNA" means CIGNA Corporation and/or any of its current or former disability insurance subsidiaries (Life Insurance Company of North America, Connecticut General Life Insurance Company, CIGNA Life Insurance Company of New York, and Insurance Company of North America), and any employees, attorneys, representatives, or agents of any of them.

3. "Unum" means UnumProvident Corporation and/or any of its current or former disability insurance subsidiaries (Unum Life Insurance Company of America, First Unum Life Insurance Company, Provident Life and Accident Insurance Company, Provident Life and Casualty Insurance Company, the Paul Revere Life Insurance Company, and Colonial Life Insurance Company), and any employees, attorneys, representatives, or agents of any of them.

4. "SSDI" means Social Security Disability Insurance.

5. "Public disclosure" means any statement, letter, testimony, report, study, investigation, analysis, or other communication or document that has been intentionally disclosed by the SSA, by any means, to anyone outside the SSA.

1

6. The "Lewin Report" means the Final Report dated March 16, 2001 submitted by The Lewin Group, Inc. to the SSA entitled "Evaluation of SSA's Disability Quality Assurance (QA) Processes and Development of QA Options That Will Support the Long-Term Management of the Disability Program" (Contract Number 0600-96-27331).

7. The information requested below is for the time period 1996-present, or for as much of that time period as the SSA has information.

4301964v2

## **SUBJECT MATTERS OF INQUIRY**

1. The identification of all public disclosures concerning the SSA's position on whether a person must meet any non-financial criteria (other than any age restrictions) before filing an application for SSDI benefits.

2. The percentage of SSDI applications granted at each stage of the determination and appeal process.

3. The identification of all public disclosures other than the Lewin Report that discuss factors affecting the approval rates of SSDI applications.

4. What information, if any, the SSA requires an SSDI applicant to disclose to the SSA concerning his/her potential recovery of disability benefits from any other provider of disability benefits (*e.g.*, a private disability insurer, a worker's compensation system, or the Federal Employee Retirement System).

5. If an SSDI applicant may be eligible to recover disability benefits from a provider of disability benefits other than the SSA (*e.g.*, a private disability insurer, a worker's compensation system, or the Federal Employee Retirement System), what information, if any, the other benefits provider is required to disclose to the SSA concerning the applicant and his/her claim.

6. The identification of all public disclosure(s) in which the SSA has taken a position concerning (a) what acts or omissions constitute the filing of a false or fraudulent claim for SSDI benefits, and (b) under what circumstances the SSA will take action in response to such acts or omissions.

7. The SSA's awareness of whether any of the following providers of disability benefits either require or encourage claimants to apply for SSDI benefits and, if so, under what circumstances:

    a. CIGNA

    b. Unum

    c. Any other private disability insurer

    d. Any other provider of disability benefits (*e.g.*, the worker's compensation system in Oregon or any other state; the Federal Employee Retirement System; or any other state, federal, or municipal provider of disability benefits)

8. The SSA's awareness of whether any of the following providers of disability benefits offset the amount of their awards by the amount of SSDI benefits received by claimants:

    a. CIGNA

    b. Unum

3

4301964v2

    c.    Any other private disability insurer

    d.    Any other provider of disability benefits (*e.g.*, the worker's compensation system in Oregon or any other state; the Federal Employee Retirement System; or any other state, federal, or municipal provider of disability benefits)

9.    The SSA's awareness of whether any of the following providers of disability benefits offset the amount of their awards by the amount of SSDI benefits the provider estimates claimants would have received had they applied:

    a.    CIGNA

    b.    Unum

    c.    Any other private disability insurer

    d.    Any other provider of disability benefits (*e.g.*, the worker's compensation system in Oregon or any other state; the Federal Employee Retirement System; or any other state, federal, or municipal provider of disability benefits)

10.    The identification of all documents prepared by or for the SSA, including but not limited to public disclosures, concerning the SSA's awareness of and/or views on any of the issues described in nos. 7-9 above.

4301964v2

**CERTIFICATE OF SERVICE**

I, Christine J. Wichers, an attorney for CIGNA and LINA, hereby certify under the pains and penalties of perjury, that a copy of the foregoing documents were served by electronic and first-class mail on February 26, 2008 upon counsel for Dawn Barrett, Carl Nadler, Heller Ehrman LLP, 1717 Rhode Island Avenue, NW, Washington, D.C. 20036, Peter B. Krupp, Lurie & Krupp, LLP, One McKinley Square, Boston, Massachusetts 02109, and Colette G. Matzzie, Phillips & Cohen LLP, 200 Massachusetts Avenue, NW, Washington, D.C. 20036.

/s/ Christine J. Wichers
Christine J. Wichers

4301964v2