UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* DAWN BARRETT,<br><br>         Plaintiff,<br><br>v.<br><br>CIGNA CORPORATION and LIFE<br>INSURANCE COMPANY OF NORTH<br>AMERICA<br><br>         Defendants. | Civil Action No. 03-12382-MLW |

## **RELATOR'S MEMORANDUM IN SUPPORT OF HER MOTION TO COMPEL**

Relator Dawn Barrett ("Relator") brings this motion to resolve four specific discovery disputes the parties have been unable to resolve despite extensive negotiation.

Relator first served discovery on defendants CIGNA Corporation ("CIGNA") and Life Insurance Corporation of North America ("LINA") (collectively referred to as "defendants") on March 23, 2007. Defendants initially responded in April 2007. For the past year, the parties have met and conferred regularly by telephone, email and letter regarding this discovery and have resolved the vast majority of their differences. There remain, however, four specific and important issues the parties have been unable to resolve. Specifically:

- Defendants refuse to produce documents created after April 14, 2006, the date of Relator's Second Amended Complaint. But where, like here, the plaintiff

alleges conduct that is ongoing, documents created after the complaint are discoverable.

- Defendants refuse to produce any documents relating to claims they administer pursuant to "Administrative Services Only" ("ASO") agreements. These documents are relevant to whether defendants cause ASO insureds to file false or fraudulent applications for SSDI.

- Defendants refuse to produce documents concerning complaints made by defendants' insureds relating to SSDI applications. Relator has informed defendants that she does not seek documents that exist only in individual claims files. Defendants, however, refuse to even search for responsive documents.

- Defendants refuse to produce certain relevant documents in their entirety. Relator has requested production of defendants' claims manuals and risk management manuals. Defendants refuse to produce these manuals in their entirety and have produced only portions of the manuals. Defendants have also inappropriately redacted information from numerous other produced documents.

The documents Relator seeks are relevant and necessary to her prosecution of this action, and defendants should be ordered to provide full and complete responses to Relator's document requests. (*See* Decl. of Carl S. Nadler in Supp. of Mot. to Compel ("Nadler Decl.) ¶ 2, Ex. 1 (Appendix).)

**I.    ARGUMENT**

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defense." Fed. R. Civ. P. 26(b)(1). "[T]he plain language of . . . Rule 26(b)(1) contemplates wide-ranging discovery to the fullest possible extent." *Klonoski v. Mahlab*, 156 F.3d 255, 267 (1st Cir. 1998). Relevance has "been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (relevance ); *Klonoski*, 156 F.3d at 267-68 (same); *United States v. Mass. Indus. Fin. Agency*, 162 F.R.D. 410, 414 (D. Mass. 1995) ("[R]elevancy must be broadly construed at the discovery stage such that information is discoverable if there is any possibility it might be relevant to the subject matter of the action.").

### A.    Documents Created After the Second Amended Complaint Are Relevant to Relator's Claims and Must Be Produced

Defendants have refused to produce any documents created after April 14, 2006, the date of Relator's Second Amended Complaint. (Nadler Decl. ¶ 3.) But documents that are relevant to a party's claims or defenses should be produced, regardless of whether they were created after the filing of the complaint. *United States v. Orlofsky*, No. 79 Civ. 4798, 1982 U.S. Dist. LEXIS 10944, at *3 (S.D.N.Y. Jan. 11, 1982) ("Relevant post-complaint discovery 'should not be denied on the sole ground that it relates to the period after the date of the institution of a lawsuit'"). This is particularly

true where the plaintiff alleges ongoing unlawful conduct.  *Carlson Cos. v. Sperry & Hutchinson Co.*, 374 F. Supp. 1080, 1102 (D. Minn. 1973).

*Carlson Companies* is instructive.  There, plaintiff alleged that defendant was engaged in continuing violations in the use of illegal and unfair trade practices.  *Id.*  Defendant objected to the production of any documents created after the complaint or contained information relating to defendant's post-complaint activities.  *Id.* at 1100.  The court held that such documents must be produced, stating, "[W]here documents requested are relevant to the subject matter involved in the pending litigation, any documents coming into existence after the filing of the complaint . . . are discoverable."  *Id.* at 1102; *see also United States v. City of Torrance*, 164 F.R.D. 493, 495-96 (C.D. Cal. 1995) (ordering production of post-complaint documents).

Here, Relator has alleged that defendants' conduct is ongoing.  (2d. Amd. Comp. ¶¶ 211-211.)  Documents relating to defendants' conduct over the past two years and through the remainder of the discovery period are relevant to Relator's claims.  Relator is entitled to information relating to defendants' current practices and the Federal Government is entitled to recover for any false claims defendants have caused to be submitted to the Social Security Administration, including false claims submitted after the filing of the Second Amended Complaint.  Indeed, Relator is entitled to recover damages on behalf of the United States for Defendants' improper practices up until the date of trial.

### B. Documents Relating to Defendants' ASO Agreements Are Relevant to Relator's Claims and Must Be Produced

Defendants have also refused to produce any documents relating to claims that they administer pursuant to ASO agreements. In an ASO arrangement, an employer company contracts with defendants to administer the employer's long term disability benefits plan. Defendants claim that documents relating to ASO claims are not relevant to this action because defendants do not underwrite such claims. (Nadler Decl. ¶ 4.) But it is not appropriate during discovery for defendants to withhold documents based on a unilateral determination of relevance. *See Smith v. Logansport Cmty. School Corp.,* 139 F.R.D. 637, 648 (N.D. Ind. 1991). Defendants "may not arrogate to themselves the power to determine what constitutes a relevant document." *Alexander v. FBI*, 186 F.R.D. 54, 59 (D.D.C. 1998). Instead, the standard in the Federal Rules is that "information is discoverable if there is any possibility it might be relevant" to a party's claims or defenses. *Mass. Indus. Fin. Agency*, 162 F.R.D. at 414. Relator seeks recover in this case for each and every unsupported SSDI claim Defendants caused to be submitted to the Social Security Administration. The harms of submitting unsupported applications— the cost and time and expense of processing an unsupported claims—is inflicted regardless of whether Defendants cause its submission in connection with a claim they are underwriting directly or (as in the case of ASO) contracts, claims Defendants are administering but not underwriting. As such, Relator is entitled to discovery in connection with the ASO contracts. (*See* Nadler Decl. ¶ 2, Ex. 1 (Appendix, LINA Request No. 55, CIGNA Request No. 55.)

