EXHIBIT 2

# CHOATE

CHOATE HALL & STEWART LLP

Richard C. Abati
(617) 248-5076
rabati@choate.com

March 4, 2008

**BY ELECTRONIC MAIL**

Shari A. Rose, Esq.
Heller Ehrman LLP
1717 Rhode Island Avenue, NW
Washington, DC 20036

      Re:   *United States of America ex rel. Dawn Barrett v. CIGNA Corporation, et al.*,
            Civil Action No. 03-12382-MLW (D. Mass.)

Dear Shari:

I am writing with respect to your letter dated February 28, 2008, regarding the document request issues raised in Relator's November 20, 2007 and February 6, 2008 letters from Carl S. Nadler.

Unfortunately, and as discussed with Carl Nadler and Thomas Kimbrell during our conference call on February 21, 2008, we are still in the process of affirmatively tracking down responses to some of these remaining issues. Due to several recent transitions, both at Choate and within the legal department at LINA and CIGNA Corp., this effort has proven to be more time consuming than originally expected.

Nonetheless, provided below are our final responses regarding the LINA Custodian Requests; LINA Request Nos. 33, 36(f) and 63(c); and CIGNA Corp. Request No. 54. Although we are unable to respond in full to the rest of the outstanding issues at this time, our provisional responses to those requests are also stated below. Please be assured that we are working diligently to resolve these issues, and will inform you of our final position with respect thereto over the course of the coming weeks.

### Document Requests to LINA

#### The Custodian Requests

      Regarding Request Nos. 3, 6, 36(b), 36(g), 41 and 43, LINA has identified the groups of custodians it intends to search for each of these requests as employees at the Team Leader level and above.

Shari A. Rose, Esq.
March 4, 2008
Page 2

### *Issues re Individual Document Requests to LINA*

*Request No. 33:* LINA objects to Relator's request for documents which exist and reside outside of the individual claim files because it is overly broad and unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In order to determine whether LINA even has any non-claim file documents responsive to Request No. 33, LINA would need to manually search for, retrieve, and review *thousands* of hard copy files which are currently being housed in offsite storage. LINA further states that such an arduous undertaking is likely to uncover few, if any, non-privileged documents responsive to Request No. 33. Thus, LINA stands on its original response to this request.

*Request No. 36(c):* LINA is still in the process of confirming whether there are documents responsive to this request that it refuses to produce in this litigation.

*Request No. 36(f):* LINA agrees to limit this request to documents from the Team Leader level and above.

*Request No. 63(c):* LINA agrees to limit this request to documents from the Team Leader level and above.

### *Document Requests to CIGNA Corp.*

*Request No. 41:* CIGNA Corp. is still in the process of confirming whether there are documents responsive to this request that will not be produced by LINA.

*Request No. 48:* CIGNA Corp. is still in the process of evaluating Relator's proposal.

*Request No. 54:* CIGNA Corp. has confirmed that there are no non-privileged documents in addition to those that LINA already agreed to produce in response to an identical request.

*Request No. 63(c):* CIGNA Corp. is still in the process of confirming whether there are any non-privileged documents in addition to those that LINA already agreed to produce in response to an identical request.

4306012v1

Shari A. Rose, Esq.
March 4, 2008
Page 3

Should you have any questions, please do not hesitate to contact me.

Sincerely,

Richard C. Abati

cc:    DC-Barrett@hellerehrman.com
       Mitchell H. Kaplan, Esq.
       R.J. Cinquegrana, Esq.
       Christine J. Wichers, Esq.
       (all via email):

4306012v1