UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel*. DAWN BARRETT<br><br>                                 Plaintiff,<br><br>v.<br><br>CIGNA CORPORATION and LIFE<br>INSURANCE COMPANY OF NORTH<br>AMERICA<br><br>                                Defendants | Civil Action No. 03-12382-MLW |

## JOINT REPORT ON STATUS OF SETTLEMENT

The current scheduling order (Docket No. 109) and the parties' recently submitted Joint Motion to Modify the Scheduling Order (Docket No. 113) require the parties to report to the Court, by April 11, 2008 on the status and prospects for settlement and, if not settled, whether the parties wish to participate in mediation. The parties report that the case has not settled and that currently there are no ongoing settlement discussions. Each party's position on mediation is set forth below.

Relator's Position

Relator remains interested in engaging in settlement discussions, either privately or in the context of mediation conducted by a mutually agreeable outside mediator. Moreover, Relator submits that the Court should consider ordering the parties to appear before a Settlement Judge if they cannot agree between themselves on a meaningful way

to discuss resolution of this matter. Though Defendants claim below that they are willing to discuss a resolution of the case, they have never responded to Relator's offer – made just last month – to schedule settlement discussions on either a party-to-party basis or in the context of mediation.

To recap the history of discussions about settlement, on Monday, October 15, 2007 Relator's counsel asked Defendants to agree to a process to identify, based on the electronic records Defendants will be producing in the ordinary course of discovery, a statistically relevant sample of the insurance claims files for the claimants at issue in this case. Once the parties had the opportunity to review this sample of the claims files, Relator proposed to go forward with mediation in an effort to settle this matter. Defendants declined Relator's proposal.

In March, 2008, Relator offered to engage in settlement discussions or mediation. Relator believes that there is a basis for a reasoned settlement discussion in the electronic records Defendants will be producing shortly and in other documents Defendants have already produced. Accordingly, Relator offered to schedule settlement discussions on either a party-to-party basis or with the aid of a mediator. Defendants have not responded to Relator's offer to engage in settlement discussions or mediation.

Relator also notes that defendants again seek to use this settlement report as a platform to argue the merits. Though this is an inappropriate place to debate the merits, Relator notes that defendants are wrong about both the law and the facts pertinent to this action. Defendants' claim that Relator "has yet to identify a single false claim" ignores that Relator identifies specific false claims in her complaint and, in any event, has just (at defendants' request) returned all electronic data on individual claimants produced by the

defendants so it can be re-produced in a more usable format.  As all parties recognize, that electronic data is a principal basis for Relator *to* identify individual false claims.

Defendants attack on the use of statistical samples, moreover, is incorrect as a matter of law.  *See*, *e.g.,* Relator's Reply In Support Of Her Motion For An Order Compelling Disclosure Of Claimant Files And Information, at Argument § IV (filed Apr. 11, 2008).  Finally, it is entirely incorrect that the Social Security Administration is or has been aware of defendants' practices as challenged in this lawsuit.  *See, e.g., id.*  And defendants cannot know what changes in their business practices (if any) a settlement would require without actually engaging in settlement discussions.

Defendants' Statement

As stated previously, Defendants are willing to discuss a resolution of this case. Defendants do not believe, however, that mediation would be productive at this time. Although Defendants have produced over 200,000 pages of documents, including hundreds of long-term disability (LTD) claim files requested by Relator, Relator has yet to identify a single false claim.  Nor has Relator identified a sampling methodology that would be scientifically sound in this case of first impression, which involves a novel reading of the False Claims Act that challenges the way Defendants administer – and have administered for decades – the coordination-of-benefits provision in their disability policies.  Moreover, further investigation has confirmed the Defendants' understanding that, for many years, the Social Security Administration has been fully aware of the practices at issue – not only by the Defendants but also by many other private insurers as well as public providers of disability benefits – and has not only voiced no objection but actually collaborated with the insurance industry to improve the coordination of benefits.

Furthermore, it is not apparent that the Defendants can settle this case without also adopting a change in their LTD claims administration practice that would reduce the efficacy of the coordination-of-benefits provision in their policies and thereby increase their underwriting costs, while Defendants' competitors remain unaffected.

For all of these reasons, Defendants are more skeptical than they were previously about the merits of the Relator's contentions or that a mediation at this time would be productive.  As this case progresses, Defendants will of course be open to revisiting the issue of mediation if facts develop that cause their understanding of the issues presented by this case to change.

Respectfully submitted,

DAWN BARRETT,

By her attorneys,

/s/ Carl S. Nadler
Carl S. Nadler
Stuart M. Rennert
HELLER EHRMAN, LLP
1717 Rhode Island Avenue, N.W.
Washington, D.C.  20036
(202) 912-2000

Peter B. Krupp, (BBO# 548112)
LURIE & KRUPP, LLP
One McKinley Square
Boston, MA 021209
(617) 367-1971

Mary Louise Cohen
Colette G. Matzzie
PHILLIPS & COHEN, LLP
200 Massachusetts Avenue, N.W.
Suite 100
Washington, D.C.  20036
(202) 833-4567

CIGNA CORPORATION AND LIFE
INSURANCE COMPANY OF NORTH
AMERICA,


By their attorneys,

/s/ Christine J. Wichers
Mitchell H. Kaplan (BBO# 258940)
R.J. Cinquegrana (BBO# 084100)
Christine J. Wichers (BBO# 631857)
Richard C. Abati (BBO# 651037)
CHOATE, HALL & STEWART
Two International Place
Boston, Massachusetts 02110
(617) 248-5000

Dated:  April 11, 2008

<u>CERTIFICATION OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 11, 2008.


<u>/s/ Richard C. Abati</u>
Richard C. Abati

4320408v1