**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*EX REL.* DAWN BARRETT,<br><br>    Plaintiffs,<br><br>    v.<br><br>CIGNA CORPORATION and<br>LIFE INSURANCE COMPANY<br>OF NORTH AMERICA,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 03-12382-MLW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**SSA'S REPLY TO DEFENDANTS' OPPOSITION TO SSA'S MOTION TO QUASH DEFENDANTS' RULE 30(b)(6) DEPOSITION NOTICE AND RULE 45 SUBPOENA**

In their opposition to SSA's Motion to Quash, the defendants erroneously claim that: (1) SSA is a party to this action; and (2) SSA's *Touhy* regulations do not apply to the defendants' request for testimony and documents from SSA. The defendants' position simply ignores the law. It is well-settled that the government is a party in interest – but not a party – to a *qui tam* in which it has declined to intervene. The defendants ignore this critical distinction between a party in interest, who is a passive litigant not subject to party discovery, and a party. Moreover, the defendants' own conduct in serving Rule 45 subpoenas, which are used to compel non-parties to appear at a deposition or produce documents, demonstrates that it views SSA as a nonparty in this action.

In addition to ignoring the law regarding the distinction between a party in interest and a party, the defendants also ignore well-settled law requiring compliance with *Touhy* regulations. Here, because SSA is not a party, the defendants had to follow SSA's *Touhy* regulations to request testimony from the Agency. Despite the defendants' failure to comply with its *Touhy*

regulations, SSA treated the defendants' subpoena as a *Touhy* request and denied it. Accordingly, if the defendants' wish to challenge that denial, they must proceed under the Administrative Procedures Act.

## **ARGUMENT**

### I.   SSA Is Not A Party To This *Qui Tam* In Which It Declined To Intervene

The defendants claim that SSA's position that it is not a party to this suit "ignores reality." Opposition, p. 7. The defendants' position ignores the law. SSA admits that it is a party in interest in this *qui tam*. The defendants ignore the fact that a party in interest is different from a party. *See, e.g., United States ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 474 F. Supp. 2d 75, 78 (D.D.C. 2007) ("[t]o say that the United States is a real party in interest, however, does not make it the equivalent of a party to the suit"); *Searcy v. Philips Electronics N.A. Corp.*, 117 F.3d 154, 156 (5th Cir. 1997) (finding that the United States is not a party when it declines to intervene in a *qui tam* action); *United States ex rel. Foulds v. Texas Tech Univ.*, 171 F.3d 279, 291 (5th Cir. 1999) (finding that the United States, although a real party in interest in a *qui tam*, was not a party for purposes of appeal). Thus, SSA is a party in interest, and not a party, in this case.

The defendants correctly point out that the relator filed this action on behalf of the United States, pursuant to the False Claims Act and that SSA may receive a substantial amount of any damages awarded in this matter. Indeed, SSA is a party in interest precisely because it "stands to gain the lion's share of any recovery, can participate significantly in the litigation despite not intervening, and will potentially be subject to the res judicata effect of any judgment." *United States ex rel. Pogue*, 474 F. Supp. at 78. Simply because SSA "is a passive beneficiary of the

2

relator's efforts," by virtue of declining to intervene, does not confer party status on SSA.[1] *See Searcy*, 117 F.3d at 156 (finding that "[w]hen the government chooses to remain passive, as it has here, we see no reason to treat it as a party with standing to challenge the district court's action as of right").

It is illogical to suggest, as the defendants do, that the government is a party to a *qui tam* regardless of whether it intervenes. The False Claims Act allows the government to decide whether to intervene in the action and become an active litigant or decline to intervene and become a passive beneficiary of the relator's efforts. 31 U.S.C. § 3730(c)(3). If the government "remains a party to every *qui tam* action, Congress's intent in creating the option provision would be thwarted since the government counsel would have to expend government resources to respond to discovery requests from hundred's [sic] of private suits." *United States ex rel. Farrell v. SKF, USA, Inc.*, 32 F. Supp. 2d 617, 618 (W.D.N.Y. 1999); *see also, United States ex rel. Pogue*, 474 F. Supp. 2d at 80 ("[i]f the United States was treated as a party in all respects for every F[alse] C[laims] A[ct] case in which it has declined to intervene and take control of the litigation, there would be little substance to the declination option provided by the FCA").

