# Exhibit C

# HellerEhrman LLP

July 11, 2007

Carl S. Nadler
Carl.Nadler@hellerehrman.com
Direct +1.202.912.2575
Main +1 (202) 912-2000
Fax +1 (202) 912-2020

*By E-Mail*

Karen Collari Troake
Choate, Hall & Stewart
Two International Place
Boston, MA 02110
United States of America

Re:   Barrett/Cigna

Dear Karen:

     Thank you for your e-mail this morning about our meet and confer on July 10, 2007. This letter will update you on our position with respect to several items.

     1. *Requests Requiring Additional Feedback from LINA:* We look forward to receiving your final answer as to the following requests by Monday, July 16, 2007: 4, 33 34, 36(e) – (f), and 55. We also look forward to receiving your supplemental responses to Request Nos. 38-40 by that same date. My notes also indicate that LINA agreed to take another look at Request No. 13 in light of our discussion, and we'd appreciate any further response on that Request on the same schedule.

     2. *Requests Requiring Additional Feedback from Relator:* I will send you a separate letter in the next few days addressing the electronic records Relator seeks from LINA. My suggestion is that we defer further discussion of Requests 7 through 10 until you have received and considered that letter. Relator will accept LINA's proposal (as shown in the chart) with respect to Request 45 and 63(b).

     3. *"Management," "Identified Employees" and "Representative Group":* We agree to proceed according to the plan set forth in your e-mail as to Requests 3, 6, 36(b), 41, 43, and 63(d). As to 41 and 43, the parties do disagree as to scope, but I understood LINA's position to be that it would consider whether it can agree with Relator's proposed scope depending on the size of the custodian group agreed upon for the search as to these requests.

     4. *ASO Agreements:* Relator is not willing to exclude documents concerning ASOs from the Requests. Accordingly, LINA should produce any such document that is called for by any of the requests as modified by the parties' discussions.

Heller Ehrman LLP   1717 Rhode Island Avenue, NW   Washington, D.C. 20036-3001   www.hellerehrman.com

Beijing   Hong Kong   London   Los Angeles   Madison, WI   New York   San Diego   San Francisco   Seattle/Anchorage   Silicon Valley   Singapore   Washington, D.C.

HellerEhrman LLP

Karen Collari Troake
July 11, 2007
Page 2

5. *Requests Resolved During Our Call:* Your e-mail accurately summarizes our agreement as to Request Nos. 11, 20, and 24.

6. *Requests That We Cannot Resolve.* We agree that the parties are at impasse with respect to Request Nos. 29, 36(c), 44, 52, and 53. My notes reflect that Request No. 36(d) is also in this category.

7. *Claims Files:* Having reviewed the pleadings and correspondence once again, we believe it has always been very clear LINA would make original claims files available for review by Relator, and that Relator would identify which files (or portions of files) she wanted scanned for physical production *after* that review. Given the clear record on this point, we continue to be perplexed by LINA's demand that Relator pay approximately $60,000 for the scanning and bates-stamping of every page of these files for production.

Relator's position is unchanged. Please advise by Monday when and where she can review the original files responsive to Request No. 57. We will conduct that review promptly and can then discuss an economical plan for scanning and producing those portions of the files Relator requests for physical production.

With respect to non-claims file production by LINA, we would like to have an ongoing discussion with LINA concerning the most economical way to review and produce these documents. In that connection, could you please advise by next Monday: (a) how many pages of non-claim file production LINA estimates collecting in total; and (b) how many pages it has collected to date?

*Other Issues:* (a) Our discussion so far has been limited to LINA's production. Can you confirm that we will receive a corresponding production from other Cigna subsidiaries such as Cigna Life Insurance Company of New York and Connecticut General Life Insurance Company? (b) As we discussed yesterday, we need to reach agreement on production of electronic mail. If LINA does not wish to simply produce all e-mail responsive to these requests in the normal course, we would be willing to consider a proposal from LINA as to electronic searches of e-mails. LINA is obviously far better equipped than Relator to make an initial proposal as to the custodians and search terms that would constitute a reasonable search for responsive e-mails.

Regards,

Carl S. Nadler