# Exhibit E

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA *EX REL.* DAWN BARRETT,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA CORPORATION and LIFE INSURANCE COMPANY OF NORTH AMERICA<br><br>Defendants. | Civil Action No. 03-12382-MLW |

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S RESPONSE TO RELATOR'S FIRST SETS OF DOCUMENT REQUESTS**

PRELIMINARY STATEMENT

Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, the Stipulation and Protective Order submitted to the Court for approval on March 2, 2007, and the Assented-To Motion for an Order Governing Disclosure of Claimant Files Containing Confidential Health Information filed on March 23, 2007, defendant Life Insurance Company of North America ("LINA") responds and objects as follows to the Relator's First Sets of Document Requests (the "Requests"). LINA reserves the right to amend and supplement its responses as may be necessary or appropriate in the future.

LINA has not yet completed its investigation of the facts relating to this case and has not yet completed formal discovery in this matter. Accordingly, any and all responses to the following Requests are based on information currently known to LINA and are provided without

prejudice to its right to submit evidence of any subsequently discovered facts, information and/or documents, should such become known. LINA anticipates that as it finishes its investigation and discovery in this matter and begins trial preparation, it is possible that additional facts and documents may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to LINA. However, LINA reserves its right to supplement or alter any answer set forth herein as additional information becomes known through further inquiry and trial preparation.

## GENERAL OBJECTIONS

The following objections apply to each of the Requests, whether or not stated separately in response to each particular request.

1. LINA generally objects to the "Instructions" and "Definitions" sections of the requests to the extent that they purport to impose obligations upon LINA beyond the scope of discovery permitted by Rules 26 and 34 of the Federal Rules of Civil Procedure and the local rules of this Court, and specifically objects on this basis to Instructions 1, 4, 6(g), 6(h), 8 and 10, and Definitions 1 and 13.

2. LINA objects to Instruction No. 1 to the extent that it includes any entity other than LINA, CIGNA Life Insurance Company of New York ("CLICNY"), and Connecticut General Life Insurance Company ("CGLIC"). LINA further objects to this Definition to the extent that it asserts that Advantage 2000 Consultants Inc., Allsup, Inc., The Social Security Law Group, or any other "Social Security Vendor" is an agent of LINA. As these entities are not agents of LINA, the responses below do not include information that may be in the sole custody or control of those entities.

2

3. LINA objects to Instruction No. 10 to the extent that it purports to require LINA to produce documents and things dated on or after April 14, 2006 ; the date of Relator's filing of the Second Amended Complaint in this matter.

4. LINA objects to the definition of "you" or "your" in Definition No. 1 to the extent that it includes any entity other than LINA, CLICNY and CGLIC. Furthermore, as stated above, LINA objects to any assertion that Advantage 2000 Consultants Inc., Allsup, Inc., The Social Security Law Group, or any other "Social Security Vendor" is an agent of LINA.

5. LINA objects to Definition No. 13 as vague and ambiguous. Whenever "SSAP" or "SSAT" is referenced, LINA will limit its response to "economic consultants," "offset technical consultants" and/or "offset coordinators."

6. LINA generally objects to the Requests to the extent that they seek the production of documents concerning Administrative Service Only ("ASO") agreements.

7. LINA generally objects to the Requests to the extent that they seek the production of documents which are protected from discovery by the attorney-client privilege, work product privilege or any other privilege or immunity recognized by law. Documents withheld from production by LINA on the basis of assertions of privilege will be identified in a separate privilege log. Moreover, the responses made herein do not waive any objection, including, but not limited to, the relevance and/or admission of such information into evidence at the time of trial. LINA reserves the right to demand the return of any document containing privileged material that may be produced by LINA inadvertently during discovery.

8. LINA generally objects to the Requests to the extent that they seek documents containing confidential, proprietary or otherwise sensitive information. LINA will produce such information, to the extent it is otherwise responsive and appropriately subject to discovery, in

accordance with the Stipulation and Protective Order submitted to the Court for approval on March 2, 2007 and the Assented-To Motion for an Order Governing Disclosure of Claimant Files Containing Confidential Health Information filed on March 23, 2007.

9. LINA generally objects to the Requests to the extent that they seek documents which are not relevant to any claim or defense of any party in this action and do not come within the scope of Rules 26 or 34 of the Federal Rules of Civil Procedure.

10. LINA generally objects to the Requests on the grounds and to the extent that they require LINA to produce documents which are generally available in the public domain.

11. LINA generally objects to each individual Request to the extent that it attempts to require LINA to produce documents that are not within LINA's possession, custody or control and/or not maintained by LINA in the normal course of business. LINA further objects to each individual Request to the extent that it seeks to impose upon LINA any obligation to investigate or discover information from third parties who are equally accessible to Relator.

12. LINA generally objects to the Requests as compound, complex, cumulative, oppressive, unduly burdensome and expensive.

13. LINA generally objects to the Requests to the extent that such requests are vague, ambiguous, unintelligible, or incapable of any ascertainable meaning. LINA further objects to the extent that such Requests are overly broad or harassing in scope.

14. LINA objects to the Requests to the extent that they purport to require LINA to take actions or provide information not required by the Federal Rules of Civil Procedure or other applicable court rules.

15. LINA reserves the right to redact non-responsive material from any document produced in response to the Requests.

16. Any statement herein that LINA will produce documents in response to a Request does not constitute a representation by LINA that any such documents in fact exist or are in LINA's possession, custody or control.

17. The production of any document in response to a specific request does not constitute an admission by LINA that any such document is in fact responsive to that Request. LINA does not concede that any of the documents that it will produce in response to the Requests are relevant to issues in this case.

18. Where the following Responses indicate that LINA will produce documents, LINA will make hard copies available for inspection at the offices of LINA's counsel, or LINA will make arrangements to deliver hard copies to the offices of Relator's counsel upon satisfactory assurance of payment for the reasonable cost of copying and delivery.

19. Pursuant to the parties' Joint Memorandum in Support of Proposed Pre-Trial Schedule dated March 2, 2007, Relator has requested that the initial discovery of claim files focus on two sample periods: January 2000 and January 2004 (the "Claim File Sample"). LINA objects to the Requests to the extent that any Request seeks the review and production of additional claims files, as such Request is overly broad and unduly burdensome.

20. The Preliminary Statement and these General Objections are continuing and are incorporated by reference in response to each of the Responses set forth below. LINA does not concede that any of the documents that it will produce in response to the Requests is relevant to the issues in this case.

Respectfully submitted,

LIFE INSURANCE COMPANY OF NORTH AMERICA

By its attorneys,

/s/ R. J. Cinquegrana

R. J. Cinquegrana (BBO #084100)
Karen Collari Troake (BBO #566922)
Richard C. Abati (BBO #651037)
Andrew D. Ziegler (BBO #660419)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts  02110
(617) 248-5000

Dated: April 23, 2007

44

### CERTIFICATION OF SERVICE

Richard C. Abati, an attorney for LINA, hereby certifies under the pains and penalties of perjury, that a copy of the foregoing document was served by electronic and first-class mail on April 23, 2007 upon counsel for Dawn Barrett, Kit A. Pierson, Heller Ehrman LLP, 1717 Rhode Island Avenue, NW, Washington, D.C. 20036, Colette G. Matzzie, Phillips and Cohen, 200 Massachusetts Ave., NW Washington, D.C. 20036, and Peter B. Krupp, Lurie & Krupp, LLP, One McKinley Square, Boston, Massachusetts 02109.

Richard C. Abati