# Exhibit 8

# HellerEhrman LLP

November 20, 2007

Carl S. Nadler
Carl.Nadler@hellerehrman.com
Direct +1.202.912.2575
Main +1 (202) 912-2000
Fax +1 (202) 912-2020

*By Electronic Mail*

Karen Collari Troake
Choate, Hall & Stewart
Two International Place
Boston, MA 02110

Re:   Barrett/Cigna

Dear Karen:

I am writing as a follow-up to issues raised in our meet and confer on November 7, 2007, as well as in my letter to you of November 8, 2007, and your letter dated November 14, 2007.

## Document Requests to LINA

### The Custodian Requests

Regarding Request Nos. 3, 6, 36(b), 36(g), 41 and 43, Relator requests that LINA identify the groups of custodians it intends to search for each request.

### Issues re Individual Document Requests to LINA

*Request No. 33*: Your November 14, 2007 letter states that defendants are "still in the process of confirming whether there are any non-privileged documents that exist and reside outside of the individual claim files." Please let me know when you will have this information. Additionally, if there are non-privileged responsive documents that exist outside of the individual claim files, please confirm whether defendants agree to produce such documents.

*Request No. 36(f)*: Relator proposes that this request be limited to documents from the Team Leader level and above.

*Request No. 63(c)*: Relator seeks documents from the Team Leader level and above. Additionally, Relator requests that defendants identify the members of CIGNA's management that they propose to search for documents responsive to this Request. Relator believes that defendants should produce documents for CIGNA employees who are the

Heller Ehrman LLP   1717 Rhode Island Avenue, NW,  Washington, D.C. 20036-3001  www.hellerehrman.com

Beijing   Hong Kong   London   Los Angeles   Madison, WI   New York   San Diego   San Francisco   Seattle/Anchorage   Silicon Valley   Singapore   Washington, D.C.

HellerEhrman LLP

Karen Collari Troake
November 20, 2007
Page 2

managerial equivalent of LINA team leaders through the CIGNA vice president level. Please confirm whether defendants accept this proposal.

### Document Requests to CIGNA

*Request No. 41*: Relator requests that defendants confirm that all documents responsive to this request will be produced by LINA. If there are additional responsive documents in CIGNA's possession that will not be produced as part of the LINA production, Relator believes these documents should be produced.

*Request No. 48*: In your November 14, 2007 letter, you state: "My recollection with regard to this request was that Relator was going to make a proposal to limit this request to SSDI-related issues for our consideration. Your proposal does not address this issue . . . ." However, my November 8, 2007 letter to you states regarding Request No. 48, "Relator agreed to narrow this request to documents discussing SSDI." Please confirm whether Relator's proposal resolves this request or whether there are any outstanding issues.

*Request No. 54*: Your November 14, 2007 letter states that defendants are "still in the process of confirming whether there are any non-privileged documents in addition to those that LINA agreed to produce in response to an identical request." Please let me know when you will have this information.

*Request No. 63(c)*: Your November 14, 2007 letter states that defendants are "still in the process of confirming whether there are any non-privileged documents in addition to those that LINA agreed to produce in response to an identical request." Please let me know when you will have this information.

If you would like to discuss any of the above, please let me know.

Regards,

*Carl S. Nadler/SAR*

Carl S. Nadler

# Exhibit 9

| | |
|---|---|
| From: | Rose, Shari |
| Sent: | Thursday, December 20, 2007 1:40 PM |
| To: | ktroake@choate.com; rabati@choate.com |
| Cc: | DC - Barrett |
| Subject: | FW: United States ex. rel. Barrett v. Cigna Corp. |
| Attachments: | 11-20-07 Ltr to Troake.pdf |

Karen,

We have not yet seen a response to the attached letter. Please let me know when we can expect a response.

Regards,
Shari

| | |
|---|---|
| From: | Rose, Shari |
| Sent: | Tuesday, November 20, 2007 10:59 AM |
| To: | ktroake@choate.com |
| Cc: | DC - Barrett |
| Subject: | United States ex. rel. Barrett v. Cigna Corp. |

Please see the attached.

11-20-07 Ltr to
Troake.pdf (48...

**Shari Rose** | Attorney | **HellerEhrman**LLP | 1717 Rhode Island Avenue, NW | Washington, DC 20036
tel: +1.202.912.2084 | fax: +1.202.912.2020 | email: shari.rose@hellerehrman.com | web: www.hellerehrman.com

1

# HellerEhrman LLP

November 20, 2007

*By Electronic Mail*

Carl S. Nadler
Carl.Nadler@hellerehrman.com
Direct +1.202.912.2575
Main +1 (202) 912-2000
Fax +1 (202) 912-2020

Karen Collari Troake
Choate, Hall & Stewart
Two International Place
Boston, MA  02110

**Re:   Barrett/Cigna**

Dear Karen:

I am writing as a follow-up to issues raised in our meet and confer on November 7, 2007, as well as in my letter to you of November 8, 2007, and your letter dated November 14, 2007.

