UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* DAWN BARRETT,<br><br>                Plaintiff,<br><br>      v.<br><br>CIGNA CORPORATION and LIFE<br>INSURANCE COMPANY OF NORTH<br>AMERICA,<br><br>                Defendants. | Civil Action No. 03-12382-MLW |

**DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT DUE TO LACK OF *SCIENTER***

Defendants hereby move this Court, pursuant to Fed. R. Civ. P. 12(b)(1) and 56, to dismiss this *qui tam* action filed by Relator Dawn Barrett ("Barrett"). This motion presents alternative grounds for the dismissal of Relator's principal claim. It also respectfully moves this Court to dismiss Relator's ancillary allegation that CIGNA "knowingly conceals" information from the Social Security Administration ("SSA"), to the extent Relator asserts that it constitutes a stand alone claim that Defendants have violated the False Claims Act, 31 U.S.C. § 3729, pursuant to Fed. R. Civ. P. 12(c), as standing alone, it states no federal claim.

Relator's principal allegations, on which she bases all three of her counts, are that: (1) Defendants require all claimants for benefits under long term disability ("LTD") policies issued by CIGNA companies also to apply to the SSA for Social Security Disability Insurance ("SSDI") benefits; (2) this includes some claimants as to whom their CIGNA claim files contain information showing that they are not eligible for SSDI benefits under the SSA's definition of

disability; and (3) this constitutes a violation of the False Claims Act, 31 U.S.C. § 3729(a)(1), (2) and (3).

Defendants move to dismiss this claim (1) pursuant to Fed. R. Civ. P. 12(b)(1) and 31 U.S.C. § 3730(e)(4) on the grounds that the Court lacks subject matter jurisdiction to adjudicate it because the material allegations on which it is based were frequently publicly disclosed well before this action was filed and Relator cannot prove that she is an "original source" of the information on which her allegations are based; and (2), alternatively, pursuant to Fed. R. Civ. P. 56, because SSA has long known about and acquiesced in CIGNA's practice of directing claimants for LTD benefits also to apply for SSDI benefits and, therefore, Relator cannot establish that Defendants acted with *scienter*, a necessary element of any *qui tam* claim.

Additionally, Relator has a tag along allegation that may be described as her "adverse evidence" claim. In this claim Relator complains that CIGNA does not volunteer information to the SSA when an applicant for SSDI is denied LTD benefits. There is, however, no legal requirement that SSDI applicants, much less third parties such as CIGNA, voluntarily provide the SSA with such information. Indeed, the SSA published proposed regulations that would have added such a requirement, but after receiving critical public comments decided not to adopt them. In consequence, if it is Relator's position that the "adverse evidence" claim constitutes a separate, stand alone, violation of the FCA, it should be dismissed pursuant to Fed. R. Civ. P. 12(c), because it cannot possibly state a cause of action.

The grounds for this motion are stated in greater detail in the *Memorandum Of Law In Support Of Defendants' Motion To Dismiss For Lack Of Jurisdiction Or, In The Alternative, For Summary Judgment Due To Lack Of Scienter, And Failure To State A Claim As To An Ancillary Matter*.

WHEREFORE, Defendants respectfully request that this Court grant this Motion, and grant such other relief as this Court deems just and appropriate.

                                   Respectfully submitted,

                                   CIGNA CORPORATION and LIFE INSURANCE COMPANY OF NORTH AMERICA

                                   By their attorneys,

                                   */s/ Mitchell H. Kaplan*
                                   Mitchell H. Kaplan (BBO# 258940)
                                   mkaplan@choate.com
                                   R. J. Cinquegrana, (BBO # 084100)
                                   rjcinquegrana@choate.com
                                   Richard C. Abati (BBO # 651037)
                                   rabati@choate.com
                                   CHOATE, HALL & STEWART LLP
                                   Two International Place
                                   Boston, Massachusetts 02110
                                   (617) 248-5000

Dated: August 22, 2008

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

The undersigned counsel for Defendants hereby certifies that he has conferred with Barrett's counsel in a good faith effort to resolve or narrow any issues related to this Motion, but no agreement could be reached by the parties.

/s/ Mitchell H. Kaplan
Mitchell H. Kaplan

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 22, 2008.

*/s/ Mitchell H. Kaplan*
Mitchell H. Kaplan

4359606v1