# EXHIBIT A

S T A T E   O F   M I C H I G A N

C O U R T   O F   A P P E A L S

JOHN A. MAYS,                          )
                                       )
              Plaintiff-Appellant,     )        No. 77-2604
                                       )
    vs.                                )        L.C. File No. C 744-180 CK
                                       )
INSURANCE COMPANY OF NORTH AMERICA,    )
                                       )        MOTION FOR REHEARING
              Defendant-Appellee.      )
                                       )

        Plaintiff-Appellant John Mays respectively moves the Court for an

order granting a rehearing and asserts the following as and for his reasons why

said order should be granted:

        1.  The Opinion of this Honorable Court states:

            "The trial judge ruled that plaintiff was entitled
            collect the disability benefits, however, the judge
            ruled that these benefits were to be reduced by the
            amount of social security and workers' compensation with
            plaintiff had already received."

The trial judge ruled that disability benefits were to be reduced not by

Workmen's Compensation already paid but by Compensation that not only hadn't but

might not ever be paid; by Compensation that could never be paid; and by Compen-

sation undiminished either by costs or attorney fees which a disabled insured was

forced to incur by an insurer who had wrongfully withheld its disability payments.

        2.  The Opinion states:

            "Plaintiff's major contention is that these benefits
            were not 'payable' because his right to receive them had
            been initially disputed; as a result, he contends that a
            set-off of these benefits is inappropriate."

Plaintiff's major contention is that the term "payable" is inherently ambiguous;

that it is even more ambiguous placed in the context of the purpose and language

of the policy; that as such it ought be construed (1) more favorably the

insured and (2) so as to accomplish and not defeat the policy's purpose

construed, Comp. and Social Security benefits are not payable if applied for and

denied.  To construe the term otherwise defeats the policy's purpose and deprives

a disabled insured of the funds necessary for life itself, the receipt of which the policy was supposed to insure. At the same time it permits an insurer to shift all of the burden of determining payability to its disabled insured while it enriches itself from his efforts without even sharing in the risk, costs and attorney fees he incurs. Such a construction is not one "most favorable" to an insured.

     3.  The Opinion states:

> "Whether or not the social security or workers' compensation benefits were previously 'payable' during the time they were disputed is irrelevant to a determination of whether the defendant now may reduce its obligation by the amounts of social security and workers' compensation already paid."

The right to reduce disability payments from week to week after an application for Comp. or Social Security is denied and pending final determination is inextricably related to the right to deduct for such payments after payability is ultimately decided. Logically, the right to deduct ultimately should correspond with the right to deduct pending determination and the right in either case should be determined by the meaning given to the term "payable". Based upon the meaning of this term, an insurer will or will not exercise its right to deduct pending determination.     The rights given an insurer to deduct after determination will bear directly on whether and how it asserts its right to reduce pending determination.

     4.  The Opinion states:

> "Such set-offs are clearly authorized in the disability insurance contract."

With due deference to this Honorable Court, the contract says nothing concerning the insurer's right to set-off. The most the language of the policy does is to give the insurer a right to "reduce" from each weekly benefit the amount of Compensation or Social Security then payable.

     5.  The Opinion states:

> "So long as plaintiff has received or has a right to receive the social security and workers' compensation benefits, those benefits are 'payable' within the meaning of the contract. <u>Bonney</u> v <u>Citizens' Mutual Automobile Insurance Co</u>, 333 Mich 435; 53 NW2d 321 (1952)."

To say that Workmen's Compensation is payable whenever plaintiff has a right to receive it is to evade the sole issue in this case, i. e., "Is it payable while that right is being determined?" Bonney v Citizens' Mutual Automobile Insurance Co, 333 Mich 435; 53 NW2d 321 (1952), not only did not but could not have decided this issue. Bonney involved the medical pay provisions of an automobile policy which called for no weekly payments pending a determination. Bonney said the Circuit Court had jurisdiction to decide Compensation payability as between an insured and a non-employer and it said Comp. could be payable though not finally ordered by the Comp. Commission, and the term "payable" was not ambiguous as against a contrary contention. It said nothing whatsoever concerning this term as applied to the issue here involved.

      6.  The Opinion states:

> "To adopt plaintiff's view, that benefits are never payable if they are at any time disputed, would not only defeat the clear intent of the contractual language but would give plaintiff a windfall."

The clear intent of the contract is to insure that a disabled insured will always receive from week to week at least 60% of his base salary to live on whether that comes from the insurer's pocket or from Social Security or Workmen's Compensation. This is precisely what Plaintiff's view accomplishes. Defendant's view would accomplish precisely the opposite. It forces an insured into litigation to determine payability. It deprives an insured of the disputed payments during the long litigation process. It gives to the insurer all of the benefits of the insured's litigation while imposing on it none of the burden, risk, costs and attorney fees the litigation involves. In this case it even deprives the insured of $9,920 for "payable" Compensation which the insured has not and can never receive. It enables the insurer to receive prospective benefits from the insured's litigation of immense and immeasurable value, all without incurring any of the burden, risk and costs of such litigation. These are "windfalls" the insurer receives by Defendant's view. If there are to be windfalls, who is to receive them? By Plaintiff's view an insurer can do much to avoid or minimize such windfalls. As to Social Security, the insurer can request and insist upon prompt application and pursuit of such benefits by its insured.

Any windfall will always be related to benefits retroactively awarded (in this case approximately $4,000). As to Workmen's Compensation, the insurer can make its payments rather than wrongfully withholding them and it can obtain, by statute, an assignment in Compensation, if awarded, to the extent it pays without reduction for Compensation. Any windfall received by the insured in this case by Plaintiff's view is a windfall richly deserved.

7. The trial court's judgment fully and finally determined the insurer's right to reduce both as to accrued and future Compensation regardless of the outcome of the Comp. appeals. Though this Court affirmed this judgment without stated reservation, it inconsistently indicates the insurer's right to reduce for future Compensation will be affected by reversal of the Comp. award on appeal, all without mentioning how such a reversal will affect the insurer's right to reduce for accrued Compensation. This aspect of the decision is confusing, at best. It leaves the rights of the parties in this important respect uncertain.

It is respectfully submitted for all of the foregoing reasons, Plaintiff's Motion for Rehearing should be granted.

Respectfully submitted,

FORD, KRIEKARD, STATON, ALLEN
AND DECKER, P. C.

By _____
Arthur Staton, Jr.
Attorneys for Plaintiff-Appellant

Business Address:
1015 American National Bank Bldg.
Kalamazoo, Michigan 49007

DATED:    September 8, 1978.

- 4 -