# EXHIBIT B

# (2 of 2)

<u>NOTE TO PROCESSING CENTER</u>
<u>FURTHER ACTION NECESSARY</u>

**SOCIAL SECURITY ADMINISTRATION**
**OFFICE OF HEARINGS AND APPEALS**

**DECISION**

| <u>IN THE CASE OF</u> | <u>CLAIM FOR</u> |
|---|---|
| | Period of Disability, Disability Insurance Benefits, and <u>Supplemental Security Income</u> |
| Earnest Rowell | |
| (Claimant) | |
| | 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 |
| (Wage Earner) | (Social Security Number) |

### PROCEDURAL HISTORY

The claimant filed his Title II application for disability insurance benefits on May 5, 1994 (protective filing date), and his Title XVI application for supplemental security income on May 5, 1994 (protective filing date), alleging disability since October 1, 1993. After proper notice, a hearing was held on April 24, 1995, in Chicago, Illinois. The claimant personally appeared and testified, represented by Thomas Nash, Attorney at Law. Also testifying was Meyer Klein, vocational expert.

### ISSUES

The issues in this case are whether the claimant is under a disability as defined by the Social Security Act and if so, when his disability commenced, the duration of the disability, and whether the insured status requirements of the Act are met for the purpose of entitlement to a period of disability and disability insurance benefits.

### EVALUATION OF THE EVIDENCE

After a thorough evaluation of the entire record, it is concluded that the claimant has been disabled since October 1, 1993, and met the insured status requirements of the Social Security Act on that date and thereafter, through December 31, 1998. The claimant was 39 years old on the date his disability began. He has a 9th grade education. His prior relevant work was doing machine set-up, which he did at both the light and medium

Ernest Rowell
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                                    2

exertional levels. The claimant has not engaged in any
substantial gainful activity since the disability onset date.

The claimant has the following impairments which are considered
to be "severe" under the Social Security Act and Regulations:
sarcoidosis, insulin dependent diabetes mellitus, status post
oral cancer with residual nosebleeds, alcohol abuse, and
dysthymia.  These impairments prevent the claimant from engaging
in substantial gainful activity on a sustained basis at all
exertional levels.  The impairments do not meet or equal any
listing of impairment, either individually or in combination.

The medical evidence shows the claimant suffers from sarcoidosis,
with orthopnea, rhonchi, wheezing, prolonged expiration, and
uncontrolled coughing spells.  He is on the steroid Prednisone in
an effort to control this impairment. (Exhibits 15, 17, and 26)

Since a January, 1993 hospitalization at St. Anthony Hospital for
uncontrolled diabetes mellitus, he has been required to take
insulin for better control of his diabetes (Exhibit 15). The
claimant's treating physician, Tyla Courtney, M.D., indicates the
diabetes has caused some A/V nicking in his eyes, and that
because of the claimant's steroid dependence his blood sugar
levels have been hard to control, even with insulin (Exhibit 17).

The evidence in file documents that the claimant suffered from
adenocystic carcinoma of the left nose in 1977, for which he
required a left maxillectomy (Exhibit 14).  The claimant
testified that he has frequent nose bleeds when he had this
cancer, and while the cancer was successfully excised by the
surgery, he has a residual nasal defect with frequent nose
bleeds.

The claimant's treating physician, Tyla Courtney, M.D., said in a
letter dated April 4, 1995, that the claimant would be unable to
do any type of work on a sustained bases due to his multiple
physical impairments. Those impairments cause coughing spells
which are difficult to suppress, blood sugar which is often out
of control, and frequent bloody noses. (Exhibit 27)  The
Administrative Law Judge finds that the claimant's frequent,
uncontrollable coughing spells, plus frequent uncontrolled blood
sugar and numerous bloody noses, would result in the claimant
having to miss a significant amount of work time due to these
signs of his multiple physical impairments.

