# EXHIBIT F

# (1 OF 3)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN G. KELLY<br>119 Hidden Creek Drive<br>Hatboro, PA 19040<br><br>vs.<br><br>CONNECTICUT GENERAL LIFE<br>INSURANCE COMPANY<br>Routing D063<br>12225 Greenville Avenue<br>Suite 1000, LB#:179<br>Dallas, TX 75243-9384 | CIVIL ACTION<br><br><br><br><br><br><br><br>NO. 03-315 |

## AMENDED CIVIL ACTION

I.  **INTRODUCTION**

1.  This is an action brought by Plaintiff, John G. Kelly as beneficiary under the CONNECTICUT GENERAL LIFE INSURANCE COMPANY, pursuant to §502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132 to remedy a breach of fiduciary obligation, to enjoin such breach and to enforce the terms of his employee benefits plan.

II. **JURISDICTION & VENUE**

2.  This action arises under the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. §1101, *et seq.*, referred to herein as the "Act." This Honorable Court has jurisdiction under 28 U.S.C. §§1132(e), 1331 and 1367(a).

3.  Venue is proper and appropriate in this district pursuant to 28 U.S.C. § 1391(b) and (c), and 502(e)(2) of ERISA, as the benefits are administered within this district;

Defendant does business within this district; and a substantial part of the events giving rise to this claim occurred within this district.

### III. PARTIES

4. Plaintiff, JOHN G. KELLY, is an adult individual who resides at 110 Hidden Creek Drive, Hatboro, Pennsylvania 19040.

5. Defendant CONNECTICUT GENERAL LIFE INSURANCE COMPANY ("CGLIC) is the insurer of Employee Benefits Plan Policy No: 2512702 (the "Plan") with offices located at 12225 Greenville Avenue, Dallas TX.

6. Defendant, CGLIC is both the insurer and the administrator of Employee Benefits Plan Policy No: 2512702.

### IV. FACTS GIVING RISE TO CAUSES OF ACTION

7. Defendant CGLIC is also a fiduciary pursuant to §3(21)(A) of ERISA, 29 U.S.C. §1002(2)(A); in that it exercises discretionary authority respecting management of the Plan's assets.

8. At all relevant times hereto, Plaintiff was employed as a Store Manager at Great A&P Tea Co., Inc.

9. The Plan has, at all relevant times hereto, been an employee welfare benefit plan within the meaning of ERISA.

10. At all relevant times hereto, Plaintiff was an enrolled insured under the Plan. A true and correct copy of the Benefits Handbook summarizing the Group Plan under the Policy is attached hereto, incorporated herein and marked Exhibit "A."

11. In or around May 18, 2001, Plaintiff became totally disabled due to severe impairments including, but not limited to, obstructive sleep apnea, atrial fibrillation

for ablation and cardivoersion, congestive heart failure, sick sinus syndrome with trachybrady syndrome, morbid obesity, Hypertension and benign prostatic hypertrophy.

12. Upon the instruction and demand of Defendant, Plaintiff applied for Social Security Disability.

13. On December 15, 2002, Social Security Administrative Law Judge Henry E. Oliver, after a full hearing, adjudicated Plaintiff totally disabled as of May 18, 2001. A true and correct copy of Administrative Law Judge Oliver's decision is attached hereto as Exhibit "B".

14. The standard for Total Disability under Social Security is more stringent than the standard for Long Term Disability under Defendant's Plan.

15. From June 1, 2001 through January 1, 2002, pursuant to its obligations under the Plan, Defendant tendered monthly disability benefits to Plaintiff.

16. By way of letter dated June 10, 2002, Defendant notified Plaintiff's attorney of its final decision to terminate any and all disability benefits. A true and correct copy of Defendant's correspondence is attached hereto, incorporated herein and marked Exhibit "C."

17. Counsel requested reconsideration of Defendant's denial of benefits and an appeal from the denial was filed by way of letters dated August 26, 2002, September 19, 2002, October 2, 2002 and December 19, 2002. Copies of Plaintiff's stated letters are attached hereto, incorporated herein and marked as composite Exhibit "D."

18. Defendant continues to deny Plaintiff's Request for Reconsideration; all administrative remedies have been completed.

19. At all relevant times hereto, subsequent to May 18, 2001 to the present, Plaintiff remains disabled as defined under the Plan.

20. Defendant denied all requests for appeal and/or reconsideration of its termination of Plaintiff's disability benefits.

21. Upon review of Plaintiff's entire medical records, Defendant's own retained in-house physician confirmed objective evidence of disability.

