# EXHIBIT H

Case 1:03-cv-12382-MLW   Document 142-13   Filed 08/22/2008   Page 1 of 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DIANNE HARKER,

      Plaintiff,

vs.

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

      Defendant.
_____/

MIAMI DIVISION



CASE NUMBER: 03-20587 CIV-MARTINEZ

MAGISTRATE JUDGE DUBÉ

## COMPLAINT FOR DISABILITY BENEFITS

COMES NOW the Plaintiff, DIANNE HARKER [HARKER], by and through her undersigned counsel, and files her Complaint for disability benefits and sues Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA [LINA], for damages and states:

1. Plaintiff's claims are filed pursuant to 29 U.S.C. § 1001, et seq., [ERISA]. Venue and jurisdiction are, therefore, proper pursuant to 29 U.S.C. § 1132.

2. Plaintiff is a beneficiary of an employee-sponsored benefit plan provided to Plaintiff by her former employer. LINA was selected by Plaintiff's employer to make available and provide to employees such as Plaintiff with short-term, occupation specific, and long-term, occupation specific, disability benefits on a voluntary and elected basis. LINA insures Plaintiff under a disability insurance policy number SGD110795. Further, LINA is an insurance company authorized to do and doing business in the State of Florida, including Miami-Dade County, Florida.

3. At all times material to this action, the above-captioned disability insurance policy was in full force and effect; HARKER personally paid in full all premiums required by LINA, under the terms of this particular disability insurance policy; HARKER has satisfied all conditions precedent to the bringing of this action, or LINA has waived any conditions precedent to the

bringing of this action.

4. Pursuant to the operative terms and conditions of the disability insurance policy, HARKER, submitted a claim for benefits and provided a full, complete, adequate and satisfactory proof of loss. LINA accepted the claim and paid full benefits to HARKER until April 2002.

5. In April 2002, LINA sent a letter to HARKER advising of LINA'S decision to deny and not pay the claim. The denial letter fails to meet the Department of Labor's requirements for such a letter. Moreover, HARKER'S disability had worsened, not improved, prior to LINA'S decision to terminate HARKER'S benefits.

6. HARKER timely made a request for review of the denial of her benefits, and submitted to LINA an "appeal" packet of various medical records and supporting documentation in the hope that LINA would reconsider its denial, and reinstate benefits. Thus, HARKER has exhausted all available administrative remedies.

7. On or about February 11, 2003, LINA rendered its decision on HARKER'S request for review, and simply reaffirmed LINA'S own earlier decision to terminate the benefits. LINA refused to reinstate the benefits. LINA'S decision to deny and terminate benefits to HARKER was arbitrary and capricious.

8. LINA solely and exclusively makes all decisions as to payment, or non payment of claims under the terms of the subject disability insurance policy. LINA also makes all "reviews" of its own decisions. There is, therefore, a specific conflict between LINA'S own interest and the interest of HARKER.

9. LINA'S "appeal" procedure violates the requirements of the Department of Labor.

-2-

10. LINA, as of the date that it discontinued disability benefits to HARKER, and thereafter, has been supplied with compelling and substantial evidence of HARKER'S continuing entitlement to benefits, including the fact that HARKER has been deemed totally and permanently disabled by the Social Security Administration.

11. LINA failed and refused to correlate supporting claim documents with specific requirements and environment of HARKER'S own occupation, as the policy requires.

12. HARKER is entitled to the benefits because she meets the definition of total disability or totally disabled under the disability insurance policy by virtue of the fact that she was, and remains, due to her terminal illness of primary sclerosing cholangitis, unable to perform "one of more of the essential duties" of her own or any other occupation, and her monthly earnings were substantially less than eighty (80%) percent of pre-disability earnings.

13. LINA has and continues to distort the facts in this matter, misconstrue, and misrepresent the operative terms and conditions of the subject disability insurance policy, and to disregard the medical information supplied to LINA by HARKER'S treating physicians, all of whom are in complete agreement that HARKER is unable to perform any of the material and substantial duties of her occupation, and moreover is permanently and totally disabled from any occupation, and thus is entitled to benefits sought herein. For example, one of HARKER'S treating physicians, Howard I. Schwartz, M.D., a board certified gastroenterologist has told LINA, among other things, the following:

> "As you know, I have been providing Specialty Care to DIANNE HARKER since 1995, and have come to know her condition quite well. It has been my position for a number of years, that Ms. Harker is 100 % permanently and completely disabled; I have not deviated from this position."

