# EXHIBIT I

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)

NIGHT BOX FILED
APR - 4 2003
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

CASE NO.: 03-CIV-20587-MARTINEZ

DIANNE HARKER,

    Plaintiff,

Magistrate Judge: DUBE

-vs-

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

    Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), by and through its undersigned counsel, and pursuant to 29 U.S.C. § 1001, files its Answer and Affirmative Defenses to Plaintiff's Complaint for Disability Benefits and states:

1. Defendant admits that Plaintiff's claims are filed pursuant to 28 U.S.C. § 1001, and Defendant further admits that venue and jurisdiction are proper. However, Defendant denies that Plaintiff has a viable cause of action.

2. Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint for Disability Benefits.

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint for Disability Benefits.

4. Defendant admits that Plaintiff submitted a claim for benefits, and LINA paid full benefits to Plaintiff through April of 2002. Defendant denies the remaining allegations

CASE NO: 03-CIV-20587-MARTINEZ

contained in Paragraph 4 of Plaintiff's Complaint for Disability Benefits and demands strict proof thereof.

5.) Defendant admits that it sent a letter to Plaintiff advising her of the Defendant's decision to deny continued benefits subsequent to April of 2002. Defendant denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint for Disability Benefits and demands strict proof thereof.

6. Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint for Disability Benefits.

7. Defendant admits that it upheld its decision to terminate benefits. Defendant denies the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint for Disability Benefits and demands strict proof thereof.

8. Defendant admits that it has discretion concerning eligibility for benefits. Defendant denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint for Disability Benefits and demands strict proof thereof.

9. Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint for Disability Benefits and demands strict proof thereof.

10. Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint for Disability Benefits and demands strict proof thereof.

11. Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint for Disability Benefits and demands strict proof thereof.

LAW OFFICES OF
STEVEN M. ZIEGLER, P.A.
4000 HOLLYWOOD BOULEVARD • SUITE 375 SOUTH • HOLLYWOOD, FLORIDA 33021 • TELEPHONE (954) 966-2696

CASE NO: 03-CIV-20587-MARTINEZ

12. Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint for Disability Benefits and demands strict proof thereof.

13. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint for Disability Benefits and demands strict proof thereof.

14. Defendant admits that it did not have an independent medical examination performed on Plaintiff.

15. Defendant admits that the Policy required Plaintiff to apply for Social Security Disability Benefits and further admits that it assisted Plaintiff in applying for Social Security Disability Benefits. Defendant denies the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint for Disability Benefits and demands strict proof thereof.

16. Defendant admits that it is entitled to a set-off for Social Security Disability Benefits paid to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint for Disability Benefits and demands strict proof thereof.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint for Disability Benefits and therefore demands strict proof thereof.

18. Defendant admits that it has taken the position that Plaintiff is no longer totally and permanently disabled. Defendant denies the remaining allegations contained in

CASE NO: 03-CIV-20587-MARTINEZ

Paragraph 18 of Plaintiff's Complaint for Disability Benefits and demands strict proof thereof.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint for Disability Benefits and demands strict proof thereof.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint for Disability Benefits and demands strict proof thereof. In addition, this Plaintiff is the subject of a Motion to Strike filed by Defendant.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint for Disability Benefits and demands strict proof thereof.

22. As Paragraph 22 simply states damages that Plaintiff seeks, Defendant can neither admit nor deny the allegations contained in Paragraph 22 of Plaintiff's Complaint for Disability Benefits.

## AFFIRMATIVE DEFENSES

1. Defendant avers that Plaintiff's Complaint for Disability Benefits, and each alleged claim therein, is preempted and governed exclusively by federal law pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), § 29 U.S.C. 1001, et seq.

2. Defendant avers that any purported claims set forth in Plaintiff's Complaint for Disability Benefits other than for Plan benefits or attorney's fees are barred by the Employee Retirement Income Security Act of 1974 ("ERISA"), § 29 U.S.C. 1001, et seq.

CASE NO: 03-CIV-20587-MARTINEZ

3. Defendant avers that Plaintiff is limited in her suit and is not entitled to recover any sums in excess of those amounts provided pursuant to her Insurance Policy if, in fact, said Policy is applicable.

4. Defendant avers that at all times material hereto, Plaintiff was limited to the terms, conditions and limitations of the Disability Policy upon which she is suing and further is limited to any amount she may recover by the terms, conditions, and the amount of coverage available.

5. Defendant avers that at all times material hereto, Defendant acted in compliance with the terms, conditions and limitations of Plaintiff's Disability Policy.

6. Defendant avers that Plaintiff is not entitled to the benefits she seeks, as she is not totally disabled pursuant to the terms and conditions of the Plan.

7. Defendant avers that it did not act in an arbitrary and capricious manner when it ceased disability benefits to the Plaintiff.

8. Defendant avers that at all times material hereto, Defendant acted in compliance and in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., as it relates to the Plaintiff herein.

9. Defendant avers that the arbitrary and capricious standard of review is applicable to the judicial review of the denial of Plaintiff's claim for disability benefits asserted in this action. Accordingly, any evidentiary review conducted by this Court in

CASE NO: 03-CIV-20587-MARTINEZ

adjudicating the claims raised herein should be limited to those materials contained in the administrative appeal file, together with relevant provisions of the Plan documents.

10. Defendant avers that Plaintiff's disability, if any, is not covered pursuant to the terms, conditions, and limitations of Plaintiff's Disability Policy.

11. Defendant avers that it is entitled to set off for income from any collateral sources, including Social Security benefits, or any other applicable collateral sources.

12. Defendant also avers that certain allegations in Plaintiff's Complaint contained in Paragraphs 18 and 20 are false, immaterial, and not relevant and therefore, these allegations are the subject of a Motion to Strike.

13. Defendant reserves the right to amend and/or supplement its affirmative defenses as the case progresses.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true copy of the foregoing has been furnished, by facsimile and mail, this 4th day of April, 2003, to: **John J. Spiegel, Esquire,** John J. Spiegel,

CASE NO: 03-CIV-20587-MARTINEZ

P.A., (Attorneys for Plaintiff), 700 Concord Building, 66 West Flagler Street, Miami, Florida 33130.

Respectfully submitted,

Law Offices of
STEVEN M. ZIEGLER, P.A.
Attorneys for LINA
Presidential Circle
4000 Hollywood Blvd., Suite 375 S
Hollywood, Florida 33021
Tel: (954) 966-2696
Fax: (954) 966-2446
E-mail: Shari.Gerson@smzpa.com

By: _____
**SHARI GERSON**
**FLORIDA BAR NO.: 17035**

7

LAW OFFICES OF
**STEVEN M. ZIEGLER, P.A.**
4000 HOLLYWOOD BOULEVARD • SUITE 375 SOUTH • HOLLYWOOD, FLORIDA 33021 • TELEPHONE (954) 966-2696