# EXHIBIT M

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*EX REL.* DAWN BARRETT,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA CORPORATION and<br>LIFE INSURANCE COMPANY<br>OF NORTH AMERICA<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 03-12382-MLW |

## RELATOR'S FIRST SET OF SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Relator Dawn Barrett ("Relator") provides the following first set of supplemental answers to Defendants' First Set of Interrogatories as follows:

These responses incorporate the Definitions and General Objections set forth in Relator's Response to Defendants' First Set of Interrogatories.

## RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES

### INTERROGATORY NO. 2:

Describe each of the Defendants' alleged violations of the FCA, including when and how Relator first became aware of any of these violations.

### RESPONSE TO INTERROGATORY NO. 2:

Relator objects to Interrogatory No. 2 as overly broad and unduly burdensome. Relator further objects to Interrogatory No. 2 to the extent that it seeks disclosure of privileged attorney-

based on her own experiences as well as a result of communications with co-workers and agents

for defendants, that around May 2002, defendants started to primarily use only two third-party

Social Security vendors:  Advantage 2000 Consultants, Inc., and Allsup, Inc.

It is also Relator's understanding, based on her own experiences as well as a result of

communications with co-workers and agents for defendants, that these third-party Social

Security vendors would also contact claimants directly regarding filing applications for SSDI

through telephone calls and letters.  The third-party Social Security vendors acted as defendants'

agents in assisting claimants in applying for SSDI and appealing denials of SSDI applications.

Defendants encouraged claimants to use the services of third-party SSDI vendors by telling the

claimants that such services were offered free of charge to them.

As used in this interrogatory response, "communications with co-workers and agents for

defendants" refers to communications that Dawn Barrett has had with at least the following

individuals:  Laurie Swanson, Jennifer Blackman, Dianna Salgado-Salinas, Sam Mariskanish,

Stephen Ostrega, Gary Fritsch, Ruth Fetcher, Doug Miller, Wendy Schimmel, Shawn Ashley,

Scott Donelli, Nicole Rose, Kim DiPaolo, Brad Lehn, Troy McKay, Jerry Zivek, David Brown,

Missy Thomas, Terry Binder, Tia Mink, and Justin Wing.  Relator also had conversations with

other LTD claim managers, senior claim managers and team leaders, but does not recall the

identity of any additional specific individuals at this time.  Relator also had conversations with

other employees from Integrated Benefits, Inc., Social Security Law Group, Allsup, Inc., and

Advantage 2000 Consultants, Inc., but does not recall the specific names of these individuals at

this time.

**INTERROGATORY NO. 4:**

Identify every person with whom you have communicated and/or interviewed or
questioned in connection with the allegations of the Complaint, and describe such
communications.  Your answer should include, but not be limited to, the following: (a) any

7

Claimant; (b) attorneys who have, on behalf of any Claimant, brought suit against the Defendants in connection with claims for disability benefits; (c) current and former employees of the United States government; (d) current employees and former employees of the Defendants (including, but not limited to, those referenced in Paragraph 16 of the Complaint); (e) current employees and former employees of any of the Defendants' "outside vendors that specialize in obtaining SSDI benefits" as referenced in Paragraph 106 of the Complaint; and (f) Patrick Loughren, Esq.

## RESPONSE TO INTERROGATORY NO. 4:

Relator objects to Interrogatory No. 4 to the extent it seeks information protected by attorney-client privilege, joint prosecution privilege, joint defense privilege and common interest privilege. Relator objects to identifying persons with whom Relator's attorneys or their representatives have communicated on the ground that such information is attorney work product and/or trial preparation materials. Relator objects to Interrogatory No. 4 to the extent it seeks information which is beyond the scope of allowable discovery under the federal rules. Relator further objects to Interrogatory No. 4 to the extent it attempts to require Relator to provide information that is solely in the possession of Relator's attorneys due to their representation of Patrick Loughren in *United States ex. rel. Loughren v. UnumProvident Corp.*

