# EXHIBIT N

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* DAWN BARRETT | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 03-12382-MLW |
| v. | ) ) | |
| CIGNA CORPORATION and LIFE<br>INSURANCE COMPANY OF NORTH<br>AMERICA | ) ) ) ) | |
| Defendants | ) ) ) | |

## RELATOR'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO RELATOR

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Relator Dawn Barrett ("Relator") asserts the following objections to Defendants' First Request for Production of Documents to Relator and responds as follows.

## GENERAL OBJECTIONS

1.    The following objections apply to each of Defendants' specific requests for production and are hereby incorporated in each of the responses to those requests set forth below.

2.    Relator objects to defendants' Document Requests and the Definitions and Instructions to the extent they purport to impose discovery obligations beyond those of the Federal Rules of Civil Procedure, the Local Rules of the District of Massachusetts, or any other applicable rules, statutes or common law requirements.

3.    Relator objects to these requests to the extent they call for the production of documents and information subject to confidentiality agreements, protective orders, and/or any other obligation pursuant to which Relator is required to protect and/or maintain the confidentiality of any third party's documents or information.

4.    Relator objects to these requests to the extent they seek documents protected by attorney-client privilege, attorney work product immunity, joint prosecution privilege, joint defense privilege, common interest privilege, or any applicable privilege, rule or duty that precludes or limits production or disclosure of information. Such documents will not be produced in response to these document requests. Inadvertent disclosure of any privileged or otherwise confidential information shall not operate as a waiver of any applicable privilege, work product protection, exemption, or immunity.

5.    Relator objects to these requests to the extent they require Relator to produce documents which are generally available in the public domain.

6.    Relator objects to the these requests to the extent that they attempt to require Relator to produce documents that are not within Relator's possession, custody, or control. Relator further objects to these requests to the extent they seek to impose upon Relator any obligation to investigate or discover information from third parties who are equally accessible to defendants.

7.    Relator objects to these requests to the extent they attempt to require Relator to produce documents that are solely in the possession of Relator's attorneys due to their representation of Patrick Loughren in *United States ex. rel. Loughren v. UnumProvident Corp.* Relator does not consider any such documents to be within her possession, custody, or control. Relator specifically objects to the Definitions or Instructions , including Instruction No. 2, to the

2

extent they require her to produce documents that are solely in the possession of Relator's

attorneys due to their representation of Patrick Loughren in *United States ex. rel. Loughren v.*

*UnumProvident Corp.*

8.    A representation of a willingness to produce responsive documents, if any, is not

a representation that any such non-privileged responsive documents exist. An objection is not an

admission that responsive documents exist.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR PRODUCTION

### REQUEST NO. 1:

All documents concerning Defendants concerning the Complaint.

### RESPONSE TO REQUEST NO. 1:

Relator objects to Request No. 1 to the extent that it requires materials protected by

attorney work product immunity, attorney-client privilege, or any other applicable privilege, is

overly broad, unduly burdensome, and unreasonably cumulative. Subject to and without waiving

her objections, Relator will produce non-privileged documents responsive to Request No. 1 in

her possession, custody, or control.

### REQUEST NO. 2:

All documents concerning Claimants concerning the Complaint.

### RESPONSE TO REQUEST NO. 2:

Relator objects to Request No. 2 to the extent that it requires materials protected by

attorney work product immunity, attorney-client privilege, or any other applicable privilege, is

overly broad, unduly burdensome, vague, and unreasonably cumulative. Subject to and without

waiving her objections, Relator will produce non-privileged documents responsive to Request

No. 2 in her possession, custody, or control.

privilege, or common interest privilege.  Subject to and without waiving her objections, Relator

will produce non-privileged documents responsive to Request No. 53 in her possession, custody,

or control.

## REQUEST NO. 54:

All documents concerning the allegations of the Complaint given by Relator to current or former employees of the United States of America.

## RESPONSE TO REQUEST NO. 54:

Relator objects to Request No. 54 to extent it requires materials protected by attorney

work product immunity, attorney-client privilege, joint prosecution privilege, joint defense

privilege, or common interest privilege.  Subject to and without waiving her objections, Relator

will produce non-privileged documents responsive to Request No. 54 in her possession, custody,

or control.

## REQUEST NO. 55:

All documents concerning the allegations of the Complaint given to Relator by current or former employees of Defendants.

## RESPONSE TO REQUEST NO. 55:

Relator objects to Request No. 55 to extent it requires materials protected by attorney

work product immunity, attorney-client privilege, or any other applicable privilege.  Subject to

and without waiving her objections, Relator will produce non-privileged documents responsive

to Request No. 55 in her possession, custody, or control.

## REQUEST NO. 56:

All non-privileged documents concerning the allegations of the Complaint given to Relator by her current or former attorneys.

