# EXHIBIT P

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*EX. REL.* PATRICK J. LOUGHREN<br><br>PLAINTIFF,<br><br>V.<br><br>UNUMPROVIDENT CORP.<br>AND GENEX SERVICES, INC.,<br><br>DEFENDANTS. | CIVIL ACTION NO. 03-11699-PBS |

### RELATOR'S OPPOSITION TO UNUM'S EMERGENCY MOTION TO AMEND THE COURT'S MAY 21, 2007 SCHEDULING ORDER

"The SS message is often delivered in authoritarian terms:
a) file or face estimate; b) filing is a contractual obligation."[1]

"In the past, some sites have *required* claimants to apply for
SSDI . . . at six months in order to receive an unreduced
group disability benefit, even when they expect the claimant
to return to work within twelve months."[2]

### INTRODUCTION

The evidence in this case will show that Unum has misled, coerced, and caused many of its insureds to file false claims for Social Security disability benefits. In April 2007, Unum disputed this and represented to the Court that this was a simple case that was "ripe for

---

[1] Unum employee and consultant Roland L'Heureux, UPMS058468 (2006).

[2] Unum employee Laura Kilmartin, UPMS057892 (November 14, 2002) (emphasis added).

adjudication now."[3] Now that discovery has disproved the defenses that Unum relied upon in seeking summary judgment, Unum takes exactly the opposite tack and asks the Court to substantially delay the schedule the parties have been governed by since May 2007. What is most telling is that Unum seeks this delay *now that Relator has already complied with each and every deadline set by the Court*. Having gained the benefit of this, Unum now strategically asks that *its own* deadlines—deadlines it has been fully aware of since May—no longer apply.

There is no basis for this request. Unum has received a complete list of the named false claimants relied on by Relator, together with expert reports explaining the statistical methodology for determining the total number of false claims.[4] Indeed, Unum's only complaint appears to be that Relator has also identified a group of claimants for whom Unum has produced inadequate records to determine whether they applied for and were denied SSDI. Relator is addressing this through factual information being provided by the Social Security Administration (and expected by early next week). Relator's expert reports have *already* explained the statistical methodology that will be applied to the factual information about this identified group of claimants.

None of this provides the slightest justification for Unum's efforts to delay this case. To the contrary, Unum's motion simply rewrites the history of this case and then seeks delays in its

---

[3] Defendants' Objections to Relator's Motion to Extend Fact Discovery and to Modify Scheduling Order at 1, 25 (April 3, 2007) (Docket #144).

[4] Relator has served Unum with reports from the following experts: (a) Kenneth Nibali (an official of the Social Security Administration for thirty-one years and Associate Commissioner for Disability at SSA from 1998-2002); (b) David Barnes (an official of the SSA for twenty-six years and former director of the SSA's Office of Disability Evaluation Policy); (c) Dominick V. LaGravinese (an expert on the insurance industry who has been employed in the industry for thirty years and was formerly an Assistant Vice President at Unum); and (d) Dr. Matthew G. Mercurio, Ph.D., who has a Ph.D. in economics from Princeton University and is a Director in the Forensic and Litigation Consulting practice of FTI Consulting.

own deadlines that would be unjustified and fundamentally unfair. Unum should file its expert reports as required by the schedule on February 15th and comply with the deadlines that have been set by the Magistrate Judge and never appealed by Unum. Unum's motion is baseless for the following reasons:

- Unum has known since May 2007 that it had an obligation to file expert reports on or before February 15, 2008.

- Relator has made it absolutely clear to Unum since that time that Relator would rely on expert testimony based on a sample of claimants and statistical proof to identify and quantify false claims. Relator also repeatedly advised Unum that this expert analysis would be provided, as scheduled, on January 18, 2008.

- Unum and its experts have also been aware of the identity of each and every member of the sample group, without any objection, since August 2007, and have had ample opportunity for the past five months to analyze Unum records or contact any of these insureds, as it wished. In fact, because of Unum's substantial delays in producing records to Relator, Unum and its experts have had *much earlier and far superior* access to these records and individuals than Relator.

- Unum has *never* contemplated that any significant fact discovery from these individuals would be required. To the contrary, Unum has consistently and adamantly opposed *even a single deposition* beyond the limit of ten set forth in the local rules (some of which Unum has already used).

