UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br>*EX REL.* DAWN BARRETT,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>CIGNA CORPORATION and<br>LIFE INSURANCE COMPANY<br>OF NORTH AMERICA<br><br>　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 03-12382-MLW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**UNOPPOSED MOTION FOR LEAVE TO FILE MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK
OF JURISDICTION OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT
DUE TO LACK OF SCIENTER, IN EXCESS OF PAGE LIMIT**

Pursuant to Local Rule 7.1(B)(4) of the United States District Court for the District of Massachusetts, defendant CIGNA Corporation and Life Insurance Company of North America (collectively, "Defendants") respectfully move this Court for leave to file a Memorandum in Support of Defendants' Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim, or, in the Alternative, for Summary Judgment due to Lack of Scienter (the "Memorandum in Support of Motion"), in excess of twenty pages in the form attached. The plaintiff, Dawn Barrett ("Relator"), does not oppose this Motion.

As grounds for this motion Defendant states as follows:

1.　　The motion addresses three separate grounds for dismissing the claims asserted in Relator's second amended complaint: a lack of subject matter jurisdiction under 31 U.S.C. § 3730(e)(4) because of prior public disclosure of plaintiffs allegations; the lack of any evidence

of *scienter*, a necessary element of any False Claims Act case; and a failure to state a claim with respect to certain allegations that are ancillary to Relator's principal claim.

2. The first two grounds involve several issues of law addressed by other Circuit Courts of Appeal but not the First Circuit and therefore require consideration of the law of these Circuits.

3. The first ground for dismissal is based on prior public disclosure. Defendants have identified numerous public disclosures which are described in approximately twelve pages of text. Defendants submit that it will be easier for the Court to review those disclosures in the body of the memorandum rather than in an appendix.

4. Defendants submit that the attached memorandum presents a thorough consideration of the legal and factual issues raised by their dispositive motion without repetition or extraneous references.

WHEREFORE, Defendants respectfully request that the Court grant leave to file a supporting memorandum in excess of twenty pages in the form attached.

                Respectfully submitted,

                CIGNA CORPORATION and LIFE INSURANCE
                COMPANY OF NORTH AMERICA

                By their attorneys,

                */s/ Mitchell H. Kaplan*
                Mitchell H. Kaplan (BBO# 258940)
                mkaplan@choate.com
                R. J. Cinquegrana, (BBO # 084100)
                rjcinquegrana@choate.com
                Richard C. Abati (BBO # 651037)
                rabati@choate.com
                CHOATE, HALL & STEWART LLP
                Two International Place
                Boston, Massachusetts 02110
Dated: August 22, 2008      (617) 248-5000

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

The undersigned counsel for Defendants hereby certifies that he has conferred with Barrett's counsel in a good faith effort to resolve or narrow any issues related to this Motion, and Barrett's counsel has assented to the relief requested herein.

*/s/ Mitchell H. Kaplan*
Mitchell H. Kaplan

## CERTIFICATE OF SERVICE

I, Mitchell H. Kaplan, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 22, 2008.

*/s/ Mitchell H. Kaplan*
Mitchell H. Kaplan

4359627v1