UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DAWN BARRETT, <br><br> Plaintiff, <br><br> v. <br><br> CIGNA CORPORATION and LIFE INSURANCE COMPANY OF NORTH AMERICA, <br><br> Defendants. | Civil Action No. 03-12382-MLW |

**DEFENDANTS' MOTION TO STAY DISCOVERY
PENDING THE COURT'S RULING ON DEFENDANTS' MOTION
TO DISMISS FOR LACK OF JURISDICTION, OR, IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT DUE TO LACK OF *SCIENTER***

The Defendants respectfully request that the Court stay discovery in this action pending its ruling on the Defendants' Motion to Dismiss for Lack of Jurisdiction, or, in the Alternative, for Summary Judgment Due to Lack of *Scienter* (the "Dispositive Motion"), which has also been filed today. As grounds for this Motion, Defendants state as follows.

1. Relator filed this *qui tam* action in November 2003. The government has declined to intervene.

2. If this action is based upon allegations or transactions that were publicly disclosed before Relator filed suit, then the Court lacks subject matter jurisdiction unless Relator can prove she was an "original source" of the information on which her allegations are based. *See* 31 U.S.C. § 3730(e)(4).

3. The Defendants filed a motion for phased discovery in December 2006. They asked that discovery on the public disclosure issue proceed first, because the discovery of a public disclosure could establish that the Court lacked jurisdiction over the entire action.

4. The Court denied the motion in January 2007, allowing the commencement of discovery on all issues. However, the Court stated that the Defendants could seek a stay of discovery if they found a public disclosure: "[i]f I had serious concerns about whether there was subject matter jurisdiction, I would stay what was going on until I decided that issue. . . . The one that might give you the best basis to come back to me and say 'Stay the case' would be the jurisdictional issue if you find something that you don't yet have." Tr. of Jan. 4, 2007 hearing, at 22-23.

5. In March 2007, the parties filed their initial disclosures and discovery began. Pending before the Court is the parties' joint motion to set the discovery deadline at November 3, 2008. *See* Docket No. 113 (filed Mar. 26, 2008). For reasons discussed below, Defendants anticipate that Relator will ask for a further extension of the discovery period.

6. Defendants have now identified numerous examples of pre-November 2003 public disclosures of the allegations on which this action is based. Their memorandum filed in support of the Dispositive Motion identifies: (i) public disclosures expressly naming CIGNA (or its insurance subsidiaries) in litigations in which many of the allegations are literally identical to those asserted by Relator in this case -- the earliest dates to 1977; (ii) additional publications by Social Security Administration employees reporting that companies frequently require employees to apply for Social Security Disability Insurance ("SSDI") benefits before a private disability insurance policy will pay benefits; (iii) cases involving disability insurers other than CIGNA that describe similar policy provisions and SSDI application practices to those employed by CIGNA; and (iv) federal, state and municipal disability programs that require SSDI applications as a precondition to the right to receive payments under their statutory or regulatory disability programs. Because those public disclosures support Defendants' position that the Court lacks subject matter jurisdiction over the instant case, they have now moved to dismiss.

7. Additionally, discovery responses provided to Defendants by the SSA within the last month establish that the SSA has known about the well understood and disclosed practices and procedures employed by CIGNA and virtually all other private disability insurers to coordinate long term disability ("LTD") benefits with the availability of SSDI benefits for their insureds for many years. Accordingly, Defendants have joined their motion to dismiss for lack of subject matter jurisdiction with a factually related, alternative motion for summary judgment on the grounds that the SSA has long known about and acquiesced to Defendants' allegedly fraudulent practice, and, therefore, *scienter*, a necessary element of any *qui tam* action, is absent as a matter of law.

8. Discovery thus far has been, and promises to continue to be, extremely burdensome, time-consuming, disruptive, and expensive for the Defendants. Relator's allegation is that, with regard to some number of the LTD disability claims opened by the Defendants on or after January 1, 1996, the Defendants caused some number of claimants to file allegedly patently ineligible applications for SSDI benefits, which Relator asserts is somehow a violation of the False Claims Act.

