# Exhibit A

# CHOATE

CHOATE HALL & STEWART LLP

Richard C. Abati<br>
t 617-248-5076<br>
f 617-502-5076<br>
rabati@choate.com

July 10, 2008

**VIA REGULAR MAIL AND E-MAIL**

Carl S. Nadler, Esq.
Heller Ehrman LLP
1717 Rhode Island Avenue, NW
Washington, DC 20036

Re:   *United States of America, ex rel., Dawn Barrett v. CIGNA Corporation, et al.,*
      Civil Action No. 03-12382-MLW (D. Mass.)

Dear Carl:

I write in response to your letter of June 25, 2008 to Mitch Kaplan in which you state that Relator now seeks to "proceed with all of the topics in her 30(b)(6) deposition notice."

Defendants are prepared to provide testimony with respect to many of the topics designated in the notice; however certain topics seek testimony that is not relevant to any of Relator's claims. In addition, Defendants object to other topics that seek testimony on undisputed matters that is simply duplicative of information contained in documents already produced by Defendants. Indeed, many of these topics simply restate the substance of Relator's document requests served more than a year ago.

Defendants propose that the parties agree to move ahead with depositions on the topics as to which no objections have been asserted (discussed *infra*). Each party, of course, would retain such rights as the Federal Rules of Civil Procedure provide to her/it with respect to the other topics. This will enable discovery to proceed and leave for motion practice only the contested issues. I believe the alternative is for Defendants to move for a protective order presently with respect to the notice and await the Court's judgment. Please let us know how you wish to proceed.

Before addressing each of the topics designated in the notice, I note that Defendants will make witnesses available to testify during discovery in this matter only once. We will give you plenty of advance notice regarding who has been designated to testify on which topics, but will not produce that witness a second time to testify in an individual capacity. Further, we are closing in on the completion of document production from the literally hundreds of custodians who have been asked to respond to Relator's document requests. If you choose to proceed with depositions before document production is completed, we will not voluntarily produce that

Carl S. Nadler, Esq.
July 10, 2008
Page 2

deponent for a second time because Relator wishes to interrogate based on a document produced after the initial deposition.

> Topic Nos. 1-6: [see Notice for text of these topics]
>
> It is our understanding that the parties have already reached a compromise with respect to Topic Nos. 1-6. Specifically, on July 8, 2008, the parties (including their respective information technology specialists) participated in a conference call to discuss the nature of claims information that CIGNA stores electronically and the reports that can be generated from it. The purpose of this call was to address informally any questions that Relator had regarding such data and, in so doing, to save both parties from the time and expense associated with a deposition on potentially undisputed matters. During that call, the parties identified a few follow-up tasks (which I summarized in an e-mail to Tom Kimbrell yesterday morning). Once those tasks have been addressed, please let me know if you believe that a full deposition is still necessary and, if so, on which topics (and, where appropriate, which sub-parts thereto).
>
> Topic No. 7: Cigna's history, corporate structure, organization and related companies.
>
> This topic seeks testimony on undisputed matters that would be duplicative of information contained in documents already produced by Defendants and of no obvious relevance to any issue in this case. Defendants, therefore, object to this discovery request as beyond the scope of discovery permitted by Rule 26(b)(1).
>
> Topic No. 8: The identities, job responsibilities and employment histories of each of Cigna's employees whose responsibilities, duties or managerial or executive level responsibilities related in whole or in part to the administration of LTD benefits, coordination of SSDI benefits, estimating SSDI benefits, offsets of SSDI benefits, or accounting for or adjustments to reserves as a result of SSDI benefits received by Cigna's Claimants or estimated by Cigna.
>
> This topic seeks testimony on undisputed matters that would be duplicative of information contained in documents already produced by Defendants. Defendants, therefore, object to this discovery request as beyond the scope of discovery permitted by Rule 26(b)(1). Moreover, there are quite literally thousands of Cigna employees who fit that description over the ten year period of inquiry. It is difficult to comprehend what you expect a Rule 30(b)(6) designee to be prepared to testify to concerning these thousands of employees.
>
> Topic No. 9: Cigna's policies, practices and procedures relating to the administration of LTD benefits.

Carl S. Nadler, Esq.
July 10, 2008
Page 3

This topic seeks testimony that bears no relevance to any claim or defense in this case. Defendants, therefore, object to this discovery request as beyond the scope of discovery permitted by Rule 26(b)(1).

