UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* DAWN BARRETT,<br><br>                     Plaintiff,<br><br>             v.<br><br>CIGNA CORPORATION and LIFE<br>INSURANCE COMPANY OF NORTH<br>AMERICA,<br><br>                     Defendants. | Civil Action No. 03-12382-MLW |

**<u>DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO STAY DISCOVERY</u>**

The Defendants (collectively "CIGNA") respectfully submit this reply to the Relator's Opposition to Defendants' Motion to Stay Discovery (the "Opposition"; Relator will hereafter be referred to as Barrett).

As the Court is aware, CIGNA has moved to dismiss Barrett's *qui tam* action on two separate but related grounds that can be summarily described as follows: (1) Barrett's claim is based upon allegations and transactions that have been frequently publicly disclosed, and, therefore, this Court lacks jurisdiction unless Barrett proves that she is an "original source" of the information; and (2) that CIGNA cannot be found to have knowingly or recklessly caused a false or fraudulent claim for payment to be submitted to the Social Security Administration (SSA), *i.e.*, acted with *scienter*, because the SSA was well aware of the well-disclosed CIGNA and industry practices at issue in this case, in fact, it was the author of some of the disclosures. CIGNA also has asked this Court to stay discovery while it considers the merits of this dispositive motion.

CIGNA has already produced more than 320,000 pages of documents and created for Barrett an electronic database that includes more than 130 characteristics for each of the approximately 150,000 LTD claims CIGNA received between 1996 and 2006. The cost to CIGNA of this discovery activity is measured in the millions of dollars. Barrett has demanded another wave of document production and expressed an intention to take numerous depositions. An examination of her Opposition, however, makes clear that none of that discovery is required to respond to either ground for dismissal on which the pending dispositive motion is based.

The jurisdictional ground requires the Court to examine the numerous public disclosures identified by CIGNA, compare the allegations in the Complaint to those disclosures, and apply the law. If the Court finds that there has been adequate public disclosure of the purported fraud, it is then Barrett who must prove that she is the original source. This is a fact-based question, but one as to which she is the exclusive source of the facts. The summary judgment alternative is very narrow: CIGNA asserts that the government is sufficiently and broadly enough aware of CIGNA's and the industry's practices that CIGNA cannot be said to have knowingly or recklessly attempted to defraud it. That question is, of course, solely dependent on what SSA knew – discovery from CIGNA will not inform it. A Rule 30(b)(6) designee of SSA has been deposed and Barrett does not argue she needs further discovery from the government, which, in any event, is the real party in interest in this case. *U.S. ex rel. Zissler v. Regents of Univ. of Minn.*, 154 F.3d 870, 872 (8th Cir. 1998)**.**

Instead of focusing on the discovery that Barrett requires to respond to the motion, Barrett's Opposition principally restates bits and pieces of CIGNA's arguments in support of its dispositive motion -- in her own words -- and then contends that they fail as a matter of law. She actually devotes four pages of her opposition to an argument that the Court ought not consider the

2

merits of CIGNA's motion at this time, because there exists a minority position regarding the meaning of the phrase "based upon the public disclosures of allegations or transactions [at issue]" (31 U.S.C. § 3730(e)(4)(A)), that would favor Barrett. The majority position has, however, been adopted by all but two Circuits, by both Judges Saris and Zobel within the last few months, while the minority position has been accepted by <u>no</u> court since the Supreme Court decided *Rockwell International Corp. v. U.S.*, 127 S.Ct. 1397 (2007). *See* Memorandum of Law in Support of Defendants' Motion to Dismiss for Lack of Jurisdiction, or, in the Alternative, for Summary Judgment Due to Lack of Scienter ("Mem."), pp. 27-29. CIGNA has fully briefed these issues in its opening brief in support of the dispositive motion and will not reargue them here. Issues of law raised by this important motion should only be resolved after briefing is complete and the Court has been able to consider them carefully.