### C.   Documents Regarding Complaints Made by Claimants About SSDI Are Relevant and Must Be Produced

Defendants have refused to produce — or even search for — documents relating to complaints made by defendants' insureds about SSDI, including complaints regarding any requirement that insureds apply for SSDI. (*See* Nadler Decl. ¶ 5, Ex. 2.) Relator has informed Defendants that it is not seeking any documents relating to complaints about SSDI that are only located in the individual claims files. These documents are highly relevant to Relator's claims that defendants have improperly caused ineligible claimants to apply for SSDI and should be produced. (*See* Nadler Decl. ¶ 2, Ex. 1 (Appendix, LINA Request No. 33.)

### D.   Defendants Should Be Ordered to Produce Requested Documents in Their Entirety

Defendants have refused to produce requested materials in their entirety. Defendants have instead exercised unilateral determinations of "relevancy" and have redacted out information from numerous produced documents. These self-determined relevancy redactions are inconsistent with the broad scope of Rule 26(b)(1). *See Alexander*, 186 F.R.D. at 59 (finding that it was inappropriate for a party to make *ex parte* determinations of relevancy). This is particularly true given that defendants have repeatedly redacted information that appears to relate to Social Security and SSDI. For example:

- In a training document titled "Disability, Offset/Social Security," defendants made numerous redactions, including redactions of information relating to charges for Social Security assistance and the percentage of Social Security

6

- denial determinations challenged. (Nadler Decl. ¶ 6, Ex. 3 (LINA0193801-0193815).)

- In a document titled "CIGNA makes it easy, Social Security Advocacy for Long-Term Disability," defendant have redacted information under the header "Lowering costs through our early, proactive offset process." (*Id.* ¶ 7, Ex. 4 (LINA0105128-0105130).)

- In an e-mail with the subject line "SSN Advocacy Marketing," defendants have redacted information under the header "Why we're different." (*Id.* ¶ 8, Ex. 5 (LINA0105155-0105156).)

- In a document titled "Task Checklist," defendants have redacted information under the header "Social Security." (*Id.* ¶ 9, Ex. 6 (LINA0196142).)

- Defendants have redacted information from a presentation slide titled "Other Client Benefits Derived From CIGNA's Superior SS Process Operation." (*Id.* ¶ 10, Ex. 7 (LINA0099177).)

- In a presentation titled "CIGNA's Offset & Overpayment Program — The 2004/2005/2006 Execution Story!," defendants have made numerous redactions. (*Id.* ¶ 11, Ex. 8 (LINA0192395-0192418).)

It is difficult to see how information relating to defendants' practices regarding Social Security could be anything but relevant to this action. Defendant should be ordered to produce all documents redacted for relevancy in their entirety.

    Defendants have also refused to produce full copies of their claims manuals and risk management manuals. Instead, defendants have claimed that need only produce

portions of the manuals relating to SSDI.  (*Id.* ¶ 11, Ex. 8.)  Once again, it is inappropriate for defendants to unilaterally determine whether information is relevant to Relator's claims and the Court should order full and complete production of these materials.  (*Id.* ¶ 2, Ex. 1 (Appendix, LINA Request No. 34.)

## II.     CONCLUSION

Relator's motion should be granted.  The Court should order defendants to provide full and complete responses to the discovery requests set forth in the attached Appendix.  (*Id.* ¶ 2, Ex. 1 (Appendix).)

Dated:  April 11, 2008                              Respectfully submitted,


                                                    /s/ Carl. S. Nadler
                                                    Carl S. Nadler


| | |
|---|---|
| Mary Louise Cohen | Peter B. Krupp, B.B.O. #548112 |
| Colette G. Matzzie | LURIE & KRUPP, LLP |
| PHILLIPS AND COHEN LLP | One McKinley Square |
| 2000 Massachusetts Ave., NW | Boston, MA 02109 |
| Washington, DC 20036 | Tel: (617) 367-1970 |
| Tel: (202) 833-4567 | Fax: (617) 367-1971 |
| Fax: (202) 833-1815 | |

Carl S. Nadler
Stuart M. Rennert
HELLER EHRMAN LLP
1717 Rhode Island Avenue, NW
Washington, DC 20036
Tel: (202) 912-2000
Fax: (202) 912-2020

                                                    *Counsel for Dawn Barrett*

## CERTIFICATE OF CONFERENCE

This is to certify that in accordance with Local Rules 7.1(A)(2), I conferred with counsel for the defendants by telephone on numerous occasions, including July 10, 2007, and November 7, 2007, to discuss resolution of the discovery disputes discussed in this motion. The parties also conferred by electronic mail on April 2, 2008, and April 8, 2008. The parties were unable to resolve or narrow the issues addressed in this motion.

/s/ Carl S. Nadler
Carl S. Nadler

## CERTIFICATE OF SERVICE

I, Carl S. Nadler, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on April 11, 2008.

/s/ Carl S. Nadler
Carl S. Nadler