Because the government is not a party when it declines to intervene in a *qui tam* action, it is not subject to party discovery. The defendants' own actions belie their assertion that SSA is a party subject to party discovery. On February 26, 2008, the defendants served a Rule 45 subpoena on SSA, along with a Rule 30(b)(6) deposition notice. If the defendants truly believed

---

[1] The defendants quote from Judge Saris's opinion in *In re Pharma. Indus. Avg. Wholesale Price Litig.*, 498 F. Supp. 2d 389, 398 (D. Mass. 2007) in support of the proposition that SSA is a party in interest in this case. In that case, although the Court notes that the government is the real party in interest in a declined *qui tam*, the issue of whether the government is a party, as opposed to a party in interest, was not before the Court.

3

that SSA is a party in this case, they would not have served a Rule 45 subpoena, which is used to compel a non-party's attendance at deposition or to compel a non-party to produce documents. *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D. Mass. 1996) (finding that discovery of documents from a party, as opposed to a non-party, is not accomplished by Fed. R. Civ. P. 45); *see also*, 9A *Wright & Miller, Federal Practice and Procedure: Civil 3d*, § 2452 (2008) ("a subpoena is necessary to compel someone who is not a party to appear for the taking of a deposition or for the production of various material things and electronic information"). Accordingly, not only does the well-settled case law establish that SSA is not a party to this action, but the defendants' own conduct demonstrates that they do not deem SSA to be a party.

## II. SSA's *Touhy* Regulations Work In Conjunction With, And Do Not Trump, Fed. R. Civ. P. 45

Contrary to the defendants' claim, SSA does not argue that its *Touhy* regulations trump the Federal Rules of Civil Procedure. Rather, *Touhy* regulations work with the Federal Rules to guide the government's response to a subpoena. The policy behind agency *Touhy* regulations "is to conserve governmental resources where the United States is not a party to a suit, and to minimize governmental involvement in controversial matters unrelated to official business." *Reynolds Metals Co. v. Crowther*, 572 F. Supp. 288, 290 (D. Mass. 1982). On the contrary, under the defendants' theory, *Touhy* regulations are irrelevant. Once again, the defendants ignore well-settled law. The Supreme Court upheld the validity of agency regulations in *Touhy v. Ragen*, 340 U.S. 462 (1951). Indeed, the Supreme Court "has specifically recognized the authority of agency heads to restrict testimony of their subordinates through this type of [administrative] regulation." *Reynolds Metals Co. v. Crowther*, 572 F. Supp. at 290. Accordingly, SSA's *Touhy* regulations work together to regulate government productions.

4

The defendants are required to adhere to SSA's *Touhy* regulations in seeking discovery from SSA.  Even though the defendants cavalierly ignored SSA's *Touhy* regulations, SSA followed its *Touhy* regulations in responding to the defendants' subpoena.  SSA sent a letter to the defendants' counsel advising them that SSA treated the Rule 30(b)(6) subpoena as an application for SSA employee testimony made under SSA *Touhy* procedures.  SSA further advised that the request for testimony was denied and stated the reasons for the denial.  Faced with a final agency decision, the defendants must proceed under the Administrative Procedures Act if they wish to challenge SSA's denial of their request for testimony because the "only identifiable waiver of sovereign immunity that would permit a court to require a response to a subpoena in an action in which the government *is not a party* is found in the A[dministrative] P[rocedures] A[ct]."  *United States Envtl. Prot. Agency v. General Electric Co.*, 197 F.3d 592, 598 (2d Cir. 1999) (emphasis added); *Puerto Rico v. United States*, 490 F.3d 50, 60-61 (1st Cir. 2007); *COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 274 (4th Cir. 1999).  Accordingly, this Court should review the Agency's final decision under the Administrative Procedure Act's standard of review.

For the reasons stated above, SSA respectfully requests that the Court grant its Motion to Quash the defendants' subpoena.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/ Jennifer A. Serafyn
Jeffrey M. Cohen
Jennifer A. Serafyn
Assistant U.S. Attorneys
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
Dated: April 24, 2008                                (617) 748-3100

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on April 24, 2008.

  /s/ Jennifer A. Serafyn
Jennifer A. Serafyn
Assistant U.S. Attorney