## *Document Requests to LINA*

### *The Custodian Requests*

Regarding Request Nos. 3, 6, 36(b), 36(g), 41 and 43, Relator requests that LINA identify the groups of custodians it intends to search for each request.

### *Issues re Individual Document Requests to LINA*

*Request No. 33*:  Your November 14, 2007 letter states that defendants are "still in the process of confirming whether there are any non-privileged documents that exist and reside outside of the individual claim files." Please let me know when you will have this information. Additionally, if there are non-privileged responsive documents that exist outside of the individual claim files, please confirm whether defendants agree to produce such documents.

*Request No. 36(f)*:  Relator proposes that this request be limited to documents from the Team Leader level and above.

*Request No. 63(c)*:  Relator seeks documents from the Team Leader level and above. Additionally, Relator requests that defendants identify the members of CIGNA's management that they propose to search for documents responsive to this Request. Relator believes that defendants should produce documents for CIGNA employees who are the

Heller Ehrman LLP   1717 Rhode Island Avenue, NW,  Washington, D.C.  20036-3001   www.hellerehrman.com

Beijing   Hong Kong   London   Los Angeles   Madison, WI   New York   San Diego   San Francisco   Seattle/Anchorage   Silicon Valley   Singapore   Washington, D.C.

**HellerEhrman**LLP

managerial equivalent of LINA team leaders through the CIGNA vice president level. Please confirm whether defendants accept this proposal.

### *Document Requests to CIGNA*

*Request No. 41*: Relator requests that defendants confirm that all documents responsive to this request will be produced by LINA. If there are additional responsive documents in CIGNA's possession that will not be produced as part of the LINA production, Relator believes these documents should be produced.

*Request No. 48*: In your November 14, 2007 letter, you state: "My recollection with regard to this request was that Relator was going to make a proposal to limit this request to SSDI-related issues for our consideration. Your proposal does not address this issue . . . ." However, my November 8, 2007 letter to you states regarding Request No. 48, "Relator agreed to narrow this request to documents discussing SSDI." Please confirm whether Relator's proposal resolves this request or whether there are any outstanding issues.

*Request No. 54*: Your November 14, 2007 letter states that defendants are "still in the process of confirming whether there are any non-privileged documents in addition to those that LINA agreed to produce in response to an identical request." Please let me know when you will have this information.

*Request No. 63(c)*: Your November 14, 2007 letter states that defendants are "still in the process of confirming whether there are any non-privileged documents in addition to those that LINA agreed to produce in response to an identical request." Please let me know when you will have this information.

If you would like to discuss any of the above, please let me know.

Regards,

*Carl S. Nadler/SAR*

Carl S. Nadler

# Exhibit 10

| | |
|---|---|
| **From:** | Abati, Richard [rabati@choate.com] |
| **Sent:** | Friday, December 21, 2007 11:59 AM |
| **To:** | Rose, Shari |
| **Cc:** | DC - Barrett; Wichers, Christine |
| **Subject:** | RE: United States ex. rel. Barrett v. Cigna Corp. |

Shari:

We expect to send a response at the end of next week or, more likely, shortly after the New Year holiday. Any questions, just let me know.

Rich

-----Original Message-----
**From:** Rose, Shari [mailto:Shari.Rose@hellerehrman.com]
**Sent:** Thursday, December 20, 2007 1:40 PM
**To:** Troake, Karen Collari; Abati, Richard
**Cc:** DC - Barrett
**Subject:** FW: United States ex. rel. Barrett v. Cigna Corp.

Karen,

We have not yet seen a response to the attached letter. Please let me know when we can expect a response.

Regards,
Shari

| | |
|---|---|
| **From:** | Rose, Shari |
| **Sent:** | Tuesday, November 20, 2007 10:59 AM |
| **To:** | ktroake@choate.com |
| **Cc:** | DC - Barrett |
| **Subject:** | United States ex. rel. Barrett v. Cigna Corp. |

Please see the attached.

<<11-20-07 Ltr to Troake.pdf>>

**Shari Rose** | Attorney | **HellerEhrman**LLP | 1717 Rhode Island Avenue, NW | Washington, DC 20036
tel: +1.202.912.2084 | fax: +1.202.912.2020 | email: shari.rose@hellerehrman.com | web: www.hellerehrman.com

================================================

This email is sent by a law firm and contains information that may

be privileged and confidential. If you are not the intended recipient,
please delete the email and notify us immediately.

==================================================

Confidentiality Statement:

This Message is transmitted to you by the law firm of Choate, Hall & Stewart LLP.  The substance of this message, along with any attachments, may be confidential and legally privileged.  If you are not the designated recipient of this message, please destroy it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.