At the hearing the claimant acknowledged that he has abused
alcohol for many years, drinking gin two or three times a week
and often passing out.  He testified that it had caused him
familial problems, and that he had lost one job after his
supervisor had smelled alcohol on his breath, but that he had
never been in trouble with the law as the result of his drinking.

Ernest Rowell
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

3

He testified that the habit did cause him some tremors, but that
it had never required him to be hospitalized, and that he had not
had any medical treatment for it or been in any alcohol abuse
treatment program.

After the hearing a psychiatric consultative examination was
arranged.  It was conducted on June 6, 1995 by Jack Arbit, M.D.
This examiner found the claimant's addictive behavior to only
fall in the average range, and diagnosed him as suffering from
alcohol abuse by history, but not dependence.  He also diagnosed
the claimant as suffering from dysthymia.

With regard to the "B" criteria of the mental impairment
listings, the claimant was found to be slightly restricted in his
activities of daily living.  He lived with a friend, sleeps quite
a lot, watches TV, particularly sports, and sometimes goes out by
himself. He goes to church with a friend, and also goes shopping
with him, but stays in the car due to his frequent coughing and
nose bleeds.  He is not found to have difficulties in social
functioning, as he has friends that he does things with. He also
visits a brother, who is a diabetic since childhood, and his
mother, who is in a wheelchair. His children visit him
periodically.  He is found to seldom have deficiencies in
concentration, persistence and pace.  They were not in evidence
at the psychiatric consultative examination, but would be present
if he drank gin and blanked out.  He is found to have had
decompensation once or twice in a work-like setting.

The vocational expert, Meyer Klein, who considered the claimant's
age, education, and prior work experience, testified that if an
individual like the claimant had to miss full or partial work
days several times a month because of severe, uncontrollable
coughing, uncontrolled blood sugar levels, and severe bloody
noses, as indicated by Dr. Courtney and accepted by the
Administrative Law Judge, then there were not a significant
number of jobs that the individual could be expected to perform.
The Administrative Law Judge finds that, since October 1, 1993,
there have not been a significant number of jobs the claimant
could perform on a sustained basis.  He is found disabled under
the Social Security Act and Regulations.  He is entitled to a
period of disability from October 1, 1993 through the date of
this decision, and is entitled to disability insurance benefits,
plus is eligible for supplemental security benefits.

Alcoholism was not found to be a factor material to the finding
of disability.

## FINDINGS

After consideration of the entire record, the Administrative Law
Judge makes the following findings:

Ernest Rowell
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

4

1. The claimant met the insured status requirements of the Act on October 1, 1993. The claimant has not performed any substantial gainful activity since October 1, 1993.

2. The claimant's impairments which are considered to be "severe" under the Social Security Act are sarcoidosis, insulin dependent diabetes mellitus, status post oral cancer with residual nosebleeds, alcohol abuse, and dysthymia.

3. The claimant's impairments do not meet or equal in severity the appropriate medical findings contained in 20 CFR Part 404, Appendix 1 to Subpart P (Listing of Impairments).

4. The claimant's allegations are found to be credible.

5. The claimant's impairments prevent him from engaging in substantial gainful activity on a sustained basis at any exertional level.

6. The claimant is unable to perform his past relevant work.

7. The claimant was 39 years old on the date disability began, which is defined as a younger individual. The claimant has a limited education.

8. The claimant does not have transferable skills to perform other work within his physical and mental residual functional capacity.

9. Based upon the claimant's residual functional capacity, and vocational factors, there are no jobs existing in significant numbers which he can perform. This finding is based upon Section 201.00(h) of the Medical-Vocational Guidelines, 20 CFR Part 404, Appendix 2 to Subpart P.

10. The claimant has been under a disability as defined by the Social Security Act and Regulations since October 1, 1993.

### DECISION

Based on the Title II application filed on May 5, 1994, the claimant is entitled to a period of disability commencing October 1, 1993, and to disability insurance benefits under sections 216(i) and 223 of the Social Security Act, respectively, and the claimant's disability has continued at least through the date of this decision.