22. All of Plaintiff's treating physicians, in their submitted Attending Physician Statements ("APS"), confirm that Plaintiff was and remains totally disabled.

23. All of Plaintiff's treating physicians as well as the Social Security Administrative Judge confirm that Plaintiff was and remains totally disabled.

24. Defendant abused its authority by arbitrarily and capriciously terminating Plaintiff's disability insurance benefits.

25. Defendant acted in a conflict of interest by being both the insurer and administrator under the Plan.

26. Plaintiff has requested that Defendant reconsider its denial of its termination of disability benefits, but Defendant has and continues to wrongfully deny Plaintiff's claim for disability benefits.

27. There is no legal or factual basis for Defendant's wrongful denial of Plaintiff's request for continuation of disability benefits.

## COUNT I
## ERISA DENIAL OF BENEFITS

28. Plaintiff incorporates by reference herein Paragraphs 1 through 7 above as though same were fully set forth at length herein.

29. Defendant is obligated to provide disability benefits to Plaintiff up to age 65 assuming he remains disabled.

30. At all times relevant hereto, Plaintiff fully complied with and satisfied all obligations set forth in the Plan.

31. At all relevant times hereto, Defendant was and is obligated, under the Plan, to provide long term disability benefits to Plaintiff from January 1, 2002 to the present and to continue to tender long term disability benefits in the future.

32. Under the CGLIC Employee Disability Program, the Plan defines "Total Disability" as follows:

    1. *For the first two years that LTD benefits are payable, you must be unable to perform any and all duties of your job. During this two-year period, you must not be engaged in any other job where you are paid or where you make a profit except "rehabilitative employment";*
    2. *After the first two years of benefit payment you must be unable to perform any job for which you are qualified or for which you become qualified.*

33. Plaintiff has repeatedly requested that Defendant recognize and satisfy its obligations in good faith as stated above.

34. Despite repeated requests, Defendant refused and continues to refuse to satisfy its obligations under the provisions of the Plan as stated above.

35. Defendant's refusal to pay Plaintiff's benefits as stated is arbitrary and capricious including, but not limited to Defendant:

    a. failing to perform and complete its investigation within a reasonable period;

    b. Failing to negotiate and perform its obligations in good faith;

    c. Failing to adhere to the spirit of the bargain;

    d. Otherwise proceeding in an arbitrary and capricious manner in its

performance and endorsement of the Policy;

36. As a result of Defendant's substantial and material breach of Plan obligations, Plaintiff has suffered damages including, but not limited to, the loss of promises and contracted for insurance coverage, medical expenses and other consequential damages.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment against Defendant and grant the following:

a. An Order enjoining Defendant from denying payment of Plaintiff's disability benefits;

b. An Order compelling Defendant to pay Plaintiff disability benefits retroactive as of January 1, 2002;

c. Reasonable attorney's fees and costs in this action, pursuant to §502(g)(1) of ERISA, 29 U.S.C. §(g)(1); and

d. Such other equitable relief as this Honorable Court deems appropriate.

LAW OFFICES OF DANIEL J. ZUCKER

BY: _____
DANIEL J. ZUCKER, ESQUIRE
Attorney for Plaintiff

## VERIFICATION

The undersigned hereby states that he/she is the Plaintiff in the above-captioned matter. The undersigned verifies that the facts set forth in the foregoing are true and correct to the best of his/her knowledge, information and belief, and that this statement is made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

*John J Kelly*
_____

*Susan P. Kelly*
_____

DATED: 7-17-02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN G. KELLY<br>119 Hidden Creek Drive<br>Hatboro, PA 19040<br>　　vs.<br>CONNECTICUT GENERAL LIFE<br>INSURANCE COMPANY<br>Routing D063<br>12225 Greenville Avenue<br>Suite 1000, LB#:179<br>Dallas, TX 75243-9384 | CIVIL ACTION<br><br><br><br><br><br><br><br>NO. 03-315 |

## CERTIFICATE OF SERVICE

Daniel J. Zucker, Esquire, attorney for Plaintiff, hereby certifies that I caused a true and correct copy of the foregoing Amended Civil Action to be served upon all counsel, as listed below, via First Class, United States Mail, postage pre-paid, on **April 14, 2003** as follows:

Peter J. Hoffman, Esquire
McKISSOCK & HOFFMAN
Suite 3000
1700 Market Street
Philadelphia, PA 19103-3933
*Atty. for Defendant*

　　　　　　　　　　　　　　　LAW OFFICES OF DANIEL J. ZUCKER

BY: _____
　　　　DANIEL J. ZUCKER, ESQUIRE
　　　　Attorney for Plaintiff

Dated: April 14, 2003