Law Offices John J. Spiegel Professional Association
700 Concord Building • 66 West Flagler Street • Miami, Florida 33130 • Telephone (305) 539-0700

14. At no time did LINA request HARKER to be examined by any physician selected by LINA.

15. During the time that LINA was paying benefits to HARKER, LINA demanded and HARKER agreed to pursue an application for the award of Social Security disability benefits. LINA hired, at its own expense, an attorney to represent HARKER in the Social Security disability matter. LINA instructed retained counsel to represent to the Social Security Administration that HARKER was totally and permanently disabled and entitled to Social Security disability benefits.

16. LINA was motivated to have HARKER obtain the Social Security disability benefits because in the disability insurance policy LINA would be entitled to a set off for Social Security disability benefits should HARKER be deemed totally disabled by Social Security, and entitled to those benefits.

17. LINA'S attorneys were successful in obtaining Social Security disability benefits for HARKER. At LINA'S request, HARKER has been deemed totally disabled by Social Security.

18. Notwithstanding the fact that LINA hired lawyers, and LINA, through its attorneys represented to the Social Security Administration that HARKER was totally and permanently disabled for purposes of mitigating LINA'S financial exposure to HARKER, and notwithstanding the fact that LINA was successful in persuading the Social Security Administration to award total disability benefits to HARKER, LINA has nonetheless taken the position that HARKER is not totally disabled. This obviously inconsistent application of the facts is illegal.

19. LINA has breached its promises and obligations to HARKER as expressed in the subject disability insurance policy, and despite repeated demands for payment, LINA persists in its refusal to pay benefits to HARKER.

20. LINA'S conduct in this case is particularly egregious, and evidences extreme bad

-4-

faith in the handling of this claim. LINA'S decision to deny benefits was made purely for the pecuniary benefit of LINA, and specifically to inflict injury and damage upon HARKER. LINA, as a general business practice, has denied benefits to HARKER, to intimidate and coerce HARKER into foregoing her rights and entitlement under the subject policy of disability insurance, to exact a nominal lump sum settlement agreement from her.

21. Should HARKER prevail in this action, she will apply to the Court for an award of attorney's fees, costs, and expense of litigation, as well as pre-judgment interest, as she has had to retain undersigned counsel to represent, and to protect her interest in this matter, and has incurred an obligation for the payment of attorney's fees, costs, and expense of litigation.

22. Further, HARKER seeks an award of a refund in full of all premiums paid by her during the period of time she should have been receiving payments from LINA, and seeks other relief and damages as deemed appropriate by the Court.

WHEREFORE, Plaintiff, DIANNE HARKER, seeks a final judgment to be entered against Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA for unpaid past benefits, together with pre-judgment interest, and further seeks attorney's fees, costs and expenses of this litigation.

Respectfully submitted this 13 day of March, 2003.

JOHN J. SPIEGEL, P.A.
Attorney for Plaintiff
700 Concord Building
66 West Flagler Street
Miami, Florida 33130
(305) 539-0700
(305) 539-1894 Fax

BY: _____
JOHN J. SPIEGEL, ESQ.

Law Offices John J. Spiegel Professional Association
700 Concord Building • 66 West Flagler Street • Miami, Florida 33130 • Telephone (305) 539-0700

| JS 44 Case 1:03-cv-20587-JEM   Document 1   Entered on FLSD Docket 03/14/2003   Page 6 of 6 |
| --- |

**JS 44** (Rev. 12/96)

# CIVIL COVER SHEET

03-20587

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
DIANNE HARKER

**DEFENDANTS**
LIFE INSURANCE COMPANY OF NORTH AMERICA

CIV-MARTINEZ

MAGISTRATE JUDGE DUBÉ

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** ___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)** (305)539-0700
John J. Spiegel, P.A.
700 Concord Building
66 West Flagler Street, Miami, FL

**ATTORNEYS (IF KNOWN)**

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** (DADE,) MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

Docket: 03CV20587JEM/Dube

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
| --- | --- | --- | --- | --- | --- |
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
| --- | --- | --- | --- | --- | --- |
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | B☐ 540 Mandamus & Other | | | A OR B |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | B☐ 550 Civil Rights | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS - Third Party 26 USC 7609 | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

29 USC § 1001 (ERISA), arising from wrongful denial of disability benefits and wrongful termination of disability benefits.

LENGTH OF TRIAL via 4 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $** contract benefits

**CHECK YES only if demanded in complaint:**
**JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):
JUDGE _____   DOCKET NUMBER _____

**DATE** 3/13/03

**SIGNATURE OF ATTORNEY OF RECORD**
JOHN J. SPIEGEL

**FOR OFFICE USE ONLY**

RECEIPT # 579040   AMOUNT ___   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___