Relator has had communications in the normal course of her employment regarding the allegations of the complaint. These communications include conversations with the following individuals: Laurie Swanson, Jennifer Blackman, Dianna Salgado-Salinas, Sam Mariskanish, Stephen Ostrega, Gary Fritsch, Ruth Fetcher, Doug Miller, Wendy Schimmel, Shawn Ashley, Scott Donelli, Nicole Rose, Kim DiPaolo, Brad Lehn, Troy McKay, Jerry Zivek, David Brown, Missy Thomas, Terry Binder, Tia Mink, and Justin Wing. Relator also had conversations with other LTD claim managers, senior claim managers and team leaders, but does not recall the identity of any additional specific individuals at this time. Relator also had conversations with other employees from Integrated Benefits, Inc., Social Security Law Group, Allsup, Inc., and

Advantage 2000 Consultants, Inc., but does not recall the specific names of these individuals at this time.

**INTERROGATORY NO. 6:**

In relation to Paragraphs 4, 133-138 and 211 of the Complaint, state the basis for your contention that the Defendants "knowingly cause to be submitted to the [SSA] false or fraudulent claims for [SSDI] benefits" or "should have known that many of the claims that they caused to be filed with the SSA were and are false or non-meritorious."

**RESPONSE TO INTERROGATORY NO. 6:**

Relator objects to Interrogatory No. 6 as a premature contention interrogatory. Subject to this objection and Relator's general objections, Relator answers as follows: Discovery on defendants' policies and practices is incomplete and ongoing at this time. Nonetheless, documents in Defendants' own files, as well as Relator's understanding, based on her own experiences as an employee of the Defendants, in addition to numerous communications with co-workers and agents for defendants, is that defendants engage in the practice of misleading, coercing, or causing LTD claimants to submit applications for SSDI, and have done so for quite some time. *See, e.g.* BAR000186-BAR000198. Some of the methods that Defendants have used to cause claimants to submit applications to SSDI are discussed more fully below in response to Interrogatory No. 22, and that answer is incorporated herein by reference. Relator also believes that defendants either failed to make an adequate investigation regarding SSDI eligibility or caused claimants to make application for SSDI in situations where defendants had information sufficient to demonstrate that many of these claimants had no reasonable basis to believe that they qualified for SSDI. It is Relator's understanding, based on her own experiences as well as a result of communications with co-workers and agents for defendants, that documentation in each LTD claimant's long term disability file includes, among other things, medical records, a

## INTERROGATORY NO. 38:

Identify every employee of the federal government who contends that the Defendants caused any Claimant to submit a false claim to the SSA.

## RESPONSE TO INTERROGATORY NO. 38:

Relator objects to Interrogatory No. 38 on the grounds that it seeks information protected by the joint prosecution privilege, joint defense privilege and common interest privilege. Relator objects to Interrogatory No. 38 as overly broad and unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Relator further objects to Interrogatory No. 38 to the extent it seeks information which is beyond the scope of allowable discovery under the federal rules. Furthermore, the opinions of employees of the federal government are irrelevant as to whether defendants caused the submission of false claims.

Dated: January 18, 2008

_Carl S. Nadler /SMR_

Carl S. Nadler

Mary Louise Cohen
Colette G. Matzzie
PHILLIPS AND COHEN LLP
2000 Massachusetts Ave., NW
Washington, DC 20036
Tel: (202) 833-4567
Fax: (202) 833-1815

Carl S. Nadler
Stuart M. Rennert
HELLER EHRMAN LLP
1717 Rhode Island Avenue, NW
Washington, DC 20036
Tel: (202) 912-2000
Fax: (202) 912-2020

Peter B. Krupp, B.B.O. #548112
LURIE & KRUPP, LLP
One McKinley Square
Boston, MA 02109
Tel: (617) 367-1970
Fax: (617) 367-1971

_Counsel for Dawn Barrett_

44

<u>CERTIFICATION OF SERVICE</u>

I hereby certify that this document was sent by electronic mail, and by Federal Express mail, postage prepaid on the following addressees on January 18, 2008:

      Richard C. Abati
      CHOATE, HALL & STEWART
      Two International Place
      Boston, Massachusetts 02110

Shari A. Rose

45

## VERIFICATION

I, Dawn M. Barrett, hereby certify, pursuant to 28 U.S.C. § 1746 and under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct to the best of my personal knowledge, information and belief.


Date: __1/18/08__                    _Dawn M. Barrett_
                                      Dawn M. Barrett