## RESPONSE TO REQUEST NO. 56:

Relator objects to Request No. 56 to extent it requires materials protected by attorney

work product immunity, attorney-client privilege, or any other applicable privilege.  Subject to

24

**RESPONSE TO REQUEST NO. 80:**

Relator objects to Request No. 80 because it is vague.  Subject to and without waiving her objections, Relator will produce non-privileged documents responsive to Request No. 80 in her possession, custody, or control.

**REQUEST NO. 81:**

All documents concerning the GAO Report, Exhibit E hereto.

**RESPONSE TO REQUEST NO. 81:**

Relator objects to Request No. 81 because it is vague.  Subject to and without waiving her objections, Relator will produce non-privileged documents responsive to Request No. 81 in her possession, custody, or control.

**REQUEST NO. 82:**

All documents concerning the GAO Report, Exhibit F hereto.

**RESPONSE TO REQUEST NO. 82:**

Relator objects to Request No. 82 because it is vague.  Subject to and without waiving her objections, Relator will produce non-privileged documents responsive to Request No. 82 in her possession, custody, or control.

**REQUEST NO. 83:**

All documents concerning the GAO Report, Exhibit G hereto.

**RESPONSE TO REQUEST NO. 83:**

Relator objects to Request No. 83 because it is vague.  Subject to and without waiving her objections, Relator will produce non-privileged documents responsive to Request No. 83 in her possession, custody, or control.

**REQUEST NO. 84:**

All documents concerning Relator's status as an "original source" as defined in the FCA.

**RESPONSE TO REQUEST NO. 84:**

Relator objects to Request No. 84 because it is vague and requires a legal conclusion.

Subject to and without waiving her objections, Relator will produce non-privileged documents

responsive to Request No. 84 in her possession, custody, or control.

**REQUEST NO. 85:**

All documents identified in Relator's Initial Disclosures, including, but not limited to, all
documents reviewed or relied upon by Relator in preparing the Initial Disclosures.

**RESPONSE TO REQUEST NO. 85:**

Relator objects to Request No. 85 to the extent it requires materials protected by attorney

work product immunity, attorney-client privilege, or any other applicable privilege. Subject to

and without waiving her objections, Relator will produce non-privileged documents responsive

to Request No. 85 in her possession, custody, or control.

**REQUEST NO. 86:**

All documents concerning the document entitled "Social Security Primer for Benefit Analysts,
dated April 23, 1997" and identified by Relator in the Initial Disclosures.

**RESPONSE TO REQUEST NO. 86:**

Relator objects to Request No. 86 because it is vague. Subject to and without waiving

her objections, Relator will produce non-privileged documents responsive to Request No. 86 in

her possession, custody, or control.

**REQUEST NO. 87:**

All documents concerning the document entitled "Sample letters in response to claim for LTD
benefits" and identified by Relator in the Initial Disclosures.

**RESPONSE TO REQUEST NO. 87:**

Relator objects to Request No. 87 because it is vague. Subject to and without waiving

her objections, Relator will produce non-privileged documents responsive to Request No. 87 in

her possession, custody, or control.

## RESPONSE TO REQUEST NO. 146:

Relator objects to Request No. 146 to the extent that it is overly broad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving her objections, Relator will produce non-privileged documents responsive to Request No. 146 in her possession, custody, or control.

## REQUEST NO. 147:

To the extent not already produced in response to one of the above requests, all documents concerning the subject matter of this lawsuit and/or upon which Relator relies or will rely in support of her claims or request for damages.

## RESPONSE TO REQUEST NO. 147:

Relator objects to Request No. 147 to the extent that it is overly broad, unduly burdensome, unreasonably cumulative, vague, irrelevant, and not reasonably calculated to lead to discovery of admissible evidence. Relator additionally objects to Request No. 147 to extent it requires materials protected by attorney work product immunity, attorney-client privilege, or any other applicable privilege. Subject to and without waiving her objections, Relator will produce non-privileged documents responsive to Request No. 147 in her possession, custody, or control.

Dated: June 18, 2007

*Carl S. Nadler /SAR*
_____
Carl S. Nadler

Mary Louise Cohen
Colette G. Matzzie
PHILLIPS AND COHEN LLP
2000 Massachusetts Ave., NW
Washington, DC 20036
Tel: (202) 833-4567
Fax: (202) 833-1815

Kit A. Pierson
Carl S. Nadler
Stuart M. Rennert

Peter B. Krupp, B.B.O. #548112
LURIE & KRUPP, LLP
One McKinley Square
Boston, MA 02109
Tel: (617) 367-1970
Fax: (617) 367-1971

53

HELLER EHRMAN LLP
1717 Rhode Island Avenue, NW
Washington, DC 20036
Tel: (202) 912-2000
Fax: (202) 912-2020

Counsel for Dawn Barrett

## CERTIFICATION OF SERVICE

I hereby certify that this document was sent by electronic mail, and by Federal Express mail, postage prepaid on the following addressees on June 18, 2007:

R.J. Cinquegrana
Karen Collari Troake
CHOATE, HALL & STEWART
Two International Place
Boston, Massachusetts 02110

_____
Shari A. Rose