- Unum made many of the same arguments in recently asking the Magistrate Judge for 120 days of additional discovery relating to false claimants. In doing so, Unum never even argued that a change in either side's deadlines for submitting expert reports was appropriate, nor did it request any change in its February 15, 2008 deadline for serving reports. After hearing argument, the Magistrate Judge specifically recognized that information about false claims would be provided in Relator's expert reports on January 18th, made no change in the long-established dates for both sides to submit expert reports, and permitted fact discovery relating to false claimants during the period from January 18th thru February 29th. *Unum never appealed that decision, but instead waited until Relator's expert reports were served, and now again asks that its own deadlines be changed.*

- Relator has made truly extraordinary efforts to comply with each and every deadline set by the Court, and has done so in the face of very significant obstacles and delays imposed by Unum. Now that Relator has met those deadlines, *and Unum has the full benefit of Relator's reports*, Unum is trying again to rewrite the schedule to avoid deadlines it has been fully aware of for the past nine months.

It is time for this case to move forward to resolution on the merits. Unum's reversal in strategy—and its effort to delay deadlines it has been aware of for nine months now that Relator has met each of the deadlines—is patently unfair and unjustified. Relator respectfully requests that the Court adhere to the schedule established by the Magistrate Judge.

## ARGUMENT

The fact discovery deadline in this matter was originally set for December 15, 2006. Relator encountered very serious problems obtaining discovery from Unum and sought an extension in the discovery schedule. Unum vigorously opposed this and told the Court that no further discovery was necessary; that the case was "ripe for adjudication now," and that the "costs and burdens" of additional discovery should be avoided.[5] Unum also filed a motion for summary judgment, which it then corrected after Relator objected to significant inaccuracies in Unum's memorandum and supporting declaration. After argument before the Court, Unum withdrew its summary judgment motion (while reserving the right to re-file it at some later time).

On May 17, 2007, the motion to extend the schedule was heard by the Magistrate Judge. The Magistrate Judge extended the schedule, but made it very clear that both sides would be required to comply with the new deadlines. The Magistrate Judge explained that the case had already been pending "far too long" and there was no reason that "fact discovery can't be . . . completed" by the parties by the deadline set by the Court. (Mot. Hr'g Tr. at 4–5, May 18, 2007) (Docket #189). In an Order issued May 21, 2007, the parties were directed to comply with the following deadlines:

---

[5] Defs.' Objections to Relator's Mot. to Extend Fact Disc. and to Modify Scheduling Order at 1, 25 (April 3, 2007) (Docket #144).

- Plaintiff's shall make any requests necessary for the review of hard-copy claims files on or before August 31, 2007.

- Defendants shall make all requested hard-copy claims files available to Plaintiff for inspection and copying on a rolling basis if possible, but no later than September 28, 2007.

- Fact discovery shall conclude December 14, 2007.

- Plaintiff's designation of experts and disclosure of Rule 26(a)(2) information by January 18, 2008.

- Defendants' designation of experts and disclosure of Rule 26(a)(2) information by February 15, 2008.

- Expert discovery shall conclude March 21, 2008.

- Further dispositive motions shall be filed on or before April 4, 2008, with responses due on or before April 25, 2008 and replies due on or before May 9, 2008.

May 21, 2007 Order.

**Relator has Complied with the Schedule Established by the Court.** Relator has met each deadline despite continued and significant obstacles from Unum. These include the following. *First*, although Unum was ordered to produce claims files on a "rolling basis" if possible before September 28, 2007,[6] Unum produced *no* claims files before that date and, even by the Court's deadline of September 28, 2007, produced *only 15%* of the 1591 claims files requested by Relator. In fact, Unum's production of claims files was not completed until only a few days before Relator's expert reports were due on January 18, 2008 (more than three and one-half months after the deadline set by the Court). *Second*, although Unum's written policies specifically require it to maintain information relating to SSDI applications, the information

---

[6] Unum does not dispute this. Instead, Unum asserts that its delay was somehow Relator's fault, because Relator told Unum that it could simply produce copies of these files, rather than making the files available at multiple locations for review and *then* copying them. This course of action (which was undertaken with Unum's agreement) obviously expedited, rather than delayed the process, and does not remotely justify Unum's failure even to complete its production of these documents until more than three months after the deadline established by the Magistrate Judge in May.