9. Initially Relator selected as her claim file sample all LTD disability claims opened by the Defendants in January 2000 and January 2004. Defendants agreed to produce the claim files for this sample, which totaled about 3,000 claims. However, after Defendants had already collected and begun the review of approximately 600 claim files (which ultimately were produced to Relator by Defendants), Relator instructed Defendants to halt the claim file production, apparently because she had doubts that the sample would support her claim. She decided instead to select a new sample, this time from electronic information on the complete universe of LTD claims opened by Defendants on or after January 1, 1996.

10. Defendants have since provided detailed electronic information (specifically, data on more than 130 characteristics for each claim) on *all* LTD claims opened between 1996 and April, 16, 2006 (the date of Relator's filing of the Second Amended Complaint).[1] This meant the production of data on nearly 150,000 claims. Defendants also responded to Relator's Second Set of Interrogatories regarding this claim data and thereafter participated in an informal conference call -- which included the parties' respective information technology specialists -- to discuss the nature of this data and the reports that can be generated from it.

11. On August 21, 2008, based on her review of the electronic information produced by Defendants, Relator requested the production of approximately five hundred claim files. Relator apparently intends to locate so-called "false claims" within this sample and then attempt to extrapolate from these "false claims" to the larger universe of 150,000 claims. If this motion is not granted, Defendants anticipate that they will expend extraordinary additional time and resources in the collection, review, and production of this sample. For example, based on their experience with the 600 claim files previously produced, Defendants believe that the review of a claim file takes, on average, about four hours (in light of the hundreds of pages of medical and vocational evidence contained therein). As a result, unless discovery is stayed, Defendants will need to expend, at a minimum, 2,000 additional hours to produce Relator's sample.

12. Additionally, Defendants have already collected hundreds of thousands of non-claim-file documents from almost 900 employee-custodians and, in total, have produced more than 280,000 pages of non-claim file and claim file documents in this litigation. Relator has not begun to take depositions, but presumably intends to notice a great many. Relator has already

---

[1] For the reasons articulated in Defendants' Opposition to Relator's Motion to Compel (Docket No. 131), electronic information regarding Defendants' Administrative Services Only ("ASO") agreements was withheld from this production.

4

served a Fed. R. Civ. P. 30(b)(6) notice on CIGNA identifying fifty topics on which she wants deposition testimony.

13.  Should the Court agree that the public disclosure defense applies, subject matter jurisdiction will be absent and the Court will be required to dismiss the action. Accordingly, Defendants respectfully request that the increasingly burdensome and costly discovery that will otherwise continue be stayed while the Court considers the dispositive motion that has been filed.  See, e.g., U.S. ex rel. O'Keeffe v. Sverdup Corp., 131 F. Supp. 2d 87, 88 (D. Mass. 2001) (Saris, J.) (court stayed discovery in *qui tam* action pending decision on motion to dismiss for lack of jurisdiction under the public disclosure bar).

WHEREFORE, the Defendants respectfully request that the Court stay discovery in this action pending its ruling on the Defendants' Dispositive Motion.

        Respectfully submitted,

        CIGNA CORPORATION and LIFE INSURANCE
        COMPANY OF NORTH AMERICA

        By their attorneys,

        */s/ Mitchell H. Kaplan*
        Mitchell H. Kaplan (BBO# 258940)
        mkaplan@choate.com
        R. J. Cinquegrana, (BBO # 084100)
        rjcinquegrana@choate.com
        Richard C. Abati (BBO # 651037)
        rabati@choate.com
        CHOATE, HALL & STEWART LLP
        Two International Place
        Boston, Massachusetts 02110
        (617) 248-5000

Dated: August 22, 2008

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Pursuant to Local Rule 7.1(A)(2), I certify that counsel for the parties have conferred and attempted in good faith to resolve or narrow the issues raised in this Motion, but no agreement could be reached by the parties.

/s/ Mitchell H. Kaplan
Mitchell H. Kaplan

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 22, 2008.

/s/ Mitchell H. Kaplan
Mitchell H. Kaplan

4327198v1