Topic No. 10: Cigna's policies, practices and procedures relating to, referring, communicating, asking, encouraging, requiring, estimating, causing or facilitating applications for SSDI benefits by or on behalf of Cigna's Claimants.

Defendants will designate a witness to testify in response to Topic No. 10.

Topic No. 11: Cigna's practice of reducing or offsetting LTD benefits due to an actual SSDI benefit or an estimation of SSDI benefits.

Defendants will designate a witness to testify in response to Topic No. 11.

Topic No. 12: Cigna's "Social Security Referral Guidelines," including but not limited to the Guidelines' terms, meaning, implementation, and Communications relating to the Guidelines.

Defendants will designate a witness to testify in response to Topic No. 12.

Topic No. 13: Cigna's "The Book," including but not limited to its terms, meanings, implementation and Communications relating to The Book.

This topic seeks testimony that bears no relevance to any claim or defense in this case. Defendants, therefore, object to this discovery request as beyond the scope of discovery permitted by Rule 26(b)(1). Moreover, once again, thousands of employees have participated in the operation and administration of the LTD procedures addressed in the "Book," most of which have nothing whatever to do with the matters alleged in the Amended Complaint.

Topic No. 14: Training, instruction or guidance provided to Cigna's employees or its Social Security Vendors concerning SSDI, including but not limited to all manuals, training programs, presentations, guides, journals, diaries, summaries, brochures and tests.

Defendants will designate a witness to testify in response to Topic No. 14.

Topic No. 15: Cigna's Communications with Claimants relating to STD, LTD and SSDI benefits.

This topic seeks testimony that bears no relevance to any claim or defense in this

Carl S. Nadler, Esq.
July 10, 2008
Page 4

case. Defendants, therefore, object to this discovery request as beyond the scope of discovery permitted by Rule 26(b)(1). Moreover, as Relator knows, there are in excess of 250,000 claimants and hundreds of claim managers who have communicated with them. Once again, it is not possible to prepare a designee to respond to such a topic in any meaningful way.

Topic No. 16: The forms and letters used by Cigna when communicating with Claimants.

This topic seeks testimony that bears no relevance to any claim or defense in this case. It also seeks testimony on undisputed matters that would be duplicative of information contained in documents already produced by Defendants. Defendants, therefore, object to this discovery request as beyond the scope of discovery permitted by Rule 26(b)(1).

Topic No. 17: Cigna's policies, practices and procedures concerning its evaluation of a Claimant's application for SSDI or whether a Claimant should apply for SSDI, including a Claimant's actual or potential eligibility for SSDI.

Defendants will designate a witness to testify in response to Topic No. 17.

Topic No. 18: Cigna's policies, procedures and practices concerning the meaning and interpretation of "disability" in Cigna's Insurance Policies.

This topic seeks testimony that bears no relevance to any claim or defense in this case. The term is defined in each policy that Cigna subsidiaries issue and Defendants are unaware of disputes concerning the definitions. Defendants, therefore, object to this discovery request as beyond the scope of discovery permitted by Rule 26(b)(1).

Topic No. 19: Cigna's policies, practices and procedures concerning the evaluation of whether a Claimant met Cigna's "Own Occupation" and "Any Occupation" standards.

This topic seeks testimony that bears no relevance to any claim or defense in this case. Defendants, therefore, object to this discovery request as beyond the scope of discovery permitted by Rule 26(b)(1).

Topic No. 20: Cigna's policies, procedures and practices concerning the award, denial, reconsideration or appeal at any level of a Claimant's SSDI benefits.

Defendants will designate a witness to testify in response to Topic No. 20.

Carl S. Nadler, Esq.
July 10, 2008
Page 5

Topic No. 21: Language related to offsets for SSDI in Cigna's Insurance Policies, including the history of the inclusion of such language, all versions of such language, and changes in the language.

This topic seeks testimony on undisputed matters that would be duplicative of information contained in documents already produced by Defendants. Defendants, therefore, object to this discovery request as beyond the scope of discovery permitted by Rule 26(b)(1).

Topic No. 22: The effect or impact of SSDI referrals, applications, awards, denials, estimates and offsets on Cigna's expenses, reserves, income, profits, resources and executive or managerial compensation.