    1.    <u>The Question Of Whether To Stay Discovery Pending The Resolution Of A Dispositive Motion Is Left To The Broad Discretion Of The Trial Judge.</u>

"Trial courts have broad discretion in shaping the parameters of the trial discovery" and "it is well within the district court's province . . . to stay discovery pending the determination of a dispositive motion." *Aponte-Torres v. University of Puerto Rico*, 445 F.3d 50, 59 (1st Cir. 2006). *See also Dynamic Image Tech v. USA*, 221 F.3d 34, 38-39 (1st Cir. 2000) (affirming stay of discovery pending decision on jurisdictional issues and noting that plaintiffs have not explained "how discovery, if allowed, would bear on the jurisdictional issue"). Clearly, the decision on whether to stay discovery pending a consideration of CIGNA's dispositive motion is left to the sound discretion of this Court.[1]

---

[1] The cases cited by Barrett are wholly inapposite to this case, as in each case the Court denied a discovery stay pending a motion to dismiss because even if the motion were allowed, the case likely would continue and the moving party would not be relieved of its discovery obligations. *See Cotracom Commodity Trading Co. v. Seaboard Corp.*, Civ. Action No. 97-2391-GTV, 1999 US. Dis. Lexis 13537, at *4 (D. Kan. Aug. 12, 1999) (noting that plaintiff would be able to seek discovery from movants as third parties even if the motion to dismiss was allowed); *Coca-Cola*

2.  The Countervailing Factors That The Court May Wish To Consider.

CIGNA respectfully submits that the factors that the Court should consider in deciding whether to stay discovery are: (i) whether CIGNA will suffer injury if a stay does not enter; (ii) whether Barrett or any other party will be prejudiced if a stay enters; and (iii) whether Barrett has demonstrated that she requires any additional discovery to oppose the motions, *i.e.*, is any further augmentation of the record needed to decide the issues presented by the dispositive motion.

a.  CIGNA Will Be Prejudiced If A Stay Does Not Enter.

The prejudice to CIGNA if its dispositive motion is allowed, but discovery continues apace, is self-evident: it will have incurred additional millions of dollars in cost that were entirely unnecessary. CIGNA submits that the course of discovery already undertaken in this case makes this argument especially compelling.

In her Opposition (p. 6) Barrett asserts: "Cigna's delay in providing discovery and attempt to 'run out the clock' should not be rewarded by considering [its] motion . . . ." That statement is at once both personally offensive and misleading. As noted previously, CIGNA has produced more than 320,000 pages of documents. To do that it had to contact and on many occasions interview nearly 900 record custodians and review several hundred thousand documents. That production is complete.

Moreover, in order to gather the Long Term Disability (LTD) claim file sample from which she would try to prove CIGNA's alleged fraud, Barrett initially demanded that CIGNA produce all LTD claim files opened in January 2000 and January 2004, approximately 3,000 files.

---

*Bottling Co. v. Grol*, Civ. Action No. 92-7061, 1993 U.S. Dist. Lexis 3734, at *6-8 (noting "the decision whether to stay discovery pending a decision on a motion to dismiss is left to the sound discretion of the trial court" and denying the stay because even if the motion to dismiss were granted plaintiff could seek discovery from the defendant by amending the complaint or as a third party to the continuing action); *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988) (declining to grant a stay because even if defendant's motion to dismiss for failure to plead fraud with particularity were granted, plaintiff could amend the complaint and seek discovery from defendant).

After CIGNA had already collected and begun the review of approximately 600 claim files, which were produced to Barrett, Barrett told CIGNA to stop, presumably because she concluded that this random sample was not supporting her claim. Barrett then demanded that CIGNA generate the electronic data described above for all 150,000 LTD files opened between 1996-2006. CIGNA did it. Based upon some undisclosed analysis of that data, on August 21, 2008, Barrett identified approximately 500 more LTD claim files, some dating back to January 1996, that she wants produced. CIGNA learned, during the production of the now abandoned January samples, that it takes approximately four hours to review each LTD file (that does not count the work necessary to locate these files in various warehouses, copy them and transport them to a central location). Barrett's recent demand for this second 500 file sample places tremendous burdens on CIGNA. Is it not equitable to consider the merits of a dispositive motion before this burdensome, exceedingly expensive, and potentially wholly unnecessary second claim file project is undertaken?

Tellingly, Barrett does not assert in her Opposition that she needs anything from these LTD files to oppose CIGNA's dispositive motion, nor could she. For the purposes of its dispositive motion, CIGNA has admitted the truth of Barrett's allegations that it requires all LTD claimants to apply for SSDI benefits and, therefore, that there exist some claim files as to which, if CIGNA made "a good faith assessment or review" of the information contained therein, CIGNA would know that the claimant "cannot possibly qualify" for Social Security Disability Insurance (SSDI) benefits. *See* Second Amended Compl. ¶¶5-8.

      b.    Neither Barrett Nor The SSA Assert That They Would Be Prejudiced By a Delay in Discovery.