Under regulations of the Treasury Department, we are required to include the following statement in this message: Any advice contained herein (or in any attachment hereto) regarding federal tax matters was not intended or written by the sender to be used, and it cannot be used by any taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

# Exhibit 11

# HellerEhrman LLP

February 6, 2008

Carl S. Nadler
Carl.Nadler@hellerehrman.com
Direct +1.202.912.2575
Main +1 (202) 912-2000
Fax +1 (202) 912-2020

*By Electronic Mail*

Richard C. Abati
Choate, Hall & Stewart
Two International Place
Boston, MA  02110

**Re:    Barrett/Cigna**

Dear Rich:

Relator has not yet seen a response to my November 20, 2007 letter to Karen Collari Troake regarding Relator's document requests to LINA and CIGNA.  In your December 21, 2007 e-mail to Shari Rose, you stated that defendants expected to send a response shortly after the New Year holiday.  Please let me know when we can expect a response to this letter.

Additionally, Relator will be shortly moving to compel on unresolved issues, but would like to discuss Relator's Request No. 36(c) to LINA.  Request No. 36(c) asks for "[a]ll data (or data compilations), reports, summaries, audits, or analyses by you, SSAP or any SSDI vendor that concern, refer or relate to SSDI or SSAT referrals made by you or the outcome of those referrals."  As reflected in the LINA discovery chart, LINA agreed to produce "reports concerning the number of claimants" referred to LINA's SSDI vendors.  Relator believes that reports relating solely to the "number of claimants" referred to LINA's SSDI vendors is not responsive to this request.  LINA should produce all reports and data compilations concerning SSDI referrals and the outcome of those referrals.  Please confirm whether there are documents responsive to this request that LINA refuses to produce.

Regards,

Carl S. Nadler /sap

Heller Ehrman LLP   1717 Rhode Island Avenue, NW,  Washington, D.C.  20036-3001  www.hellerehrman.com

Beijing   Hong Kong   London   Los Angeles   Madison, WI   New York   San Diego   San Francisco   Seattle/Anchorage   Silicon Valley   Singapore   Washington, D.C.

# Exhibit 12

# HellerEhrman LLP

February 11, 2008

Thomas S. Kimbrell
Tom.Kimbrell@hellerehrman.com
Direct +1.202.912.2604
Main +1 (202) 912-2000
Fax +1 (202) 912-2020

*By E-Mail*

Richard C. Abati
Choate, Hall & Stewart
Two International Place
Boston, MA 02110
United States of America

Re:   *United States of America, ex rel. Barrett v. Cigna Corporation et al.*

Dear Rich:

    I am writing further to our conversations of the last several days concerning defendants' obligation to produce relevant emails. During our recent conversations, you informed Relator, for the very first time, that emails of relevant custodians have not been maintained by Defendants during the pendency of the litigation, and that emails more than six months old were only available on backup tapes that would be "very expensive" to restore. You also informed Relator that Defendants have not yet reviewed their systems for responsive emails —even though Relator's Requests for Production of Documents have now been outstanding for over ten months.

    Although our conversations were of a preliminary nature, I want to be certain that you understand Relator's position on this very serious matter. Once Defendants were made aware of Relator's claims, Defendants were obligated to maintain relevant emails and other electronic documents in a readily accessible format. Accordingly, at a minimum Defendants must bear the expense of retrieving and producing emails from the backup tapes. *See, e.g., Treppel v. Biovail Corp.*, 233 F.R.D. 363, 372 n. 4 (S.D.N.Y. 2006) ("permitting the downgrading of data to a less accessible form-which systematically hinders future discovery by making the recovery of the information more costly and burdensome-is a violation of the preservation obligation"); *Quinby v. WestLB AG*, 245 F.R.D. 94, 104 (S.D.N.Y. 2006) (holding that where "a party creates its own burden or expense by converting into an inaccessible format data that it should have reasonably foreseen would be discoverable material at a time when it should have anticipated litigation, then it should not be entitled to shift the costs of restoring and searching the data.")

    In light of the current discovery schedule, it is also imperative that Defendants provide Relator with a timetable by which they will produce all emails, electronic, and hard

Heller Ehrman LLP   1717 Rhode Island Avenue, NW, Washington, D.C. 20036-3001   www.hellerehrman.com

Beijing   Hong Kong   London   Los Angeles   Madison, WI   New York   San Diego   San Francisco   Seattle/Anchorage   Silicon Valley   Singapore   Washington, D.C.

HellerEhrman LLP

Richard C. Abati
February 11, 2008
Page 2

copy documents responsive to Relator's First Request for Production of Documents. If you now believe that Defendants' review and production of responsive documents will take longer than originally communicated to Relator, please tell us that now.

Additionally, you still have not responded to my January 11, 2008 letter to you asking that you clarify the details surrounding Defendants' destruction of hard copy documents relevant to this case (outstanding for four weeks), nor have you responded to Carl Nadler's November 20, 2007 letter to Karen Collari Troake regarding the scope of Relator's document requests (outstanding for eleven weeks). Your prompt response to this letter and Relator's outstanding letters would be appreciated.

Please do not hesitate to contact me if you have any questions or concerns.

Very truly yours,

Thomas S. Kimbrell