It is the further decision of the Administrative Law Judge that based on the Title XVI application filed on May 5, 1994, the

Ernest Rowell
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

5

claimant has been disabled since October 1, 1993, under section
1614(a)(3)(A) of the Social Security Act, and the claimant's
disability has continued through the date of this decision.

The Social Security Administration must also determine whether
the claimant meets the income and resources and other eligibility
requirements for supplemental security income payments, and if
the claimant is eligible, the amount and the month(s) for which
the claimant will receive payment.  The claimant will receive a
notice from another office of the Social Security Administration
when that office makes those determinations.


_Richard J. Boyle_
Richard J. Boyle
Administrative Law Judge


JAN 2 3 1996
Date

OHA PSYCHIATRIC REVIEW TECHNIQUE FORM

NAME: Earnest Rowell        SSN: 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

Assessment is for:  Current Evaluation

Administrative Law Judge's Signature                    Date

*Richard L. Boyle*                                      JAN 23 1998

I.    MEDICAL SUMMARY
      A.    Medical Disposition(s):  RFC Assessment Necessary
                                     (i.e., a severe impairment is
                                     present which does not meet or
                                     equal a listed impairment)

      B.    Based Upon Category(ies):     12.04, 12.09

II.         Reviewer's Notes (Does not apply to OHA)

III.        DOCUMENTATION OF FACTORS THAT EVIDENCE THE DISORDER
            (Evaluation of the existence of a sign or symptom
            CLUSTER or SYNDROME for the Listed Disorder.)

            PRESENT    ABSENT

            [ ]        [x]    A.    12.02    Organic Mental Disorders
            [ ]        [x]    B.    12.03    Schizophrenic, Paranoid
                                             and other Psychotic
                                             Disorders
            [x]        [ ]    C.    12.04    Affective Disorders
            [ ]        [x]    D.    12.05    Mental Retardation and
                                             Autism
            [ ]        [x]    E.    12.06    Anxiety Related Disorders
            [ ]        [x]    F.    12.07    Somatoform Disorders
            [ ]        [x]    G.    12.08    Personality Disorders
            [x]        [ ]    H.    12.09    Substance Addiction
                                             Disorders


      C.  · 12.04  Affective Disorders - Disturbance of mood,
            accompanied by a full or partial manic or depressive
            syndrome, as evidenced by at least one of the following:

            PRESENT-ABSENT-INSUFFICIENT EVIDENCE

            1.    [ ] [x] [ ]  Depressive syndrome characterized by at
                               least four of the following:
                               a.   [ ]  Anhedonia or pervasive loss of
                                         interest in almost all
                                         activities, or
                               b.   [ ]  Appetite disturbance with
                                         change in weight, or
                               c.   [ ]  Sleep disturbance, or

    d.  [ ]  Psychomotor agitation or
             retardation, or
    e.  [ ]  Decreased energy, or
    f.  [ ]  Feelings of guilt or
             worthlessness, or
    g.  [ ]  Difficulty concentrating or
             thinking, or
    h.  [ ]  Thoughts of suicide, or
    i.  [ ]  Hallucinations, delusions or
             paranoid thinking

2.  [ ]  [x]  [ ]  Manic syndrome characterized by at least
    three of the following:
    a.  [ ]  Hyperactivity, or
    b.  [ ]  Pressures of speech, or
    c.  [ ]  Flight of ideas, or
    d.  [ ]  Inflated self-esteem, or
    e.  [ ]  Decreased need for sleep, or
    f.  [ ]  Easy distractibility, or
    g.  [ ]  Involvement in activities that
             have a high probability of
             painful consequences which are
             not recognized, or
    h.  [ ]  Hallucinations, delusions or
             paranoid thinking

3.  [ ]  [x]  [ ]  Bipolar syndrome with a history of
    episodic periods manifested by the full
    symptomatic picture of both manic and
    depressive syndromes (and currently
    characterized by either or both
    syndromes)

4.  [x]  [ ]  [ ]  Other: Dysthymia


H.   **12.09  Substance Addiction Disorders** - Behavioral changes or
physical changes associated with the regular use of
substances that affect the central nervous system.