5

provided by Unum has been *extremely* incomplete. *Third*, Unum produced more than 67,000 documents on the eve of depositions of Unum witnesses in November 2007 (even though it knew these documents were in a format that would need to be converted before they could be reviewed and used at depositions). This is almost exactly what Unum did in November 2006, necessitating the revision of the discovery schedule. *Fourth*, Relator has had to deal with significant gaps in Unum's production of documents as well as Unum witnesses who repeatedly claim no recollection about critical events, including the purported facts on which Unum relied in seeking summary judgment.

Despite these obstacles, Relator has met each and every deadline set by the May 21, 2007 Order and has never requested even a one day extension of that schedule. Because of the difficulties described above—in particular, late production of claims files by Unum and the very incomplete nature of Unum's records—this has been extremely difficult. Nevertheless, Relator has adhered strictly to the schedule established by the Court.

**Unum Has Been Aware Since Last Summer That Relator Is Relying on Expert Testimony to Identify and Quantify False Claims.** Relator could not have been more clear with Unum about the manner in which it would identify and quantify false claims in this matter. Relator *repeatedly* and unambiguously advised Unum that it intended to identify false claims by having experts review a sample of claim files produced by Unum and then apply statistical analysis to determine the total number of false claims in this case.

This is clearly the most appropriate and practical method (both for the parties and the judiciary) to quantify false claims and Unum has *never* objected to the use of this sampling approach or suggested that it is in any way inappropriate. Indeed, any other approach would allow a defendant to defraud the government and then escape accountability by the very fact that

its records are so voluminous and poorly organized that review of larger sets of the files is impractical. The fact that it took Unum many months even to produce records for a sample of 1,591 files provides the clearest possible indication that statistical analysis is appropriate and, in fact, required.

Relator could not have been clearer to Unum that it intended to proceed in this manner. In fact, consistent with the Magistrate Judge's Order, Unum was give a complete list of the 1,591 sample claimants on August 31, 2007. This was almost six months before Unum's expert reports were due. Unum and its experts also had this list one month before it was scheduled to produce any claims files relating to these individuals to Relator. And, as explained above, Unum then produced only 15% of the claims files by the Court-established deadline of September 30th and, in fact, did not complete its production of claims files until days before Relator's expert reports were due. *Thus, both Unum and its experts have had both earlier and far superior access to information about these claimants than Relator or his experts.* Indeed, it is almost certainly the case that Unum and its experts have been reviewing the records relating to these claimants since August 2007. It is also clear that Unum began contacting these claimants well in advance of submission of Relator's expert reports. This is hardly surprising, since Unum has been aware ever since May 2007 of its obligation to submit its experts reports by February 15, 2008.

**Unum Has Repeatedly Taken the Position That Only Very Limited Discovery Relating to These Claimants Is Necessary or Appropriate.** It has also been very clear that Unum, like Relator, intended to rely almost entirely on review of Unum's own records to evaluate the falsity of these claims, and that neither side believed that there would be any need for significant depositions. In fact, Unum has taken the position that claimants cannot even be contacted in this action without their prior consent. And Unum has repeatedly and consistently

7

Case 1:03-cv-12382-MLW   Document 142-30   Filed 08/22/2008   Page 9 of 15

Case 1:03-cv-11699-PBS   Document 248   Filed 02/01/2008   Page 8 of 14.

taken the position that both sides should be strictly limited to the ten fact depositions provided in the Local Rules (some of which Unum has already used).[7] Thus, to the extent Unum is now implying that it needs a substantial additional period of time for depositions, this is flatly inconsistent with the positions it has taken throughout this litigation. The schedule established by the Magistrate Judge allows Unum to take fact depositions relating to individual claimants through February 29th and there is absolutely no reason that in a case of this nature—with multiple attorneys appearing on behalf of Unum—any necessary discovery cannot be completed on the scheduled established by the Magistrate Judge.

**Unum Tried to Substantially Delay These Proceedings at the December 18, 2007 Hearing Before the Magistrate Judge.** In advance of a December 18, 2007 hearing before the Magistrate Judge, Unum argued that even though Unum and its experts had been aware of the entire sample of claimants since August (well before it produced any records to Relator regarding these claimants), Unum should be given 120 days to take discovery from false claimants. In asking for that delay, Unum did not request any modification of the February 15, 2008 deadline for submission of its expert reports.