Defendants will designate a witness to testify regarding the impact of SSDI on the establishment and adjustment of reserves by Defendants and the impact of reserves on Defendants' financial statements. Defendants otherwise object to Topic No. 22.

Topic No. 23: Cigna's policies, procedures and practices concerning return-to-work language in Cigna's Insurance Policies.

This topic seeks testimony that bears no relevance to any claim or defense in this case. Defendants, therefore, object to this discovery request as beyond the scope of discovery permitted by Rule 26(b)(1).

Topic No. 24: Cigna's policies, procedures and practices concerning the determination, estimation or forecasting of return-to-work days for STD or LTD claimants.

This topic seeks testimony that bears no relevance to any claim or defense in this case. Defendants, therefore, object to this discovery request as beyond the scope of discovery permitted by Rule 26(b)(1).

Topic No. 25: Cigna's policies, procedures and practices concerning referrals of Claimants to Social Security Vendors.

Defendants will designate a witness to testify in response to Topic No. 25. Defendants also note that this topic covers the universe of information actually responsive to Relator's alleged claim that Defendants' policies and practices violate the False Claims Act.

Topic No. 26: Cigna's relationship and Communications with Allsup, Inc., Advantage 2000 Consultants, Inc., Social Security Law Group and any other Social Security Vendor.

Carl S. Nadler, Esq.
July 10, 2008
Page 6

Defendants will designate a witness to testify to Defendants' policies and practices regarding the Social Security assistance vendors who help Defendants' insureds to pursue claims for SSDI benefits. Defendants otherwise object to Topic No. 26. In particular, Defendants object to this discovery request to the extent it purports to require Defendants to designate a witness to testify regarding the thousands of "communications" between Defendants and their SSDI vendors which Relator herself described as innumerable during her deposition.

Topic No. 27: The Social Security Vendors' policies, practices and procedures concerning their acceptance of a referral of a Claimant from Cigna.

Defendants object to this topic on the grounds that it purports to require Defendants to designate a witness to testify regarding information not within the possession, custody or control of Defendants. To the extent that Topic No. 27 seeks relevant testimony, Defendants refer Relator to their responses to Topic No. 26, *supra*.

Topic No. 28: The Social Security Vendors' policies, practices and procedures concerning the evaluation of a Cigna Claimant's application for SSDI, including a Claimant's actual or potential eligibility for SSDI.

Defendants object to this topic on the grounds that it purports to require Defendants to designate a witness to testify regarding information not within the possession, custody or control of Defendants. To the extent that Topic No. 28 seeks relevant testimony, Defendants refer Relator to their response to Topic No. 26, *supra*.

Topic No. 29: Any Communications related to performance agreements between Cigna and Cigna's Social Security Vendors, including without limitation the terms of those agreements, the course of conduct under those agreements and the status of those agreements.

Defendants object to this topic on the grounds that it is vague and ambiguous to the extent that it makes reference to certain "performance agreements." Defendants are unaware of any such agreements. To the extent that Topic No. 29 seeks relevant testimony, Defendants refer Relator to their response to Topic No. 26, *supra*.

Topic No. 30: The training, instruction, guidance or assistance of Cigna's employees concerning LTD benefits, STD benefits, SSDI benefits, referrals to Social Security Vendors, applications for SSDI, estimates taken for SSDI, reserves adjusted for SSDI and offsets taken for SSDI.

Defendants object to this topic on the grounds that it is unintelligible and that it seeks testimony bearing no relevance to any claim or defense in this case. To the extent

Carl S. Nadler, Esq.
July 10, 2008
Page 7

that Topic No. 30 seeks relevant testimony, Defendants refer Relator to their responses to Topic Nos. 14, 22 and 25, *supra*.

Topic No. 31: The training, instruction, guidance or assistance of Cigna's employees by or through Social Security Vendors.

Defendants object to this topic on the grounds that it is unintelligible.

Topic No. 32: Any bonus, contest, award, encouragement, inducement or compensation of any kind made to any Cigna employee based in whole or in part on estimation rates, SSDI offsets, SSDI referrals or SSDI applications.

Defendants will designate a witness to testify in response to Topic No. 32.

Topic No. 33: The formation, role, responsibilities, policies, practices and procedures of Cigna's Social Security Specialists, Offset Specialists, Social Security Assistance Program, Social Security Assistance Team and any other program, groups or department with responsibilities related to the matters alleged in the Complaint.