Barrett's Opposition contains no argument that her ability to prove her case will be impaired, if the dispositive motion were denied and the 500 LTD claim file review project or depositions were delayed by the length of time that it took the Court to decide the motion.

Moreover, it is equally clear that the delay is not causing harm to SSA or the public. CIGNA submits that, after considering its dispositive motion, the Court will conclude that since the 1980's SSA knew about the practices that only Barrett, not the SSA, now asserts constitute fraud. In any event, it is undisputed that SSA has known about them since 2003, when this *qui tam* action was filed and presented to the Office of the General Counsel of SSA for its review. SSA has, however, never told CIGNA (or any other LTD insurer) to alter its practices. Clearly, the SSA does not seem to be bothered by them. This case involves only Barrett's claim for money.

      c.    Barrett Makes No Particularized Showing That She Needs Any Additional Discovery to Oppose Either Ground on Which CIGNA's Dispositive Motion is Based.

Barrett asserts that (i) she "has not had a full and fair opportunity to develop a factual record needed to oppose the CIGNA motion"; (ii) "Rule 56(f) recognizes" that a party "should have the opportunity to conduct 'necessary' discovery"; and (iii) there is "an incomplete and insufficient record." Barrett, however, never actually identifies the discovery that she requires to oppose the motion. A party "should articulate some plausible basis for the party's belief that specified 'discoverable' material facts likely exist which have not come in from the cold . . . and will, if obtained, suffice to engender an issue both genuine and material." *Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1987). Non-claim file document discovery is completed and Barrett's opposition does not identify a single person whose deposition she needs to take to augment the record.

As to subject matter jurisdiction, there is, of course, no discovery involved in the question of whether there has been public disclosure of her allegations. If there has, then Barrett must prove that she is the original source. That information is exclusively within her control. Barrett's Opposition states that "Cigna's primary argument regarding Ms. Barrett's status as an original

6

source is that Ms. Barrett's responsibilities did not expose her to Cigna's [sic] illegal practices." Opposition p. 17.  That assertion is constructed entirely of whole cloth.  CIGNA's argument is that Barrett's deposition demonstrated that she had little knowledge of the principal allegations in her complaint.  For example, she could not identify a single LTD claimant who actually fits her allegation that he/she was forced by CIGNA to apply for SSDI benefits, but was obviously ineligible for those benefits, or the name of any employee who told her that this ever happened. She did not know the basis for her allegation that there were thousands of such claimants each year.  She testified that the four "exemplary" claimants first identified in the Second Amended Complaint (following this Court's dismissal of the First Amended Complaint under Fed. R. Civ. P. 9(b)) were not identified until after her original complaint was filed, were not claims she worked on, but were rather found in claimant files she pulled from a CIGNA file cabinet long after this case was in litigation, at someone else's direction.  (Mem. at 35-37).

 Further, Barrett's Opposition fails to explain that Patrick Loughren is both Barrett's long-time attorney on various tort and family law matters and also, personally, the Relator in the UNUM false claim case, which was filed three months before the CIGNA case and contains nearly identical allegations.  In any event, it is Barrett who must negate the obvious inference that Loughren is the original source of her allegations against CIGNA, not CIGNA who must prove that she is.  Barrett has already testified that she cannot recall why she first discussed CIGNA's SSDI referral practices with Loughren some months after she ceased to work with LTD claimants as a vendor referral clerk.  Further, as Barrett has refused to testify regarding any conversation that she had with Attorney Loughren on the grounds of attorney/client privilege, it may be difficult for her to address this proof issue.  CIGNA, however, certainly will not be the source of discovery that will enable her to carry her burden.

7

With respect to the *scienter* issue, CIGNA argues that SSA's knowledge of the way that the LTD industry coordinates its benefits with SSDI, and, in particular, its knowledge that LTD insurers, as well as many federal and state benefit plans, require *all* claimants to apply for SSDI as a precondition to receiving full, or in some cases, any benefits, is so pervasive that CIGNA cannot possibly be found to have knowingly or recklessly attempted to defraud it. Indeed, as SSA's Associate Commissioner Glenn Sklar testified, SSA has an "open-door policy" under which it will make a disability determination for anyone who has worked sufficient quarters to be financially eligible and does not concern itself with whether an applicant is applying because an LTD insurer has directed him/her to apply, or for any other reason. Again, for purposes of this motion, the Court should assume that CIGNA is aware that some claimants that it refers to outside vendors who then assist these claimants in filing SSDI applications are obviously ineligible. No discovery is needed on this very narrow *scienter* issue; it is based entirely on what SSA knows.