  If present, evaluate under one or more of the most closely
applicable listings:

1.   [ ]  Listing 12.02 - Organic mental disorders*
2.   [x]  Listing 12.04 - Affective disorders*
3.   [ ]  Listing 12.06 - Anxiety disorders*
4.   [ ]  Listing 12.08 - Personality disorders*
5.   [ ]  Listing 11.14 - Peripheral neuropathies*
6.   [ ]  Listing 5.05 - Liver damage*
7.   [ ]  Listing 5.04 - Gastritis*
8.   [ ]  Listing 5.08 - Pancreatitis*
9.   [ ]  Listing 11.02 or 11.03 - Seizures*
10.  [ ]  Other:

*NOTE:   Items 1,2,3,4,5,6,7,8 and 9 correspond to Listings
        12.09A, 12.09B, 12.09C, 12.09D, 12.09E, 12.09F, 12.09G,

12.09H, and 12.09I, respectively. If items 1,2,3 or 4 are checked, only the numbered items in subsections IIIA, IIIC, IIIE, or IIIG of the form need be checked. The first two blocks under the disorder heading in those subsections need not be checked.

## IV. RATING OF IMPAIRMENT SEVERITY

### A. "B" CRITERIA OF THE LISTINGS

THE FOLLOWING FUNCTIONAL LIMITATIONS (WHICH APPLY TO PARAGRAPH B OF LISTINGS 12.02-12.04 AND 12.06-12.08 AND PARAGRAPH D OF 12.05) EXIST AS A RESULT OF THE INDIVIDUAL'S MENTAL DISORDER(S).

NOTE:      ITEMS 3 AND 4 BELOW ARE MORE THAN MEASURES OF FREQUENCY. DURATION AND EFFECTS OF THE DEFICIENCIES (ITEM 3) OR EPISODES (ITEM 4) ARE DISCUSSED IN THE DECISION.

Listing(s) under which the items below are being rated:  12.04, 12.09

**FUNCTIONAL LIMITATION AND DEGREE OF LIMITATION**

---

1. Restrictions of Activities of Daily Living:

None[ ] Slight[x] Moderate[ ] Marked*[ ] Extreme[ ] Insuff Evid[ ]

---

2. Difficulties in Maintaining Social Functioning:

None[x] Slight[ ] Moderate[ ] Marked*[ ] Extreme[ ] Insuff Evid[ ]

---

3. Deficiencies of Concentration, Persistence or Pace Resulting in Failure to Complete Tasks in a Timely Manner (in work settings or elsewhere):

Never[ ] Seldom[x] Often[ ] Frequent*[ ] Constant[ ] Insuff Evid[ ]

---

4. Episodes of Deterioration or Decompensation in Work or Work-Like Settings Which Cause the Individual to Withdraw from that Situation or to Experience Exacerbation of Signs and Symptoms (which may Include Deterioration of Adaptive Behaviors):

Never[ ] Once/Twice[x] Repeated*(3+)[ ] Continual[ ] Insuff Evid[ ]

---

*Degree of limitation that satisfies the Listings: Extreme, Constant and Continual also satisfy that requirement.

B.    Summary of Functional Limitation Rating for "B" Criteria

NO. OF FUNCTIONAL LIMITATIONS MANIFESTED AT THE LISTING LEVEL: [0] (The number must be at least 2 to satisfy the requirements of paragraph B in Listings 12.02, 12.03, 12.04 and 12.06 and paragraph D in 12.05; and at least 3 to satisfy the requirements in paragraph B in Listings 12.07 and 12.08.)