At the hearing, Relator again was completely clear about the manner in which he was proceeding and, in particular, his intention to provide this information in the expert reports due on January 18, 2008:

> They gave us 1,600 claims files. We still don't have them all. . . . We've looked at those claims files as the order contemplated back in May . . . . We're having experts look at those claims files to identify which are false claims. They are completing that process on the schedule within the exact day ordered by this Court and they're going to do that and the attorneys will review their work

---

[7] Over Unum's objection, the Magistrate Judge entered an Order authorizing a modest increase (six) in the number of fact depositions. The Magistrate Judge also entered an Order governing contacts with claimants.

8

product and on that basis we will submit expert reports on January 18th that will identify the false claims for them. That's what the schedule has been since May, Your Honor, and we've lived to it to the minute.

(Transcript of Dec. 18, 2007 Hearing at 16–17) (Docket #241).

After hearing from both sides, the Magistrate Judge declined Unum's request for 120 additional days. The Magistrate Judge recognized that information relating to false claims would be provided in Relator's expert reports on January 18, 2008, made no change in the dates for submission of expert reports, and provided for fact discovery relating to false claimants during the period from January 18th thru February 29th. *See* December 26, 2007 Order ("after disclosure of any additional false claims on January 18, 2008 in Plaintiff's expert report, Plaintiff's shall provide defendants with supplemental discovery, as necessary, particular to those additionally named false claims only, *on or before February 29, 2008*" (emphasis added)). In other words, both parties' obligations for submitting expert reports remained exactly the same (and, in fact, Unum *never even argued* that a change in its February 15, 2008 deadline for submitting expert reports would be appropriate), but supplemental discovery relating to named false claimants could proceed from January 18, 2008 until February 29, 2008.

**Unum Received Relator's Reports as Scheduled, on January 18, 2008.** Even though Unum did not complete its production of claim files until days before Relator's expert reports were due, Relator served all four of its expert reports by the Friday, January 18th deadline. The expert reports were sent to Unum by electronic mail so that Unum would receive them without delay. Comprehensive work papers—including very detailed factual descriptions of the false claimants—were sent the following day (Saturday), so that Unum's counsel would receive hard copies by Monday, January 21st. These reports specifically included a list (Exhibit 4 to Mr. LaGravinese's report) identifying 101 false claims from the sample based on information obtained from Unum. This list is, in fact, very similar to the preliminary estimate provided to the

9

Magistrate Judge at the December 18, 2007 Hearing.[8] On January 21st, Relator's counsel also spoke to Unum's counsel on the telephone and reiterated that the list of false claimants was included as Exhibit 4 to Mr. LaGravinese's report. Relator also provided a statistical analysis from Dr. Matthew G. Mercurio explaining the statistical methodology for determining the total number of false claims caused by Unum's conduct.

Unum's pleading raises no objection to the 101 false claimants identified in the LaGravinese report or the statistical analysis provided by Dr. Mercurio. Unum instead complains that the reports reference a group of additional claimants for whom Unum has failed to provide information about whether they applied for and were denied SSDI benefits (even though Unum falsely told some of these claimants that they were contractually "required" to apply for SSDI and could be subject to substantial cuts from Unum in their disability benefits if they failed to do so). Relator has identified that group by Unum—by name—and has already explained in its expert reports the manner in which Relator's statistical analysis would be affected if factual information from the Social Security Administration confirms the percentage of these insureds that unsuccessfully applied for SSDI.

Relator is currently obtaining information from the Social Security Administration to confirm the portion of this group that applied for and were denied SSDI, and expects to receive that factual information (and provide it to Unum) by early next week. That factual information

---

[8] *See* December 18, 2007 Transcript at 13 (Docket #241) (stating that "my best estimate would be that within a sample, that we're going to be somewhere within the area of 100 false claims, give or take." Counsel further explained that this was an estimate which, based on expert statistical analysis, "will generate the number of false claims well in excess of 10,000, Your Honor."); *see also id.* at 13–14 (explaining that Unum still had not produced all of the requested claims files, but counsel's "best estimate as we are here today, Your Honor, is the number of false claims within that group will be 50 to 100, and when you statistically, you then analyze that statistically for the larger universe, the number of false claims in this case I believe will be in excess of 10,000").

will be analyzed using the statistical methodology already set forth in Relator's expert reports. But that will not impact or add any additional names beyond those already disclosed on January 18th. Unum has every one of those names through the expert disclosures on January 18th and has also been advised of the statistical methodology Relator's experts intend to use in this case.