Defendants will designate a witness to testify regarding the "formation, role, responsibilities, policies, practices and procedures of Cigna's Social Security Specialists, Offset Specialists, Social Security Assistance Program, [and] Social Security Assistance Team." Defendants otherwise object to Topic No. 33.

Topic No. 34: Relator's employment history as a Cigna employee, her training, guidance or assistance, her responsibilities and duties, her evaluations, her employment history, and her supervisors, including but not limited to her supervisors' responsibilities and duties, her supervisors' evaluations of Relator and her supervisors' instruction, training and guidance of Relator.

Defendants will designate a witness to testify to Relator's employment as a vendor coordinator and claim administrator. Defendants otherwise object to Topic No. 34. In particular, Defendants object to this discovery request to the extent it purports to require Defendants to designate a witness to testify regarding Ms. Barrett's employment as a file clerk and as a STD claims manager because such testimony is not relevant to any claim or defense in this case.

Topic No. 35: Cigna's Communications with any United States or state governmental authority, prosecutor, agency or representative, including but not limited to the Social Security Administration or its employees, concerning or in any way relating to any of the allegations set forth in the Complaint.

Defendants object to this topic to the extent that it seeks testimony concerning

Carl S. Nadler, Esq.
July 10, 2008
Page 8

communications that occurred after the unsealing of Relator's Complaint. Such communications almost undoubtedly contain information protected from disclosure by the attorney-client and work product privileges, and are, therefore, beyond the scope of the discovery permitted by Rule 26(b)(1). Defendants otherwise will designate a witness to testify in response to Topic No. 35.

Topic No. 36: Cigna's Communications with any United States or state governmental authority, prosecutor, agency or representative, including but not limited to the Social Security Administration or its employees, concerning or in any way relating to SSDI offsets or estimates, or the processing, referral, review or submission of potential or actual SSDI applications.

Defendants object to this topic to the extent that it seeks testimony concerning communications that occurred after the unsealing of Relator's Complaint. Such communications almost undoubtedly contain information protected from disclosure by the attorney-client and work product privileges, and are, therefore, beyond the scope of the discovery permitted by Rule 26(b)(1). Defendants otherwise will designate a witness to testify in response to Topic No. 36.

Topic No. 37: Communications between Cigna's Social Security Vendors and any United States or state governmental authority, prosecutor, agency or representative, including but not limited to the Social Security Administration or its employees, concerning or in any way relating to any of the allegations set forth in the Complaint.

Defendants object to this topic on the grounds that it seeks information not within the possession, custody or control of Defendants.

Topic No. 38: Communications between any third party and any United States or state governmental authority, prosecutor, agency or representative, including but not limited to the Social Security Administration or its employees, concerning or in any way relating to any of the allegations set forth in the Complaint.

Defendants will designate a witness to testify in response to Topic No. 38 to the extent that the requested testimony relates to information within the possession, custody or control of Defendants.

Topic No. 39: All facts relating to Cigna's contention that Cigna's policies, practices and procedures concerning Social Security Disability Insurance applications, offsets, estimates or other practices are "common industry practices."

Defendants will designate a witness to testify in response to Topic No. 39 to the extent that the requested testimony relates to information within the possession, custody or control of Defendants.

Carl S. Nadler, Esq.
July 10, 2008
Page 9

<u>Topic No. 40</u>: All facts and Documents relating to Cigna's contention there has been "Public Disclosure" of the matters alleged in the Complaint.

Defendants object to this topic on the grounds that it seeks information that is protected from disclosure by the attorney-client and work product privileges, and, therefore, beyond the scope of the discovery permitted by Rule 26(b)(1).

<u>Topic No. 41</u>: All facts and Documents relating to Cigna's contention that Relator is not an "Original Source" of the matters alleged in the Complaint.

Defendants object to this topic on the grounds that it seeks information that is protected from disclosure by the attorney-client and work product privileges, and, therefore, beyond the scope of the discovery permitted by Rule 26(b)(1).

<u>Topic No. 42</u>: All facts and Documents relating to Cigna's contention that the SSA or any other United States or state governmental authority was aware of the matters alleged in the Complaint.

Defendants object to this topic on the grounds that it seeks information that is protected from disclosure by the attorney-client and work product privileges, and, therefore, beyond the scope of the discovery permitted by Rule 26(b)(1). To the extent that Topic No. 42 seeks relevant testimony, Defendants refer Relator to their responses to Topic Nos. 35-39, *supra*.