Barrett's suggestion that summary judgment dismissing a *qui tam* action based on plaintiff's inability to establish *scienter* is always inappropriate, as this issue must be left to a jury to decide (Opp. p. 3), is belied by the extensive case law on this very issue. *See United States ex rel. Costner v. United States*, 317 F.3d 883, 886-888 (8th Cir. 2003) (affirming grant of summary judgment in favor of defendant holding that the government's knowledge "negated the required scienter"); *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 289 (4th Cir. 2002) (affirming grant of summary judgment in favor of defendant holding that government knowledge of the facts underlying a false statement can negate the scienter required for an FCA violation); *United States ex rel. Durcholz v. FKW Inc.*, 189 F.3d 542, 545 (7th Cir. 1999) (affirming grant of summary judgment in favor of defendant stating "the government's knowledge is an effective bar to [Relator's] FCA claim"); *Wang v. FMC Corp.*, 975 F.2d 1412,

1420-1421 (9th Cir. 1992) (affirming grant of summary judgment in favor of defendant holding that "[Relator] has failed to produce sufficient evidence to support an inference of fraud" when the government knew of defendant's actions); *United States ex rel. Englund v. Los Angeles County*, 2006 WL 3097941, at *15-16 (E.D. Cal. 2006) (granting summary judgment in favor of defendant because government officials "knew of the [defendant's] practices, thereby negating intention under the "government knowledge defense"); *United States ex rel. Werner v. Fuentez System Concepts, Inc.*, 319 F. Supp. 2d 682, 685 (N.D. W.Va. 2004) (granting summary judgment in favor of defendant when "government officials were aware of and condoned the defendants' billing practices"); *United States ex rel. Watson v. Connecticut General Life Ins. Co.*, 2003 WL 303142, at *8 (E.D. Pa. 2003) (granting summary judgment when evidence of government knowledge negated Relator's allegations of fraud under the FCA) *aff'd*, 87 Fed. Appx. 257 (3d. Cir. 2004).

Finally, *United States ex rel. Hagood v. Sonoma County Water Agency*, 92 F.2d 1416 (9th Cir. 1991) is also especially instructive on the *scienter* issue, given SSA's unusual position in this case. There, the Court explained that government knowledge is not an absolute bar to a False Claims Act case, but "[s]uch knowledge" may show that the defendant did not act with *scienter*, and the court may be able to make such a determination at summary judgment. *Id.* at 1421. The Court also expressly noted that "[t]o take advantage of a disputed legal question, as may have happened here, is neither to be deliberately ignorant nor recklessly disregardful." *Id.*

Turning to this case, SSA expressly stated at deposition "there is . . . no published policy out there that . . . requires [a] private disability insurer to . . . prescreen an application before a claimant comes and files. I'm not aware of any such thing." Mem. at 48-49. Associate Commissioner Sklar also testified that "the Social Security Administration has not formed any

9

opinion as to whether this conduct [alleged in Barrett's complaint] is appropriate or inappropriate." Sklar Dep. pp. 12-13 (Abati Aff. Ex. O). If even the SSA, the agency that administers the SSDI program, does not know if CIGNA's conduct was inappropriate, it would seem virtually impossible for CIGNA to know that it was acting in deliberate or reckless disregard for the law when it developed its SSDI referral practices.

### Conclusion

CIGNA respectfully submits that (i) its dispositive motion raises serious and important issues of law for the Court's consideration, (ii) Barrett has not identified any further discovery needed to augment the record before the Court, and (iii) no party will be prejudiced if discovery is stayed during the Court's consideration of the dispositive motion.

CIGNA CORPORATION AND LIFE INSURANCE COMPANY OF NORTH AMERICA,

By its Attorneys,

*/s/ Mitchell H. Kaplan*
Mitchell H. Kaplan (BBO# 258940)
R.J. Cinquegrana (BBO# 084100)
Richard C. Abati (BBO# 651037)
CHOATE, HALL & STEWART
Two International Place
Boston, Massachusetts 02110
(617) 248-5000

Dated: September 10, 2008

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 10, 2008.

/s/ *Mitchell H. Kaplan*
Mitchell H. Kaplan

4368973v1