In short, Unum has known each and every person in this sample for five months now and has been in a position to undertake whatever kind of analysis it wishes—whether statistical or otherwise—since at least August. Now that Relator has fully complied with its obligation to provide expert reports by January 18th, there is simply no basis for Unum not to comply with its reciprocal obligation to provide expert reports no later than February 15th. Unum is, in effect, asking the Court to rewrite dates that it has been subject to since May (and that were reaffirmed, subject to the February 29th date for certain fact discovery discussed above, by the Magistrate Judge). And it is trying to do so now that it already has the benefit of Relator's expert reports and Relator's adherence to the deadlines set by the Court. Unum's strategy to delay its own deadlines in these circumstances is both unjustified and patently unfair. Indeed, in view of the fact that Unum has only a very limited number of depositions permitted under the Local Rules—and has vehemently opposed any increase in that number—there is absolutely no reason that it cannot complete any necessary fact discovery by February 29th, the date already established by the Magistrate Judge.

**Relator Has No Objection to Making Experts Available for Depositions on Mutually Convenient Dates.** Unum also tries to justify delay in the schedule by suggesting that Relator has not made its experts available for depositions. There is no basis for this assertion. Relator has made clear to Unum that it believes the most appropriate course is to have experts deposed by both sides *after* all of the expert reports have been served. Indeed, this is what the schedule in

11

the case appears to contemplate since it provides that all of the expert reports must be submitted by February 15th, and then provides that expert discovery will be completed by March 21st. This also makes sense—and is quite normal in complex litigation—since the expert testimony is likely to be influenced by opinions in other expert reports (including opposing expert reports), and thus such testimony is appropriately taken after those reports have been filed and considered.

Even though this sequence (full reports followed by depositions) appears to be contemplated by the schedule, if Unum prefers to take expert depositions earlier, we have no objection to this as long as it is done with the understanding that Unum can only depose an expert *once*, and the depositions will occur on dates convenient for the experts and counsel. In other words, we think it is most sensible to take these depositions after all of the expert reports are filed and the experts have considered each other's respective opinions. But if Unum chooses to take a deposition earlier, this does not entitle it (or Relator for that matter) to take any expert's deposition twice. We have advised Unum of dates on which Relator's experts can be made available for depositions.[9]

## CONCLUSION

For the foregoing reasons, Relator respectfully requests that Unum's motion to delay the deadlines for Unum's submission of expert reports and other pretrial deadlines be denied.

//

//

---

[9] Unum has been advised that Relator will make its experts available to be deposed (for one day each) on any of the following dates: Mr. Nibali can be deposed on January 30 or 31 or February 13, 14, or 15; Mr. Barnes can be deposed on January 30, or February 5, 6, 12, or 13; Mr. Mercurio can be deposed on January 30 or February 5, 12, or 13; and Mr. LaGravinese can be deposed on February 26, 28, or 29. (These dates are subject to resolving any scheduling conflicts with attorneys for Unum or Relator who may appear at more than one deposition). If these dates are not convenient for Unum's counsel, we will consult with the experts and propose additional dates that are convenient for both sides.

DATED: January 24, 2008

Peter B. Krupp, B.B.O. #548112
Sara A. Laroche, BBO #652479
LURIE & KRUPP, LLP
One McKinley Square
Boston, MA 02109
Tel: (617) 367-1970
Fax: (617) 367-1971

Mary Louise Cohen
Colette G. Matzzie
PHILLIPS AND COHEN
2000 Massachusetts Ave., N.W.
Washington, D.C. 20036
Tel: (202) 833-4567
Fax: (202) 833-1815

*Counsel for Relator*

Respectfully submitted,

/s/ Kit A. Pierson
Kit A. Pierson
Stuart M. Rennert
Carl S. Nadler
HELLER EHRMAN LLP
1717 Rhode Island Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 912-2000
Fax: (202) 912-2020

## CERTIFICATE OF SERVICE

I, Peter B. Krupp, hereby certify that the foregoing is not being filed through the ECF system, but is being served on the Defendants by email and by first-class mail to William J. Kayatta, Jr., Pierce Atwood, One Monument Square, Portland, ME 04101, and with a courtesy copy also by email and by first-class mail to Assistant U.S. Attorney Jeffrey M. Cohen, on January 24, 2008.

_____
Peter B. Krupp

I hereby certify that each person who will not be notified electronically according to the attached Notice of Electronic Filing was served with a true copy of the above document by mail/hand on: 2/1/08