<u>Topic No. 43</u>: All facts and Documents relating to Cigna's contention that the Social Security Administration or other governmental agency or body was aware of, engaged in, acquiesced to, endorsed, encouraged or supported any of Cigna's policies, practices and procedures concerning the matters alleged in the Complaint.

Defendants object to this topic on the grounds that it seeks information that is protected from disclosure by the attorney-client and work product privileges, and, therefore, beyond the scope of the discovery permitted by Rule 26(b)(1). To the extent that Topic No. 43 seeks relevant testimony, Defendants refer Relator to their responses to Topic Nos. 35-39, *supra*.

<u>Topic No. 44</u>: All facts relating to Cigna's affirmative defenses, the legal basis for these defenses, and the identity of all Documents relating to these defenses.

Defendants object to this topic on the grounds that it seeks information that is protected from disclosure by the attorney-client and work product privileges, and, therefore, beyond the scope of the discovery permitted by Rule 26(b)(1).

Carl S. Nadler, Esq.
July 10, 2008
Page 10

<u>Topic No. 45</u>: Cigna's policies, practices and procedures concerning Document retention, Document destruction, Document collection and Document production.

Defendants will designate a witness to testify in response to Topic No. 45.

<u>Topic No. 46</u>: Cigna's efforts to search for, locate, preserve and produce Documents in response to Relator's Requests for Production, the Document collection performed by Cigna, its attorneys, agents, employees, officers and representatives, and efforts to locate Documents responsive to Relator's requests for production from this investigation, including the procedures and persons involved in the investigation, search for and review of Documents.

Defendants will designate a witness to testify in response to Topic No. 46.

<u>Topic No. 47</u>: Any information regarding Cigna's destruction of Documents or failure to preserve Documents.

Defendants will designate a witness to testify in response to Topic No. 47.

<u>Topic No. 48</u>: Cigna's statements in the Answer and Affirmative Defenses of Defendants Cigna Corporation and Life Insurance Company of North America, dated November 1, 2006.

Defendants object to this topic on the grounds that it seeks information that is protected from disclosure by the attorney-client and work product privileges, and, therefore, beyond the scope of the discovery permitted by Rule 26(b)(1).

<u>Topic No. 49</u>: Cigna's answers to Relator's interrogatories as set forth in Cigna Corporation's Response to Relator's First Set of Interrogatories, dated May 7th, 2007, and in Life Insurance Company of North America's Response to Relator's First Set of Interrogatories, dated May 7th, 2007.

Defendants object to this topic on the grounds that it seeks information that is protected from disclosure by the attorney-client and work product privileges, and, therefore, beyond the scope of the discovery permitted by Rule 26(b)(1).

<u>Topic No. 50</u>: All data and reports of data which relate to: the total number of STD claims, LTD claims, and SSDI claims, offsets taken for SSDI, offsets estimated for SSDI and referrals to Social Security Vendors, denials of SSDI claims at any level, the total number of SSDI applications submitted from Cigna Claimants the total number of claims for which SSDI amounts were estimated by Cigna; the total number of claims for which an SSDI award was directly or indirectly recovered by Cigna, the

Carl S. Nadler, Esq.
July 10, 2008
Page 11

    total number of Claimants whose SSDI claims were appealed at each level of appeal; the total amount of money received by Cigna as a result of Claimants filing for SSDI benefits; and the success rate of those Claimants who file for SSDI benefits.

    Defendants object to this topic for two reasons. First, it is duplicative of Topic Nos. 1-6. Second, to the extent this topic is not duplicative of Topic Nos. 1-6 because it relates to other "reports of data," Topic No. 50 seeks testimony that would be duplicative of information contained in documents already produced by Defendants. Defendants, therefore, object to this discovery request as beyond the scope of discovery permitted by Rule 26(b)(1).

    Subject to the points reflected above, we will discuss with you dates for the designees to testify. Please let me know whether you wish to proceed with depositions on topics as to which no objections have been asserted or prefer to have any disputes about the propriety of Relator's designations resolved by the Court before any designees are produced for deposition at your earliest convenience.

                                                Very truly yours,

                                                Richard C. Abati

cc:    Mitchell H. Kaplan, Esq.

4350943v1